1  WILLIAM F. TERHEYDEN, Bar No. 43940
   JOHN C. FISH, Jr., Bar No. 160620
2  JOSHUA J. CLIFFE, Bar No. 215390
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street, 20th Floor
4  San Francisco, CA 94108.2693
   Telephone: 415.433.1940
5  Fax No.: 415.399.8490

6  Attorneys for Defendants
   THE BOHEMIAN CLUB, RICHARD
7  BRANDENBURG AND DAN CAMPBELL



ORIGINAL FILED
OCT 16 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TAMI GREENWALD,

          Plaintiff,

     v.

THE BOHEMIAN CLUB, INC., ALBERT BOWEN, RICHARD BRANDENBURG, DAN CAMPBELL, and DOES 1 THROUGH 99, inclusive,

          Defendants.

Case No. C 07 5261 WHA

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT (FEDERAL QUESTION)

[28 U.S.C. §§ 1331, 1441(a), 1446]

San Francisco County Superior Court, Case No. CGC-07-465862

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF TAMI GREENWALD AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT Defendant THE BOHEMIAN CLUB and DAN CAMPBELL ("Defendants") hereby remove the above-titled action from the Superior Court of the State of California for the County of San Francisco to the United States District Court, pursuant to 28 U.S.C. §§ 1441 and 1446. This Notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1331 and based upon the existence of a federal question in that Plaintiff Tami Greenwald's ("Plaintiff") Seventh Cause of Action for Breach of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE TO FEDERAL COURT OF REMOVAL

Implied-in-Fact Contract and Eighth Cause of Action for Breach of the Implied Covenant of Good Faith and Fair Dealing are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. section 195(a), because in order to adjudicate those claims the Court must interpret the meaning of the collective bargaining agreement that governed the terms of Plaintiff's employment with Defendant The Bohemian Club. In support of their Notice of Removal, Defendants state as follows:

1. On August 6, 2007, Plaintiff commenced this action by filing a verified Complaint in the Superior Court of the State of California, County of San Francisco, entitled *Tami Greenwald, Plaintiff, vs. The Bohemian Club, Inc., Albert Bowen, Richard Brandenburg, Dan Campbell, and Does 1 through 99, inclusive, Defendants*, designated Superior Court Case No. CGC-07-465862 ("Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. On August 7, 2007, Plaintiff filed an unverified Amended Complaint ("Amended Complaint"). A true and correct copy of the Amended Complaint is attached hereto as Exhibit B.

3. Defendant Dan Campbell was served with a copy of the Amended Complaint on September 18, 2007. Defendant The Bohemian Club was served with a copy of the Amended Complaint on September 19, 2007. A true and correct copy of the only Summons in Defendants' possession is attached hereto as Exhibit C. A true and correct copy of the San Francisco Superior Court's Register of Actions for the case is attached hereto as Exhibit D. The Summons filed by Plaintiff on October 15, 2007 are not yet accessible to Defendants, but once they are, Defendants will file them with this Court so the Court has a complete file of the pleadings from the state court action.

4. This Notice to Federal Court of Removal of Civil Action from State Court is timely filed pursuant to 28 U.S.C. section 1446 (b). Defendants have filed this Notice within 30 days after Defendant Campbell was served with the Amended Complaint.

5. On October 16, 2007, Defendants The Bohemian Club and Dan Campbell jointly filed and served their Answer to Plaintiff's Unverified Amended Complaint. A true and

2.

NOTICE TO FEDERAL COURT OF REMOVAL

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

1  correct copy of Defendants The Bohemian Club and Dan Campbell's Answer is attached as
2  Exhibit E.
3        6.     Pursuant to 28 U.S.C. § 1446(d), the Notice to State Court, Plaintiff and
4  Counsel of Removal to Federal Court was filed in state court and served simultaneously herewith. A
5  copy of said Notice is attached hereto as Exhibit F.
6        7.     No further proceedings have been conducted in this case in the Superior Court
7  of the County of San Francisco.

## DEFENDANTS

8.  Defendant The Bohemian Club hereby joins Defendant Dan Campbell's Notice of Removal to this Court of the state court action described herein. Defendant The Bohemian Club's Joinder in Notice of Removal of State Court Action is attached as Exhibit G. Likewise, Defendant Campbell joins Defendant The Bohemian Club's Notice of Removal to this Court of the state court action described herein. Defendant Dan Campbell's Joinder in Notice of Removal of State Court Action is attached as Exhibit H.

9.  As of the date of filing this Notice, Plaintiff has not effectuated service upon Defendants Albert Bowen or Richard Brandenburg. Therefore, those Defendants are not required to join in this Notice of Removal. 28 U.S.C. § 1441(b).

## DOE DEFENDANTS

10. Defendants The Bohemian Club and Campbell are informed and believes that none of the Doe Defendants in this case have been identified or served. Doe Defendants designated 1 to 99 are fictitious, are not parties to this action, have not been served, and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(a). For this reason, the Doe Defendants need not be joined in this removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193, n. 1 (9th Cir. 1988) (general rule that all defendants in a state action must join in removal applies only to defendants served in the action); *Republic Western Ins. v. International Ins.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) ("The law of this circuit [] is that defendants upon whom service has not been effected at the time the notice is filed, need not join in the notice of removal.")

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

3.

NOTICE TO FEDERAL COURT OF REMOVAL

## FEDERAL QUESTION JURISDICTION

11. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b) based on the existence of a federal question.

12. The Seventh Cause of Action for Breach of Implied-in-Fact Contract in the Amended Complaint asserts a claim that Defendant The Bohemian Club breached an "employment agreement" between Plaintiff and Defendant The Bohemian Club that allegedly provided that "Plaintiff would be able to continue her employment with the Bohemian Club indefinitely as long as she carried out her duties in a proper and competent manner." (Amended Complaint ¶ 57(a), p. 21:-57-22:7.) Plaintiff further asserts that Defendant The Bohemian Club breached an "employment agreement" between Plaintiff and Defendant The Bohemian Club that allegedly provided that "Plaintiff would not be denied fair treatment or be compelled to resign for other than good cause." (Amended Complaint ¶ 57(b), p. 21:-57-22:9.) Likewise, Plaintiff's Eighth Cause of Action asserts a claim that Defendant The Bohemian Club breached the implied covenant of good faith and fair dealing under the "employment agreement" by "imped[ing] Plaintiff from performing all the conditions of the agreement to be performed by her or any or any that would prevent or impede plaintiff's enjoyment of the fruits thereof." (Amended Complaint ¶ 66, p. 25:8-18.)

13. Plaintiff is employed by Defendant The Bohemian Club as a unionized employee and her employment is subject to the terms of a collective bargaining agreement, which is the "employment agreement" that provided that Plaintiff could only be terminated for "just cause." A true and correct copy of the collective bargaining agreement that governed Plaintiff's employment is attached as Exhibit I. Plaintiff's allegation that Defendant The Bohemian Club breached the terms of the "employment agreement" by failing to provide "fair treatment" and only to terminate her for "just cause" is inextricably intertwined with consideration of the terms of the collective bargaining agreement, and requires the court to interpret the collective bargaining agreement, and thus is completely preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. section 195(a). *Lingle v. Norge Div. Of Magic Chef, Inc.*, 486 U.S. 399, 412 (1988); *Allis-*

4.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

NOTICE TO FEDERAL COURT OF REMOVAL

1  *Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985); *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001).

14. Plaintiff does not explicitly refer to the collective bargaining agreement governing which governed her employment in her Amended Complaint. Instead, she refers to the collective bargaining agreement as an "employment agreement" or "written documents." This Court has authority to recharacterize Plaintiff's state claims as claims pursuant to the doctrine of "artful pleading." That doctrine provides:

> A plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law. An artfully pleaded state law claim may be recharacterized as a federal claim by the court to which it is removed. [Citations omitted.]

*Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996). The Ninth Circuit has adopted the artful pleading doctrine. *See Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997-998 (9th Cir. 1987) ("district court . . . properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction").

15. This Court has jurisdiction over Plaintiff's state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. section 1367(a) as they are so related to the federal claim as to form part of the same case or controversy under Article III of the U.S. Constitution. The causes of action that are separate and independent from those arising under federal law are removable pursuant to 28 U.S.C. section 1441(c). Thus, this action is removable in its entirety.

## VENUE

16. Venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 84(c)(2) and 1441(a).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

5.

NOTICE TO FEDERAL COURT OF REMOVAL

WHEREFORE, pursuant to 28 U.S.C. § 1441(b), Defendants The Bohemian Club and Dan Campbell remove this case from the Superior Court of the State of California in and for the County of San Francisco to this Court.

Dated: October 16, 2007

*William F. Terheyden* (signature)

WILLIAM F. TERHEYDEN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
THE BOHEMIAN CLUB, RICHARD BRANDENBURG AND DAN CAMPBELL

Firmwide:83286784.1 011124.1042

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

6.

NOTICE TO FEDERAL COURT OF REMOVAL