WILLIAM F. TERHEYDEN, Bar No. 43940
JOHN C. FISH, Jr., Bar No. 160620
JOSHUA J. CLIFFE, Bar No. 215390
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Fax No.: 415.399.8490

Attorneys for Defendants
THE BOHEMIAN CLUB, RICHARD
BRANDENBURG AND DAN CAMPBELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMI GREENWALD, <br><br> Plaintiff, <br><br> v. <br><br> THE BOHEMIAN CLUB, INC., ALBERT BOWEN, RICHARD BRANDENBURG, DAN CAMPBELL, and DOES 1 THROUGH 99, inclusive, <br><br> Defendants. | Case No. C 07-05261 WHA <br><br> **DEFENDANTS THE BOHEMIAN CLUB AND DAN CAMPBELL'S BRIEF RE: ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED** |

I. INTRODUCTION

On or about August 6, 2007, Plaintiff Tami Greenwald filed this action in San Francisco Superior Court. On August 7, 2007, she filed an Amended Complaint. She served the Amended Complaint on Defendants Dan Campbell and The Bohemian Club on September 18 and 19, 2007, respectively. No other defendants have been served with the Amended Complaint.

Plaintiff is a union member whose employment terms and conditions are set forth in a collective bargaining agreement. Plaintiff filed two state-law based causes of action which allege that the Club breached her collective bargaining agreement by constructively terminating her without just cause. A long line of Supreme Court cases hold that such claims are completely preempted by

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' BRIEF RE: ORDER TO SHOW CAUSE     CASE NO. C 07-05261 WHA

federal law (Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. section 185(a)), and that the federal courts have jurisdiction. Accordingly, on October 16, 2007, Defendants The Bohemian Club and Dan Campbell removed this action to this Court as they have the right to have such federal questions litigated in federal court. 28 U.S.C. § 1331.

On November 8, 2007, this Court issued an Order to Show Cause Why This Action Should Not Be Remanded, requesting briefing from the parties on the issue of federal jurisdiction. Defendants The Bohemian Club and Dan Campbell hereby submit that federal jurisdiction is proper as Plaintiff's state law claims are completely preempted by Section 301 of the LMRA.

## II.   STATEMENT OF FACTS

At all times relevant to this action, Plaintiff was employed by The Bohemian Club as a cook. (Amended Compl. ¶ 7.) All the terms and conditions of Plaintiff's employment were set forth in a collective bargaining agreement ("Agreement") entered into between The Bohemian Club and her union—UNITE HERE, Local 2 ("Union"). (Oggero Decl. ¶ 5, Exh. A.)

In this action, Plaintiff's Seventh Cause of Action for Breach of Implied-in-Fact Contract asserts a claim that The Bohemian Club breached an "employment agreement" between her and the Club that provided that "Plaintiff would be able to continue her employment with the Bohemian Club indefinitely as long as she carried out her duties in a proper and competent manner." (Amended Compl. ¶ 57(a)) Plaintiff further asserts that Defendant The Bohemian Club breached that same "employment agreement" which provides that "Plaintiff would not be denied fair treatment or be compelled to resign for other than good cause." (Amended Compl. ¶ 57(b).)

Similarly, Plaintiff's Eighth Cause of Action asserts that Defendant The Bohemian Club breached the implied covenant of good faith and fair dealing under the "employment agreement" by "imped[ing] Plaintiff from performing all the conditions of the agreement to be performed by her or any act that would prevent or impede plaintiff's enjoyment of the fruits thereof." (Amended Compl. ¶ 66.)

The collective bargaining agreement, or the "employment agreement" as Plaintiff refers to it in her Seventh and Eighth causes of action, contains the following provisions that would need to be referred to and interpreted by this Court:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

1.

DEFENDANTS' BRIEF RE: ORDER TO SHOW CAUSE                                                   CASE NO. C 07-05261 WHA

Section 9 of the Agreement provides: "The employer may discipline, suspend, or discharge an employee only for just cause." Plaintiff's Amended Complaint directly refers to this section when she asserts that the Club breached the contractual requirement that "Plaintiff would not be denied fair treatment or be compelled to resign for other than good cause." (Amended Compl. ¶ 57(b).) Plaintiff alleges that the Club breached this provision by constructively discharging her. (Amended Compl. ¶ 62.) A determination of whether Plaintiff was terminated without "cause," which is a classic concept of labor relations, would require analysis of the contract language, the parties' bargaining history and the past practice of the parties.

Section 8 describes a comprehensive grievance procedure in which the Union and the Club are to informally investigate and seek to resolve any alleged breach of the Agreement before it proceeds to an Adjustment Board. Plaintiff alleges that "the Bohemian Club breached its contract with Plaintiff without conducting any reasonable investigation concerning its obligations under said contract." (Amended Compl. ¶ 68.)

Plaintiff's contract claims are alleged so broadly so as to require the Court to refer to and interpret the *entire collective bargaining agreement*. Indeed, Plaintiff generally asserts that she was impeded from performing the conditions of the Agreement, denied "work opportunities" provided by the contract, and denied the benefits of the Agreement. (Amended Compl. ¶¶ 57, 62.)

### III.   ARGUMENT

#### A.   Standard of Review

Removal to federal court is proper when there exists a federal question and/or issues of federal law are raised by Plaintiff's complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). It is well settled that federal courts have jurisdiction over claims arising under Section 301 of the LMRA. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983).

#### B.   Plaintiff's Causes of Action Are Completely Preempted By Section 301 of the LMRA.

Any claim which is founded directly on rights created by a collective bargaining agreement or whose resolution is substantially dependent on the analysis and interpretation of such

2.

DEFENDANTS' BRIEF RE: ORDER TO SHOW CAUSE                                  CASE NO. C 07-05261 WHA

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

an agreement must be pled under section 301; it may not be brought as a state-law claim.[1] 29 U.S.C. § 185(a); *Lingle v. Norge Division of Magic Chef,* 486 U.S. 399, 406-07 (1988); *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 220 (1985); *Newberry v. Pacific Racing Ass'n,* 854 F.2d 1142, 1147 (9th Cir. 1988); *Paige v. Henry J. Kaiser Co.,* 826 F.2d 857, 860-61 (9th Cir. 1987). Because section 301 preemption helps ensure consistency and predictability in the analysis of the terms of collective bargaining agreements and helps preserve the central importance of arbitration by dissuading union members from trying to circumvent contractual arbitration provisions, section 301 preemption has been interpreted broadly by the courts. *See, e.g., Smith v. Evening News Ass'n,* 371 U.S. 195, 199 (1962). "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement and any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry,* 854 F.2d at 1146 (citation omitted).

Plaintiff's Seventh and Eighth Causes of Action are classically preempted claims.[2] *See Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997-1000 (9th Cir. 1987); *Newberry v.*

---

[1] Section 301 provides, in relevant part: Suits for violation of contracts between an employer and a labor agency organization representing employees in an industry affecting commerce as defined in this Act. . . may be brought in any district court of the United States having jurisdiction of the parties. . . . 29 U.S.C. § 185(a).

[2] Plaintiff does not explicitly refer to the collective bargaining agreement governing her employment in her Amended Complaint. Instead, she refers to the collective bargaining agreement as an "employment agreement" or "written documents. This Court has authority to recharacterize Plaintiff's state claims as federal claims pursuant to the doctrine of "artful pleading." *Rains v. Criterion Systems, Inc.,* 80 F.3d 339, 344 (9th Cir. 1996) ("A plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law."); *Young,* 830 F.2d at 997-998 ("district court . . . properly looked beyond the face of the complaint to determine whether the contract claim was in fact a section 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction").

The collective bargaining agreement can be the only "employment agreement" or "written document" referred to by Plaintiff as it is well-settled under the federal labor laws that a union contract trumps any of the individual agreement, policy or procedure. *See Young,* 830 F.2d at 1001 ("The NLRA establishes a system in which the individual employment contract is superseded by the collective bargaining agreement.") The collective bargaining agreement confirms this principle in Section 21, which provides: "No member of the Union shall be compelled or allowed to enter into any individual contract or agreement with the Employer concerning the conditions of employment varying the conditions of employment contained herein." *Young v. Anthony's Fish Grottos, Inc.* is directly on point. In that case, the Ninth Circuit explicitly rejected an employee's attempt to avoid preemption under section 301 by alleging a contract outside of the collective bargaining agreement. *Young,* 830 F.2d at 997.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

3.

DEFENDANTS' BRIEF RE: ORDER TO SHOW CAUSE                    CASE NO. C 07-05261 WHA

1   *Pacific Racing Ass'n*, 854 F.2d 1142, 1147 (9th Cir. 1988).  Plaintiff alleges a breach of an unmentioned collective bargaining agreement, which is, in fact, a section 301 claim. *Allis-Chalmers*, 471 U.S. at 215; *Paige*, 826 F.2d at 861.

With her contract-based claims, Plaintiff has claimed the existence of an express and implied contract, as well as the contractual covenant of good faith and fair dealing.  According to Plaintiff, the terms of the alleged "employment contract" included a promise that "Plaintiff would not be...compelled to resign for other than good cause," which she claims was breached when the Club allegedly constructively discharged her.  (Amended Compl. ¶¶ 57, 62.)  Section 9 of the Agreement provides the standard that applies to an employee's termination.  An assessment of whether Plaintiff was forced to resign without "cause" will require the Court to determine the meaning of "cause" as provided in the Agreement.

Indeed, Plaintiff's contract claims are so broadly stated that it is conceivable that the Court will need to refer to and interpret the *entire collective bargaining agreement*.  To wit, Plaintiff generally asserts that the Club "impeded Plaintiff from performing all conditions of the agreement to be performed by her or any act that would prevent or impede plaintiff's enjoyment of the fruits thereof."  Clearly, the Court cannot discern whether Plaintiff was impeded from performing "all conditions" of the collective bargaining agreement without reviewing and interpreting those obligations.  The same can be said for the benefits, or "fruits," of the contract, referenced by Plaintiff in her Amended Complaint.  Moreover, Plaintiff claims that the Club breached the contractual requirement that "Plaintiff would not be denied fair treatment" by "denying Plaintiff fair treatment and work opportunities comparable to those of other employees." (Amended Compl. ¶¶ 57, 62.) The Court will need to consult the collective bargaining agreement to determine the "work opportunities" that Plaintiff claims she was denied and determine whether those contractual rights were provided to Plaintiff differently than the other unionized employees. Accordingly, Section 301 applies and this action was properly removed to this Court.

Likewise, breach of the covenant of good faith and fair dealing claims require analysis of the meaning and intent of the language found in individual collective bargaining agreements and are, therefore, equally preempted under section 301. *Young*, 830 F.2d at 1000

4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

("[T]he implied covenant is 'inextricably intertwined with consideration of the terms of the labor contract.'"); *Allis-Chalmers*, 471 U.S. at 218-19 (1985), (holding covenant claim preempted by section 301 because "the right asserted not only derives from the contract, but is defined by the contractual obligation of good faith, [and] any attempt to assess liability here inevitably will involve contract interpretation."). As the courts have consistently noted, a fact finder cannot determine the scope and significance of terms such as "good faith" and "fair dealing" without reference to the collective bargaining agreements and how they have been applied by the parties. Therefore, determination of Plaintiff's covenant claim must necessarily involve interpretation of the Agreement so the claim must be preempted under section 301. *See Herman v. United Bhd. of Carpenters Local Union No. 971*, 60 F.3d 1375, 1385 (9th Cir. 1995).

Because the resolution of Plaintiff's lawsuit is inextricably intertwined with the interpretation of the collective bargaining agreement, state law is "completely preempted" by federal law and this case was properly removed pursuant to 28 U.S.C. section 1441. In short, jurisdiction in this Court is proper because Plaintiff's allegations involve an alleged violation of a contract between an employer and a labor organization representing employees as defined by section 301 of the Labor-Management Relations Act. 29 U.S.C. § 185.

## IV. CONCLUSION

For all the foregoing reasons, Defendants submit that this Court has jurisdiction over this matter and that the case should remain in this Court.

Dated: November 13, 2007

*/s/ William F. Terheyden*

WILLIAM F. TERHEYDEN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
THE BOHEMIAN CLUB, RICHARD BRANDENBURG AND DAN CAMPBELL

Firmwide:83568431.1 011124.1042

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

5.

DEFENDANTS' BRIEF RE: ORDER TO SHOW CAUSE                     CASE NO. C 07-05261 WHA