IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMI GREENWALD,<br><br>    Plaintiff,<br><br>  v.<br><br>THE BOHEMIAN CLUB, INC., ALBERT BOWEN, RICHARD BRANDENBURG, DAN CAMPBELL, and DOES 1 THROUGH 99, inclusive,<br><br>    Defendants.<br>_____/ | No. C 07-05261 WHA<br><br>**ORDER RE RESPONSE TO ORDER TO SHOW CAUSE RE: REMOVAL** |

In this employment-discrimination and sexual harassment action, defendants removed this action based on federal-question jurisdiction. Specifically, they argued that resolution of certain of plaintiffs' claims would require interpretation of a collective bargaining agreement, so these claims would be preempted under Section 301 of the Labor Management Relations Act, 29 U.S.C. 185. Defendants were asked to show cause regarding whether this Court has jurisdiction over this action. Accordingly, at least for now, this Court has jurisdiction over this action.

\*          \*          \*

Plaintiff Tami Greenwald was employed by defendant The Bohemian Club as a cook (Compl. ¶ 7). All terms and conditions of her employment were governed by a collective bargaining agreement between The Bohemian Club and her union, UNITE HERE, Local 2

(Oggero Decl. ¶ 5, Exh. A). The agreement provided that "[t]he employer may discipline, suspend, or discharge an employee only for just cause" (*id*. at § 9).

Plaintiff filed this action in state court on August 6, 2007. She alleged a number of claims against defendants The Bohemian Club, Albert Bowen, Richard Brandenburg, and Dan Campbell. Her seventh and eighth claims were for breach of implied-in-fact contract and for breach of implied covenant of good faith and fair dealing. In her complaint, plaintiff refers to the existence of an employment agreement. Defendants The Bohemian Club and Dan Campbell were served on September 18 and 19, 2007. They timely removed on October 16, 2007. This Court issued and order to show cause why this action should not be remanded on November 8, 2007. Both parties were given an opportunity to respond, but only defendants did so.

*       *       *

Defendants removed this action under Section 301 of the Labor Management Relations Act, 29 U.S.C. 185. Section 301 preempts only state-law "claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Cramer v. Consolidated Freightways Inc.*, 255 F.3d 683, 686 (9th Cir. 2001) (en banc). This is to ensure uniform interpretation of collective-bargaining agreements and to promote the federal policy favoring arbitration of labor disputes. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). Complaints by employees covered by a collective-bargaining agreement are not preempted if their claims are unrelated to the terms of the collective-bargaining agreement. *Cramer*, 255 F.3d at 683.

Here, defendants argue that plaintiff's seventh and eighth claims are actually contract claims based on the collective bargaining agreement. Section 301 generally preempts employment tort claims where the collective bargaining agreement provided similar measures for job security as the tort claims. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 999 (9th Cir. 1987). Moreover, a plaintiff cannot evade the preemptive effect of Section 301 by recasting contract claims as tort claims. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985).

Plaintiff alleges that her implied-in-fact employment contract was breached when defendants constructively discharged her. Here, the collective bargaining agreement provides that plaintiff could not be discharged except for good cause. She also alleges that she was denied work opportunities owed her under the contract, and these work opportunities are governed by the collective bargaining agreement. Defendant has shown, at least for now, that the resolution of this action will require interpretation of the collective bargaining agreement.

**IT IS SO ORDERED.**

Dated: November 16, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE