Robert L. Zaletel, Esq. (SB# 096262)
**McQUAID BEDFORD & VAN ZANDT LLP**
221 Main Street, 16th Floor
San Francisco, CA 94105
Telephone: 415/905-0200
Facsimile:  415/905-0202
Rzaletel@mbvz.com

Attorneys for Defendant
ALBERT BOWDEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMI GREENWALD,<br><br>        Plaintiff,<br><br>    v.<br><br>THE BOHEMIAN CLUB, INC., ALBERT BOWEN, RICHARD BRANDENBURG, DAN CAMPELL, AND DOES 1 through 99, inclusive,<br><br>        Defendants.<br>_____/ | Case No. C 07-05261 WHA<br><br>**DEFENDANT ALBERT BOWEN'S ANSWER TO AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**Jury Trial Demanded** |

COMES NOW Defendant Albert Bowen and hereby answers the Amended Complaint for Damages and Injunctive Relief as follows:

1.      Answering the allegations of Paragraphs 1 and 2, Defendant lacks sufficient information to respond on that basis denies generally and specifically, each and every, all and singular of the allegations contained therein.

2.      Answering the allegations of Paragraph 3, Defendant denies that he is a resident of the City and County San Francisco and that he was Plaintiff's supervisor.  Defendant admits that he was acting within the course of his employment with The Bohemian Club.

3.      Defendant lacks sufficient information to respond to the allegations in Paragraphs 4-6 and on that basis denies generally and specifically, each and every, all and singular of the

1

1 allegations contained therein.

2     4.    Answering the allegations of Paragraph 7, Defendant lacks sufficient information to respond and on that basis denies the allegations that Plaintiff began full-time employment as a line cook on March 3, 2003. Answering the remainder of Paragraph 7, Defendant denies that he recruited Plaintiff to relocate from Phoenix, Arizona to San Francisco to The Bohemian Club in San Francisco as well The Bohemian Grove, Monte Rio, California.

    5.    Answering the allegations of Paragraphs 8, 9, 10, 11, 12, 13, Defendant denies generally and specifically, each and every, all and singular of the allegations contained therein.

    6.    Defendant lacks sufficient information to respond to the allegations in Paragraph 14 and on that basis denies generally and specifically, each and every, all and singular of the allegations contained therein.

    7.    Answering the allegations of Paragraph 15, Defendant denies generally and specifically, each and every, all and singular of the allegations contained therein.

    8.    Answering the allegations of Paragraph 16, Defendant lacks sufficient information to respond and on that basis denies to the allegations generally and specifically, each and every, all and singular of the allegations contained therein.

    9.    Answering the allegations of Paragraph 17, Defendant denies generally and specifically, each and every, all and singular of the allegations contained therein.

    10.    Answering the allegations of Paragraph 18, Defendant lacks sufficient information to respond and on that basis denies generally and specifically, each and every, all and singular of the allegations contained therein.

    11.    Answering the allegations of Paragraph 19, Defendant denies generally and specifically, each and every, all and singular of the allegations contained therein.

    12.    Answering the allegations of Paragraphs 20-25, Defendant denies generally and specifically, each and every, all and singular of the allegations contained therein.

    13.    Answering the allegations of Paragraph 26, Defendant lacks sufficient information to respond and on that basis denies generally and specifically, each and every, all and singular of the allegations contained therein.



DEENDANT BOWEN'S ANSWER TO AMENDED COMPLAINT     Case No. C 07-05261 WHA

1    14.    Answering Paragraphs 27-28, Defendant lacks sufficient information to respond and on that basis denies generally and specifically, each and every, all and singular of the allegations contained therein.

15.    Answering the allegations of Paragraphs 28-29, Defendant lacks sufficient information to respond and on that basis denies generally and specifically, each and every, all and singular of the allegations contained therein.

16.    Answering the allegations of Paragraphs 30-34, Defendant denies generally and specifically, each and every, all and singular of the allegations contained therein.

17.    Answering the allegations of Paragraph 35, Defendant incorporates by reference as though fully set forth herein his responses to the allegations in Paragraphs 1 through 15, 17 through 25, 30, 32 and 33.

18.    Answering the allegations of Paragraph 36, Defendant denies that he is an employer within the meaning of Section 12926(d) and therefore denies generally and specifically, each and every, all and singular of the allegations contained therein.

19.    Answering the allegations of Paragraph 37, Defendant admits that while employed by the Bohemian Club, Plaintiff was an employee covered by Government Code § 12940. As to the remainder of the allegations in that Paragraph, Defendant lacks sufficient information to respond and on that basis denies generally and specifically, each and ever, all and singular of the remainder of the allegations contained therein.

20.    Answering the allegations of Paragraphs 38-39, Defendant denies generally and specifically, each and every, all and singular of the allegations contained therein.

21.    Answering the allegations of Paragraph 40, Defendant incorporates by reference as though fully set forth herein his responses to the allegations in Paragraphs 1 through 34.

22.    Answering the allegations of Paragraph 41, Defendant denies generally and specifically, each and every, all and singular of the allegations contained therein.

23.    Answering the allegations of Paragraph 42, Defendant lacks sufficient information to respond and on that basis denies generally and specifically, each and every, all and singular of the allegations contained therein.

3



24. Answering the allegations of Paragraph 43, Defendant denies generally and specifically each and every, all and singular of the allegations contained therein.

25. Answering the allegations of Paragraph 44, Defendant incorporates by reference as though fully set forth herein his responses to the allegations in Paragraphs 16, 26 through 29, 31 and 34.

26. Answering the allegations of Paragraph 45, Defendant denies that he is an employer under Government Code § 12926(d). Defendant admits that during the period of her employment by the Club, Plaintiff was an employee under the Government Code. As to the remainder of the allegations complained therein, Defendant denies generally and specifically each and every, all and singular of the allegations contained therein.

27. Answering the allegations of Paragraph 46, Defendant incorporates by reference as though fully set forth herein his responses to the allegations contained in paragraphs 1 through 34.

28. Answering the allegations of Paragraphs 47-48, Defendant denies generally and specifically each and every, all and singular of the allegations contained therein.

29. Answering the allegations of Paragraph 49, Defendant incorporates by reference as though fully set forth herein his responses to the allegations contained in Paragraphs 1 through 15, 17 through 25, 30, and 32 through 33.

30. Answering the allegations Paragraphs 50-52, Defendant denies generally and specifically, each and every, all and singular of the allegations contained therein.

31. Answering the allegations of Paragraph 53, Defendant incorporates by reference as though fully set forth herein his responses to the allegations contained in Paragraphs 1 through 34.

32. Answering the allegations of Paragraphs 54-55, Defendant denies generally and specifically each and every, all and singular of the allegations contained therein.

33. Answering the allegations Paragraph 56, Defendant incorporates by reference as though fully set forth herein his responses to the allegations contained in Paragraphs 1 through 34 of the Complaint.

34. Answering the allegations Paragraphs 57-64 of the Complaint, these allegations are not directed toward Defendant Bowen. On that basis, Defendant lacks sufficient information to

respond and therefore denies generally and specifically, each and every, all and singular of the allegations contained therein.

35. Answering the allegations of Paragraph 65, Defendant incorporates by reference as though fully set forth herein his responses to the allegations contained in Paragraphs 1 through 34.

36. Answering the allegations of Paragraphs 66-68, these allegations are not directed toward Defendant Bowen. On that basis, Defendant Bowen lacks sufficient information to respond and therefore denies generally and specifically, each and every, all and singular of the allegations contained therein.

37. Answering the allegations of Paragraph 69 of the Complaint, Defendant incorporates by reference as though fully set forth herein his responses to the allegations contained in Paragraphs 1 through 34.

38. Answering the allegations of Paragraph 70, Defendant denies generally and specifically each and every, all and singular, of the allegations contained therein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's complaint fails to state a claim against Defendant upon which relief may may be granted.

2. Plaintiff's complaint is barred by the doctrine of laches.

3. Plaintiff's complaint is barred by Plaintiff's failure to exhaust all administrative remedies.

4. Plaintiff has failed to mitigate her damages.

5. Plaintiff's Complaint for Damages is barred in whole or in part by the applicable statue of limitations, including but not limited to Government Code § 12960, § 12965, Code of Civil Procedure § § 340, 335.1, 337, 343, 338, 339.

6. Defendant was not given timely notice of the charge as required by law.

7. Plaintiff's complaint is barred by the doctrine of waiver.

8. Plaintiff's complaint is barred by the doctrine of estoppel.

9. This court is without jurisdiction over any claims of discrimination, harassment, or retaliation, not like or reasonable related to any allegations contained in any charge presented to a

state or federal agency.

10. Plaintiff's claims are barred by the doctrine of unclean hands.

11. Defendants' actions were taken in good faith.

12. Defendants' requirements were job-related.

13. Without conceding that Plaintiff engaged in protected activity, Defendant would have taken the same action regardless of any alleged protected activity, or protected status of Plaintiff.

14. Plaintiff's claims are barred and/or recoverable damages reduced by the "after acquired evidence" doctrine.

15. Defendant's actions were privileged. Civil Code § 47.

16. Without conceding that Plaintiff has a valid claim under that act, Plaintiff's claims are barred by the exclusive remedy provision of the Workers Compensation Act.

17. Defendant's actions were based on legitimate non discriminatory business reasons.

18. Defendant acted pursuant to bona fide occupational qualifications.

19. Defendant acted pursuant to legitimate, overriding business purposes necessary for the safe and efficient operation of Defendant's business.

20. Defendant had a non-discrimination and harassment policy and effective grievance mechanism.

21. Plaintiff's claims are barred by managerial immunity.

22. Plaintiff's claims are barred in whole or in part by the avoidable consequences doctrine.

23. Defendant's employer took reasonable steps to prevent and correct workplace harassment and discrimination. Plaintiff unreasonably failed to use Defendant's harassment/discrimination complaint procedure and/or other preventive and corrective measures that Defendant provided, and reasonable use of Defendant's procedures would have prevented some or all of Plaintiff's harm (without conceding that Plaintiff suffered any harm).

24. Plaintiff is not entitled to punitive damages, since Defendant's employer had a nondiscrimination policy and complaint procedure, and took reasonable steps to prevent harassment and discrimination form occurring.



25. Plaintiff's claims are barred by fraud.

26. Without conceding that Plaintiff is disabled or perceived as such, Plaintiff posed a direct threat to the health or safety of other individuals, or to herself.

27. Without conceding the Plaintiff is disabled or perceived as such, or that she was entitled to reasonable accommodation, Plaintiff's claims constitute an undue hardship on Defendant.

28. Plaintiff was unable to perform her job in a satisfactory manner.

29. Plaintiff consented to the actions complained of.

30. Defendant acted with a good faith belief that there were valid grounds for his actions.

31. Plaintiff failed to exhaust internal complaint resolution procedures.

32. Defendant acted pursuant to a valid seniority system.

33. Plaintiff failed to cooperate in the interactive process.

34. Plaintiff's claims are pre-empted by § 301 of the Labor Management Relations Act, 29 USC § 185.

35. Without conceding that Plaintiff suffered damages, any such damages were caused by the acts of Plaintiff or others.

## PRAYER

WHEREFORE, Defendant Albert Bowen prays for judgment against Plaintiff as follows:

1. That Plaintiff's Complaint be dismissed in its entirety.
2. For Defendant's costs of suit.
3. For an award of reasonable attorneys fees.
4. For any further relief as the court deems proper.

Dated: December 19, 2007

McQUAID BEDFORD & VAN ZANDT, LLP

By: /s/ Robert L. Zaletel
Robert L. Zaletel
Attorneys for Defendant ALBERT BOWEN



DEENDANT BOWEN'S ANSWER TO AMENDED COMPLAINT        Case No. C 07-05261 WHA

## JURY DEMAND

Defendant demands a jury on all issues triable by jury.

Dated: December 19, 2007.                McQUAID BEDFORD & VAN ZANDT, LLP


By:  /s/ Robert L. Zaletel
Robert L. Zaletel
Attorneys for Defendant ALBERT BOWEN

00056432.WPD



DEENDANT BOWEN'S ANSWER TO AMENDED COMPLAINT                Case No. C 07-05261 WHA

# CERTIFICATE OF SERVICE

The undersigned hereby declares:

I am employed in the City and County of San Francisco, California, I am over the age of eighteen years and not a party to the within action; my business address is 221 Main Street, 16th Floor, San Francisco, California, 94105.

On December 19, 2007, I served the documents listed below on the interested parties by e-mailing it to the parties to the e-mail addresses listed below and by placing a true and correct copy thereof in a sealed envelope(s) for service by U.S. mail, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection and mailing to the office of the addressee(s) on the date shown herein following ordinary business practices.

- **DEFENDANT ALBERT BOWEN'S ANSWER TO AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

| ADDRESSEE | PARTY |
|---|---|
| Burke J. Hanson, Esq.<br>The Law Office Burke Hanson .<br>819 Eddy Street<br>San Francisco, CA 94109<br>E-mail: burke_hansen@sbcglobal.net | Claimant |
| William F. Terhyeden, Esq.<br>John C. Fish, Jr.<br>Littler Mendelson<br>650 California Street, 20th Floor<br>San Francisco, CA 9410802694<br>Tel: 415/433-1040<br>Fax; 415/38808490<br>E-mail: Jfish @littler.com | Defendants |

I declare under penalty of perjury under the laws nof the United States that the foregoing is true and correct. Executed on December 19, 2007Sam Francisco, California.

_____
Ilze Palms

---

CERTIFICATE OF SERVICE                                    Case No. C-07–05261 WHA