1  WILLIAM F. TERHEYDEN, Bar No. 43940
   JOHN C. FISH, Jr., Bar No. 160620
2  JOSHUA J. CLIFFE, Bar No. 215390
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street, 20th Floor
4  San Francisco, CA  94108.2693
   Telephone:   415.433.1940
5  Fax No.:     415.399.8490

6  Attorneys for Defendants
   THE BOHEMIAN CLUB, RICHARD
7  BRANDENBURG AND DAN CAMPBELL

8  ROBERT ZALETEL
   MCQUAID BEDFORD & VAN ZANDT LLP
9  221 Main Street, 16th Floor
   San Francisco, CA  94105
10 Telephone:   415.905.0200
   Fax No.:     415.905.0202
11
   Attorneys for Defendant
12 ALBERT BOWEN

13 BURKE HANSEN
   THE LAW OFFICES OF BURKE HANSEN
14 819 Eddy Street
   San Francisco, CA  94109
15
   Attorney for Plaintiff
16 TAMI GREENWALD

17

18                    UNITED STATES DISTRICT COURT

19                    NORTHERN DISTRICT OF CALIFORNIA

20  TAMI GREENWALD,                      | Case No. C 07-05261 WHA

21            Plaintiff,                 | **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

22       v.                              |

23  THE BOHEMIAN CLUB, INC., ALBERT      | Conference Date: January 31, 2008
    BOWEN, RICHARD BRANDENBURG,          | Time:            11:00 a.m.
24  DAN CAMPBELL, and DOES 1             | Courtroom:       9
    THROUGH 99, inclusive,

25            Defendants.

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433 1940

JOINT CASE MGMT STATEMENT & PROPOSED ORDER                    CASE NO. C 07-05261 WHA

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## JURISDICTION AND SERVICE

**1.   Jurisdiction:**

The basis for the Court's subject matter jurisdiction over Plaintiff's claims is federal question jurisdiction as at least two of Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. 185. On November 16, 2007, the Court issued an Order Re Response to Order to Show Cause Re: Removal, holding that the Court currently has jurisdiction over this action.

**2.   Service:**

All named parties have been served.

**3.   The Additional Parties Which The Parties Intend To Join And The Intended Time Frame For Such Joinder:**

The parties do not intend to join additional parties.

## FACTS AND LEGAL ISSUES

**4.   The Principal Factual Issues Which the Parties Dispute:**

Plaintiff Tami Greenwald alleges that she was sexually harassed by Defendant Albert Bowen during her employment with Defendant The Bohemian Club. She further alleges that she was harassed because of her alleged disability, denied a reasonable accommodation and constructively discharged.

Defendant Albert Bowen denies that he sexually harassed Plaintiff. Defendant The Bohemian Club asserts that it never had knowledge of the sexual harassment alleged by Plaintiff. Moreover, Defendant The Bohemian Club denies that Plaintiff was subject to an adverse employment action as she is still an employee of the Club. Furthermore, the Club denies that it failed to reasonably accommodate Plaintiff's disability. Specifically, the Club provided Plaintiff with a leave of absence and abided by her lifting restriction when she was on modified duty. Finally, Defendants deny that Plaintiff was harassed because of her alleged disability.

1.

5. **The Principal Legal Issues Which the Parties Dispute:**

a. Whether Plaintiff was subjected to unlawful harassment on the basis of her sex and alleged disability.

b. Whether Plaintiff was a "qualified individual with a disability" under the law.

c. Whether Plaintiff was entitled to any reasonable accommodation from Defendant The Bohemian Club.

d. Whether Plaintiff sought any reasonable accommodation for her alleged disability.

e. Whether Defendant The Bohemian Club provided Plaintiff with a reasonable accommodation.

f. Whether Defendant The Bohemian Club and Plaintiff engaged in the interactive process in good faith.

g. Whether Plaintiff was subjected to an adverse employment action.

h. Whether Plaintiff was constructively discharged.

i. Whether Plaintiff availed herself of Defendant The Bohemian Club's anti-harassment policy.

j. Whether Plaintiff was subjected to unlawful retaliation.

k. Whether Plaintiff exhausted her administrative remedies with the Department of Fair Employment and Housing before filing suit.

l. Whether Plaintiff suffered any compensable damages as a result of alleged wrongdoing by any Defendant.

m. Whether the Complaint fails to state a claim upon which relief can be granted.

n. Whether Plaintiff suffered severe emotional distress.

o. Whether Plaintiff failed to mitigate her damages.

p. Whether some of Plaintiff's claims are preempted by the California workers' compensation statute.

q. Whether any Defendant's actions, if unlawful, support an award of punitive damages.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

6.  **Motions:**

There are no pending motions. Defendants anticipate file a motion for summary judgment/summary adjudication. The parties will be submitting a proposed stipulation for a Protective Order for medical and employment records.

7.  **Amendment of Pleadings:**

The parties do not anticipate amendments of the pleadings.

8.  **Relief Sought:**

Plaintiff Tami Greenwald seeks the following relief:

a. For special and economic damages, including back pay and front pay, in the amount of: $100,000, based in the difference between disability payments and prior salary, and the loss of job advancement possibilities;

b. For general and non-economic damages for all causes of action in the amount of $1,500,000, based on the extreme emotional distress and suffered as a direct and proximate result of defendants' conduct;

c. For punitive damages according to proof for all causes of action except the sixth and seventh in the amount of: $2,500,000, based on the unconscionable and unlawful behavior of the defendants, and the need for sufficient exemplary and punitive suited to the size and wealth of the Bohemian Club;

d. For prejudgment interest at the prevailing legal rate of 10% per annum;

e. For injunctive relief including requiring defendants to adopt reasonable postings and changes in personnel policies and procedures regarding sexual and disability harassment and retaliation, requiring training about sexual and disability harassment for all employees, for a permanent injunction enjoining defendants, their agents, successors, employees, and those acting in concert with them in each unlawful practice, policy, usage, and customer set forth hereinabove, and for such other injunctive relief as the Court may deem proper;

f. For the costs of the suit, including reasonable attorney fees; and

g. For such other and further relief as the Court may deem proper.

3.

JOINT CASE MGMT STATEMENT & PROPOSED ORDER    CASE NO. C 07-05261 WHA

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Defendants The Bohemian Club, Richard Brandenburg, Dan Campbell and Albert Bowen seek the following relief:

- That Plaintiff take nothing by her Amended Complaint;

- That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

- That Defendants be awarded their attorneys' fees according to proof;

- That Defendants be awarded their costs of suit; and

- That Defendants be awarded such other and further relief as the Court may deem appropriate.

9. **The Following Parties Consent To Assignment Of This Case To A United States Magistrate Judge For Trial:**

The parties do not consent to assignment of this case to a United States Magistrate Judge for trial.

## DISCOVERY

10. **Evidence Preservation:**

The parties have taken appropriate steps to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

11. **Disclosures:**

The parties exchanged Initial Disclosures required by Rule 26(a)(1) on January 17, 2008.

12. **The Parties Agree To The Following Initial Discovery Plan:**

The parties have scheduled the following depositions:

- Plaintiff Tami Greenwald – February 4, 2008 and February 6 (if necessary);

- Defendant Albert Bowen -- February 20, 2008 and February 22 (if necessary);

- Defendant Dan Campbell -- February 27, 2008;

- John Cleese – March 4, 2008.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

4.

JOINT CASE MGMT STATEMENT & PROPOSED ORDER                CASE NO. C 07-05261 WHA

The parties have also agreed that Plaintiff will make herself available for an Independent Medical/Mental Evaluation by the Defendants' experts by June 30, 2008.

The parties have further agreed on the following limitations on discovery:

<u>Depositions (non-expert)</u>:   10 per party;

<u>Expert Witnesses</u>:   5 per party;

<u>Interrogatories</u>:   35 per party;

<u>Document Requests</u>:   40 per party;

<u>Requests for Admissions</u>:   35 per party.

## ALTERNATIVE DISPUTE RESOLUTION

**13.   The Parties Have Filed A Stipulation And Proposed Order Selecting An ADR Process And The ADR Process That The Parties Jointly Request Is:**

On January 3, 2008, the parties filed a Stipulation and Proposed Order, agreeing to proceed to mediation by May 31, 2008.

**14.   Please Indicate Any Other Information Regarding ADR Process Or Deadline:**

The parties request an alternative dispute resolution deadline of May 31, 2008. If the matter does not settle by that time, the parties request that a trial setting conference to be held before the end of June and that trial be set for November or December 2008.

## SCHEDULING AND OTHER ISSUES

**15.   Other References:**

At this time, the parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel.

**16.   Narrowing of Issues:**

The parties agree to meet and confer to determine whether any issues can be narrowed prior to trial.

**16.   Scheduling:**

The parties agree that non-expert discovery will be completed no less than ninety (90) days prior to trial. Expert discovery shall be completed no less than thirty (30) days prior to trial,

5.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

JOINT CASE MGMT STATEMENT & PROPOSED ORDER           CASE NO. C 07-05261 WHA

1  with the parties submitting expert disclosures no less than ninety (90) days prior to trial. The parties
2  further agree that the case will be ready for trial by November 2008. The parties expect a trial of 7
3  to 10 days. The parties request that the deadline for dispositive motions to be filed be sixty (60) days
4  prior to trial.

Dated: January 17, 2008

/s/
WILLIAM F. TERHEYDEN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
THE BOHEMIAN CLUB, RICHARD
BRANDENBURG AND DAN CAMPBELL

Dated: January 17, 2008

/s/
ROBERT L. ZALETEL
MCQUAID BEDFORD & VAN ZANDT LLP
Attorneys for Defendant
ALBERT BOWEN

Dated: January 17, 2008

/s/
BURKE J. HANSEN
THE LAW OFFICES OF BURKE HANSEN
Attorney for Plaintiff
TAMI GREENWALD

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

6.

JOINT CASE MGMT STATEMENT & PROPOSED ORDER    CASE NO. C 07-05261 WHA

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

In addition, the Court orders:

Dated:_____          _____
                                    HON. WILLIAM ALSUP

Firmwide:83932115.1 011124.1042

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

7.

JOINT CASE MGMT STATEMENT & PROPOSED ORDER          CASE NO. C 07-05261 WHA