1  BURKE HANSEN, Bar No. 236030
   THE LAW OFFICES OF BURKE HANSEN
2  819 Eddy St.
   Telephone: 415-771-6174
3  Facsimile: 415-474-3748
   Email: burke_hansen@sbcglobal.net
4  San Francisco, CA 94109

5  DANIEL BERKO, Bar No. 94912
   819 Eddy St.
6  Telephone: 415-771-6174
   Facsimile: 415-474-3748
7  Email: berkolaw@sbcglobal.net
   San Francisco, CA 94109

8

9  Attorneys for Plaintiff:
   TAMI GREENWALD

10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13

14

15  TAMI GREENWALD,                          Case No. C 07-05261 WHA

16            Plaintiff,                     **SECOND AMENDED COMPLAINT
                                             (HARASSMENT, DISCRIMINATION,
17       vs.                                 RETALIATION, BREACH OF
                                             CONTRACT, NEGLIGENCE, B.P.C.
18  THE BOHEMIAN CLUB, ALBERT                17200)**
    BOWEN, RICHARD BRANDENBURG,
19  DAN CAMPBELL, and DOES 1                 Complaint Filed: August 6, 2007
    THROUGH 99, inclusive,                   Amended Complaint Filed: August 7, 2007
20                                           Second Amended Complaint Filed:
              Defendants.                              February 21, 2008

21

22

23

24  Plaintiff complains and alleges as follows:

25                            **PARTIES**

26       1.  At all material times, plaintiff Tami Greenwald was a resident of the City and County

27  of San Francisco, California.  The employment contract on which she sues herein was made in

28  and to be performed in the State of California.  At all material times, plaintiff worked for The

Bohemian Club, Inc., [hereafter "Bohemian Club"], an all-male social club located in the City and County of San Francisco, California.

2. Plaintiff is informed and believes that defendant Bohemian Club is a California corporation with its principal place of business in the City and County of San Francisco, California.

3. Plaintiff is informed and believes that defendant Albert Bowen [hereafter "Bowen"] is a resident of the City and County of San Francisco, California. At all material times, defendant Bowen was plaintiff's supervisor and was acting at least in part within the course and scope of his employment with the Bohemian Club.

4. Plaintiff is informed and believes that defendant Richard Brandenburg [hereafter "Brandenburg"] is a resident of the City and County of San Francisco, California. At all material times, defendant Brandenburg was plaintiff's supervisor and was acting at least in part within the course and scope of his employment with the Bohemian Club.

5. Plaintiff is informed and believes that defendant Dan Campbell [hereafter "Campbell"] is a resident of the City and County of San Francisco, California. At all material times, defendant Campbell was plaintiff's supervisor and was acting at least in part within the course and scope of his employment with the Bohemian Club.

6. The true names and capacities of the defendants named herein as Does 1 through 99, inclusive, whether individual, corporate, associate or otherwise, are unknown to plaintiff who therefore sues such defendants by fictitious names under California Code of Civil Procedure §474. Plaintiff is informed and believes that Doe defendants are California residents. Plaintiff will amend this Complaint to show such true names and capacities when they have been determined. Each defendant was an agent of the other defendants and ratified the conduct of the

1   other defendants.

2   ## FACTUAL BACKGROUND

3   7. On or about March 3, 2003, plaintiff began full-time employment at the Bohemian

4   Club as a line cook. Plaintiff had been recruited by Albert Bowen, (hereafter "Bowen"), the

5   Director of Human Resources, to relocate from Phoenix, Arizona, to San Francisco, California,

6   
7   to work at the Bohemian Club in San Francisco, as well as the Bohemian Grove in Monte Rio,

8   California.

9   8. As part of the recruitment effort by Bowen, plaintiff was promised by Bowen, in the

10   course and scope of his employment as Director of Human Resources for the Bohemian Club,

11   relocation pay to cover the cost of her moving expenses, as well as the cost of buying out her new

12   
13   lease in the Phoenix area. In justifiable reliance thereon, plaintiff relocated to San Francisco.

14   9. After plaintiff arrived in San Francisco, and when plaintiff asked for the relocation

15   expenses, Bowen claimed that the General Manager of the club, Matthew Oreggero, (hereafter

16   
17   "Oggero"), had changed his mind about the relocation compensation, but that plaintiff would be

18   allowed to stay on Mr. Bowen's couch until she saved enough money to get an apartment of her

19   own. Plaintiff did not know anyone with whom she could reside in San Francisco, and no longer

20   had a lease in Phoenix. As a direct and proximate result of defendants' bad faith, and failure to

21   
22   reimburse approximately $5,000 in relocation expenses, plaintiff   had no reasonable alternative

23   but to accept said offer and sleep on Bowen's couch until she could save enough money to rent a

24   domicile of her own.

25   10. During her stay on Bowen's couch, and in the course and scope of his employment as

26   
27   Director of Human Resources, Bowen repeatedly told plaintiff not to tell any coworkers that she

28   was staying on Bowen's couch, while Bowen himself told several staff members, including

General Manager Oggero, about the living arrangement, willfully and falsely implying in so doing that plaintiff and Bowen might be engaged in a sexual relationship, thereby creating a hostile and harassing work environment for the plaintiff. Plaintiff reasonably believed that she might be terminated if she disobeyed a direct order from Bowen in his capacity as Director of Human Resources. When other employees at work asked whether or not he was engaged in sexual relations with the plaintiff, and in the course and scope of his employment, Bowen failed to deny that sexual relations were taking place, willfully and by omission reinforcing the untrue insinuation that he and plaintiff were engaged in sexual relations, thereby creating an oppressive and hostile work environment for the plaintiff.

11. Also during her stay on Bowen's couch, which was directly and proximately caused by defendant's bad faith refusal in the course and scope of his employment as Director of Human Resources to reimburse plaintiff's relocation expenses as previously agreed, an agreement upon which the plaintiff reasonably and justifiably relied while incurring approximately $5,000 in relocation expenses, Bowen habitually would engage in intercourse with another Bohemian Club employee, Karen McDonald (hereafter "McDonald") in the next room, and then talk about the incident to plaintiff in graphic detail, such as telling plaintiff that he loved performing oral sex on McDonald while she was menstruating. Bowen also asked plaintiff if she ever allowed men to perform oral sex on her when she was menstruating, thereby creating a hostile and oppressive environment between plaintiff and McDonald, as well as between plaintiff and defendant in the course and scope of his employment and his capacity as Director of Human Resources.

12. In the course and scope of his employment, Bowen repeatedly made sexual advances at the plaintiff, and plaintiff, who was at the mercy of Bowen due to his bad faith refusal in the course and scope of his employment and in his capacity as Director of Human Resources to

reimburse plaintiff $5,000 in moving expenses, as previously agreed, repeatedly rebuffed

Bowen's advances, frequently pretending to be asleep when he got home from work. On June

23rd, 2003, Bowen came home intoxicated, approached the couch were the Plaintiff was trying to

sleep, tried to touch the Plaintiff, and asked plaintiff to touch his genitals in a sexual manner, and

plaintiff replied "no, leave me alone." At that point in time, plaintiff still had not saved enough

money to live on her own, had not received any of reimbursement for her moving expenses, and

had no reasonable alternative to living on Bowen's couch, sometimes even sleeping outside in

her car.

13. In August of 2003, Bowen asked plaintiff if she would allow him to watch her take a

shower, and plaintiff replied "No, you're my boss." In fact, a few days after that, Bowen did,

intentionally and with malice, walk in on plaintiff while she was in the shower, and plaintiff, due

to the oppressive and harassing nature of the Bowen's conduct in the course and scope of his

employment as Director of Human Resources, and the mental anguish his conduct caused her,

moved out of the apartment a few days later. Not long after that, defendant, at work and in the

course and scope of his employment, remarked to plaintiff that plaintiff had "a nice body, and it

looked great through the shower curtain, like an hourglass figure." He also said to plaintiff that

he "didn't realize you had such nice boobs."

14. On January 8th, 2004, while Plaintiff was working in the kitchen at the Club, Bowen

came into the kitchen and stared lecherously at the Plaintiff for a period of time, and then winked

at her.

15. Between February 17th and 26th, 2004, soon after plaintiff had undergone ovarian

surgery, and in the course and scope of his employment as plaintiff's supervisor, defendant

Campbell snidely, condescendingly and repeatedly asked plaintiff in front of coworkers "how her

ovaries were doing," such that plaintiff suffered great emotional distress. Defendant Campbell also asked plaintiff, in front of coworkers, when she mentioned that she needed to use the restroom whether she was going to urinate or defecate. Plaintiff was grossly offended such that she suffered great emotional distress. Defendant Campbell is known around the Club for making such inappropriate remarks, and defendant's inappropriate behavior created a hostile and oppressive work environment.

16. In June 2004, at a Bohemian Club event known as "Spring Jinks," Bowen, at the event and in the course and scope of his employment as Director of Human Resources, repeatedly made lewd and sexual remarks to plaintiff about the young servers he had hired for the event, thereby creating a hostile and harassing work environment and directly and proximately causing plaintiff great mental anguish. Bowen made comments such as "did you see the size of their tits, damn I hire some hot girls, that's why I have this job," and "the things I could do to them. The members love me because of the girls I hire." Plaintiff complained to Bowen about the remarks, and Bowen, in the course and scope of his employment and in his capacity as Director of Human Resources, replied "I am protected here and Matt Oggero loves me and would never fire me."

17. On July 15, 2004 plaintiff suffered a back injury in the course and scope of her employment that put plaintiff on modified duty such that she was not to lift more than 10 pounds on the job. Another Club employee, intentionally and with malice, rammed a serving cart into the back of the Plaintiff, and Plaintiff complained to management regarding the conduct. The employee was never disciplined for the action, and notwithstanding the weight restriction accommodation mandated by relevant law, defendant Brandenburg, in the course and scope of his employment as plaintiff's supervisor, would routinely require plaintiff to lift more than 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

pounds in the course and scope of her employment, thereby willfully, unlawfully, and with malice refusing to provide plaintiff with a reasonable accommodation for her disability. Plaintiff has suffered both physical and mental anguish as a direct and proximate result of said refusal to provide reasonable accommodation.

18. On July 24th, 2004, plaintiff witnessed Bowen, in the course and scope of his employment and in his capacity as Director of Human Resources, yelling at McDonald in the Human Resources trailer at the Bohemian Grove, and to plaintiff's great distress witnessed McDonald crying. McDonald later informed plaintiff that the fight had concerned lewd and sexual remarks that Bowen, in the course and scope of his employment and in his capacity as Director of Human Resources, was making about the female serving staff at the Bohemian Grove.

19. On December 15th, 2004, an employee named Morris told plaintiff that she was uptight and "needed to get laid," and plaintiff, greatly distressed and suffering extreme mental anguish due to her substantial history of harassment at the Bohemian Club, responded by yelling at Morris not to talk to her that way. Plaintiff complained to Dan Campbell (hereafter "Campbell"), a manager at the club, and repeated what had been said to her to Campbell. Campbell took plaintiff to Bowen, who, in the course and scope of his employment and in his capacity as Director of Human Resources, told plaintiff to "deal with it. Maybe he's right," thereby tolerating and implicitly endorsing a hostile and harassing work environment, and directly and proximately causing great mental distress, suffering and anguish for the plaintiff.

20. On December 31st, 2004, Bowen, in the course and scope of his employment and in his capacity as Director of Human Resources, described lewdly and in graphic detail the kinds of sexual acts he wanted to perform on the plaintiff, and told plaintiff he wanted to see the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"expressions you would make while I'm fucking you." The comment directly and proximately created a hostile and harassing work environment, and directly and proximately caused the plaintiff great mental suffering and anguish, such that plaintiff would hide in a pastry room or a walk-in to avoid contact with Bowen.

21. On or about January 18th, 2005, Plaintiff applied for a job-related training benefit known as the Employee Educational Fund, a fund for non-management employees with an annual limit of $10,000 which was dedicated to improving the job-related education of employees by reimbursement of class-related expenses. Such suggested educational opportunities included "specialty classes at the Culinary Institute of America, classes in viniculture, or classes in Mexico regarding the "intricacies of tequila." Plaintiff requested to participate in said program, and due to her refusal to engage in sexual relations with Bowen, and animosity on the part of the club due to her physical disability, Bowen, who had offered to "get back to her" about the program and never did, thereby denying Plaintiff the opportunity to participate in said training opportunity.

22. On February 8th, 2005, Bowen, in the course and scope of his employment and in his capacity as Director of Human Resources, asked plaintiff if she would have sexual intercourse with him on the internet so that others could watch, and offered to give plaintiff most of the money, since he "makes more money than you do," thereby creating a hostile and harassing work environment, and directly and proximately causing great mental distress and anguish on the part of the plaintiff.

23. On April 14th, 2004 Defendant Brandenburg, wrongfully and with malice, accused Plaintiff of cutting fish on a cutting board that previously had been used for chicken, and falsely wrote Plaintiff up for the alleged wrongful activity.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

24.  On April 27th, Oggero told Plaintiff to "find another job," causing Plaintiff mental anguish and suffering, and convincing Plaintiff believe that complaining to Oggero, in his capacity as General Manager, about the hostile and discriminatory environment at the club would be a waste of time.

25.  On May 12th, 2005, Bowen offered to stop "treating her like a leper."

26.  On May 24th, 2005, Bowen, in the course and scope of his employment and in his capacity as Director of Human Resources, was taking a picture of plaintiff to update plaintiff's employee badge for the upcoming Bohemian Grove event, and, bent over and photographed plaintiff's breasts rather than her face, and said to plaintiff, "I want to have sex with you.  You're so sexy, and you make me hard."  Plaintiff told Bowen to stop photographing her, and left the club, directly and proximately suffering great mental anguish, crying all the way home.

27.  On June 28th, 2005, Bowen asked Plaintiff not to talk to him in front of Kren MacDonald because she "gets jealous," and told Plaintiff that her "ass looked hot in those jeans,"directly and proximately created a hostile and harassing work environment, and directly and proximately caused plaintiff great mental suffering, distress and anguish.

28.  On September 8th, 2005, in the course and scope of his employment and in his capacity as Director of Human Resources, Bowen told plaintiff, " I like to eat girls out when they're on their period.  I'm like a vampire."  The remark directly and proximately created a hostile and harassing work environment, and directly and proximately caused plaintiff great mental suffering, distress and anguish.

29.  On July 22nd, 2005, Brandenburg wrongfully and maliciously screamed at her in the butcher shop in front of co-workers, accusing her of "selling bad meat," although Plaintiff was not employed in the shop as a butcher and butchering meat was not part of her job definition.

Brandenburg's behavior was extreme and outrageous, and caused the Plaintiff great mental

suffering and anguish.

30.  On July 27th, 2005, Brandenburg accused her of "fucking up."

31.  On September 8th, 2005, Bowen, in the course and scope of his employment and in

his capacity as Director of Human Resources, asked plaintiff if her "tits were real."  The remark

directly and proximately created a hostile and harassing work environment, and directly and

proximately resulted in great mental anguish, distress and suffering on the part of the plaintiff.

32.  On September 14th, 2005, as plaintiff was leaving work, Bowen, in the course and

scope of his employment and in his capacity as Director of Human Resources, stared lewdly at

the plaintiff as she was leaving work, directly and proximately creating a hostile and harassing

environment, and directly and proximately caused plaintiff great mental suffering, distress and

anguish.

33.  On September 15th, 2005, plaintiff went to Bowen in his office to discuss her

vacation time, and Bowen, in the course and scope of his employment and in his capacity as

Director of Human Resources, as plaintiff was leaving Bowen's office, said to plaintiff, "Your

ass looked so hot in those jeans you were wearing yesterday, you should wear them more often."

The remark directly and proximately created a harassing and hostile work environment, and

directly and proximately resulted in great mental anguish on the part of the plaintiff, who felt

disgusted and went home crying once again.

34.  On September 22nd, 2005, Brandenburg verbally abused plaintiff, who at the time

was on modified duty due to a previous work place injury, telling plaintiff in front of Sous Chef

Kevin Miller, co-worker Jose Luna, and Bowen, "you are a waste of a paycheck.  I don't want

you here anyway, if you weren't union I wouldn't schedule you.  If you think it's hard now, just

wait, little girl, it will get worse." The comments created a hostile and harassing work

environment based on her disability status, and defamed plaintiff in front of coworkers, damaged

plaintiff's reputation in the work place, and caused plaintiff great mental suffering, anguish and

distress; and Bowen, in the course and scope of his employment and in his capacity as Director of

Human Resources, did nothing to cure the hostile and harassing environment, and by his silence

implicitly tolerated and endorsed said hostile and harassing environment. After this meeting,

plaintiff complained to Bowen about what had just happened, and the harassing treatment she

had received in front of Bowen at the hands of her superior Brandenburg, and Bowen responded

and retaliated against plaintiff for complaining about harassment by trying to switch plaintiff to

part time duty, which would have had the practical effect of eliminating plaintiff from the work

schedule.

35. On September 27th, 2005, Brandenburg ordered plaintiff and co-worker Bob

Dominguez (hereafter "Dominguez")to ice a tray of fish that weighed approximately fifty

pounds, although Brandenburg knew that plaintiff at the time was on modified duty due to a

work place back injury that plaintiff suffered July 15 of 2004, and not supposed to lift more than

ten pounds. As a direct and proximate result of Brandenburg's unlawful refusal to provide

reasonable accommodation that day, plaintiff suffered a subsequent back injury, and has suffered

both physical and mental anguish as a direct and proximate result of said refusal to provide

reasonable accommodation.

36. The following day, on September 28th, 2005, plaintiff explained to Brandenburg that

she had hurt her back the previous day, and Brandenburg told plaintiff that he did not have "time

to deal with it" and to wait for Bowen to arrive. A short while later, Dominguez came up to

plaintiff and told her that Bowen wanted to see her.

1

2

3

4

5

6

7

8

9

10

11

12

13

37.  When plaintiff went to Brandenburg's office to talk about the back injury suffered the

day before, she discovered Brandenburg writing her up for allegedly failing to ice the fish the

previous day.  Plaintiff asked Bowen if Brandenburg had informed Bowen of here most recent

injury, and Bowen informed her that Brandenburg had not.  After Brandenburg left the office,

defendant Bowen told plaintiff that Brandenburg had said to Bowen that "he would really make

sure that if and when she [plaintiff] comes back he will really make sure that she gets hurt by

overloading her schedule."  Bowen unlawfully told plaintiff the she needed to be 100% recovered

for her to return to work.  At the time plaintiff, as a direct and proximate result of Bowen and

Brandenburg's refusal to provide reasonable accommodation, was in excruciating pain, and she

agreed to sign the write up only to be allowed to leave to visit the hospital, suffering both

physical and mental anguish as a direct and proximate result thereof.

14

15

16

17

18

19

20

21

38.  Bowen asked plaintiff to step out of Brandenburg's office, and after plaintiff locked

up her knives to go to the hospital, and as plaintiff and Bowen were walking toward the elevator,

Bowen asked plaintiff "as long as we've known each other, how come we've never had sex?"

thereby, in the course and scope of Bowen's employment and in his capacity as Director of

Human Resources, directly and proximately causing plaintiff great mental anguish, suffering and

distress, and directly and proximately creating a hostile and harassing work environment.

22

23

24

25

26

27

28

39.  In or around December of 2006, or January of 2007, plaintiff's nurse case manager

Candace Kurt informed Bowen that plaintiff could come back to work with a lifting restriction of

20 pounds.  Defendants Brandenburg and Bowen claimed that no reasonable accommodation

could be made for plaintiff in her previous position, or in a comparable position, and plaintiff, as

a direct and proximate result of that unlawful failure to provide reasonable accommodation, has

been unable to return to work at the Bohemian Club, and continues to this day to suffer both

professionally and mentally as a direct and proximate thereof. Such refusal to provide reasonable accommodation is retaliatory in nature, and is a direct and proximate result of plaintiff's refusal to engage in sexual relations with the Director of Human Resources, Albert Bowen. Such persistent and ongoing conduct as constructively terminated plaintiff from her position as cook at the Bohemian Club, and she has suffered professionally, physically, and emotionally as a direct and proximate result thereof.

40. As a direct and proximate cause of this long, ongoing, and well-established pattern of abuse, and the ongoing refusal on the part of the individual defendants and the Bohemian Club to provide reasonable accommodation and provide a workplace free of sexual and disability harassment, plaintiff continues to endure great mental distress, suffering and anguish, such that she has been forced, and continues to be forced, to undergo stress-related psychological therapy. As a direct and proximate result of this retaliatory constructive termination, wherein defendants have, due to plaintiff's continual rejection of repeated sexual advances on the part of the Bohemian Club's director of human resources, Bowen, made it impossible for the plaintiff to return to work under circumstances acceptable to any reasonable woman; and wherein defendants have conspired, and continue to conspire, to refuse to correct the breach of their legal duty to provide a workplace free of harassment and discrimination, and as a direct and proximate cause thereof, plaintiff has suffered great psychological distress and anguish, and has been, and continues to be, unable to pursue her chosen career as a professional chef.

41. Furthermore, the repeated predatory sexual advances by Bowen toward the plaintiff have directly and proximately created a hostile work environment wherein any reasonable woman would fear for her physical safety. This ongoing and continual failure by Bowen and the Bohemian Club to provide a workplace free of the threat of sexual assault by senior management

1  such as Bowen, the director of human resources, has directly and proximately created a hostile

2  and oppressive work environment completely unacceptable to any reasonable woman, to which

3  no reasonable woman could be expected to return, such that plaintiff has been, and continues to

4  be, constructively terminated from her position, and unable to pursue her career as chef.

5

6  42.  Finally, the refusal by plaintiff's direct supervisor Brandenburg, and subsequently

7  Bowen, to provide reasonable accommodation to plaintiff as cook at the Bohemian Club has

8  directly and proximately made it impossible for plaintiff to return to work, and constructively

9  terminated her therefrom.  This ongoing and retaliatory constructive termination has directly and

10  proximately caused, and continues to cause, plaintiff great mental distress and suffering.

11

12

### FIRST CAUSE OF ACTION
#### (Sex Discrimination/Sexual Harassment)
#### (Cal. Government Code §12940(a))

13

14

15  43.  The allegations of paragraphs 1 through 16, 18 through 33, and 36 through 42 are

16  realleged and incorporated herein by reference.  This cause of action is pleaded against

17  defendants Bohemian Club, Bowen, and Campbell.

18

19  44.  Defendants were at all material times supervisors or employers within the meaning of

20  California Government Code section 12926(d) and, as such barred from discriminating or

21  retaliating in employment decisions on the basis of sex as set forth in California Government

22  Code section 12940, and are strictly liable thereby.

23

24  45.  Plaintiff was at all material times an employee covered by California Government

25  Code section 12940 prohibiting discrimination or retaliation in employment on the basis of sex.

26  46.  Defendants and each of them engaged in a pattern and practice of discrimination

27  against female employees, including plaintiff, on the basis of sex in violation of California

28  Government Code section 12940 by engaging in a course of conduct that included subjecting

plaintiff to sexual harassment and hostility because of her sex.  This behavior continued until plaintiff left on disability due to a work place back injury.

47.  Further, Doe defendants and each of them, aided and abetted defendants Bohemian Club, Bowen, and Campbell in engaging in illegal discrimination on the basis of sex against female employees, including subjecting plaintiff to sexual harassment and hostility because of her sex, in violation of California Government Code section 12940(i) and California Government Code section 12940(j)(1).

WHEREFORE, plaintiff requests relief as hereinafter provided.

### SECOND CAUSE OF ACTION
**(Discrimination in Training - California Government Code §12940 (c))**

48.  The allegations of Paragraphs 1 through 21 are realleged and incorporated herein by reference.  This cause of action is pleaded against Bowen, Brandenburg and the Bohemian Club. Defendants were at all material times supervisors or employers within the meaning of California Government Code section 12926(d) and, as such barred from discriminating or retaliating in employment decisions on the basis of sex as set forth in California Government Code section 12940, and are strictly liable thereby.

49.  The above defendants have discriminated in the provision of job-related training opportunities to the Plaintiff due to her disability, and her refusal to engage in sexual relations with the supervisor of the program, Defendant Bowen, all to her general detriment, in violation of Government Code section 12940(c).   Said unlawful and discriminatory refusal to allow Plaintiff to participate in job-related training program damaged the earning potential of Plaintiff in as yet unknown amounts.

WHEREFORE, plaintiff requests relief as hereinafter provided.

1

2

3

4

## THIRD CAUSE OF ACTION
### (Retaliation - California Government Code §12940(h))

50.  The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference.  This cause of action is pleaded against Brandenburg, Bowen and the Bohemian Club.

51. Defendants were at all material times supervisors or employers within the meaning of California Government Code section 12926(d) and, as such barred from discriminating or retaliating in employment decisions on the basis of sex or disability as set forth in California Government Code section 12940, and are strictly liable thereby.

52.  The above defendants have retaliated, and continue to retaliate, against plaintiff in violation of Government Code section 12940(h), by engaging in a course of retaliatory conduct, among others, set forth in paragraphs 17, 34 through 37, 39 and 42 above, when she complained about sexual harassment, disability harassment, and a work environment generally rife with hostility and discrimination.  This retaliation by the above defendants, in the course and scope of their employment, persists to this day in their ongoing refusal to provide reasonable accommodation to plaintiff.

WHEREFORE, plaintiff requests relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
### (Aiding and Abetting Sexual or Disability Harassment and Discrimination - California Government Code §12940(I))

53.  The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference.  This cause of action is pleaded against all defendants.

54.  Plaintiff was at all material times an employee covered by California Government Code section 12940 prohibiting discrimination or retaliation in employment on the basis of sex or disability, and Defendants were at all material times supervisors or employers within the meaning of California Government Code section 12926(d) and, as such barred from

discriminating or retaliating in employment decisions on the basis of disability as set forth in California Government Code section 12940. Defendants, and each of them, are strictly liable thereby.

55. Defendants and each of them engaged in a pattern and practice of discrimination against female employees, including plaintiff, on the basis of sex or disability in violation of California Government Code section 12940 by engaging in a course of conduct that included subjecting plaintiff to sexual or disability harassment and hostility because of her sex or disability. This behavior continued until plaintiff left on disability due to a work-place back injury, at which point the accommodation previously available for a prior, similar injury was withdrawn. Defendants, and each of them, have aided and abetted, or have attempted to aid and abet, in the discriminatory activities and practices described herein.

56. Further, Defendants and each of them, aided and abetted in engaging in illegal discrimination on the basis of sex against female employees, including subjecting plaintiff to sexual harassment and hostility because of her sex, in violation of California Government Code section 12940(i) and California Government Code section 12940(j)(1).

WHEREFORE, plaintiff requests relief as hereinafter provided.

### FIFTH CAUSE OF ACTION
**(Failure to Maintain Environment Free from Harassment/Hostile Work Environment - California Government Code §12940(j)(1)**

57. The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference. This cause of action is pleaded against the all defendants.

58. Defendants were at all material times supervisors or employers within the meaning of California Government Code section 12926(d) and, as such barred from discriminating or retaliating in employment decisions on the basis of disability as set forth in California

1   Government Code section 12940.

2       59.  Defendants and each of them failed to take all reasonable steps to prevent

3   discrimination and harassment against plaintiff from occurring, and to take immediate and

4   appropriate corrective action to remedy the harassment, in violation of California Government

5   Code section 12940 (j)(1), by engaging in the course of conduct set forth in paragraphs 1 through

6   42, and are strictly liable thereby.

7       60.  Specifically, the Bohemian Club failed and has failed to the present time to take any

8   disciplinary action against Bowen, Brandenburg, and Campbell, such as issuing a formal

9   warning, imposing probation, suspension or termination for either the sex or disability

10  discrimination suffered by plaintiff.

11      61.  Plaintiff is informed and believes that defendant Bohemian Club has never had an

12  adequately written policy about sexual or disability harassment, has never adequately conducted

13  any sexual or disability harassment training, and has never adequately posted any sexual and

14  disability harassment policies for its supervisors or employees.

15      WHEREFORE, plaintiff requests relief as hereinafter provided.

## SIXTH CAUSE OF ACTION
**(Failure to Take All Reasonable Steps to Prevent Harassment and Discrimination -
California Government Code §12940(k))**

    62.   The allegations of paragraphs 1 through 42 are realleged and incorporated herein by

reference.  This cause of action is pleaded against the all defendants.

    63. Defendants were at all material times supervisors or employers within the meaning of

California Government Code section 12926(d) and, as such are required to take all reasonable

steps to prevent harassment and discrimination, as set forth in California Government Code

THE LAW OFFICES OF BURKE HANSEN
819 Eddy St.
San Francisco, California 94109

18

section 12940(k).

64. Defendants and each of them, did in fact, fail to take all reasonable steps to prevent discrimination and harassment against plaintiff from occurring, and to take immediate and appropriate corrective action to remedy the harassment, in violation of California Government Code section 12940 (j)(1), by engaging in the course of conduct set forth in paragraphs 1 through 42, and are strictly liable thereby.

65. Specifically, the Bohemian Club failed and has failed to the present time to take any disciplinary action against Bowen, Brandenburg, and Campbell, such as issuing a formal warning, imposing probation, suspension or termination for either the sex or disability discrimination suffered by plaintiff.

66. Plaintiff is informed and believes that defendant Bohemian Club has never had an adequately written policy about sexual or disability harassment, has never adequately conducted any sexual or disability harassment training, and has never adequately posted any sexual and disability harassment policies for its supervisors or employees.

WHEREFORE, plaintiff requests relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION
### (Disability Harassment / Disability Discrimination - California Government Code §12940(m))

67. The allegations of paragraphs 17, and 34 through 42 are realleged and incorporated herein by reference. This cause of action is pleaded against the Bowen, Brandenburg and the Bohemian Club.

68. Defendants were at all material times supervisors or employers within the meaning of California Government Code section 12926(d) and, as such barred from discriminating or retaliating in employment decisions on the basis of disability as set forth in California

THE LAW OFFICES OF BURKE HANSEN
819 Eddy St.
San Francisco, California 94109

PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. C 07-95261 WHA

1   Government Code section 12940(m).  Plaintiff was at all material times an employee covered by

2   California Government Code section 12940, and the defendants have willfully and in bad faith

3   refused to provide reasonable accommodation to plaintiff as mandated by California Government

4   Code §12940, and are strictly liable thereby.

5        WHEREFORE, plaintiff requests relief as hereinafter provided.

6

7                    **EIGHTH CAUSE OF ACTION**

8       **(Failure to Interact in Good Faith - California Government Code §12940(n))**

9        69.   The allegations of paragraphs 1 through 42 are realleged and incorporated herein by

10  reference.  This cause of action is pleaded against the all defendants.

11

12       70. Defendants were at all material times employers within the meaning of California

13  Government Code section 12926(d) and, as such are required to interact in good faith with the

14  plaintiff, and take all reasonable steps to cure harassment and discrimination, as set forth in

15  California Government Code section 12940(n).

16

17       71.   Defendants and each of them, did in fact, fail to interact in good faith to prevent, or

18  correct, discrimination and harassment against plaintiff from occurring, and to take immediate

19  and appropriate corrective action to remedy the harassment, in violation of California

20  Government Code section 12940 (n), by engaging in the course of conduct set forth in paragraphs

21  1 through 42.

22

23       72.  Specifically, the Bohemian Club failed and has failed to the present time to take any

24  disciplinary action against Bowen, Brandenburg, and Campbell, such as issuing a formal

25  warning, imposing probation, suspension or termination for either the sex or disability

26  discrimination suffered by plaintiff, or disciplining them for any other unlawful action described

27  herein.

28

THE LAW OFFICES OF BURKE HANSEN
819 Eddy St.
San Francisco, California 94109

PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. C 07-95261 WHA

73. Plaintiff is informed and believes that defendant Bohemian Club has never had an adequately written policy about sexual or disability harassment,has never adequately conducted any sexual or disability harassment training, and has never adequately posted any sexual and disability harassment policies for its supervisors or employees.

WHEREFORE, plaintiff requests relief as hereinafter provided.


## NINTH CAUSE OF ACTION
### (Employment Discrimination - California Constitution article 1 § 8.)

74. The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference. This cause of action is pleaded against the all defendants.

75. Defendants were at all material times employers within the meaning of California Government Code section 12926(d) and, in violation of California Constitution article 1 section 8, disqualified and prevented Plaintiff from pursuing her vocation and employment because of her sex, all to her general detriment, such that for a period of years her career has been unable to progress as it would have had the discrimination not occurred.

WHEREFORE, plaintiff requests relief as hereinafter provided.


## TENTH CAUSE OF ACTION
### (Unlawful Threats and Intimidation - California Civil Code § 51.7(a))

76. The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference. This cause of action is pleaded against the all defendants.

77. The Defendants subjected the Plaintiff repeatedly to intimidation and threats, such as Bowen's comment that Brandenburg "would really make sure that if and when she [plaintiff] comes back he will really make sure that she gets hurt by overloading her schedule." Plaintiff had

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

already been attacked from behind by an employee with a serving cart, and Brandenburg had

repeatedly required that Plaintiff perform work, such as lifting heavy trays, that were beyond the

reasonable accommodations previously established by the Club and weight restriction established

by her Qualified Medical Examiner.

WHEREFORE, plaintiff requests relief as hereinafter provided.

### ELEVENTH CAUSE OF ACTION
### (Sexual Harassment - California Civil Code § 51.9(a)(1)(D))

78.  The allegations of paragraphs 1 through 42 are realleged and incorporated herein by

reference.  This cause of action is pleaded against the all defendants.

79.  Plaintiff resided at various times at the residence of Bowen or on Club property at the

Club's Bohemian Grove retreat, and the Club and its agents therefore qualify as either a landlord

or a property manager for purposes of California Civil Code § 51.9(a)(1)(D), such that the sexual

harassment and discrimination detailed in paragraphs 1 through 42 and endured by the Plaintiff at

the hands of the Club and its agents, is covered by the statutory provisions of California Civil

Code section 52(a), and that Plaintiff is entitled to the recovery of treble damages in the instant

action that result from the unlawful actions of the Defendants.

WHEREFORE, plaintiff requests relief as hereinafter provided.

### TWELFTH CAUSE OF ACTION
### (Bane Act - California Civil Code § 52(b))

80.  The allegations of paragraphs 1 through 42 are realleged and incorporated herein by

reference.  This cause of action is pleaded against the all defendants.

81. The Defendants, and each of them, have aided, abetted and conspired to deprive

Plaintiff of the rights conferred by California Civil Code sections 51.7 and 51.9, as described

above, and therefore the Defendants, and each of them, are liable for each and every offense, and all damages that flow proximately therefrom, including fees and exemplary damages.

WHEREFORE, plaintiff requests relief as hereinafter provided.

## THIRTEENTH CAUSE OF ACTION
### (Interference With Enjoyment of Legal Rights - California Civil Code § 52.1(b))

82. The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference. This cause of action is pleaded against all defendants.

83. As a result of the harassing, discriminatory and unconstitutional behavior of the defendants, in violation of California Civil Code section 52.1(b), and Plaintiff has suffered financially, physically, psychologically, and emotionally as a direct and proximate result thereof, all to her general detriment.

WHEREFORE, plaintiff requests relief as hereinafter provided.

## FOURTEENTH CAUSE OF ACTION
### (Gender Violence - California Civil Code § 52.4(c)(1))

84. The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference. This cause of action is pleaded against all defendants.

85. The sexual harassment and discrimination perpetrated on Plaintiff by the Defendants, and each of them, falls under the purview of the criminal provisions of California Civil Code section 52.1, and the sexual assault committed by Bowen, in paragraph 12, the battery in paragraph 17, and the implied threats of paragraphs 34 and 37, when viewed within the context of the pervasive sexual harassment, discrimination and generally hostile nature of the work environment of the Club, entitle the Plaintiff for the legal and equitable remedies of California Civil Code section 52.4.

1

WHEREFORE, plaintiff requests relief as hereinafter provided.

2

## FIFTEENTH CAUSE OF ACTION
### (Sexual Harassment and Discrimination - 42 USC section 2000 e-2(a))

3

4

86. The allegations of paragraphs 1 through 42 are realleged and incorporated herein by

5

reference. This cause of action is pleaded against all defendants.

6

87. The Defendants, and each of them, in violation of 42 U.S.C. section 2000 e-2(a),

7

discriminated against Plaintiff with respect to her terms, conditions, and privileges of

8

9

employment, because of her sex, and by so doing, deprived the Plaintiff of employment

10

opportunities, and otherwise adversely affected her status as an employee due to her sex.

11

WHEREFORE, plaintiff requests relief as hereinafter provided.

12

## SIXTEENTH CAUSE OF ACTION
### (Harassment and Discrimination Retaliation - 42 U.S.C. § 2000 e-3(a))

13

14

15

88. The allegations of paragraphs 1 through 42 are realleged and incorporated herein by

16

reference. This cause of action is pleaded against all defendants.

17

89. The Defendants, and each of them, have discriminated against the Plaintiff and

18

19

unlawfully retaliated against Plaintiff for her complaints about the pervasive and hostile work

20

environment of the Club, and the harassment and discrimination Plaintiff has suffered due to her

21

sex, and her refusal to engage in sexual relations with Defendant Bowen, in accordance with 42

22

U.S.C. section 2000 e-2.

23

WHEREFORE, plaintiff requests relief as hereinafter provided.

24

## SEVENTEENTH CAUSE OF ACTION
### (Disability Discrimination - 42 U.S.C. § 12112(a))

25

26

27

90. The allegations of paragraphs 1 through 42 are realleged and incorporated herein by

28

reference. This cause of action is pleaded against all defendants.

91.  Plaintiff is an qualified individual with a disability under U.S.C. section12101.

92.  The Defendants, and each of them, have discriminated against the Plaintiff and unlawfully retaliated against Plaintiff for her complaints about the pervasive and hostile work environment of the Club, and have repeatedly discriminated against the Plaintiff due to her disability in terms of job training, advancement, and other terms, conditions, and privileges of employment.  Defendants, and each of them, have repeatedly refused to provide reasonable accommodation to the Plaintiff, and even forced Plaintiff to engage in behavior potentially hazardous to the Plaintiff's health, such as demanding that Plaintiff lift more than her qualified medical examiner's recommended limit.  Plaintiff has suffered physical, psychological and emotional injuries and a direct and proximate result therefrom

WHEREFORE, plaintiff requests relief as hereinafter provided.

## EIGHTEENTH CAUSE OF ACTION
### (Negligent supervision)

93.  The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference.  This cause of action is pleaded against all defendants.

94.  The Defendants, and each of them, have a duty to provide the Plaintiff with a work environment free from harassment, discrimination, and retaliation, and as a proximate result thereby, have a duty to supervise employees to maintain a work environment free from harassment and discrimination.  Defendants, and each of them, also have a duty to refrain from engaging in any harassing, discriminatory or retaliatory behavior on their own.  As a direct and proximate result of the Defendants' failure to reasonably and adequately supervise employees, the Defendants breached a duty of care owed to the Plaintiff to maintain a work environment free from discrimination and harassment.  The Plaintiff has suffered financially and emotionally as a direct and proximate result of that breach of a duty of care to maintain a work environment free

from discrimination, harassment and retaliation.

WHEREFORE, plaintiff requests relief as hereinafter provided.

## NINETEENTH CAUSE OF ACTION
### (Negligence Per Se Based on Failure to Provide Reasonable Accommodation)

95.  The allegations of paragraphs 1 through 95 are realleged and incorporated herein by reference.  This cause of action is pleaded against all defendants.

96.  As a direct and proximate result of the statutory violations of Causes of Action 1 through 8, and Causes of Action 15 through 17, committed by the Defendants, and each of them, have committed negligence as a matter of law.  Plaintiff was, and is,  a member of the classes protected by those statutes, and whose interest is advanced by the protection afforded by said statutes.  She has suffered physical, psychological and emotional injuries as a direct and proximate result of the Defendants' failure to comply with Fair Employment and Housing Act, Title VII, and the Americans with Disabilities Act, resulting directly and proximately in general harm to her.  The physical injuries suffered as a direct and proximate result of the Defendants' failure to provide reasonable accommodation, and the psychological and emotional suffering endured by Plaintiff as a direct and proximate result of the hostile, oppressive, and discriminatory work environment at the Club are precisely the kinds of hazards and injuries the statutes seek to protect.  Defendants, and each of them, are thereby guilty of negligence per se.

WHEREFORE, plaintiff requests relief as hereinafter provided.

## TWENTIETH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

97.  The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference.  This cause of action is pleaded against all defendants.

98. The conduct set forth hereinabove was extreme and outrageous and an abuse of the authority and position of defendants and each of them. Said conduct was intended to cause severe emotional distress, or was done in conscious disregard of the probability of causing such distress. Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace. Defendants and each of them abused their position of authority toward the plaintiff, and engaged in conduct intended to humiliate the plaintiff and to convey the message that she was powerless to defend her rights. Defendant Bohemian Club abused its authority and directly injured plaintiff by its ratification of defendants Bowen, Campbell, and Brandenburg, and by its Department of Human Resources failure to protect the violations of the privacy of the plaintiff.

99. The foregoing conduct did in fact cause plaintiff to suffer extreme emotional distress. As a proximate result of said conduct, plaintiff suffered embarrassment, anxiety, humiliation, and emotional distress, and will continue to suffer said emotional distress in the future in an amount according to proof.

WHEREFORE, plaintiff requests relief as hereinafter provided.

### TWENTY-FIRST CAUSE OF ACTION
**(Invasion of Privacy)**

100. The allegations of paragraphs 1 through 16, 18 through 32, 38, and 40 through 42 are realleged and incorporated herein by reference. This cause of action is pleaded against defendants Bowen, Campbell, and the Bohemian Club.

101. Defendant Bowen, without plaintiff's consent, repeatedly intruded into plaintiff's privacy by the conduct set forth above.

102. Defendant Bohemian Club ratified Bowen's conduct invading plaintiff's privacy by

communicating private information to other employees about plaintiff who had no need to know the information.

103.  The intrusions described above were offensive and objectionable to plaintiff and to a reasonable person of ordinary sensibilities.  The intrusions were into aspects of plaintiff's life that were private and were entitled to remain private.

WHEREFORE, plaintiff requests relief as hereinafter provided.

## TWENTY-SECOND CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

104.  The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference.  This cause of action is pleaded against all defendants.

105.  In carrying out the above conduct, defendants breached a duty owed to plaintiff to provide a workplace free from unfair treatment, discrimination, and retaliation, and abused their positions of authority toward her.  Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace.  The Bohemian Club violated said duty directly by ratifying Bowen, Campbell, and Brandenburg's conduct.

106.  Defendants and each of them knew, or should have known, that said conduct would cause plaintiff extreme emotional distress.  As a proximate result of defendants' negligent conduct, plaintiff suffered and will continue to suffer extreme humiliation, embarrassment, mental anguish, and emotional distress in an amount according to proof.

WHEREFORE, plaintiff requests relief as hereinafter provided.

## TWENTY-THIRD CAUSE OF ACTION
### (Breach of Implied-in-Fact Contract)

107.  The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference.  This cause of action is pleaded against the Bohemian Club.

108. During the entire course of plaintiff's employment with the Bohemian club, an employment agreement existed between plaintiff and the Bohemian Club, which included, but was not limited to, the following terms and conditions:

(a)  Plaintiff would be able to continue her employment with the Bohemian club indefinitely as long as she carried out her duties in a proper and competent manner;

(b)  Plaintiff would not be denied fair treatment or be compelled to resign for other than good cause;

(c)  The Bohemian Club would not discriminate against plaintiff on the basis of sex or disability or allow her to be sexually harassed or retaliated against.

109. This total employment agreement was evidenced by various written documents, oral representations to plaintiff by the Bohemian Club's agents and employees, and the parties' entire course of conduct, including the following:

(a)  Plaintiff is informed and believes and therefore alleges that portions of this contract are embodied in the Bohemian Club's written personnel policies and discipline procedures;

(b)  There is an established policy within the Bohemian Club known to plaintiff and relied on by her, that employees such as plaintiff, who had performed services as a good and faithful employees, would be treated fairly, would not have employment decisions about them without good cause, and would not be subjected to discrimination or retaliation; and

(c)  Plaintiff's employment history at the Bohemian Club was excellent during the more than two years that she worked there. She received outstanding performance appraisals and was assigned increased responsibilities during her employment. She received written and oral praise for her hard work, efficiency, and accomplishments at the Bohemian Club.

110. As a result of the above representations, plaintiff came reasonably to expect and to

rely on the promise of job security and fair treatment. Such statements and acts by the Bohemian Club and its agents communicated to plaintiff the idea that she had performed satisfactorily and that job opportunities would be available. Plaintiff in good faith relied upon these representations and believed them to be true.

111. Plaintiff's reliance on and belief in and acceptance in good faith of all the assurances, promises and representations of the Club and its agents led plaintiff throughout her employment to reasonably believe that her employment was secure and that there existed thereby a contract of continuous employment with the Bohemian Club.

112. Plaintiff undertook and continued employment and duly performed all conditions of the agreement to be performed by her. Plaintiff has at all times been ready, willing and able to perform and has offered to perform all conditions of this agreement to be performed by her.

113. Despite the representations made to plaintiff and the reliance she placed on them, the Bohemian Club and its agents have failed to carry out its responsibilities under, and breached the terms of, the employment agreed by, among other things, the following conduct:

(a) By failing to provide plaintiff with a work environment free from harassment, discrimination and retaliation;

(b) By denying plaintiff fair treatment and work opportunities comparable to those of other employees; and

(c) By retaliating and making the work environment so oppressive that no reasonable woman would work under those circumstances, thereby constructively discharging plaintiff when she complained of unfair treatment.

114. At all times material hereto, plaintiff performed her job in a satisfactory and trustworthy manner.

115. The Bohemian Club and its agents have breached the aforementioned total employment agreement by the conduct set forth above without regard to or in compliance with the requirements of the aforesaid agreement, and for reasons that were pretextual and untrue. Despite complaints to management regarding the harassment or tolerance thereof by defendants Bowen, Campbell and Brandenburg, said harassment and discrimination never stopped. In fact plaintiff's unwillingness to accept the harassment resulted in increased harassment and other retaliatory behavior.

WHEREFORE, plaintiff requests relief as hereinafter provided.

### TWENTY-FOURTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

116. The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference. This cause of action is pleaded against the Bohemian Club.

117. The aforementioned employment agreement contained an implied covenant of good faith and fair dealing by which the Bohemian Club and its agents promised to give full cooperation to Plaintiff and her performance under the employment agreement and to refrain from doing any act that would prevent or impede plaintiff from performing all the conditions of the agreement to be performed by her or any act that would prevent or impede plaintiff's enjoyment of the fruits thereof. Specifically, said covenant of good faith and fair dealing required defendants to fairly, honestly, and reasonably perform the terms and conditions of said agreement.

118. The Bohemian Club and its agents breached said implied covenant of good faith and fair dealing by denying plaintiff a work environment free from harassment, discrimination and retaliation. The Bohemian Club further breached said implied covenant of good faith and fair

dealing by denying plaintiff fair treatment. Such actions were taken at a time when plaintiff was fully capable of and was in fact performing her job in a fully satisfactory manner. Such actions were not taken because of unsatisfactory job performance by plaintiff; they were taken at least in part because of plaintiff's complaints of harassment and retaliation.

119. Plaintiff is informed and believes that the Bohemian Club breached its contract with plaintiff without conducting any reasonable investigation concerning its obligations under said contract, without good or sufficient cause, for reasons extraneous to the contract, and for the purpose of frustrating plaintiff's enjoyment of the benefits of the contract.

WHEREFORE, plaintiff requests relief as hereinafter provided.

### TWENTY-FIFTH CAUSE OF ACTION
### (Breach of Contract Not to Discipline Without Good Cause)

120. The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference. This cause of action is pleaded against defendants Brandenburg, Bowen and the Bohemian Club.

121. During the entire course of Plaintiff's employment with the Bohemian Club, an employment agreement existed between plaintiff and the Bohemian Club, and over the years that said contract has been in effect, the Bohemian Club and its agents, have, as a direct and proximate result of the hostile and discriminatory work environment described herein, on several occasions, disciplined Plaintiff without good cause. Such conduct constitutes a breach of the employment agreement between the Plaintiff and the Bohemian Club, and Plaintiff has suffered past, present and future economic damages as a direct and proximate result thereby.

WHEREFORE, plaintiff requests relief as hereinafter provided.

### TWENTY-SIXTH CAUSE OF ACTION
### (Unfair Competition - Business and Professions Code § 17200)

122. The allegations of paragraphs 1 through 42 are realleged and incorporated by reference herein. This cause of action is pleaded against Bowen and the Bohemian Club.

123. Defendants' violations of the Plaintiff's common law contract rights, and failure to provide reasonable accommodation under either federal or state law, constitute unlawful and unfair business practices in violation of California Business and Professions Code section 17200, subject to relief under Business and Professions Code section 17203. By failing to satisfy Plaintiff's common law contract rights enjoys a competitive advantage over similar corporations, thereby harming the Plaintiff and the public.

WHEREFORE, plaintiff requests relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests relief as follows:

1. For special and economic damages, including back pay and front pay, for all causes of action.

2. For general and non-economic damages for all causes of action;

3. For punitive and exemplary damages;

4. For prejudgment interest at the prevailing legal rate;

5. For injunctive relief including requiring defendants to adopt reasonable postings and changes in personnel policies and procedures regarding sexual and disability harassment and retaliation, requiring training about sexual and disability harassment for all employees, for a permanent injunction enjoining defendants, their agents, successors, employees, and those acting in concert with them in each unlawful practice, policy, usage, and customer set forth hereinabove, and for such other injunctive relief as the Court may deem proper;

6. For the costs of the suit, including reasonable attorney fees,

THE LAW OFFICES OF BURKE HANSEN
819 Eddy St.
San Francisco, California 94109

PLAINTIFF'S SECOND AMENDED COMPLAINT
CASE NO. C 07-95261 WHA

7. For treble damages under causes of action eleven and twelve; and,

8. For such other and further relief as the Court may deem proper.

Date: _____        By: _____

                                    Burke Hansen
                                    LAW OFFICES OF BURKE HANSEN
                                    Attorney for Plaintiff
                                    Tami Greenwald

## **JURY DEMAND**

Plaintiff demands trial by jury in this action.

Date: _____        By: _____

                                    Burke Hansen
                                    LAW OFFICES OF BURKE HANSEN
                                    Attorney for Plaintiff
                                    Tami Greenwald