1  BURKE HANSEN, Bar No. 236030
   THE LAW OFFICES OF BURKE HANSEN
2  819 Eddy St.
   Telephone: 415-771-6174
3  Facsimile: 415-474-3748
   San Francisco, CA 94109
4
   Attorney for Plaintiff:
5  TAMI GREENWALD

6
                    UNITED STATES DISTRICT COURT
7
                  NORTHERN DISTRICT OF CALIFORNIA
8

9

10  TAMI GREENWALD,                      Case No. C 07-05261 WHA

11           Plaintiff,                  **PLAINTIFF TAMI GREENWALD'S**
                                         **THIRD AMENDED COMPLAINT**
12      vs.

13  THE BOHEMIAN CLUB, ALBERT            Complaint Filed: August 6, 2007
    BOWEN, RICHARD BRANDENBURG,          Amended Complaint Filed: August 7, 2007
14  DAN CAMPBELL, and DOES 1             Second Amended Complaint Filed:
    THROUGH 99, inclusive,                    February 21, 2008
15                                       Third Amended Complaint filed:
           Defendants.                        April 4, 2008
16

17

18

19  Plaintiff complains and alleges as follows:

20                            **PARTIES**

21      1. At all material times, Plaintiff Tami Greenwald was a resident of the City and County

22  of San Francisco, California.  The employment contract on which she sues herein was made in
23
    and to be performed in the State of California.  At all material times, plaintiff worked for The
24
    Bohemian Club, Inc., [hereafter "Bohemian Club"], an all-male social club located in the City
25
26  and County of San Francisco, California.

27      2. Plaintiff is informed and believes that Defendant Bohemian Club is a California

28

corporation with its principal place of business in the City and County of San Francisco, California.

3. Plaintiff is informed and believes that Defendant Albert Bowen [hereafter "Bowen"] is a resident of the City and County of San Francisco, California. At all material times, defendant Bowen was plaintiff's supervisor and was acting at least in part within the course and scope of his employment with the Bohemian Club.

4. Plaintiff is informed and believes that Defendant Richard Brandenburg [hereafter "Brandenburg"] is a resident of the City and County of San Francisco, California. At all material times, defendant Brandenburg was plaintiff's supervisor and was acting at least in part within the course and scope of his employment with the Bohemian Club.

5. Plaintiff is informed and believes that Defendant Dan Campbell [hereafter "Campbell"] is a resident of the City and County of San Francisco, California. At all material times, defendant Campbell was plaintiff's supervisor and was acting at least in part within the course and scope of his employment with the Bohemian Club.

6. The true names and capacities of the Defendants named herein as Does 1 through 99, inclusive, whether individual, corporate, associate or otherwise, are unknown to plaintiff who therefore sues such defendants by fictitious names under California Code of Civil Procedure §474. Plaintiff is informed and believes that Doe Defendants are California residents. Plaintiff will amend this Complaint to show such true names and capacities when they have been determined. Each defendant was an agent of the other defendants and ratified the conduct of the other defendants.

## FACTUAL BACKGROUND

7. On or about March 3, 2003, plaintiff began full-time employment at the Bohemian

1    Club as a line cook.  Plaintiff had been recruited by Albert Bowen, (hereafter "Bowen"), the

2    Director of Human Resources, to relocate from Phoenix, Arizona, to San Francisco, California,

3    to work at the Bohemian Club in San Francisco, as well as the Bohemian Grove in Monte Rio,

4    California.

5         8.  As part of the recruitment effort by Bowen, plaintiff was promised by Bowen, in the

6    course and scope of his employment as Director of Human Resources for the Bohemian Club,

7    relocation pay to cover the cost of her moving expenses, as well as the cost of buying out her new

8    lease in the Phoenix area.  In justifiable reliance thereon, plaintiff relocated to San Francisco.

9         9.  After plaintiff arrived in San Francisco, and when plaintiff asked for the relocation

10   expenses, Bowen claimed that the General Manager of the club, Matthew Oreggero, (hereafter

11   "Oggero"), had changed his mind about the relocation compensation, but that plaintiff would be

12   allowed to stay on Mr. Bowen's couch until she saved enough money to get an apartment of her

13   own.  Plaintiff did not know anyone with whom she could reside in San Francisco, and no longer

14   had a lease in Phoenix.  As a direct and proximate result of defendants' bad faith, and failure to

15   reimburse approximately $5,000 in relocation expenses, plaintiff

16   had no reasonable alternative but to accept said offer and sleep on Bowen's couch until she could

17   save enough money to rent a domicile of her own.

18        10.  During her stay on Bowen's couch, and in the course and scope of his employment as

19   Director of Human Resources, Bowen repeatedly told plaintiff not to tell any coworkers that she

20   was staying on Bowen's couch, while Bowen himself told several managers, including General

21   Manager Oggero, about the living arrangement, willfully and falsely implying in so doing that

22   plaintiff and Bowen might be engaged in a sexual relationship, thereby creating a hostile and

23   harassing work environment for the plaintiff.  Plaintiff reasonably believed that she might be

1  terminated if she disobeyed a direct order from Bowen in his capacity as Director of Human

2  Resources.  When other employees at work asked whether or not he was engaged in sexual

3  relations with the plaintiff, and in the course and scope of his employment, Bowen failed to deny

4  that sexual relations were taking place, willfully and by omission reinforcing the untrue

5  insinuation that he and plaintiff were engaged in sexual relations, thereby creating an oppressive

6  and hostile work environment for the plaintiff.

7

8         11.  Also during her stay on Bowen's couch, which was directly and proximately caused

9  by defendant's bad faith refusal in the course and scope of his employment as Director of Human

10  Resources to reimburse plaintiff's relocation expenses as previously agreed, an agreement upon

11  which the plaintiff reasonably and justifiably relied while incurring approximately $5,000 in

12  relocation expenses, Bowen habitually would engage in intercourse with another Bohemian Club

13  employee, Karen McDonald (hereafter "McDonald") in the next room, and then talk about the

14  incident to plaintiff in graphic detail, both at home and at work, such as telling plaintiff that he

15  loved performing oral sex on McDonald while she was menstruating.  Bowen also asked plaintiff

16  if she ever allowed men to perform oral sex on her when she was menstruating, thereby creating

17  a hostile and oppressive environment between plaintiff and McDonald, as well as between

18  plaintiff and defendant in the course and scope of his employment and his capacity as Director of

19  Human Resources.

20

21         12.  In the course and scope of his employment, Bowen repeatedly made sexual advances

22  at the plaintiff, and plaintiff, who was at the mercy of Bowen due to his bad faith refusal in the

23  course and scope of his employment and in his capacity as Director of Human Resources to

24  reimburse plaintiff $5,000 in moving expenses, as previously agreed, repeatedly rebuffed

25  Bowen's advances, frequently pretending to be asleep when he got home from work.  On June

23rd, 2003, Bowen came home intoxicated, approached the couch were the Plaintiff was trying to sleep, tried to touch the Plaintiff, and asked plaintiff to touch his genitals in a sexual manner, and plaintiff replied "no, leave me alone." At that point in time, plaintiff still had not saved enough money to live on her own, had not received any of reimbursement for her moving expenses, and had no reasonable alternative to living on Bowen's couch, sometimes even sleeping outside in her car.

13. In August of 2003, Bowen asked plaintiff if she would allow him to watch her take a shower, and plaintiff replied "No, you're my boss." In fact, a few days after that, Bowen did, intentionally and with malice, walk in on plaintiff while she was in the shower, and plaintiff, due to the oppressive and harassing nature of the Bowen's conduct in the course and scope of his employment as Director of Human Resources, and the mental anguish his conduct caused her, moved out of the apartment a few days later. Not long after that, defendant, at work and in the course and scope of his employment, remarked to plaintiff that plaintiff had "a nice body, and it looked great through the shower curtain, like an hourglass figure." He also said to plaintiff that he "didn't realize you had such nice boobs."

14. On January 8th, 2004, among other times, while Plaintiff was working in the kitchen at the Club, Bowen came into the kitchen and stared lecherously at the Plaintiff for a period of time, and then winked at her.

15. Between February 17th and 26th, 2004, soon after plaintiff had undergone ovarian surgery, and in the course and scope of his employment as plaintiff's supervisor, defendant Campbell snidely, condescendingly and repeatedly asked plaintiff in front of coworkers "how her ovaries were doing," such that plaintiff suffered great emotional distress. Defendant Campbell also asked plaintiff, in front of coworkers, when she mentioned that she needed to use the

restroom whether she was going to urinate or defecate. Plaintiff was grossly offended such that she suffered great emotional distress. Defendant Campbell is known around the Club for making such inappropriate remarks, and Plaintiff twice witnessed Campbell yelling at another employee named Genevieve, such that Genevieve cried as a direct result thereof. Defendant's inappropriate behavior created a hostile and oppressive work environment.

16. In June 2004, at a Bohemian Club event known as "Spring Jinks," Bowen, at the event and in the course and scope of his employment as Director of Human Resources, repeatedly made lewd and sexual remarks to plaintiff about the young servers he had hired for the event, thereby creating a hostile and harassing work environment and directly and proximately causing plaintiff great mental anguish. Bowen made comments such as "did you see the size of their tits, damn I hire some hot girls, that's why I have this job," and "the things I could do to them. The members love me because of the girls I hire." Plaintiff complained to Bowen about the remarks, and Bowen, in the course and scope of his employment and in his capacity as Director of Human Resources, replied "I am protected here and Matt Oggero loves me and would never fire me." Bowen claimed that Oggero would offer him incentives to stay if he ever tried to quit.

17. On July 15, 2004 plaintiff suffered a back injury in the course and scope of her employment that put plaintiff on modified duty such that she was not to lift more than 10 pounds on the job. Another Club employee willfully rammed a serving cart into the back of the Plaintiff, and Plaintiff complained to management regarding the conduct. The employee reponsible was never disciplined for the willful battery committed against the Plaintiff. Although Plaintiff received reasonable accommodation under Chef Joe Warzeniak prior to the arrival of Brandenburg, Defendant Brandenburg, in the course and scope of his employment as plaintiff's

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

supervisor and notwithstanding the weight restriction accommodation mandated by relevant law, would routinely require plaintiff to lift more than 10 pounds in the course and scope of her employment, thereby willfully, unlawfully, and with malice refusing to provide plaintiff with a reasonable accommodation for her disability. Plaintiff has suffered both physical and mental anguish as a direct and proximate result of said refusal to provide reasonable accommodation.

18.  On July 24th, 2004, plaintiff witnessed Bowen, in the course and scope of his employment and in his capacity as Director of Human Resources, yelling at McDonald in the Human Resources trailer at the Bohemian Grove, and to plaintiff's great distress witnessed McDonald crying.  McDonald later informed plaintiff that the fight had concerned lewd and sexual remarks that Bowen, in the course and scope of his employment and in his capacity as Director of Human Resources, was making about the female serving staff at the Bohemian Grove.

19.  On December 15th, 2004, an employee named Morris told plaintiff that she was uptight and "needed to get laid," and plaintiff, greatly distressed and suffering extreme mental anguish due to her substantial history of harassment at the Bohemian Club, responded by yelling at Morris not to talk to her that way.  Plaintiff complained to Dan Campbell (hereafter "Campbell"), a manager at the club, and repeated what had been said to her to Campbell. Campbell took plaintiff to Bowen, who, in the course and scope of his employment and in his capacity as Director of Human Resources, told plaintiff to "deal with it.  Maybe he's right," thereby tolerating and implicitly endorsing a hostile and harassing work environment, and directly and proximately causing great mental distress, suffering and anguish for the plaintiff.

20. On December 31st, 2004, Bowen, in the course and scope of his employment and in his capacity as Director of Human Resources, described lewdly and in graphic detail the kinds of

sexual acts he wanted to perform on the plaintiff, and told plaintiff he wanted to see the

"expressions you would make while I'm fucking you." The comment directly and proximately

created a hostile and harassing work environment, and directly and proximately caused the

plaintiff great mental suffering and anguish, such that plaintiff would hide in a pastry room or a

walk-in to avoid contact with Bowen.

21. On or about January 18th, 2005, Plaintiff applied for a job-related training benefit

known as the Employee Educational Fund, a fund for non-management employees with an

annual limit of $10,000 which was dedicated to improving the job-related education of

employees by reimbursement of class-related expenses. Such suggested educational

opportunities included "specialty classes at the Culinary Institute of America, classes in

viniculture, or classes in Mexico regarding the "intricacies of tequila." Plaintiff requested to

participate in said program, and due to her refusal to engage in sexual relations with Bowen, and

animosity on the part of the club due to her physical disability, Bowen, who had offered to "get

back to her" about the program and never did, thereby denying Plaintiff the opportunity to

participate in said training opportunity.

22. On February 8th, 2005, Bowen, in the course and scope of his employment and in his

capacity as Director of Human Resources, asked plaintiff if she would have sexual intercourse

with him on the internet so that others could watch, and offered to give plaintiff most of the

money, since he "makes more money than you do," thereby creating a hostile and harassing

work environment, and directly and proximately causing great mental distress and anguish on the

part of the plaintiff.

23. On April 14th, 2004 Defendant Brandenburg, wrongfully and with malice, accused

Plaintiff of cutting fish on a cutting board that previously had been used for chicken, and falsely

and with malice wrote Plaintiff up for the alleged wrongful activity.

24. On April 27th, Oggero told Plaintiff to "find another job," causing Plaintiff mental anguish and suffering, and convincing Plaintiff believe that complaining to Oggero, in his capacity as General Manager, about the hostile and discriminatory environment at the club would be a waste of time. Plaintiff once witnessed Oggero throw a shelf at another employee, Jose Orozco, in the kitchen and reasonably believed and continues to believe that complaints to Oggero regarding a harassing or hostile environment would be futile.

25. On May 12th, 2005, Brandenburg offered to stop "treating her like a leper," thereby admitting to the harassing and hostile treatment he had engaged in in the past.

26. On May 24th, 2005, Bowen, in the course and scope of his employment and in his capacity as Director of Human Resources, was taking a picture of plaintiff to update plaintiff's employee badge for the upcoming Bohemian Grove event, and, bent over and photographed plaintiff's breasts rather than her face, and said to plaintiff, "I want to have sex with you. You're so sexy, and you make me hard." Plaintiff told Bowen to stop photographing her, and left the club, directly and proximately suffering great mental anguish, crying all the way home. Bowen claimed that the camera's batteries were dead, although the Plaintiff witnessed the flash go off two or three times.

27. On June 28th, 2005, Bowen, in keeping with his pattern of coming on to Plaintiff, asked Plaintiff not to talk to him in front of Karen MacDonald because she "gets jealous," and told Plaintiff that her "she looked hot," directly and proximately created a hostile and harassing work environment, and directly and proximately caused plaintiff great mental suffering, distress and anguish.

28. On July 22nd, 2005, Brandenburg wrongfully and maliciously screamed at her in the

butcher shop in front of co-workers, accusing her of "selling bad meat," although Plaintiff was

not employed in the shop as a butcher and butchering meat was not part of her job definition.

Brandenburg's behavior was extreme and outrageous, and caused the Plaintiff great mental

suffering and anguish.

30. On July 27th, 2005, Brandenburg accused her of "fucking up."

31. On September 8th, 2005, in the course and scope of his employment and in his

capacity as Director of Human Resources, Bowen told plaintiff, "I like to eat girls out when

they're on their period. I'm like a vampire." The remark directly and proximately created a

hostile and harassing work environment, and directly and proximately caused plaintiff great

mental suffering, distress and anguish. Also on September 8th, 2005, Bowen, in the course and

scope of his employment and in his capacity as Director of Human Resources, asked plaintiff if

her "tits were real." The remark directly and proximately created a hostile and harassing work

environment, and directly and proximately resulted in great mental anguish, distress and

suffering on the part of the plaintiff.

32. On September 14th, 2005, as plaintiff was leaving work, Bowen, in the course and

scope of his employment and in his capacity as Director of Human Resources, stared lewdly at

the plaintiff as she was leaving work, directly and proximately creating a hostile and harassing

environment, and directly and proximately caused plaintiff great mental suffering, distress and

anguish.

33. On September 15th, 2005, plaintiff went to Bowen in his office to discuss her

vacation time, and Bowen, in the course and scope of his employment and in his capacity as

Director of Human Resources, as plaintiff was leaving Bowen's office, said to plaintiff, "Your

ass looked so hot in those jeans you were wearing yesterday, you should wear them more often."

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The remark directly and proximately created a harassing and hostile work environment, and directly and proximately resulted in great mental anguish on the part of the plaintiff, who felt disgusted and went home crying once again.

    34. On September 22nd, 2005, Brandenburg verbally abused plaintiff, who at the time was on modified duty due to a previous work place injury, telling plaintiff in front of Sous Chef Kevin Miller, co-worker Jose Luna, and Bowen, "you are a waste of a paycheck. I don't want you here anyway, if you weren't union I wouldn't schedule you. If you think it's hard now, just wait, little girl, it will get worse." The comments created a hostile and harassing work environment based on her disability status, and defamed plaintiff in front of coworkers, damaged plaintiff's reputation in the work place, and caused plaintiff great mental suffering, anguish and distress; and Bowen, in the course and scope of his employment and in his capacity as Director of Human Resources, did nothing to cure the hostile and harassing environment, and by his silence implicitly tolerated and endorsed said hostile and harassing environment. After this meeting, plaintiff complained to Bowen about what had just happened, and the harassing treatment she had received in front of Bowen at the hands of her superior Brandenburg, and Bowen responded and retaliated against plaintiff for complaining about harassment by trying to switch plaintiff to part time duty, which would have had the practical effect of eliminating plaintiff from the work schedule.

    35. On September 27th, 2005, Brandenburg ordered plaintiff and co-worker Bob Dominguez (hereafter "Dominguez")to ice a tray of fish that weighed approximately fifty pounds, although Brandenburg knew that plaintiff at the time was on modified duty due to a work place back injury that plaintiff suffered July 15 of 2004, and not supposed to lift more than ten pounds. As a direct and proximate result of Brandenburg's unlawful refusal to provide

1   reasonable accommodation that day, plaintiff suffered a subsequent back injury, and has suffered

2   both physical and mental anguish as a direct and proximate result of said refusal to provide

3   reasonable accommodation.

4        36. The following day, on September 28th, 2005, Plaintiff explained to Brandenburg that

5   she had hurt her back the previous day, and Brandenburg told plaintiff that he did not have "time

6   to deal with it" and to wait for Bowen to arrive. A short while later, Dominguez came up to

7   plaintiff and told her that Bowen and Brandenburg wanted to see her in Brandenburg's office.

8        37. When plaintiff went to Brandenburg's office to talk about the back injury suffered the

9   day before, she discovered Brandenburg writing her up for allegedly failing to ice the fish the

10  previous day. Plaintiff asked Bowen if Brandenburg had informed Bowen of here most recent

11  injury, and Bowen informed her that Brandenburg had not. At the time plaintiff, as a direct and

12  proximate result of Bowen and Brandenburg's refusal to provide reasonable accommodation,

13  was in excruciating pain, and she agreed to sign the write up only to be allowed to leave to visit

14  the hospital, suffering both physical and mental anguish as a direct and proximate result thereof.

15       38. Bowen asked plaintiff to step out of Brandenburg's office, and after plaintiff locked

16  up her knives to go to the hospital, and as plaintiff and Bowen were walking toward the elevator,

17  Bowen asked plaintiff "as long as we've known each other, how come we've never had sex?"

18  thereby, in the course and scope of Bowen's employment and in his capacity as Director of

19  Human Resources, directly and proximately causing plaintiff great mental anguish, suffering and

20  distress, and directly and proximately creating a hostile and harassing work environment.

21  Subsequent to this incident, when Plaintiff returned from treatment and requested reasonable

22  accommodation, Defendant Bowen told plaintiff that Brandenburg had said to Bowen that "he

23  would really make sure that if and when she [plaintiff] comes back he will really make sure that

1    she gets hurt by overloading her schedule." Bowen unlawfully told plaintiff the she needed to be

2    100% recovered for her to return to work.

3        39.  In or around December of 2006, or January of 2007, plaintiff's nurse case manager

4    Candace Kurt informed Bowen that plaintiff could come back to work with a lifting restriction of

5    20 pounds.  Defendants Brandenburg and Bowen claimed that no reasonable accommodation

6    could be made for plaintiff in her previous position, or in a comparable position, and plaintiff, as

7    a direct and proximate result of that unlawful failure to provide reasonable accommodation, has

8    been unable to return to work at the Bohemian Club, and continues to this day to suffer both

9    professionally and mentally as a direct and proximate thereof.  Such refusal to provide reasonable

10    accommodation is retaliatory in nature, and is a direct and proximate result of plaintiff's refusal

11    to engage in sexual relations with the Director of Human Resources, Albert Bowen.  Such

12    persistent and ongoing conduct as constructively terminated plaintiff from her position as cook at

13    the Bohemian Club, and she has suffered professionally, physically, and emotionally as a direct

14    and proximate result thereof.

15        40.  As a direct and proximate cause of this long, ongoing,  and well-established pattern

16    of abuse, and the ongoing refusal on the part of the individual defendants and the Bohemian Club

17    to provide reasonable accommodation and provide a workplace free of sexual and disability

18    harassment, plaintiff continues to endure great mental distress, suffering and anguish, such that

19    she has been forced, and continues to be forced, to undergo stress-related psychological therapy.

20    As a direct and proximate result of this retaliatory constructive termination, wherein defendants

21    have, due to plaintiff's continual rejection of repeated sexual advances on the part of the

22    Bohemian Club's director of human resources, Bowen, made it impossible for the plaintiff to

23    return to work under circumstances acceptable to any reasonable woman; and wherein defendants

have conspired, and continue to conspire, to refuse to correct the breach of their legal duty to provide a workplace free of harassment and discrimination, and as a direct and proximate cause thereof, plaintiff has suffered great psychological distress and anguish, and has been, and continues to be, unable to pursue her chosen career as a professional chef.

41. Furthermore, the repeated predatory sexual advances by Bowen toward the plaintiff have directly and proximately created a hostile work environment wherein any reasonable woman would fear for her physical safety. This ongoing and continual failure by Bowen and the Bohemian Club to provide a workplace free of the threat of sexual assault by senior management such as Bowen, the director of human resources, has directly and proximately created a hostile and oppressive work environment completely unacceptable to any reasonable woman, to which no reasonable woman could be expected to return, such that plaintiff has been, and continues to be, constructively terminated from her position, and unable to pursue her career as chef.

42. Finally, the refusal by plaintiff's direct supervisor Brandenburg, and subsequently Bowen, to provide reasonable accommodation to plaintiff as cook at the Bohemian Club has directly and proximately made it impossible for plaintiff to return to work, and constructively terminated her therefrom. This ongoing and retaliatory constructive termination has directly and proximately caused, and continues to cause, Plaintiff great mental distress and suffering. Plaintiff subsequently and timely filed for immediate Right to Sue Notices with the Department of Fair Employment and Housing (DFEH) and the Equal Employment Opportunity Commission (EEOC) covering the discrimination, harassment, and retaliation endured in the course and scope of her employment, thereby exhausting her administrative remedies. Said DFEH Right to Sue Notice has since been amended to reflect the ongoing nature of the harm, and is served herewith.

## FIRST CAUSE OF ACTION

**(Sex and Disability Discrimination)**
**(Cal. Government Code §12940(a))**

43.  The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference.  This cause of action is pleaded against defendant Bohemian Club.

44.  Defendant was at all material times supervisors or employers within the meaning of California Government Code section 12926(d) and, as such barred from discriminating or retaliating in employment decisions on the basis of sex or physical disability as set forth in California Government Code section 12940, and are strictly liable thereby.

45.  Plaintiff was at all material times an employee covered by California Government Code section 12940 prohibiting discrimination or retaliation in employment on the basis of sex.

46.  Defendant engaged in a pattern and practice of discrimination against female employees, including plaintiff, on the basis of sex in violation of California Government Code section 12940 by engaging in a course of conduct that included subjecting plaintiff to sexual harassment and hostility because of her sex and her physical disability.  This behavior continued until Plaintiff left on Worker's Compensation due to a work place back injury.

47.  Further, Doe defendants and each of them, aided and abetted defendants Bohemian Club, Bowen, and Campbell in engaging in illegal discrimination on the basis of sex against female employees, including subjecting plaintiff to sexual harassment and hostility because of her sex, in violation of California Government Code section 12940(i) and California Government Code section 12940(j)(1).

WHEREFORE, plaintiff requests relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**(Retaliation - California Government Code §12940(h))**

48.  The allegations of paragraphs 1 through 42 are realleged and incorporated herein by

THE LAW OFFICES OF BURKE HANSEN
819 Eddy St.
San Francisco, California 94109

PLAINTIFF'S THIRD AMENDED COMPLAINT
CASE NO. C 07-95261 WHA

15

1  reference. This cause of action is pleaded against Brandenburg, Bowen and the Bohemian Club.

2      51. Defendants were at all material times supervisors or employers within the meaning of

3  California Government Code section 12926(d) and, as such barred from discriminating or

4  retaliating in employment decisions on the basis of sex or disability as set forth in California

5  Government Code section 12940, and are strictly liable thereby.

6  

7      52. The above defendants have retaliated, and continue to retaliate, against plaintiff in

8  violation of Government Code section 12940(h), by engaging in a course of retaliatory conduct,

9  among others, set forth in paragraphs 17, 34 through 37, 39 and 42 above, when she complained

10  about sexual harassment, disability harassment, and a work environment generally rife with

11  hostility. This retaliation by the above defendants, in the course and scope of their employment,

12  persists to this day in their ongoing refusal to provide reasonable accommodation to plaintiff.

13      WHEREFORE, plaintiff requests relief as hereinafter provided.

14  

15  **FOURTH CAUSE OF ACTION**
16  **(Aiding and Abetting Sexual or Disability Harassment  - California Government Code §12940(I))**
17  

18      53. The allegations of paragraphs 1 through 42 are realleged and incorporated herein by

19  reference. This cause of action is pleaded against all defendants.

20      54. Plaintiff was at all material times an employee covered by California Government

21  Code section 12940 prohibiting harassment in employment on the basis of sex or disability, and

22  Defendants were at all material times supervisors or employers within the meaning of California

23  Government Code section 12926(d) and, as such barred from discriminating or retaliating in

24  employment decisions on the basis of disability as set forth in California Government Code

25  section 12940. Defendants, and each of them, are strictly liable thereby.

26      55. Defendants and each of them engaged in a pattern and practice of harassment against

female employees, including plaintiff, on the basis of sex, and against Plaintiff individually on

the basis of disability in violation of California Government Code section 12940 by engaging in a

course of conduct that included subjecting plaintiff to sexual and disability harassment and

hostility because of both her sex and her disability.  This behavior continued until plaintiff left on

on worker's compensation due to a work-place back injury, at which point the accommodation

previously available for a prior, similar injury was withdrawn.  Defendants, and each of them,

have aided and abetted, or have attempted to aid and abet, in the discriminatory activities and

practices described herein.

56.  Defendants and each of them, aided and abetted in engaging in illegal discrimination

on the basis of sex against female employees, including subjecting plaintiff to sexual harassment

and hostility because of her sex, in violation of California Government Code section 12940(i)

and California Government Code section 12940(j)(1), and against Plaintiff individually because

of her disability.

WHEREFORE, plaintiff requests relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
### (Failure to Maintain Environment Free from Harassment/Hostile Work Environment - California Government Code §12940(j))

57.  The allegations of paragraphs 1 through 42 are realleged and incorporated herein by

reference.  This cause of action is pleaded against the all defendants.

58. Defendants were at all material times supervisors or employers within the meaning of

California Government Code section 12926(d) and, as such barred from harassing or retaliating

in employment decisions on the basis of sex or physical disability as set forth in California

Government Code section 12940(j).

59. Defendants and each of them failed to take all reasonable steps to prevent harassment

against plaintiff from occurring, and to take immediate and appropriate corrective action to remedy the harassment, in violation of California Government Code section 12940 (j)(1), by engaging in the course of conduct set forth in paragraphs 1 through 42, and are strictly liable thereby.

60.   Specifically, the Bohemian Club failed and has failed to the present time to take any disciplinary action against Bowen, Brandenburg, and Campbell, such as issuing a formal warning, imposing probation, suspension or termination for either the sex and disability harassment suffered by plaintiff.

61.   Plaintiff is informed and believes that defendant Bohemian Club has never had an adequately written policy about sexual or disability harassment, has never adequately conducted any sexual or disability harassment training, and has never adequately posted any sexual and disability harassment policies for its supervisors or employees.

WHEREFORE, plaintiff requests relief as hereinafter provided.


## SIXTH CAUSE OF ACTION
**(Failure to Take All Reasonable Steps to Prevent Harassment and Discrimination - California Government Code §12940(k))**

62.   The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference.  This cause of action is pleaded against the Defendant Bohemian Club.

63. Defendant was at all material times an employer within the meaning of California Government Code section 12926(d) and, as such are required to take all reasonable steps to prevent harassment and discrimination, as set forth in California Government Code section 12940(k).

64.   Defendant did in fact fail to take all reasonable steps to prevent discrimination and

1    harassment against plaintiff from occurring, and to take immediate and appropriate corrective

2    action to remedy the harassment, in violation of California Government Code section 12940

3    (j)(1), by engaging in the course of conduct set forth in paragraphs 1 through 42, and are strictly

4    liable thereby.

5        65.  Specifically, the Bohemian Club failed and has failed to the present time to take any

6    disciplinary action against Bowen, Brandenburg, and Campbell, such as issuing a formal

7    warning, imposing probation, suspension or termination for either the sex or disability

8    discrimination suffered by plaintiff.

9        66.  Plaintiff is informed and believes that defendant Bohemian Club has never had an

10   adequately written policy about sexual or disability harassment, has never adequately conducted

11   any sexual or disability harassment training, and has never adequately posted any sexual and

12   disability harassment policies for its supervisors or employees.

13       WHEREFORE, plaintiff requests relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION
### (Disability Harassment  - California Government Code §12940(m))

67.  The allegations of paragraphs 17, 34 through 37, 39 and 42 are realleged and

incorporated herein by reference.  This cause of action is pleaded against the Bowen,

Brandenburg and the Bohemian Club.

68. Defendants were at all material times supervisors or employers within the meaning of

California Government Code section 12926(d) and, as such barred from harassing or retaliating

in employment decisions on the basis of disability as set forth in California Government Code

section 12940(m).  Plaintiff was at all material times an employee covered by California

Government Code section 12940, and the defendants have willfully and in bad faith refused to

provide reasonable accommodation to plaintiff as mandated by California Government Code §12940, and are strictly liable thereby.

WHEREFORE, plaintiff requests relief as hereinafter provided.

### EIGHTH CAUSE OF ACTION
**(Failure to Provide Reasonable Accommodation- California Government Code §12940(m)**

69. The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference. This cause of action is pleaded against Defendant Bohemian Club.

70. Defendants were at all material times employers within the meaning of California Government Code section 12926(d) and, as such are required to take all reasonable steps to provide reasonable accommodation, as set forth in California Government Code section 12940(m).

71. Defendants and each of them, did in fact, refuse to provide reasonable accommodation, as set forth in California Government Code section 12940(m), and continue to this day to refuse to provide reasonable accommodation to Plaintiff. Defendant has made no effort whatsoever to provide even minimal accommodation to Plaintiff, let alone the reasonable accommodation required by California Government Code section 12940(m).

WHEREFORE, plaintiff requests relief as hereinafter provided.

### NINTH CAUSE OF ACTION
**(Failure to Interact in Good Faith - California Government Code §12940(n))**

72. The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference. This cause of action is pleaded against Defendant Bohemian Club.

73. Defendants were at all material times employers within the meaning of California Government Code section 12926(d) and, as such are required to interact in good faith with the plaintiff, and take all reasonable steps to provide reasonable accommodation, as set forth in

California Government Code section 12940(n).

74. Defendants and each of them, did in fact, fail to interact in good faith to prevent, or correct, discrimination and harassment against plaintiff from occurring, and to take immediate and appropriate corrective action to remedy the harassment, in violation of California Government Code section 12940(n), by engaging in the course of conduct set forth in paragraphs 1 through 42.

75. Specifically, the Bohemian Club failed and has failed to the present time to take any disciplinary action against Bowen, Brandenburg, and Campbell, such as issuing a formal warning, imposing probation, suspension or termination for either the sex or disability discrimination suffered by plaintiff, or disciplining them for any other unlawful action described herein.

76. Plaintiff is informed and believes that defendant Bohemian Club has never had an adequately written policy about sexual or disability harassment, has never adequately conducted any sexual or disability harassment training, and has never adequately posted any sexual and disability harassment policies for its supervisors or employees.

WHEREFORE, plaintiff requests relief as hereinafter provided.


## TENTH CAUSE OF ACTION
### (Employment Discrimination - California Constitution article 1 § 8.)

77. The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference. This cause of action is pleaded against the Bohemian Club.

78. Defendant was at all material times an employer within the meaning of California Government Code section 12926(d) and, in violation of California Constitution article 1 section 8, disqualified and prevented Plaintiff from pursuing her vocation and employment because of

her sex, all to her general detriment, such that for a period of years her career has been unable to progress as it would have had the discrimination not occurred.

WHEREFORE, plaintiff requests relief as hereinafter provided.

## ELEVENTH CAUSE OF ACTION
### (Unlawful Threats and Intimidation - California Civil Code § 51.7(a))

79.   The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference.  This cause of action is pleaded against the all defendants.

80.   The Defendants subjected the Plaintiff repeatedly to intimidation and threats, such as Bowen's comment that Brandenburg "would really make sure that if and when she [plaintiff] comes back he will really make sure that she gets hurt by overloading her schedule." Plaintiff had already been attacked from behind by an employee with a serving cart, and Brandenburg had repeatedly required that Plaintiff perform work, such as lifting heavy trays, that were beyond the reasonable accommodations previously established by the Club and weight restriction established by her Qualified Medical Examiner.

WHEREFORE, plaintiff requests relief as hereinafter provided.

## TWELFTH CAUSE OF ACTION
### (Gender Violence - California Civil Code § 52.4(c)(1))

81.   The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference.  This cause of action is pleaded against Defendant Bowen and the Bohemian Club.

82.   The sexual harassment and discrimination perpetrated on Plaintiff by the Defendants, and each of them, falls under the purview of the criminal provisions of California Civil Code section 52.1, and the sexual assault committed by Bowen, in paragraph 12, the battery in paragraph 17, and the implied threats of paragraphs 34 and 37, when viewed within the context

1  of the pervasive sexual harassment, discrimination and generally hostile nature of the work

2  environment of the Club, entitle the Plaintiff for the legal and equitable remedies of California

3  Civil Code section 52.4.

4       WHEREFORE, plaintiff requests relief as hereinafter provided.

## SIXTEENTH CAUSE OF ACTION
### (Negligent Supervision)

90.  The allegations of paragraphs 1 through 42 are realleged and incorporated herein by

reference.  This cause of action is pleaded against the Brandenburg, Bowen and the Bohemian

Club.

91.  The Defendants, and each of them, have a duty to provide the Plaintiff with a

professional work environment and supervise employees in a reasonable manner.  As a direct and

proximate result of the Defendants' failure to reasonably and adequately supervise employees,

the Defendants breached a duty of care owed to the Plaintiff to maintain a work environment free

from willful aggression and harassment, and Plaintiff has suffered two separate injuries due

whole or in part to the willful and unprovoked physical act of aggression of another employee, as

defined by Labor Code § 3601(a)(1).  The Plaintiff has suffered financially and emotionally as a

direct and proximate result of that breach of a duty of care to maintain a work environment free

from hostility, harassment and retaliation, and reasonably supervise and discipline its employees,

agents and managers.

       WHEREFORE, plaintiff requests relief as hereinafter provided.

## SEVENTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

94. The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference. This cause of action is pleaded against Defendants Bowen and the Bohemian Club.

98. The conduct set forth hereinabove was extreme and outrageous and an abuse of the authority and position of defendants and each of them. Said conduct was intended to cause severe emotional distress; was done in conscious or reckless disregard of the probability of causing such distress and exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace; did in fact lead to severe emotional and psychological injury and distress; and was a direct and proximate result of Defendants' conduct. Defendants engaged in conduct intended to humiliate the plaintiff and to convey the message that she was powerless to defend her rights. Defendant Bohemian Club abused its authority and directly injured plaintiff by its ratification of the conduct of Defendants Bowen, Campbell, and Brandenburg.

99. The foregoing conduct did in fact cause plaintiff to suffer extreme emotional distress. As a proximate result of said conduct, plaintiff suffered embarrassment, anxiety, humiliation, and emotional distress, and will continue to suffer said emotional distress in the future in an amount according to proof.

WHEREFORE, plaintiff requests relief as hereinafter provided.

## EIGHTEENTH CAUSE OF ACTION
### (Invasion of Privacy)

100. The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference. This cause of action is pleaded against defendants Bowen, Campbell, and the Bohemian Club.

101.  Defendants Bowen, and Campbell, without plaintiff's consent, repeatedly intruded into Plaintiff's privacy by the conduct set forth above, and the offensive and outrageous behavior perpetrated against the Plaintiff flows logically out of the same facts, transactions or occurrences that form the basis of the complaints filed by Plaintiff with the DFEH and the EEOC, and may therefore be plead in a complaint arising out of those complaints.

102.  Defendant Bohemian Club ratified Defendants' conduct invading plaintiff's privacy, occurring in the course and scope of their employment, by willfully failing to supervise or discipline employees and agents for said conduct, and is therefore liable under the doctrine of *respondeat superior* for the conduct of those agents or employees.

103.  The intrusions described above were offensive and objectionable to plaintiff and to a reasonable person of ordinary sensibilities.  The intrusions were into aspects of plaintiff's life that were private and were entitled to remain private.

WHEREFORE, plaintiff requests relief as hereinafter provided.

## NINETEENTH CAUSE OF ACTION
### (Breach of Implied-in-Fact Contract)

104.  The allegations of paragraphs 1 through 42 are realleged and incorporated herein by reference.  This cause of action is pleaded against the Bohemian Club.

105.  During the entire course of plaintiff's employment with the Bohemian club, an employment agreement existed between Plaintiff and the Bohemian Club, which included, but was not limited to, the following terms and conditions:

(a)  Plaintiff would be able to continue her employment with the Bohemian Club indefinitely as long as she carried out her duties in a proper and competent manner;

(b)  Plaintiff would not be denied fair treatment or be compelled to resign for other than

good cause;

(c) The Bohemian Club and its agents would not discriminate against plaintiff on the basis of sex or disability or allow her to be sexually harassed or retaliated against.

106. This total employment agreement was evidenced by various written documents, oral representations to plaintiff by the Bohemian Club's agents and employees, and the parties' entire course of conduct, including the following:

(a) Plaintiff is informed and believes and therefore alleges that portions of this contract are embodied in the Bohemian Club's written personnel policies and discipline procedures;

(b) There is an established policy within the Bohemian Club known to plaintiff and relied on by her, that employees such as plaintiff, who had performed services as a good and faithful employees, would be treated fairly, would not have employment decisions about them without good cause, and would not be subjected to discrimination or retaliation; and

(c) Plaintiff's employment history at the Bohemian Club was excellent during the more than two years that she worked there. She received outstanding performance appraisals and was assigned increased responsibilities during her employment. She received written and oral praise for her hard work, efficiency, and accomplishments at the Bohemian Club.

107. As a result of the above representations, plaintiff came reasonably to expect and to rely on the promise of job security and fair treatment. Such statements and acts by the Bohemian Club and its agents communicated to plaintiff the idea that she had performed satisfactorily and that job opportunities would be available. Plaintiff in good faith relied upon these representations and believed them to be true.

108. Plaintiff's reliance on and belief in and acceptance in good faith of all the assurances, promises and representations of the Club and its agents led plaintiff throughout her

1  employment to reasonably believe that her employment was secure and that there existed thereby

2  a contract of continuous employment with the Bohemian Club.

3      109.  Plaintiff undertook and continued employment and duly performed all conditions of

4  the agreement to be performed by her.  Plaintiff has at all times been ready, willing and able to

5  perform and has offered to perform all conditions of this agreement to be performed by her.

6

7      110.  Despite the representations made to plaintiff and the reliance she placed on them,

8  the Bohemian Club and its agents have failed to carry out its responsibilities under, and breached

9  the terms of, the employment agreed by, among other things, the following conduct:

10      (a)  By failing to provide plaintiff with a work environment free from harassment,

11  discrimination and retaliation;

12      (b)  By denying plaintiff fair treatment and work opportunities comparable to those of

13  other employees; and

14

15      (c)  By retaliating and making the work environment so oppressive that no reasonable

16  woman would work under those circumstances, thereby constructively discharging plaintiff when

17  she complained of unfair treatment.

18

19      111.  At all times material hereto, plaintiff performed her job in a satisfactory and

20  trustworthy manner.

21

22      112.  The Bohemian Club and its agents have breached the aforementioned total

23  employment agreement by the conduct set forth above without regard to or in compliance with

24  the requirements of the aforesaid agreement, and for reasons that were pretextual and untrue.

25  Despite complaints to management regarding the harassment or tolerance thereof by defendants

26  Bowen, Campbell and Brandenburg, said harassment and discrimination never stopped.  In fact

27  plaintiff's unwillingness to accept the harassment resulted in increased harassment and other

28

1    retaliatory behavior.

2         WHEREFORE, plaintiff requests relief as hereinafter provided.

3                    **TWENTIETH CAUSE OF ACTION**
4            **(Breach of the Covenant of Good Faith and Fair Dealing)**

5

6         113.  The allegations of paragraphs 1 through 42 are realleged and incorporated herein by

7    reference.  This cause of action is pleaded against the Bohemian Club.

8         114.  The aforementioned employment agreement contained an implied covenant of good

9    faith and fair dealing by which the Bohemian Club and its agents promised to give full

10   cooperation to Plaintiff and her performance under the employment agreement and to refrain

11
     from doing any act that would prevent or impede plaintiff from performing all the conditions of
12
     the agreement to be performed by her or any act that would prevent or impede Plaintiff's
13

14   enjoyment of the fruits thereof.  Specifically, said covenant of good faith and fair dealing

15   required defendants to fairly, honestly, and reasonably perform the terms and conditions of said

16
     agreement.
17

18        115.  The Bohemian Club and its agents breached said implied covenant of good faith and

19   fair dealing by denying plaintiff a work environment free from harassment, discrimination and

20   retaliation.  The Bohemian Club further breached said implied covenant of good faith and fair

21
     dealing by denying plaintiff fair treatment.  Such actions were taken at a time when Plaintiff was
22
     fully capable of and was in fact performing her job in a fully satisfactory manner.  Such actions
23

24   were not taken because of unsatisfactory job performance by plaintiff; they were taken at least in

25   part because of Plaintiff's complaints of harassment and retaliation.

26
          116.  Plaintiff is informed and believes that the Bohemian Club breached its contract with
27

28   plaintiff without conducting any reasonable investigation concerning its obligations under said

---

1    contract, without good or sufficient cause, for reasons extraneous to the contract, and for the

2    purpose of frustrating plaintiff's enjoyment of the benefits of the contract.

3        WHEREFORE, plaintiff requests relief as hereinafter provided.

4                        **TWENTY-FIRST CAUSE OF ACTION**
5              **(Breach of Contract Not to Discipline Without Good Cause)**

6        117.  The allegations of paragraphs 1 through 42 are realleged and incorporated herein by

7    reference.  This cause of action is pleaded against defendants Brandenburg, Bowen and the

8    Bohemian Club.
9

10       118.  During the entire course of Plaintiff's employment with the Bohemian Club, an

11   employment agreement existed between plaintiff and the Bohemian Club, and over the years that

12   said contract has been in effect, the Bohemian Club and its agents, have, as a direct and

13   proximate result of the hostile and discriminatory work environment described herein, on several

14

15   occasions, disciplined Plaintiff without good cause.  Such conduct constitutes a breach of the

16   employment agreement between the Plaintiff and the Bohemian Club, and Plaintiff has suffered

17   past, present and future economic damages as a direct and proximate result thereby.

18
     WHEREFORE, plaintiff requests relief as hereinafter provided.
19

20                    **TWENTY-SECOND CAUSE OF ACTION**
21          **(Unfair Competition - Business and Professions Code § 17200)**

22       119.  The allegations of paragraphs 1 through 42 are realleged and incorporated by

23   reference herein.  This cause of action is pleaded against the Bohemian Club.

24       120.  Defendants' violations of the Plaintiff's common law contract rights and of statues

25   and public policy contravening workplace harassment and discrimination constitute unlawful and
26

27   unfair business practices in violation of California Business and Professions Code section 17200.

28       WHEREFORE, plaintiff requests relief as hereinafter provided.

THE LAW OFFICES OF BURKE HANSEN                    **PLAINTIFF'S THIRD AMENDED COMPLAINT**
819 Eddy St.                                                   **CASE NO. C 07-95261 WHA**
San Francisco, California 94109
                                    29

## TWENTY-THIRD CAUSE OF ACTION
### (California Civil Rights Violation - (Civil Code § 52.1)

121.  The allegations of paragraphs 1 through 42 are realleged and incorporated by reference herein.  This cause of action is pleaded against Bowen, Brandenburg and the Bohemian Club. The Plaintiff damages for a violation of civil rights pursuant to Civil C § 52.1.

122. Defendants Bowen and Brandenburg interfered or attempted to interfere by threats, intimidation, or coercion with the exercise or enjoyment by plaintiff of rights secured by the Constitution and laws of the State of California, by implying to Plaintiff that she would be physically injured were she to return with lawful accommodation; and that interference, or attempted interference, caused plaintiff to suffer injury, damage, loss and harm under the Banes Civil Rights Act.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests relief as follows:

1.  For special and economic damages, including back pay and front pay, for all causes of action.

2.  For general and non-economic damages for all causes of action;

3.  For punitive and exemplary damages;

4.  For prejudgment interest at the prevailing legal rate;

5.  For injunctive relief including requiring defendants to adopt reasonable postings and changes in personnel policies and procedures regarding sexual and disability harassment and retaliation, requiring training about sexual and disability harassment for all employees, for a

permanent injunction enjoining defendants, their agents, successors, employees, and those acting

in concert with them in each unlawful practice, policy, usage, and customer set forth

hereinabove, and for such other injunctive relief as the Court may deem proper;

6. For the costs of the suit, including reasonable attorney fees;

7. For treble damages under cause of action twenty-three; and,

8. For such other and further relief as the Court may deem proper.

Executed at: San Francisco

Date: 4/4/08

By: _____
Burke Hansen
LAW OFFICES OF BURKE HANSEN
Attorney for Plaintiff
Tami Greenwald

## JURY DEMAND

Plaintiff demands trial by jury in this action.

Date: 4/4/08

By: _____
Burke Hansen
LAW OFFICES OF BURKE HANSEN
Attorney for Plaintiff
Tami Greenwald

STATE OF CALIFORNIA - State and Consumer Services Agency                                              ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2973  TTY (800) 700-2320  Fax (510) 622-2952
www.dfeh.ca.gov



April 1, 2008

Burke Hansen
Attorney at Law
The Stadtmuller House
819 Eddy Street
San Francisco, CA  94109


RE:    E200607A0218-00-prsc
       <u>GREENWALD/BOHEMIAN CLUB, THE</u>

Dear Burke Hansen:

## NOTICE OF FILING OF <u>AMENDED CLOSED</u> DISCRIMINATION COMPLAINT

Enclosed is a copy of your client's amended closed complaint that has been filed with
the Department of Fair Employment and Housing in accordance with California
Government Code sections 12960 and/or 12980.  Also enclosed is a copy of your
client's Notice of Case Closure, which constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for
**service of the amended complaint** on respondent(s).  You should also enclose a copy
of the Notice of Case Closure along with the amended complaint.  These documents
must be served within **60 days** of the filing date of the amended complaint.
Government Code section 12962, subdivision (b), further provides that complaints must
be served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that
explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

Herbert Yarbrough
District Administrator
Telephone Number: (510) 622-2967


Enclosures


Cc:  Case File



DFEH-200-50a (01/05)

*** EMPLOYMENT *** *Amendment to Claim #*

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # *E200607 A-0218-00-prse*

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)  *Tami Greenwald*

TELEPHONE NUMBER (INCLUDE AREA CODE)  *415-234-6392*

ADDRESS  *199 Posada del Sol*

CITY/STATE/ZIP  *Novato, CA 94949*    COUNTY  *Marin*    COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME  *The Bohemian Club*

TELEPHONE NUMBER (Include Area Code)  *415-885-2440*

ADDRESS  *624 Taylor St.*    DFEH USE ONLY

CITY/STATE/ZIP  *San Francisco, CA 94102*    COUNTY  *San Francisco*    COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)  *> 50*

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)  *4/1/08 (ongoing)*    RESPONDENT CODE

THE PARTICULARS ARE:

**AMENDMENT**

On *3/3/03 - 4/1/08* (*ongoing*) I was

___ fired
___ laid off
_x_ demoted
_x_ harassed
___ genetic characteristics testing
___ forced to quit

___ denied employment
___ denied promotion
___ denied transfer
_x_ denied accommodation
___ impermissible non-job-related inquiry
_x_ other (specify) *stuck on worker's comp/disability*

___ denied family or medical leave
___ denied pregnancy leave
___ denied equal pay
___ denied right to wear pants
___ denied pregnancy accommodation

by *Albert Bowen*    *Director of Human Resources*

Name of Person    Job Title (supervisor/manager/personnel director/etc.)

because of my:  _x_ sex    ___ national origin/ancestry    _x_ physical disability    ___ cancer    _x_ (Circle one) filing;
___ age    ___ marital status    ___ mental disability    ___ genetic characteristic    (Protesting) participating in
___ religion    ___ sexual orientation    _x_ other (specify) *Retaliation/claims*    investigation (retaliation for)
___ race/color    ___ association

the reason given by *Albert Bowen*    *Director of Human Resources*

Name of Person and Job Title

Was because of [please state what you believe to be reason(s)]  *He repeatedly hit on me and I refused to have sex with him. (Amendment to E200607 A-0218-00-s. This document incorporates by reference all claims and allegations made therein.)*

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated *April 1, 2008*    *Tami Greenwald*

COMPLAINANT'S SIGNATURE

At *San Francisco, Ca*

City

Amendment Date:

DATE FILED:  AUG 30 2006

RECEIVED  APR 0 1 2008

STATE OF CALIFORNIA - State and Consumer Services Agency                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2973 TTY (800) 700-2320 Fax (510) 622-2952
www.dfeh.ca.gov



April 1, 2008

Burke Hansen
Attorney at Law
The Stadtmuller House
819 Eddy Street
San Francisco, CA 94109


RE:    E200607A0218-01-prsc
       GREENWALD/BOWEN, ALBERT, AS AN INDIVIDUAL

Dear Burke Hansen:

### NOTICE OF FILING OF <u>AMENDED CLOSED</u> DISCRIMINATION COMPLAINT

Enclosed is a copy of your client's amended closed complaint that has been filed with
the Department of Fair Employment and Housing in accordance with California
Government Code sections 12960 and/or 12980. Also enclosed is a copy of your
client's Notice of Case Closure, which constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for
**service of the amended complaint** on respondent(s). You should also enclose a copy
of the Notice of Case Closure along with the amended complaint. These documents
must be served within **60 days** of the filing date of the amended complaint.
Government Code section 12962, subdivision (b), further provides that complaints must
be served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that
explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

Herbert Yarbrough
District Administrator
Telephone Number: (510) 622-2967


Enclosures


Cc:  Case File



DFEH-200-50a (01/05)

\* \* \* EMPLOYMENT \* \* \* AMENDMENT TO CLAIM #

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200607 A-0218-01-prsc
DFEH USE ONLY

CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.) TAMI GREENWALD
TELEPHONE NUMBER (INCLUDE AREA CODE) 415-234-6392

ADDRESS 199 Posada del Sol

CITY/STATE/ZIP Novato CA 94949    COUNTY MARIN    COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME ALBERT BOWEN
TELEPHONE NUMBER (include Area Code) 415-885-2440

ADDRESS 624 Taylor St.    DFEH USE ONLY

CITY/STATE/ZIP San Francisco CA 94102    COUNTY San Francisco    COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known) > 50    DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) 4/1/08 (on going)    RESPONDENT CODE

THE PARTICULARS ARE: **AMENDMENT**

On 3/3/03 - 4/1/08 I was: ___ fired, ___ laid off, X demoted, X harassed, ___ genetic characteristics testing, ___ forced to quit, ___ denied employment, ___ denied promotion, X denied transfer, X denied accommodation, ___ impermissible non-job-related inquiry, X other (specify) STUCK ON WORKER'S COMP/DISABILITY, ___ denied family or medical leave, ___ denied pregnancy leave, ___ denied equal pay, ___ denied right to wear pants, ___ denied pregnancy accommodation

by ALBERT BOWEN    DIRECTOR OF HUMAN RESOURCES
Name of Person    Job Title (supervisor/manager/personnel director/etc.)

because of my: X sex, ___ age, ___ religion, ___ race/color, ___ national origin/ancestry, ___ marital status, ___ sexual orientation, ___ association, X physical disability, ___ mental disability, ___ cancer, ___ genetic characteristic, X other (specify) RETALIATION/CLAIMS    X (Circle one) filing; Protesting participating in investigation (retaliation for)

the reason given by ALBERT BOWEN    DIRECTOR OF HUMAN RESOURCES
Name of Person and Job Title

Was because [please state what you believe to be reason(s)] HE REPEATEDLY HIT ON ME AND I REFUSED to HAVE SEX WITH him (AMENDMENT TO E200607 A-0218-01-sc. THIS DOCUMENT INCORPORATES BY REFERENCE ALL CLAIMS AND ALLEGATIONS MADE THEREIN.)

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated April 1, 2008    COMPLAINANT'S SIGNATURE Tami Greenwald

At San Francisco, Ca
City

Amendment Date:    DATE FILED: AUG 30 2008    APR 01 2008

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING    STATE OF CALIFORNIA

STATE OF CALIFORNIA - State and Consumer Services Agency                                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2973 TTY (800) 700-2320 Fax (510) 622-2952
www.dfeh.ca.gov



April 1, 2008

Burke Hansen
Attorney at Law
The Stadtmuller House
819 Eddy Street
San Francisco, CA 94109


RE:    E200607A0218-03-prsc
       GREENWALD/BRANDENBURG, RICHARD, AS AN INDIVIDUAL

Dear Burke Hansen:

### NOTICE OF FILING OF <u>AMENDED CLOSED</u> DISCRIMINATION COMPLAINT

Enclosed is a copy of your client's amended closed complaint that has been filed with
the Department of Fair Employment and Housing in accordance with California
Government Code sections 12960 and/or 12980. Also enclosed is a copy of your
client's Notice of Case Closure, which constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for
**service of the amended complaint** on respondent(s). You should also enclose a copy
of the Notice of Case Closure along with the amended complaint. These documents
must be served within **60 days** of the filing date of the amended complaint.
Government Code section 12962, subdivision (b), further provides that complaints must
be served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that
explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

Herbert Yarbrough
District Administrator
Telephone Number: (510) 622-2967


Enclosures


Cc: Case File


DFEH-200-50a (01/05)

# * * * EMPLOYMENT * * * AMENDMENT TO CLAIM #

**COMPLAINT OF DISCRIMINATION UNDER**
**THE PROVISIONS OF THE CALIFORNIA**
**FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200607 A-0218-03-prsc

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.) TAMI GREENWALD

TELEPHONE NUMBER (INCLUDE AREA CODE) 415 - 234 - 6392

ADDRESS 199 POSADA del Sol

CITY/STATE/ZIP NOVATO, CA 94102

COUNTY MARIN        COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME RICHARD BRANDENBURG

TELEPHONE NUMBER (Include Area Code) 415 - 885 - 2440

ADDRESS 634 TAYLOR St.

DFEH USE ONLY

CITY/STATE/ZIP SAN FRANCISCO CA 94102

COUNTY SAN FRANCISCO     COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known) >50

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) 4/1/08 (ongoing)

RESPONDENT CODE

THE PARTICULARS ARE:    **AMENDMENT**

On 9/23/05 I was

— fired
— laid off
X demoted
X harassed
— genetic characteristics testing
— forced to quit

— denied employment
— denied promotion
— denied transfer
X denied accommodation
— impermissible non-job-related inquiry
X other (specify) STUCK ON DISABILITY / WORKER'S COMP

— denied family or medical leave
— denied pregnancy leave
— denied equal pay
— denied right to wear pants
— denied pregnancy accommodation

by RICHARD BRANDENBURG    EXECUTIVE CHEF

Name of Person        Job Title (supervisor/manager/personnel director/etc.)

because of my:
— sex
— age
— religion
— race/color
— national origin/ancestry
— marital status
— sexual orientation
— association
X physical disability
— mental disability
X other (specify) RETALIATION / CLAIM
— cancer
— genetic characteristic
X (Circle one) filing;
Protesting/participating in investigation/(retaliation for)]

the reason given by RICHARD BRANDENBURG

Name of Person and Job Title

Was because
of [please
state what
you believe to
be reason(s)]

HE VERBALLY ABUSED ME BECAUSE OF MY DISABILITY AND THREATENED TO GET ME HURT. (AMENDMENT TO E200607 A-0218-03-sc. This DOCUMENT INCORPORATES BY REFERENCE ALL CLAIMS AND ALLEGATIONS THEREIN.)

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy not to process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated April 1, 2008

_Tami Greenwald_
COMPLAINANT'S SIGNATURE

At San Francisco, Ca
City

Amendment Date:

DATE FILED:
AUG [illegible]

RECEIVED
APR 0 1 2008
SAN FRANCISCO

\* \* \* **EMPLOYMENT** \* \* \* *Amendment to Claim #*

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200607 A-0218-00-prsc

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.) Tami Greenwald
TELEPHONE NUMBER (INCLUDE AREA CODE) 415-234-6392

ADDRESS 199 Posada del Sol

CITY/STATE/ZIP Novato CA 94949     COUNTY Marin     COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME The Bohemian Club     TELEPHONE NUMBER (Include Area Code) 415-885-2440

ADDRESS 624 Taylor St.     DFEH USE ONLY

CITY/STATE/ZIP San Francisco, CA 94102     COUNTY San Francisco     COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known) > 50     DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) 4/1/08 (ongoing)     RESPONDENT CODE

THE PARTICULARS ARE: AMENDMENT

On 3/3/03 - 4/1/08 (ongoing) I was

___ fired
___ laid off
_X_ demoted
_X_ harassed
___ genetic characteristics testing
___ forced to quit
___ denied employment
___ denied promotion
___ denied transfer
_X_ denied accommodation
___ impermissible non-job-related inquiry
_X_ other (specify) STUCK ON WORKER'S COMP / DISABILITY
___ denied family or medical leave
___ denied pregnancy leave
___ denied equal pay
___ denied right to wear pants
___ denied pregnancy accommodation.

by Albert Bowen     Director of Human Resources
Name of Person     Job Title (supervisor/manager/personnel director/etc.)

because of my:
_X_ sex
___ age
___ religion
___ race/color
___ national origin/ancestry
___ marital status
___ sexual orientation
___ association
_X_ physical disability
___ mental disability
_X_ other (specify) RETALIATION / CLAIMS
___ cancer
___ genetic characteristic
(Circle one) filing; (Protesting) participating in investigation (retaliation for)

the reason given by Albert Bowen     Director of Human Resources
Name of Person and Job Title

Was because HE REPEATEDLY HIT ON ME AND I REFUSED TO HAVE SEX WITH HIM.
of [please state what you believe to be reason(s)] (AMENDMENT TO E200607 A-0218-00-3, THIS DOCUMENT INCORPORATES BY REFERENCE ALL CLAIMS AND ALLEGATIONS MADE THEREIN.)

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated April 1, 2008     Tami Greenwald
COMPLAINANT'S SIGNATURE

At San Francisco, Ca
City

Amendment Date:     RECEIVED

DATE FILED: AUG 3 0 2000     APR 0 1 2008
SAN FRANCISCO

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING     STATE OF CALIFORNIA

\*\*\* EMPLOYMENT \*\*\* *AMENDMENT TO CLAIM #*

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH # *E200607 A-0218-01-prsc*

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) *Tami Greenwald* | TELEPHONE NUMBER (INCLUDE AREA CODE) *415-234-6392* | |
|---|---|---|
| ADDRESS *199 Posada del Sol* | | |
| CITY/STATE/ZIP *Novato CA 94949* | COUNTY *Marin* | COUNTY CODE |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME *Albert Bowen* | TELEPHONE NUMBER (Include Area Code) *415-885-2440* | |
|---|---|---|
| ADDRESS *624 Taylor St.* | | DFEH USE ONLY |
| CITY/STATE/ZIP *San Francisco CA 94102* | COUNTY *San Francisco* | COUNTY CODE |
| NO. OF EMPLOYEES/MEMBERS (if known) *>50* | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) *4/1/08 (on going)* | RESPONDENT CODE |

THE PARTICULARS ARE: | **AMENDMENT**

On *3/3/03 - 4/1/08*   I was

____ fired
____ laid off
X demoted
X harassed
____ genetic characteristics testing
____ forced to quit

____ denied employment
____ denied promotion
____ denied transfer
X denied accommodation
____ impermissible non-job-related inquiry
X other (specify) *STUCK ON WORKER'S COMP / DISABILITY*

____ denied family or medical leave
____ denied pregnancy leave
____ denied equal pay
____ denied right to wear pants
____ denied pregnancy accommodation

by  *ALBERT BOWEN*         *DIRECTOR OF HUMAN RESOURCES*

Name of Person         Job Title (supervisor/manager/personnel director/etc.)

because of my:
X sex
____ age
____ religion
____ race/color

____ national origin/ancestry
____ marital status
____ sexual orientation
____ association

X physical disability
____ mental disability
X other (specify) *RETALIATION / CLAIMS*

____ cancer
____ genetic characteristic

X (Circle one) filing;
(Protesting) participating in
investigation (retaliation for)

the reason given by  *ALBERT BOWEN    DIRECTOR OF HUMAN RESOURCES*

Name of Person and Job Title

Was because
of [please
state what
you believe to
be reason(s)]

*HE REPEATEDLY HIT ON ME AND I REFUSED TO HAVE SEX WITH HIM.*
*(AMENDMENT TO E200607 A-0218-01-sc. THIS DOCUMENT INCORPORATES*
*BY REFERENCE ALL CLAIMS AND ALLEGATIONS MADE THEREIN.)*

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  *April 1, 2008*         *Tami Greenwald*

COMPLAINANT'S SIGNATURE

At  *San Francisco, Ca*

City

Amendment Date:

DATE FILED:
~~AUG 3 0 2006~~         APR 0 1 2008

# * * * EMPLOYMENT * * * AMENDMENT TO CLAIM #

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200607 A-0218-02-prsc

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
TAMI GREENWALD

TELEPHONE NUMBER (INCLUDE AREA CODE)
415-234-6392

ADDRESS
199 POSADA del Sol

CITY/STATE/ZIP
NOVATO, CA 94949

COUNTY
MARIN

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
DAN CAMPBELL

TELEPHONE NUMBER (Include Area Code)
415-885-2440

ADDRESS
1024 Taylor St.

DFEH USE ONLY

CITY/STATE/ZIP
SAN FRANCISCO, CA 94102

COUNTY
SAN FRANCISCO

COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
~50

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) 2/26/04

RESPONDENT CODE

THE PARTICULARS ARE:                    **AMENDMENT**

On 2/17/04 to 2/26/04 I was

____ fired
____ laid off
____ demoted
_X_ harassed
____ genetic characteristics testing
____ forced to quit

____ denied employment
____ denied promotion
____ denied transfer
____ denied accommodation
_X_ impermissible non-job-related inquiry
_X_ other (specify) MADE FUN OF MY OVARIES AFTER OVARIAN SURGERY INVASION OF PRIVACY

____ denied family or medical leave
____ denied pregnancy leave
____ denied equal pay
____ denied right to wear pants
____ denied pregnancy accommodation

by DAN CAMPBELL          MANAGER

Name of Person          Job Title (supervisor/manager/personnel director/etc.)

because of my:
_X_ sex
____ age
____ religion
____ race/color

____ national origin/ancestry
____ marital status
____ sexual orientation
____ association

____ physical disability
____ mental disability

____ cancer
____ genetic characteristic

_X_ other (specify) OVARIAN SURGERY

____ (Circle one) filing;
Protesting; participating in investigation (retaliation for)

the reason given by   DAN CAMPBELL   MANAGER

Name of Person and Job Title

Was because  HE RIDICULED ME AFTER MY OVARIAN SURGERY.

of [please state what you believe to be reason(s)]

(AMENDMENT TO CLAIM E200607 A-0218-02-SC. THIS DOCUMENT

INCORPORATES BY REFERENCE ALL CLAIMS AND ALLEGATION THEREIN.)

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated April 1, 2008          *Tami Greenwald*

COMPLAINANT'S SIGNATURE

At San Francisco, Ca

City

RECEIVED
APR 0 1 2008

Amendement Date:

DATE FILED:

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

# * * * EMPLOYMENT * * * *AMENDMENT TO CLAIM #*

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # _E200607 A-0218-03-prsc_

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| _TAMI GREENWALD_ | _415 - 234 - 6392_ |

ADDRESS _199 Posada del Sol_

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| _Novato, CA 94102_ | _MARIN_ | |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| _Richard Brandenburg_ | _415 - 885 - 2440_ |

| ADDRESS _634 Taylor St._ | DFEH USE ONLY |
|---|---|

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| _San Francisco CA 94102_ | _San Francisco_ | |

| NO. OF EMPLOYEES/MEMBERS (if known) _>50_ | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) _4/1/08 (ongoing)_ | RESPONDENT CODE |
|---|---|---|

THE PARTICULARS ARE:    **AMENDMENT**

On _9/28/05_ I was

- ___ fired
- ___ laid off
- _X_ demoted
- _X_ harassed
- ___ genetic characteristics testing
- ___ forced to quit
- ___ denied employment
- ___ denied promotion
- ___ denied transfer
- _X_ denied accommodation
- ___ impermissible non-job-related inquiry
- _X_ other (specify) _STUCK ON DISABILITY / WORKER'S_
- ___ denied family or medical leave
- ___ denied pregnancy leave
- ___ denied equal pay
- ___ denied right to wear pants
- ___ denied pregnancy accommodation
   _COMP_

by _Richard Brandenburg_     _Executive Chef_

Name of Person          Job Title (supervisor/manager/personnel director/etc.)

because of my:
- ___ sex
- ___ age
- ___ religion
- ___ race/color
- ___ national origin/ancestry
- ___ marital status
- ___ sexual orientation
- ___ association
- _X_ physical disability
- ___ mental disability
- _X_ other (specify) _RETALIATION / CLAIM_
- ___ cancer
- ___ genetic characteristic

_X_ (Circle one) filing; ~~protesting~~/participating in investigation/(retaliation for)

the reason given by _Richard Brandenburg_

Name of Person and Job Title

Was because of [please state what you believe to be reason(s)] _HE VERBALLY ABUSED ME BECAUSE OF MY DISABILITY AND THREATENED TO GET ME HURT. (AMENDMENT TO E200607 A-0218-03-sc. THIS DOCUMENT INCORPORATES BY REFERENCE ALL CLAIMS AND ALLEGATIONS THEREIN.)_

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy not to process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated _April 1, 2008_

_Tami Greenwald_

COMPLAINANT'S SIGNATURE

At _San Francisco, Ca_

City

Amendment Date:

DATE FILED:    RECEIVED
_AUG 14_     APR 01 2008

SF SAN FRANCISCO

DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING                    STATE OF CALIFORNIA

STATE OF CALIFORNIA - State and Consumer Services Agency                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA  94612
(510) 622-2973  TTY (800) 700-2320  Fax (510) 622-2952
www.dfeh.ca.gov



April 1, 2008

Burke Hansen
Attorney at Law
The Stadtmuller House
819 Eddy Street
San Francisco, CA  94109

RE:   E200607A0218-02-prsc
      GREENWALD/CAMPBELL, DAN, AS AN INDIVIDUAL

Dear Burke Hansen:

### NOTICE OF FILING OF <u>AMENDED CLOSED</u> DISCRIMINATION COMPLAINT

Enclosed is a copy of your client's amended closed complaint that has been filed with
the Department of Fair Employment and Housing in accordance with California
Government Code sections 12960 and/or 12980.  Also enclosed is a copy of your
client's Notice of Case Closure, which constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for
**service of the amended complaint** on respondent(s).  You should also enclose a copy
of the Notice of Case Closure along with the amended complaint.  These documents
must be served within **60 days** of the filing date of the amended complaint.
Government Code section 12962, subdivision (b), further provides that complaints must
be served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that
explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

Herbert Yarbrough
District Administrator
Telephone Number: (510) 622-2967

Enclosures

Cc:  Case File

DFEH-200-50a (01/05)

# \* \* \* EMPLOYMENT \* \* \* *AMENDMENT TO CLAIM #*

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # *E200607 A-0218-02-prsc*

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
*TAMI GREENWALD*

TELEPHONE NUMBER (INCLUDE AREA CODE)
*415-234-6392*

ADDRESS
*199 Posana del Sol*

CITY/STATE/ZIP
*NOVATO, CA 94949*

COUNTY
*MARIN*

COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
*DAN CAMPBELL*

TELEPHONE NUMBER (Include Area Code)
*415-885-2440*

ADDRESS
*1024 Taylor St.*

DFEH USE ONLY

CITY/STATE/ZIP
*SAN FRANCISCO, CA 94102*

COUNTY
*SAN FRANCISCO*

COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)
*750*

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) *2/26/04*

RESPONDENT CODE

THE PARTICULARS ARE:

**AMENDMENT**

On *2/17/04 to 2/26/04* I was
___ fired
___ laid off
___ demoted
_X_ harassed
___ genetic characteristics testing
___ forced to quit

___ denied employment
___ denied promotion
___ denied transfer
___ denied accommodation
_X_ impermissible non-job-related inquiry
_X_ other (specify) *MADE FUN OF my OVARIES*
*AFTER OVARIAN SURGERY*
*INVASION OF PRIVACY*

___ denied family or medical leave
___ denied pregnancy leave
___ denied equal pay
___ denied right to wear pants
___ denied pregnancy accommodation

by *DAN CAMPBELL*
Name of Person

*MANAGER*
Job Title (supervisor/manager/personnel director/etc.)

because of my: _X_ sex
___ age
___ religion
___ race/color

___ national origin/ancestry
___ marital status
___ sexual orientation
___ association

___ physical disability
___ mental disability

_X_ other (specify) *OVARIAN SURGERY*

___ cancer
___ genetic characteristic

_____ (Circle one) filing;
Protesting; participating in
investigation (retaliation for)

the reason given by *DAN CAMPBELL    MANAGER*
Name of Person and Job Title

Was because
of [please
state what
you believe to
be reason(s)

*HE RIDICULED ME AFTER MY OVARIAN SURGERY.*
*(AMENDMENT TO CLAIM E200607 A-0218-02-SC. THIS DOCUMENT*
*INCORPORATES BY REFERENCE ALL CLAIMS AND ALLEGATIONS THEREIN.)*

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated *April 1, 2008*

*Tami Greenwald*
COMPLAINANT'S SIGNATURE

At *San Francisco, Ca*
City

Amendment Date:
DATE FILED:

*RECEIVED*
APR 0 1 2008
SAN FRANCISCO

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

1
2
3          **PROOF OF SERVICE**
4
5      I am a resident of the State of California, over the age
6  of eighteen years, and not a party to the within action.  My
7  business address is 819 Eddy St., San Francisco, California,
8  94109.  I served a Third Amended Complaint and Amended DFEH
9  Complaints and Right to Sue Notices,
10     By personal service.
11
12              **John Fish, ESQ.**
                **Littler Mendelson**
                **650 California St.**
13              **San Francisco, CA**

14              **Robert Zaletel**
           **McQuaid, Bedford, & Van Zandt**
15                **221 Main St.**
                **San Francisco, CA**
16
17     By facsimile transmission on that date.  This document was
   transmitted by using a facsimile machine that complies with
18  California Rules of Court 2003(3).  The transmission was
   reported as complete and without error.  The names and
19  facsimile numbers of the person(s) served are as set forth
   below.
20
21     By placing a true copy of the document(s) listed above for
   collection and mailing following the office's ordinary
22  business practice in a sealed envelope with postage fully
   paid thereon for deposit in the U.S. mail at San Francisco,
23  California addressed as set forth below.
24
25     I am readily familiar with the office's practice of
26  collection and processing correspondence for mailing and for
27  shipping via overnight delivery service.  Under that practice
28                              1

1    it would be deposited with the U.S. Postal Service or if an

2    overnight delivery service shipment, deposited in an overnight

3    delivery service pick-up box or office on the same day with

4    postage or fees thereon fully prepaid in the ordinary course of

5    business.

6        I declare under penalty of perjury under the laws of the

7    State of California that the above is true and correct.

8    Executed on: _____/_/_____, 2008.

9

10   _____

11                    Burke Hansen

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                        2