1  Robert L. Zaletel, Esq. (SB# 096262)
   **McQUAID BEDFORD & VAN ZANDT** LLP
2  221 Main Street, 16th Floor
   San Francisco, CA 94105
3  Telephone: 415/905-0200
   Facsimile: 415/905-0202
4  Rzaletel@mbvz.com

5  Attorneys for Defendant
   ALBERT BOWEN

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA


11 TAMI GREENWALD,                        Case No. C 07-05261 WHA

12         Plaintiff,                     **NOTICE OF MOTION AND MOTION OF
                                          DEFENDANT ALBERT BOWEN TO
13    v.                                  DISMISS PORTIONS OF PLAINTIFF'S
                                          THIRD AMENDED COMPLAINT
14 THE BOHEMIAN CLUB, INC., ALBERT        [F.R.C.P. Rule § 12(b)(6)];
   BOWEN, RICHARD BRANDENBURG,            MEMORANDUM OF POINTS AND
15 DAN CAMPBELL, AND DOES 1 through       AUTHORITIES IN SUPPORT OF
   99, inclusive,                         MOTION**

17         Defendants.                    Date:    May 29, 2008
   _____/     Time:    8:00 a.m.
                                          Place:   Courtroom 9,
18                                                 Hon. William H. Alsup

19                                        Trial Date: December 1, 2008

---

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES.................................................................iii

NOTICE OF MOTION AND MOTION..................................................1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS PORTIONS OF PLAINTIFF'S THIRD
AMENDED COMPLAINT...................................................................2

I.   INTRODUCTION...........................................................................2

II.  ARGUMENT....................................................................................3

  A.  Legal Standards Under F.R.C.P. Rule 12(b)(6).................................3

  B.  The Second Cause of Action For Retaliation Under Govt. Code
      § 12940(h) Fails Since Individuals Cannot Be Held Liable for Retaliation..........3

  C.  Plaintiff's Fourth Cause of Action for Aiding and Abetting Sexual
      or Disability Harassment and Discrimination (California Govt.
      Code § 12940(i) Fails Because Managers Cannot be Liable for
      Aiding and Abetting..........................................................................4

  D.  The Fifth Cause of Action for Failure to Maintain An Environment
      Free From Harassment/Hostile Work Environment (Govt. Code
      § 12940(j)(1) Must be Dismissed Since Only Employers Can be
      Potentially Liable.............................................................................4

  E.  Plaintiff's Seventh Cause of Action Alleging That Mr. Bowen Failed
      to Provide Reasonable Accommodation to Plaintiff Under Govt. Code
      § 12940(m) Fails Since Only the Employer Can Be Liable.................5

  F.  The Eleventh Cause of Action - Unlawful Threats by Intimidation,
      California Civil Code § 51.7(a) Fails to State a Claim......................5

  G.  The Twelfth Cause of Action - Gender Violence - Civil Code
      § 52.4(c) (1) Fails to State a Claim for Relief, and is Time-Barred.....6

  H.  Plaintiff's Sixteenth Cause of Action for Negligent Supervision
      Fails to State a Claim Against Mr. Bowen.........................................7

  I.  Plaintiff's Seventeenth Cause of Action for Intentional Infliction of
      Emotional Distress Fails to State a Claim for Relief Since Plaintiff
      Fails to Allege Outrageous Conduct Within the Two-Year Statute
      of Limitations, And Such Claims Cannot Be Based on Discrimination
      or Failure to Accommodate................................................................8

  J.  Plaintiff's Eighteenth Cause of Action for Invasion of Privacy Should
      be Dismissed as Time-Barred, And For Failure to State a Claim........9

ii

DEF'S NOTICE OF MOTION & MOTION TO DISMISS PORTIONS OF
3RD AMENDED COMPLAINT & MPA ISO MOTION TO DISMISS                    Case No. C 07-05261 WHA

| | | Page |
|---|---|---|
| K. | The Twenty-First Cause of Action - Breach of Contract Not to Discipline Without Good Cause Must Be Dismissed, Since Mr. Bowen Is Not a Proper Party. | 10 |
| L. | The Twenty-Third Cause of Action - California Civil Rights Violation – Civil Code § 52.1 Fails to State a Claim for Relief and is Time-Barred. | 10 |
| **III.** | **CONCLUSION.** | 12 |

# TABLE OF AUTHORITIES

FEDERAL CASES

*Adams v. Johnson*, (9th Cir. 2004) 355 F.3d. 1179 .................................................. 12

*Atkinson v. Sinclair Refining, Co.*, (1962) 370 U.S. 238 ........................................... 10

*Egan v. Schmock* (N.D. Cal. 2000) 93 F.Supp.2d 1090 .......................................... 5, 10

*Foman v. Davis*, (1962) 371 U.S. 178, 182, 83 S.Ct. 227 ........................................ 12

*Pareto v. FDIC*, (9th Cir. 1998) 139 F.3d 696 ............................................................. 3

*Peterson v. State of Cal. Dept. Of Corrs. and Reh.* (E.D. Cal. 2006) 451 F.Supp.2d 1092 ....... 4

*Taylor v. FDIC*, (D.C. Cir. 1997) 132 F.3d 753 ............................................................ 3

*Williams v. Pacific Maritime Assn.* (9th Cir. 1970) 421 F.2d 1287 ............................. 10

STATE CASES

*Alcorn v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493 ............................................... 9

*Austin B. v. Escondido Union School District*, (2007) 49 Cal.App.4th 860 ................. 5

*Cain v. State Farm Mut. Auto. Ins. Co.* (1976) 62 Cal.App.3d 310 .............................. 9

*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857 ......................................... 8

*Coit Drapery Cleaners, Inc. v. Sequoia Insurance Co.* (1993) 14 Cal.App.4th 1595 ....... 8

*Fermino v. Fedco* (1994) 7 Cal.4th 701 ....................................................................... 8

*Fiol v. Doellstedt*, (1996) 50 Cal.4th, 1318 .............................................................. 4, 7

*Gatto v. County of Sonoma* (2002), 98 Cal.App.4th, 744 ......................................... 12

*Hill v. National Collegiate Athletic Ass'n* (1994) 7 Cal.4th 1 ................................... 10

*Janken v. GM Hughes Electronics, Inc.*, (1996) 46 Cal.App.4th 55 ............................ 4

*Jones v. Lodge at Torrey Pines Partnership*, (2008) 42 Cal.4th 1158 ......................... 3

*Kiseskey v. Carpenters' Trust* (1983) 144 Cal.App.3d 222 .......................................... 8

*Livitsanos v. Superior Court* (1992) 2 Cal.4th 744 ..................................................... 8

*Reno v. Baird*, (1998) 18 Cal.4th 640 ...................................................................... 3, 4

*Shoemaker v. Myers* (1990) 52 Cal.3d 1 ................................................................... 10

*Smith v. IBEW*, (2003) 109 Cal.App.4th 1637 ....................................................... 4, 5, 8

iv

| | | |
|---|---|---|
| 1 | *Vuillemainroy v. American Rock & Asphalt, Inc.* (1999) 70 Cal.App.4th 1280 | 8 |
| 2 | <u>FEDERAL STATUES</u> | |
| 3 | F.R.C.P. Rule 12(b)(6). | 3 |
| 4 | <u>STATE STATUTES</u> | |
| 5 | California Civil Code § 51.7(a) | 2 |
| 6 | California Civil Code § 52.1(j) | 11 |
| 7 | California Civil Code § 52.4(b) | 7 |
| 8 | California Civil Code § 52.4(c) (1) | 2, 6 |
| 9 | California Fair Employment and Housing Act, Government Code § 12900, et seq. | 2, 7 |
| 10 | California Govt. Code § 12940(h) | 3 |
| 11 | California Govt. Code § 12940(i) | 2, 4 |
| 12 | California Govt. Code § 12940(j) | 2, 5 |
| 13 | California Govt. Code § 12940(m) | 2, 5 |
| 14 | California Workers Compensation Statutes, Labor Code section 3600, et seq. | 7 |
| 15 | CCP § 335.1. | 8, 9 |
| 16 | <u>OTHER AUTHORITIES</u> | |
| 17 | B. Witkin, Summary of California Law, 10th Ed., Vol. 5, Torts § 651, p. 958 | 10 |

v

DEF'S NOTICE OF MOTION & MOTION TO DISMISS PORTIONS OF
3RD AMENDED COMPLAINT & MPA ISO MOTION TO DISMISS           Case No. C 07-05261 WHA

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**YOU ARE HEREBY NOTIFIED** that on May 29, 2008, at 8:00 a.m. before the Honorable William H. Alsup, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Albert Bowen ("Bowen" or "Defendant") will move, and hereby does move pursuant to F.R.C.P. Rule 12(b)(6), to dismiss each of the Second, Fourth, Fifth, Seventh, Eleventh, Twelfth, Sixteenth, Seventeenth, Eighteenth, Twenty-First and Twenty-Third Causes of Action of Plaintiff's Third Amended Complaint against Mr. Bowen for failure to state a claim for relief.

This Motion will be based on this Notice of Motion and Motion, Memorandum of Points and Authorities, Request for Judicial Notice, and all pleadings on file in this case.

       /s/ Robert L. Zaletel
       Robert L. Zaletel

1

DEF'S NOTICE OF MOTION & MOTION TO DISMISS PORTIONS OF
3RD AMENDED COMPLAINT & MPA ISO MOTION TO DISMISS    Case No. C 07-05261 WHA

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO DISMISS PORTIONS OF
PLAINTIFF'S THIRD AMENDED COMPLAINT
[F.R.C.P. Rule § 12(b)(6)]

## I. INTRODUCTION

Plaintiff Tami Greenwald sues her employer, The Bohemian Club ("Club") for harassment and discrimination based on her sex and disability. The Club's Human Resource Manager, Albert Bowen ("Defendant" or "Bowen") moves to dismiss the following causes of action of Plaintiff's Third Amended Complaint ("TAC") pursuant to F.R.C.P. Rule 12(b)(6) to the extent they are pled against Mr. Bowen:

Second Cause of Action -Retaliation - California Govt. Code § 12940(h);

Fourth Cause of Action - Aiding and Abetting Sexual or Disability Harassment and Discrimination - California Govt. Code § 12940(i);

Fifth Cause of Action - Failure to Maintain Environment Free from Harassment/Hostile Work Environment - California Govt. Code § 12940(j)(1);

Seventh Cause of Action - Failure to Accommodate Disability - California Govt. Code § 12940(m);

Eleventh Cause of Action - Unlawful Threats and Intimidation, Civil Code § 51.7(a);

Twelfth Cause of Action - Gender Violence - California Civil Code § 52.4(c) (1);

Sixteenth Cause of Action - Negligent Supervision;

Seventeenth Cause of Action - Intentional Infliction of Emotional Distress;

Eighteenth Cause of Action - Invasion of Privacy;

Twenty-First Cause of Action - Breach of Contract not to Discipline Without Good Cause; and

Twenty-Third Cause of Action - California Civil Rights Violation - California Civil Code § 52.1.

While individuals can be held liable for *harassment*, under the California Fair Employment and Housing Act, Government Code § 12900, et seq. ("FEHA"), they cannot be held liable for *discrimination* or *retaliation,* or failing to prevent harassment, or for not reasonably accommodating a disability. Likewise, the other allegations of Plaintiff fail to state a claim under state law. Plaintiff has attempted to expand this garden variety sexual harassment/disability discrimination

2

case to fit statutory and common law claims which simply do not apply to the facts pled. A motion to dismiss is appropriate.

## II. ARGUMENT

### A. Legal Standards Under F.R.C.P. Rule 12(b)(6).

In deciding a F.R.C.P. Rule 12(b)(6) motion, the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. FDIC*, (9th Cir. 1998) 139 F.3d 696, 699. However, the Court need not accept as true conclusory allegations or legal characterizations, nor must it accept as true unreasonable inferences or unwarranted deductions of fact. *Pareto, supra*, 129 F.3d at 699; *Taylor v. FDIC*, (D.C. Cir. 1997) 132 F.3d 753, 762.[1/]

### B. The Second Cause of Action For Retaliation Under Govt. Code § 12940(h) Fails Since Individuals Cannot Be Held Liable for Retaliation.

The California Supreme Court recently held in *Jones v. Lodge at Torrey Pines Partnership*, (2008) 42 Cal.4th 1158, 2008 W.L. 553670, that individual managers could not be held liable for *retaliation* under Govt. Code § 12940(h), for the same reasons that led the Court to rule in *Reno v. Baird*, (1998) 18 Cal.4th 640, 656, that individuals cannot be personally liable for *discrimination* under Govt. Code § 12940(a). The Court in *Jones* and *Reno* held that personnel decisions are an inevitable part of a manager's job, and subjecting them to personal liability for discrimination or retaliation would impermissibly chill business operations. While managers can be liable for *harassment* under FEHA, they cannot be held liable for retaliation under § 12940(h). Plaintiff's Second Cause of Action for retaliation under Govt. Code 12940(h) against Mr. Bowen must be dismissed since only the employer can be liable on this claim.

---

[1/] Defendant denies all material allegations. They are accepted as true only for purposes of this motion.

3

C. **Plaintiff's Fourth Cause of Action for Aiding and Abetting Sexual or Disability Harassment and Discrimination (California Govt. Code § 12940(i) Fails Because Managers Cannot be Liable for Aiding and Abetting.**

California Govt. Code § 12940(i) makes it unlawful for "any person" to "aid or abet" in an act that violates FEHA. However, in *Janken v. GM Hughes Electronics, Inc.,* (1996) 46 Cal.App.4th 55, 78, the Court held that the former section 12940(g) (now section 12940(i) ) *did not impose liability on individual supervisors for aiding and abetting violations of FEHA*, because a corporation can act only through its employees, and thus the element of "concerted action" required for "aiding and abetting" was missing. *Janken, supra,* 46 Cal.App.4th, 55, 78 ("A corporate employee cannot conspire with his or her corporate employer; that would be tantamount to a person conspiring with himself.") This holding was quoted with approval by the Supreme Court in *Reno v. Baird, supra,* 18 Cal.4th at 655-656 (Govt. Code § 12940(g) did not allow for personal liability of managers); *Peterson v. State of Cal. Dept. Of Corrs. and Reh.* (E.D. Cal. 2006) 451 F.Supp.2d, 1092, 1113. The Fourth Cause of Action for "aiding and abetting" under Govt. Code § 12940(i) must be dismissed against Mr. Bowen.

D. **The Fifth Cause of Action for Failure to Maintain An Environment Free From Harassment/Hostile Work Environment (Govt. Code § 12940(j)(1) Must be Dismissed Since Only Employers Can be Potentially Liable.**

Plaintiff's Fifth Cause of Action for failure to maintain an environment free from harassment/hostile work environment - Govt. Code § 12940(j)(1), fails to state a claim against Mr. Bowen. Only the employer may be liable on such claims. Govt. Code § 12940(j)(1) provides that "an *entity* shall take all reasonable steps to prevent harassment from occurring." A supervisor may not be held personally liable under FEHA for failing to prevent sexual harassment by other employees. *Peterson, supra,* 451 F.Supp.2d at 1113; *Fiol v. Doellstedt,* (1996) 50 Cal.4th, 1318, 1331; *Janken, supra,* 46 Cal.App.4th, 55, 78 (no individual liability of managers for "aiding and abetting" acts which violate FEHA); *Smith v. IBEW,* (2003) 109 Cal.App.4th 1637, 1645 rehearing denied, review denied (Cal. Sup. Ct., Sept. 24, 2003) (no individual liability for failure to accommodate disability or wrongful termination). Mr. Bowen must be dismissed from the Fifth

4

1 | Cause of Action since only the employer is bound by Govt. Code § 12940(j)(1).

### E. Plaintiff's Seventh Cause of Action Alleging That Mr. Bowen Failed to Provide Reasonable Accommodation to Plaintiff Under Govt. Code § 12940(m) Fails Since Only the Employer Can Be Liable.

Plaintiff's Seventh Cause of Action alleges a violation of Govt. Code § 12940(m).[2/] Govt. Code § 12940(m) makes it unlawful "for an *employer or an entity covered by this part* to fail to make reasonable accommodation for the known physical or mental disability for an applicant or employee." This section addresses an *employer's duty* to reasonably accommodate employees. The duty to accommodate an individual's disability lies with the employer, not with its individual managers. *Smith v. IBEW* (2003) 109 Cal.App.4th 1637, 1645. Mr. Bowen must be dismissed from this claim.

### F. The Eleventh Cause of Action - Unlawful Threats by Intimidation, California Civil Code § 51.7(a) Fails to State a Claim.

Plaintiff's Eleventh Cause of Action alleges unlawful threats and intimidation under Civil Code § 51.7(a). That section states that all persons have the "right to be free from any violence, or intimidation by threat of violence, committed against their persons . . . on account of any characteristic listed in subdivision (b) or (e) of Section 51 "[ i.e., sex, disability, etc.] . . . ." A violation of section 51.7 requires violence or intimidation by threat of violence. *Egan v. Schmock* (N.D. Cal. 2000) 93 F.Supp.2d 1090, 1094; *Austin B. v. Escondido Union School District*, (2007) 49 Cal.App.4th 860, 880-881 (non-suit granted absent evidence that pre-school instructor grabbed, yanked and stepped on autistic children because they were disabled).

The conduct forming the basis for the Eleventh Cause of Action against Mr. Bowen is an alleged comment on September 28, 2005 by Mr. Bowen to the Plaintiff. Mr. Bowen allegedly told the Plaintiff that another supervisor, Richard Brandenburg, told Mr. Bowen that "he would really make sure that if and when she [Plaintiff] comes back, he will really make sure that she gets hurt by

---

[2/] While the caption of the Seventh Cause of Action is entitled "Disability *Harassment*, California Government Code § 12940(m),"only a failure to accommodate Plaintiff's disability is pled. (TAC ¶ 68) Section 12940(m) does not address harassment, but only a failure to accommodate. The word "harassment" in the caption is superfluous and can be disregarded.

5

overloading her schedule." (TAC ¶ 80, 36-38). This is not a "threat of violence or intimidation" by Mr. Bowen. Mr. Bowen made no threats against the Plaintiff. He is merely alleged to have recounted a conversation he had with Mr. Brandenburg (which he denies). Moreover, when Plaintiff returned to work, if she felt she was being asked to perform work by Mr. Brandenburg which was beyond her medical restrictions, she could simply refuse to do so at that time. Plaintiff, in essence, claims that Mr. Bowen threatened that at some time in the future, she might suffer a "self-inflicted wound" if Mr. Brandenburg asked her to perform work beyond her physical restrictions. This makes no sense. Plaintiff's overblown Eleventh Cause of Action fails to state a valid claim under Civil Code § 51.7 against Mr. Bowen.

G.  The Twelfth Cause of Action - Gender Violence - Civil Code
    § 52.4(c) (1) Fails to State a Claim for Relief, and is Time-Barred.

Civil Code section 52.4 provides a civil action for victims of "gender violence." "Gender violence" means a criminal act involving the use or attempted use of physical force based on gender, or a physical intrusion or invasion of a sexual nature under coercive conditions. Civil Code § 52.4(c)(1)(2).

Plaintiff's Twelfth Cause of Action for gender violence is based on an alleged attempted battery by Mr. Bowen on June 23, 2003[3] (TAC ¶¶ 12, 17, 34, 37, 82).

Plaintiff also alleges that she suffered an "implied threat of violence" on September 28, 2005 when Mr. Bowen allegedly told her that Mr. Brandenburg had said to Mr. Bowen that "he [Mr. Brandenburg] would really make sure that if and when she [Plaintiff] comes back, he will really make sure she gets hurt by overloading her schedule." (TAC ¶¶ 36-38, 82) As discussed in connection with the Eleventh Cause of Action, *supra*, this cannot be construed as a threat of violence by Mr. Bowen based on Plaintiff's *sex*. At best it alleges a failure to accommodate a

---

[3] Plaintiff alleges that while she was living with Mr. Bowen, on June 23, 2003 he came home intoxicated, tried to touch her, and asked her to touch his genitals in a sexual manner, but that Plaintiff refused (TAC ¶ 12).
While Plaintiff alleges that she suffered another battery on July 15, 2004 when *a different* Club employee rammed a serving cart into her, Mr. Bowen is not alleged to have been involved in that incident (TAC ¶ 17).

6

disability. Section 52.4 covers only *gender* violence, not a failure to accommodate a disability.

There is a three-year statute of limitations for violations of gender violence statute (Civil Code §52.4(b)). The alleged battery by Mr. Bowen occurred on June 23, 2003. The complaint filed August 6, 2007 is untimely with respect to the alleged battery (Request for Judicial Notice Exhibit A).[4/] The Twelfth Cause of Action must be dismissed against Mr. Bowen.

### H. Plaintiff's Sixteenth Cause of Action for Negligent Supervision Fails to State a Claim Against Mr. Bowen.

Plaintiff's Sixteenth Cause of Action for negligent supervision alleges that the Defendants each had a duty to provide Plaintiff with a work environment free from harassment, discrimination and retaliation (TAC ¶ 91). Plaintiff alleges that as a result of Defendants' failure to adequately supervise its employees, they breached a duty of care owed to Plaintiff to maintain a work environment free from discrimination and harassment. As discussed *supra*, any obligation to provide an environment free of harassment and discrimination lies with the *employer only*, not its individual managers (see discussion *supra* regarding the Fifth Cause of Action). Mr. Bowen had no personal obligation to Plaintiff to maintain a harassment/discrimination-free work environment.

Moreover, as discussed *supra*, in connection with the Fourth Cause of Action, individual managers cannot be held liable under FEHA for "aiding and abetting" discrimination by failing to prevent harassment or discrimination from occurring. *Fiol v. Doellstedt, supra*; *Smith, supra*, 109 Cal.App.4th at 1645 (manager cannot be liable for negligent infliction of emotional distress based on a failure to accommodate disability or discriminatory termination).[5/]

Furthermore, it is well established that claims for negligence are preempted by the exclusive remedy provisions of the California Workers Compensation statutes, Labor Code section 3600, et

---

[4/] The alleged comment on September 28, 2005 by Mr. Bowen recounting a conversation he had with Mr. Brandenburg concerning overloading the Plaintiff's schedule, while within the three-year statute of limitations, is not a threat of gender violence (TAC ¶¶ 34, 37, 82).

[5/] Since Mr. Bowen is alleged to have discriminated and harassed Plaintiff, he is, in essence, alleged to have negligently supervised himself in the Sixteenth Cause of Action. This makes no sense.

7

seq., *Livitsanos v. Superior Court* (1992) 2 Cal.4th 744, 749; *Coit Drapery Cleaners, Inc. v. Sequoia Insurance Co.* (1993) 14 Cal.App.4th 1595, 1606 ("Moreover, any claim for mere negligence by [Employee] would be barred here by the workers' compensation laws since [Employee] was the employee of [Employer] and may not sue for its allegedly negligent or improper supervision."); *Fermino v. Fedco* (1994) 7 Cal.4th 701, 714; *Vuillemainroy v. American Rock & Asphalt, Inc.* (1999) 70 Cal.App.4th 1280, 1284. *A fiortiori*, Mr. Bowen, who is *not Plaintiff's employer*, cannot be held liable for negligent supervision. The Sixteenth Cause of Action must be dismissed against Mr. Bowen.

### I. Plaintiff's Seventeenth Cause of Action for Intentional Infliction of Emotional Distress Fails to State a Claim for Relief Since Plaintiff Fails to Allege Outrageous Conduct Within the Two-Year Statute of Limitations, And Such Claims Cannot Be Based on Discrimination or a Failure to Accommodate.

Plaintiff's Seventeenth Cause of Action alleges intentional infliction of emotional distress. The infliction of emotional distress claims cannot be based on alleged discrimination, failure to accommodate, or a constructive discharge by Mr. Bowen, since he cannot be held personally liable on any such claims for the reasons discussed, *supra*. See *Smith*, *supra*, 109 Cal.App.4th, at 1645 ("Moreover, since the claims of intentional and negligent infliction of emotional distress arise from the discrimination claims we hold [individual manager] cannot be held liable for the emotional distress claims either").

Claims for intentional infliction of emotional distress are governed by the two-year statute of limitations for personal injuries found in CCP § 335.1. *Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 889; *Kiseskey v. Carpenters' Trust* (1983) 144 Cal.App.3d 222, 231 (based on former CCP § 340(3).

The Complaint filed in state court on August 6, 2007 can therefore only reach conduct occurring within two-years prior to that date (i.e., from August 6, 2005 forward). The allegations against Mr. Bowen concerning conduct occurring after August 6, 2005 are found in Paragraphs 31-42 of the Complaint. Plaintiff alleges that Mr. Bowen made crude sexual comments to the Plaintiff such as telling her he liked oral sex with women who were menstruating, asking Plaintiff if her "tits

8

were real" (TAC ¶ 31), staring "lewdly" at her (TAC ¶ 32), telling her that she looked "hot in her jeans"(TAC ¶ 33), and telling her that Mr.Brandenburg had said that he would make sure that if and when Plaintiff comes back to work, he [Brandenberg] would make sure she would get hurt by overloading her schedule (TAC ¶ 38). Plaintiff also alleged that Mr. Bowen asked her, "As long as we've known each other, how come we've never had sex?" (TAC ¶ 38).

Infliction of emotional distress liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" but only to conduct so extreme and outrageous as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Alcorn v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 499, n. 5, Rest. 2nd Torts, §46, Com. d.

Without conceding that the allegations of earlier misconduct are sufficient to state a prima facie case for infliction of emotional distress, *a fiortiori*, Plaintiff fails to allege sufficient facts to show a prima facie case for infliction of emotional distress against Mr. Bowen based on conduct alleged to have occurred within two years of filing of the Complaint. He must be dismissed from the Seventeenth Cause of Action.

J.  **Plaintiff's Eighteenth Cause of Action for Invasion of Privacy Should be Dismissed as Time-Barred, And For Failure to State a Claim.**

Plaintiff's Eighteenth Cause of Action alleges an invasion of privacy. Plaintiff bases these claims on Paragraphs 1 through 42 of the TAC (TAC ¶100).

Invasion of privacy claims are governed by the two-year statute of limitations found in CCP § 335.1. *Cain v. State Farm Mut. Auto. Ins. Co.* (1976) 62 Cal.App.3d 310, 313. The only allegations in Paragraphs 1 through 42 which occurred within two years of filing the Complaint on August 6, 2007 are those found in Paragraphs 31 through 42. (See, discussion, *supra*, regarding the Seventeenth Cause of Action for Intentional Infliction of Emotional Distress.) None of Defendant's alleged comments constitute an "invasion of privacy." Thus, Plaintiff's claims are time-barred.

Furthermore, Plaintiff fails to state a claim for relief. Invasion of privacy requires that Plaintiff allege: 1) a legally protected privacy interest; 2) a reasonable expectation of privacy, 3)

9

conduct by the defendant that constitutes a serious invasion of privacy. *Hill v. National Collegiate Athletic Ass'n* (1994) 7 Cal.4th 1, 40.[6/] Plaintiff fails to allege how a garden variety sexual harassment claim constitutes an invasion of her right of privacy. Plaintiff's Eighteenth Cause of Action must be dismissed against Mr. Bowen.

### K. The Twenty-First Cause of Action - Breach of Contract Not to Discipline Without Good Cause Must Be Dismissed, Since Mr. Bowen Is Not a Proper Party.

Plaintiff's Twenty-First Cause of Action alleges that Mr. Bowen breached a contract not to discipline Plaintiff without good cause. As the Court previously found, Plaintiff's employment was governed at all times by a Collective Bargaining Agreement ("CBA") between the Bohemian Club and her union, UNITE HERE, Local 2 (see Order re Response to Order to Show Cause re Removal, November 16, 2007, Docket No. 13). Only the Club is party to the collective bargaining agreement. Mr. Bowen is not a proper party to a suit for breach of the CBA. *Atkinson v. Sinclair Refining, Co.*, (1962) 370 U.S. 238, 247-49, 82 S.Ct. 1318, 8 L.E.2d 462; *Williams v. Pacific Maritime Assn.* (9th Cir. 1970) 421 F.2d 1287, 1289 (individuals not proper defendants for breach of a collective bargaining agreement, only the employer may be held liable). State law is in accord. *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 25; *Egan v. Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809, 824. Mr. Bowen should be dismissed from the Twenty-First Cause of Action.

### L. The Twenty-Third Cause of Action - California Civil Rights Violation – Civil Code § 52.1 Fails to State a Claim for Relief and is Time-Barred.

Plaintiff's Twenty-Third Cause of Action alleges that Mr. Bowen "interfered or attempted to interfere by threats, intimidation, or coercion with the exercise or enjoyment by plaintiff of rights secured by the Constitution and laws of the State of California, by implying to Plaintiff that she would be physically injured were she to return with lawful accommodation. . . ." (TAC ¶ 122)

---

[6/] Invasion of privacy claims generally fall into four types of wrongs: intrusion into private affairs, public disclosure of private facts, placing the plaintiff in a false light, and appropriation of the plaintiff's name or likeness. B. Witkin, Summary of California Law, 10th Ed., Vol. 5, Torts § 651, p. 958. Plaintiff's claims fall into none of these categories.

10

Civil Code Section 52.1(b) protects individuals "whose exercise or enjoyment of rights secured by . . . the laws of this state . . . have been interfered with, or attempts have been made to interfere with such rights through threats, intimidation or coercion." Such individuals may bring a civil action for damages and injunctive relief. However, Civil Code § 52.1(j) provides an important protection for free speech:

> "Speech alone is not sufficient to support an action [under § 52.1] except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and the person threatening violence had the apparent ability to carry out the threat."

Plaintiff's Twenty-Third Cause of Action is based upon the comment made by Mr. Bowen to the Plaintiff that Rich Brandenburg (another manager) had told Mr. Bowen that "he would really make sure that if and when she [Plaintiff] comes back, he [Brandenburg] will really make sure that she gets hurt by overloading her schedule." (TAC ¶¶ 122, 38) For the reasons discussed *supra*, in connection with the Eleventh Cause of Action, the comment is not a threat of violence or intimidation or coercion by Mr. Bowen. He is merely alleged to have recounted a conversation he had with Mr. Brandenburg (which he denies). If and when Plaintiff returned to work, if she feels that she was being asked to perform work by Mr. Brandenburg beyond her medical restrictions, she can simply refuse to do so. By no stretch of the imagination do the allegations state a claim against Mr. Bowen for threats, intimidation or coercion.

Furthermore, Plaintiff's claim is based solely on an alleged comment by Mr. Bowen, which triggers the free speech protection of Civil Code §52.1(j). That section provides that speech alone does not violate the section unless the listener reasonably believes that violence will be committed against them, and that the person threatening violence had the apparent ability to carry out the threat. No such allegations are made here. Mr. Bowen is merely alleged to have recounted a comment by Mr. Brandenburg about his future work assignments to the Plaintiff (TAC ¶ 122). Mr. Bowen is not alleged to have threatened to commit violence against Plaintiff. Civil Code § 52.1(j) bars her claim against Mr. Bowen.

11

1   Furthermore, the Twenty-Third Cause of Action is also time-barred. Actions under Section
2   52.1 must be brought within the two-year statute of limitations for personal injuries found in CCP §
3   335.1. *Gatto v. County of Sonoma* (2002), 98 Cal.App.4th, 744, 752-760. Plaintiff's Complaint
4   was filed on August 6, 2007 (Request for Judicial Notice, Exhibit A). Since the alleged comment
5   by Mr. Bowen in relating his conversation with Mr. Brandenburg occurred on September 28, 2005
6   (TAC ¶ 38), the Twenty-Third Cause of Action is also time-barred.

### III. CONCLUSION.

While leave to amend is routinely granted, futility of amendments is grounds for denying leave to amend. *Foman v. Davis*, (1962) 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222. Where it is clear that Plaintiff's Complaint cannot be cured by amended, leave to amend should be denied. *Adams v. Johnson*, (9th Cir. 2004) 355 F.3d. 1179, 1183. Plaintiff's Complaint cannot be cured. The Second, Fourth, Fifth, Seventh, Eleventh, Twelfth, Sixteenth, Seventeenth, Eighteenth, Twenty-First and Twenty-Third Causes of Action of Plaintiff's Third Amended Complaint against Mr. Bowen must be dismissed for failure to state a claim for relief.

Dated: April 18, 2008

        Respectfully submitted,

        McQUAID BEDFORD & VAN ZANDT LLP

        By:   /S/ Robert L. Zaletel
              Robert L. Zaletel
              Attorneys for Defendant Albert Bowen

00065653.WPD

12

DEF'S NOTICE OF MOTION & MOTION TO DISMISS PORTIONS OF
3RD AMENDED COMPLAINT & MPA ISO MOTION TO DISMISS     Case No. C 07-05261 WHA

**CERTIFICATE OF SERVICE**

The undersigned hereby declares:

I am employed in the City and County of San Francisco, California, I am over the age of eighteen years and not a party to the within action; my business address is 221 Main Street, 16th Floor, San Francisco, California, 94105.

On April 18, 2008, I served the following document(s):

- **NOTICE OF MOTION AND MOTION OF DEFENDANT ALBERT BOWEN TO DISMISS PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT [F.R.C.P. Rule § 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**
- **DEFENDANT ALBERT BOWEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT [F.R.C.P. Rule § 12(b)(6)]**
- **DEFENDANT ALBERT BOWEN'S [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

on the interested parties listed below by placing a true and correct copy thereof in a sealed envelope(s) for service by U.S. mail, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection and mailing to the office of the addressee(s) on the date shown herein following ordinary business practices.

| ADDRESSEE | PARTY |
|---|---|
| Burke J. Hanson, Esq.<br>The Law Office Burke Hanson .<br>819 Eddy Street<br>San Francisco, CA 94109 | Claimant |
| Daniel Berko, Esq.<br>THE LAW OFFICES OF DANIEL BERKO<br>819 Eddy Street<br>San Francisco, CA 94109 | Claimant |
| William F. Terhyeden, Esq.<br>John C. Fish, Jr., Esq.<br>Joshua J. Cliffe, Esq.<br>Littler Mendelson<br>650 California Street, 20th Floor<br>San Francisco, CA 94108-2693 | Defendants |

CERTIFICATE OF SERVICE                                    Case No. C-07–05261 WHA

1      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on April 18, 2008 in San Francisco, California.

                                                                                  _/s/ Ilze Palms_
                                                                                  Ilze Palms

CERTIFICATE OF SERVICE                                                                                                                                                            Case No. C-07–05261 WHA