Robert L. Zaletel, Esq. (SB# 096262)
**McQUAID BEDFORD & VAN ZANDT LLP**
221 Main Street, 16th Floor
San Francisco, CA 94105
Telephone: 415/905-0200
Facsimile:  415/905-0202
Rzaletel@mbvz.com

Attorneys for Defendant
ALBERT BOWEN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMI GREENWALD, | Case No. C 07-05261 WHA |
| Plaintiff, | **DEFENDANT ALBERT BOWEN'S [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| v. | |
| THE BOHEMIAN CLUB, INC., ALBERT BOWEN, RICHARD BRANDENBURG, DAN CAMPBELL, AND DOES 1 through 99, inclusive, | Date:   May 29, 2008<br>Time:   8:00 a.m.<br>Place:  Courtroom 9,<br>           Hon. William H. Alsup |
| Defendants. | Trial Date: December 1, 2008 |

    The Motion of Defendant Albert Bowen to Dismiss Portions of Plaintiff's Third Amended Complaint came on regularly for hearing. All sides were represented by counsel. Upon consideration of the pleadings on file in the case and the papers and arguments submitted in support of, and in opposition to the motion, the Court hereby grants Defendant's Motion in its entirety. The Court dismisses the following Causes of Action of Plaintiff's Third Amended Complaint with prejudice:

    Second Cause of Action (Retaliation);

    Fourth Case of Action (Aiding and Abetting Sexual or Disability Harassment and
        Discrimination);

1

1     Fifth Cause of Action (Failure to Maintain Environment Free from Harassment);

2     Seventh Cause of Action (Failure to Accommodate Disability);

3     Eleventh Cause of Action (Unlawful Threats by Intimidation);

4     Twelfth Cause of Action (Gender Violence);

5     Sixteenth Cause of Action (Negligent Supervision);

6     Seventeenth Cause of Action (Intentional Infliction of Emotional Distress);

7     Eighteenth Cause of Action - Invasion of Privacy;

8     Twenty-First Cause of Action (Breach of Contract Not to Discipline Without Good Cause);

9     Twenty-Third Cause of Action - CA Civil Code §52.1.

The reasons for the ruling are as follows: Individual managers may not be held liable for retaliation. *Jones v. Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158 (2008). Corporate managers may not be liable for "aiding and abetting" discrimination or harassment under California Govt. Code § 12940(i), *Janken v. GM Hughes Electronics, Inc.* (1996) 46 Cal.App.4th 55, 78. Only the employer, and not its individual managers, may be liable for failing to maintain an environment free from harassment under Govt. Code § 12940(j)(1). *Peterson v. State of Cal.Dept. Of Corrs. And Reh.* (E.D. Cal. 2006) 451 F.Supp.2d 1092, 1113. Likewise, only the employer, and not its individual managers, may be liable for failing to reasonably accommodate a disabled employee under Govt. Code § 12940(m). *Smith v. IBEW* (2003) 109. Cal.App.4th 1637, 1645.

Plaintiff's Eleventh Cause of Action for unlawful threats by intimidation (California Civil Code § 51.7(a) fails to state a claim against Mr. Bowen. The allegations in Paragraphs 80, and 36-38 of the Third Amended Complaint, wherein Bowen allegedly recounted a conversation with Mr. Brandenburg, are not a "threat of violence or intimidation" by Mr. Bowen.

Plaintiff's Twelfth Cause of Action fails to state a claim for relief for "gender violence" under Civil Code § 52.4(c)(1)(2). The alleged attempted battery by Mr. Bowen on June 23, 2003, is barred by the three-year statute of limitations found in Civil Code § 52.4(b) (TAC ¶¶ 12, 82). The alleged comment by Mr. Bowen on September 28, 2005, recounting a conversation with Mr. Brandenburg is not a threat of "gender violence" by Mr. Bowen (TAC ¶¶ 36-38, 82).

Plaintiff's Sixteenth Cause of Action for negligent supervision does not state a claim against Mr. Bowen since the obligation to prevent harassment is only that of his employer. Furthermore, the claim is preempted by the California Workers Compensation Statutes, Labor Code section 3600, et seq. *Livitsanos v. Superior Court* (1992) 2 Cal.4th 744, 749.

Plaintiff's intentional infliction of emotional distress claim is barred by the two-year statute of limitations for personal injuries found in CCP § 335.1. Plaintiff's allegations of alleged verbal sexual harassment within two years of the filing of the complaint on August 6, 2007, fail to describe the "outrageous conduct" necessary to support a claim for intentional infliction of emotional distress.

Plaintiff's Eighteenth Cause of Action for invasion of privacy is time-barred by CCP § 335.1 as no conduct is alleged within two years of the filing of the Complaint constituting a claim for invasion of privacy. Plaintiff fails to allege an intrusion into private affairs, public disclosure of private facts, placing the Plaintiff in a false light, or appropriation of Plaintiff's name or likeness. B. Witkin, Summary of California Law, 10th Ed. Vol. 5, Torts, § 651, p. 958.

Plaintiff's Twenty-First Cause of Action for breach of contract fails to state a claim against Mr. Bowen since only the Bohemian Club is a party to the collective bargaining agreement.

Plaintiff's Twenty-Third Cause of Action for violation of Civil Code § 52.1 fails to state a claim for relief. Mr. Bowen's alleged comment concerning statements made by Mr. Brandenburg are not an "interference or an attempted interference by threat, intimidation or coercion." Furthermore, Defendant is protected by Civil Code § 52.1(j) which protects free speech, absent specific threats of violence by a person with the apparent ability to carry out the threat.

As it is clear these defects cannot be cured by amendment, leave to amend will be denied. *Adams v. Johnson* (9th Cir. 2004) 355 F.3d. 1179, 1183.

**IT IS SO ORDERED.**

Dated: _____

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3

[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS PORTIONS OF 3RD AMENDED COMPLAINT                Case No. C 07-05261 WHA