

McQUAID
BEDFORD &
VAN ZANDT LLP

221 Main Street 16th Floor
San Francisco CA 94105-1936
TEL·415/905·0200
FAX·415/905·0202

April 30, 2008

*By E-Filing*

The Hon. William H. Alsup
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 Golden Gate Avenue, Courtroom 9
San Francisco, CA 94102

Re:   *Tami Greenwald v. The Bohemian Club, et al.*
         **USDC No. Dist. of CA Case No. C 07-05261 WHA**

Dear Judge Alsup:

Defendant Albert Bowen requests that you extend the time for Plaintiff Tami Greenwald's deposition from ten hours on the record to thirteen. The parties have met and conferred, but not have been able to come to an agreement. We have held off completing the Plaintiff's deposition until this issue is resolved.

This is a sexual harassment/discrimination disability case. Defendant Albert Bowen is the Human Resources manager for Defendant the Bohemian Club. All parties had previously agreed to two days of deposition of the Plaintiff, and two days of Albert Bowen. The parties' agreement was memorialized in their Joint Case Management Conference Statement which was approved by the Court at the case management conference. After the first day of Plaintiff's deposition was completed, the Plaintiff took the position that the total time for Plaintiff's deposition could not exceed seven hours. The Bohemian Club and Plaintiff submitted letter briefs to the Court (Docket Nos. 31 and 32). The Bohemian Club requested a total of ten hours on the record for Plaintiff's deposition. The Court granted the Club's request and allowed Plaintiff to be deposed for ten hours over two days (a copy of Court's Order, Docket No. 33, is attached).

The Club's attorney, who noticed Plaintiff's deposition, questioned her for approximately eight and a half of the ten hours permitted. I then started questioning on behalf of Mr. Bowen. After approximately a half hour of questioning, the Plaintiff stated that she was feeling ill and tired and asked that the deposition be adjourned for the day, to which we agreed. There is approximately one hour of the ten hours left. I believe that one hour will be insufficient to cover the remaining topics which need to be covered on behalf of Mr. Bowen (and any follow-up questions by the Club attorney).

The Hon. W.H. Alsup
USDC No. Dist. Of CA
April 30, 2008
Page 2

  Re: **Greenwald v. The Bohemian Club, et al.**
     **USDC No. Dist. of CA Case No. C 07-05261 WHA**

  The reasons I believe additional time is needed are as follows: Mr. Bowen is alleged to have committed numerous acts of sexual harassment and disability discrimination against the Plaintiff. He is the principal defendant accused of harassment and discrimination. I would like to question the Plaintiff concerning the following incidents from the First and Second Amended Complaints:

1. <u>Paragraph 13</u>: Incident wherein Al Bowen allegedly walked in on Plaintiff while she was taking a shower at this apartment. He also made comments about her appearance.

2. <u>Paragraph 15</u>: Bowen allegedly made lewd sexual remarks about Club servers.

3. <u>Paragraph 16</u>: Plaintiff was injured pulling a cart of hotel pans which forms the basis for her failure to accommodate her disability.

4. <u>Paragraph 17</u>: Mr. Bowen's co-workers allegedly told Plaintiff that she had a fight with Mr. Bowen concerning lewd sexual remarks he made about female serving staff.

5. <u>Paragraph 18</u>: Bowen allegedly told the Plaintiff, "Deal with it. Maybe he's right," when another employee told her that she "needed to get laid."

6. <u>Paragraph 19</u>: Mr. Bowen allegedly described to Plaintiff lewdly and in graphic detail various sexual acts he wished to perform on her.

7. <u>Paragraph 20</u>: Mr. Bowen allegedly asked if Plaintiff would have sex with him on the Internet.

8. <u>Paragraph 21</u>: Defendant allegedly photographed Plaintiff's breasts in the course of making a badge for her.

9. <u>Paragraph 22</u>: Mr. Bowen made crude, sexual comments about his sexual habits.

10. <u>Paragraph 23</u>: Defendant asks Plaintiff if her breasts were real.

11. <u>Paragraph 24</u>: Mr. Bowen allegedly stared lewdly at Plaintiff.

12. <u>Paragraph 25</u>: Mr. Bowen allegedly made comments about Plaintiff's looks.

The Hon. W.H. Alsup
USDC No. Dist. Of CA
April 30, 2008
Page 3

      Re:   *Greenwald v. The Bohemian Club, et al.*
            **USDC No. Dist. of CA Case No. C 07-05261 WHA**

13. <u>Paragraph 26</u>: Mr. Bowen was present when the executive chef, Defendant Richard Brandenburg, made disparaging comments about Plaintiff.

14. <u>Paragraph 26</u>: Mr. Bowen retaliated against Plaintiff by trying to switch her to part-time status.

15. <u>Paragraph 27</u>: Plaintiff injured herself (forming the basis for her handicap claim) when she was ordered to ice a tray of fish weighing 50 lbs. which was beyond her weight restrictions.

16. <u>Paragraph 28</u>: Mr. Bowen recounted comments he had heard from Mr. Brandenburg to the effect that Mr. Brandenburg would make sure Plaintiff was hurt after she returned to work.

17. <u>Paragraph 28</u>: Mr. Bowen told Plaintiff she needed to be 100% recovered to return to work.

18. <u>Paragraph 31</u>: Bowen allegedly questioned why he and Plaintiff had not sex.

19. <u>Paragraph 39</u>: Plaintiff alleges that the Club has a pattern and practice of discriminating against females.

20. <u>Paragraph 71 (Second Amended Complaint)</u>: Plaintiff applied for training funds and Mr. Bowen offered to get back to her, but never did.

21. Plaintiff's claims that Mr. Bowen committed gender violence against her, and threatened and intimidated her on the basis of her sex and disability.

22. Plaintiff's claims that her second work injury was caused by the Club's failure to accommodate her disability.

    I will make every effort to avoid repeating any questions previously asked by the Club's counsel.

    Plaintiff has alleged ten causes of action against Mr. Bowen. Her Third Amended Complaint includes twenty-three causes of action in all. Plaintiff's claims include sexual harassment, retaliation, sex discrimination, disability discrimination, gender violence, invasion of

The Hon. W.H. Alsup
USDC No. Dist. Of CA
April 30, 2008
Page 4

      Re:   *Greenwald v. The Bohemian Club, et al.*
              **USDC No. Dist. of CA Case No. C 07-05261 WHA**

privacy, and breach of contract. Plaintiff's allegations are based on numerous events covering the time period from 2003 to the present.

Additional time is also needed because during Ms. Greenwald's deposition, Plaintiff's counsel produced new documents not previously produced in her initial disclosures. These included annotated time records and a lease.

In addition, the Club's attorney started to question the Plaintiff concerning a document entitled "Log of Verbal Abuse and Hostile Work Environment" (six pages), which was produced by Plaintiff's doctor in response to a subpoena from the Club. Plaintiff's counsel objected and stated that the document might be an attorney-client privileged document. He refused to allow questions concerning this document. We believe that any privilege was waived when this document was given to Plaintiff's doctor, and wish to question her regarding the document. We have met and conferred, and the Plaintiff's attorney is still considering whether to allow questions concerning this log.[1]

At her request, Plaintiff lived with Mr. Bowen for approximately five months, and he is in a unique position to question her about allegations made by her concerning his conduct during that time period.

Mr. Bowen's interests are not 100% aligned with his employer. For example, it would be in his best interest to show that the Club was aware of his actions in responding to her work injury, whereas the Club may wish to argue that he acted outside the course and scope of his employment, or contrary to Club policies. Likewise, the Club will likely argue that it is not responsible for punitive damages based on his conduct.

I was not aware until receipt of the April 3, 2008 letter from the Club's attorney to the Court that the Club was requesting a total of ten hours, including questions from me.

F.R.C.P. Rule 30(d) provides as follows:

The court must allow additional time [above the presumptive limit of one day deposition of seven hours] consistent with Rule 26(b)(2) if needed to fairly

---

[1] The deposition has also been prolonged because of meritless objections by Plaintiff's counsel. For example, Plaintiff's counsel stated in response to my questions that he would instruct the Plaintiff not to answer unless I referred to *my client* as "Mr. Bowen" instead of "Al."

The Hon. W.H. Alsup
USDC No. Dist. Of CA
April 30, 2008
Page 5

Re: *Greenwald v. The Bohemian Club, et al.*
**USDC No. Dist. of CA Case No. C 07-05261 WHA**

examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

Despite meeting and conferring with Plaintiff's counsel, Plaintiff has steadfastly refused to allow the Plaintiff to be deposed for more than ten hours.

Plaintiff's counsel is out of town and has requested that he be given until at least Monday, May 5th, to file a letter brief in response to this letter.

Defendant Albert Bowen respectfully requests that after the Court considers Plaintiff's response to this letter, the Court issue an order granting the Defendants a total of three additional hours to complete Plaintiff's deposition (not including any follow-up necessitated by Plaintiff's counsel's instructions to the Plaintiff not to answer questions).

Thank you for your consideration.

Very truly yours,

Robert L. Zaletel

RLZ/ip
Att.

00066062.WPD

cc (e-filing):   Burke Hansen, Esq.
                 Daniel Berko, Esq.
                 John Fish, Esq.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAMI GREENWALD,

    Plaintiff,

v.

THE BOHEMIAN CLUB, INC., ALBERT BOWEN, RICHARD BRANDENBURG, DAN CAMPBELL, and DOES 1 through 99, inclusive,

    Defendants.

No. C 07-05261 WHA

**ORDER RE PLAINTIFF'S DEPOSITION**

    Plaintiff may be deposed for a total of ten hours on the record over a two-day period. As to the sex issue, defendants are at least entitled to the minimum reasonable information needed to meet the accusation. How this principle applies to our fact pattern is hard to tell without a hearing and better record. Please do the best you can over the two days and then tee up the privacy issue in a formal motion. One possibility will be that plaintiff will have to answer more questions. Another possibility will be the opposite.

    **IT IS SO ORDERED.**

Dated: April 4, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE