# Law Office of Daniel Berko
**819 Eddy Street**
**San Francisco, California 94109**

Telephone: (415) 771-6174; Fax (415) 474-3748
E-mail: BerkoLaw@SBCGlobal.net

May 5, 2008

The Hon. William H. Alsup
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

    Re: **Tami Greenwald v. The Bohemian Club**
        **U.S.D.C. Case No. c-07-05261 WHA**

Dear Judge Alsup:

I am one of the attorneys of record for Plaintiff Tami Greenwald. I write in response to the April 30, 2008 letter from Defendant Albert Bowen's counsel to you seeking an extension of Plaintiff's deposition by three hours to thirteen total hours on the record.

Previously, the parties had a dispute as to whether the Joint Case Management Conference Statement which was approved by the court at the Case Management Conference provided for a 10.0 hour deposition or a 7 hour deposition. The parties also disputed whether seven hours was a reasonable time to complete the deposition of Plaintiff.

The parties met and conferred but did no reach agreement despite good faith efforts. Mr. John Fish, counsel for all defendants except Mr. Bowen, wrote you a letter (Docket No. 31) seeking an order that Plaintiff's deposition could be taken in 10.0 hours. In the letter, Mr. Fish noted that Defendants claimed that the two days of deposition provided for in the statement was an agreement to ten hours of on the record testimony. Plaintiff's counsel denied that the agreement meant anything other an agreement that Plaintiff's deposition could be conducted over a two-day period, but within the seven hours provided for by Rule 30.

Defendants also maintained that irrespective of whether the Case Management Statement constituted an agreement to 10 hours of testimony or not, "10.0 hours is reasonable". Plaintiff disagreed, but you did not and you issued an order that granted Defendants 10.0 hours of deposition time as they requested. The letter stated that Defendant Albert Bowen was represented by independent counsel (Robert Zalatel) who "agree[d] with defendants' position" that ten hours was reasonable. Further, the letter explicitly stated

1

Honorable William H. Alsup
May 5, 2008
Page 2

that Mr. Zalatel's "questions would be included in the 10.0 hours we are requesting." This letter was sent a week after Plaintiff's first day of deposition.

Mr. Zalatel's statement now in his April 30, 2008 letter that he was not aware of Mr. Fish's letter until he received it seems either irrelevant, because the letter accurately simply stated in writing his position and views as it explicitly claimed to, or untimely and prejudicial to Plaintiff because I was first informed of this when I read Mr. Zalatel's letter.[1] Respectfully, Plaintiff has the right to assume that a court order will not be changed absent some significant change in the facts or law. She relied mentally and emotionally on the court's previous order as to how long she would be required to answer hostile questions about many highly personal and emotional topics. I believe it bears emphasis that Mr. Zalatel was aware when this matter was previously before the court of every fact that he cites to the court as justifying reopening the issue. He does not assert otherwise.

Mr. Zalatel's letter seeks to justify the additional time request by asserting that his client's interests "are not 100% aligned" with the club. But he cites not a single variance of interests that is material. There is no reasonable possibility the Bohemian Club will ever argue (as Mr. Zalatel speculates is possible) that Mr. Bowen's "actions in responding to [plaintiffs] work injury" were outside the course and scope of his employment. Such a claim would be frivolous under California law. Nor does it matter whatsoever under California law if Mr. Bowen failed to follow club policies in responding to Plaintiff's work injury. I do concede that it appears likely that the club will argue that it is not liable for punitive damages based on Mr. Bowen's conduct. But I fail to see how that relates to Mr. Zalatel's request because the club and Mr. Bowen both vehemently deny the conduct upon which a punitive damage claim would be made ever took place.

In fact, the club continues to employ Mr. Bowen, continues to pay him his salary (but he is suspended from his duties), and pays Mr. Zalatel to represent him. During every break in both Plaintiff and Mr. Bowen's deposition, Mr. Zalatel and his client have caucused privately and at length with the club's representative and the club's attorneys. They claim a "joint defense privilege" as well. There is no possible difference between the club and its own employee and represent that justifies additional time for Plaintiff's deposition.

Of the 22 cited areas that Mr. Zalatel says he wishes to question Plaintiff, all but one have already been covered at length. The remaining claim (number 19 on Mr. Zalatel's list), that the club discriminates against women, can be quickly covered and is against the club in any event.

---

[1] I don't question Mr. Zalatel's good faith. But the time to bring these issues up was when the matter was previously before the court and the court previously ruled.

Honorable William H. Alsup
May 5, 2008
Page 3


Your present order already allows for what would effectively be two full days of cross-examination at a trial. There is nothing about this case that justifies any more time than that. Plaintiff claims psychological injuries from sexual harassment, disability discrimination and her physical injury as well as pain and suffering and economic loss from the personal injury. There are quite a few acts involved but most involve a statement or incident that lasted less than a few minutes.

Mr. Zalatel cites documents that he says justify the extension. All those documents but one had been produced on the first day of Plaintiff's deposition before you last ruled on this issue the first time. The only exception is the "Log of Verbal Abuse…" which Defendants obtained by subpoena from Plaintiff's therapist even before the deposition. I asked for time to review that document because it was intended to be an attorney-client privileged document that I had not recently seen, but now I have I agree that she can be questioned about it. Mr. Zalatel cites nothing specific in the document that is new matter or justifies an extension of time. And since he had it before the deposition and knew its contents this too does not involve a new fact.

The seven hour rule was ":carefully chosen" and extensions of that period should be the exception not the rule. California Federal Civil Procedure Before Trial (The Rutter Group 2008) section 11:1515 quoting *Roberson v. Bair* (D DC 2007) 242 FRD 130, 138. Here the deposition is already going to go almost 50% longer than the rule would normally allow.

In summary, Defendants asked for and got ten hours of time to take Plaintiff's deposition after already having taken it for a day. They knew then every fact that assert now. Plaintiff opposed ten hours but prepared herself for that when it was ordered. Because there is not a single change that justifies Defendants change of position or reconsideration of the court's order, Plaintiff respectfully contends that fairness requires that the court not change its order.

Thank you for your consideration of this matter.

Very truly yours,

Daniel Berko

Cc: All counsel (e-filing)

3