BURKE HANSEN, Bar No. 236030
THE LAW OFFICES OF BURKE HANSEN
819 Eddy Street
San Francisco, CA 94109
Telephone:   415.771.6174
Fax:         415.474.3748

DAN BERKO
THE LAW OFFICES OF DANIEL BERKO
819 Eddy St.
San Francisco, CA 94109

Attorneys for Plaintiff
TAMI GREENWALD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMI GREENWALD,<br><br>           Plaintiff,<br><br>     v.<br><br>THE BOHEMIAN CLUB, INC., ALBERT BOWEN, RICHARD BRANDENBURG, DAN CAMPBELL, and DOES 1 THROUGH 99, inclusive,<br><br>           Defendants. | Case No. C 07-05261 WHA<br><br>**PLAINTIFF TAMI GREENWALD'S OPPOSITION TO DEFENDANT ALBERT BOWEN'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**<br><br>Date:     May 29, 2008<br>Time:     8am<br>Judge:    The Honorable William A. Alsup<br>Location: Courtroom 9 |

# TABLE OF CONTENTS

I.   INTRODUCTION..................................................................................................1

II.  STATEMENT OF FACTS AND PROCEDURAL HISTORY .............................1

III. ARGUMENT........................................................................................................2

   A. Standard of Review Under F.R.C.P 12(b)(6) and *Elkins*......................................................................................................2
   B. Torrey Pines Only Excludes retaliation Claims Against Supervisors Based on Discrimination, not Harassment............................................................3
   C. Janken Only Concerns Discrimination, and is Inapplicable to Harassment Claims Under the Fourth Cause of Action........................................................3
   D. Plaintiff Agrees to Dismiss Without Prejudice the Fifth and Seventh Causes of Action Against Albert Bowen as an Individual..................................................5
   E. The Eleventh, Twelfth, and Twenty-third Causes of Action Concerning Cal. Civ. Code 51.7, 52.1, and 52.4 Raise Triable Issues of Fact and Are Inappropriate for Resolution Under F.R.C.P. 12(b)(6)........................................................5
   F. Negligence Claims Arising Outside of the Workers' Compensation Bargain Are Not Preempted by Workers' Compensation Statute ..............................................6
   G. A Reasonable Investigation Into Plaintiff's 2004 Workers' Compensation Claim by Defendants Would Have Put Defendant on Notice of Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Invasion of Privacy Claims Arising Out of Workplace Harassment..............................................................................................7

IV. Conclusion...........................................................................................................8

ii

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS         CASE NO. C 07-05261 WHA

THE LAW OFFICES OF
BURKE HANSEN
819 EDDY ST
SAN FRANCISCO, CA 94109
1-415-771-6174
1-415-474-3748

# TABLE OF AUTHORITIES

CASES

*Bagatti v. Department of Rehabilitation*,
    97 Cal. App. 4th 344..................................................................................6

*Barrington v. A. H. Robins Co.*,
    39 Cal. 3d 146........................................................................................4

*Cabesuela v. Browning-Ferris Industries of California, Inc.*,
    68 Cal. App. 4th 101..............................................................................7

*Elkins v. Derby*,
    12 Cal. 3d 410................................................................................2, 3, 6, 7, 8

*Gantt v. Sentry Insurance*,
    1 Cal. 4th 1083......................................................................................7

*Grant v. Comp USA, Inc.*,
    109 Cal. App. 4th 637............................................................................7

*Janken v. GM Hughes Electronics*,
    46 Cal. App. 4th 55................................................................................4

*Jones v. The Lodge at Torrey Pines*,
    42 Cal. 4th 1158.................................................................................3, 4

*McDonald v. Antelope Valley Community College Dist.*,
    151 Cal. App. 4th 961............................................................................3

*McDonald v. Antelope Valley Community College Dist.*,
    2007 Cal. App. LEXIS 1039)................................................................3

*Park v. Hyatt Corp.*
    436 F. Supp. 2d 60.................................................................................3

*Reno v. Baird*,
    18 Cal. 4th 640.......................................................................................4

*Smith v. IBEW*,
    109 Cal. App. 4th 1637..........................................................................6

*Wilson-Combs v. California Department of Consumer Affairs*,
    2008 U.S. Dist. LEXIS 20607................................................................4

## OPPOSITION TO MOTION TO DISMISS

PLAINTIFF TAMI GREENWALD hereby opposes the Motion to Dismiss submitted by the Bohemian Club, Richard Brandenburg, and Dan Campbell. Said Opposition will be based on this Memorandum of Points and Authorities, facts of the case, and the papers already on file in the case.

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS BOHEMIAN CLUB, RICHARD BRANDENBURG, AND DAN CAMPBELL

### I. INTRODUCTION

Plaintiff Tami Greenwald worked at the Bohemian Club for a period of about two and one half years, during which time she was subjected to a hostile and oppressive work environment due to her sex and a workplace-related disability. She was also threatened and retaliated against for her sex and disability, and has suffered a permanent injury as a direct and proximate result thereby. The unlawful activities of the Defendants gave rise to a host of Department of Fair Employment and Housing (DFEH) claims, as well as several related common law and statutory claims, which together form the basis of this lawsuit.

### II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff Tami Greenwald worked as a cook for the defendant Bohemian Club (hereinafter "Club") from March 3, 2003 until September 27th, 2005, when she suffered a back injury at work as a direct result of Defendants' failure to provide reasonable accommodation for a previous workplace injury, for which she was at the time on modified duty. She has been out on Workers' Compensation ever since, and is permanently disabled as a direct result of the Defendants' intentional violations of numerous provisions of the Fair Employment and Housing Act (Cal. Gov. Code sections 12900 et seq.).

During her period of employment with the Club, Plaintiff was repeatedly subjected to the outrageous predatory sexual advances and obscene remarks of Defendant Albert Bowen (hereinafter

1.

Bowen), the Director of Human Resources for the Club, as well as ongoing hostility and harassment due to her disability by Chef Richard Brandenburg hereinafter Brandenburg), and offensive comments by Manager Dan Campbell (hereinafter Campbell) regarding her sex. The Plaintiff's direct supervisor, Defendant Brandenburg, repeatedly refused to provide accommodation to the Plaintiff for a back injury suffered when a co-worker at the Club intentionally rammed a cart into her back in the kitchen of the Club on July 15, 2004.

After the second injury occurred on September 27, 2005, Plaintiff complained to Bowen about the circumstances of her injury, and Bowen once again made a sexual advance on Plaintiff. When Plaintiff questioned Bowen a few weeks later about the possibility of returning to work, he informed her that she needed to be 100% healthy to return, and that Brandenburg had told him that she would "really" get hurt if she came back before she was completely healed.

Plaintiff filed a complaint with the Department of Fair Employment and Housing (DFEH) on August 6, 2006 regarding the harassing, discriminatory and retaliatory actions of the Defendants, and received an immediate Right to Sue Notice. She subsequently amended her Right to Sue Notice on September 27th, 2006 - for which the DFEH failed to issue a new Right to Sue Notice - and one last time on April 1, 2008 to reflect accurately the ongoing nature of the disability discrimination and the failure to provide reasonable accommodation. The Third Amended Administrative Complaint and the Third Amended Complaint were filed and served concurrently on all Defendants on April 8th, 2008.

### III. ARGUMENT

**A. Standard of Review Under F.R.C.P. 12(b)(6) and *Elkins***

A motion under Rule 12(b)(6) assumes all facts to be true as alleged, and attacks only the prima facie statement of legally recognizable claims by the non-moving party. All facts are not only considered to be true, but are to be construed in the light most favorable to the non-moving party.

See *Park v. Hyatt Corp.*, 436 F. Supp. 2d 60, at 64.

1. Under *Elkins v. Derby* and its progeny, the Workers' Compensation process tolls the statute of limitations on claims that arise out of the same set of facts as the Workers' Compensation claims, since a reasonable investigation of the Workers' Compensation claims gives at least constructive notice of the related causes of action. *Elkins v. Derby*, 12 Cal. 3d 410, at 417 [tolling of civil claims during Workers' Compensation claim process satisfies both public policy considerations of preserving claims and notice aims that underlie statute of limitations principles.]

Since Plaintiff's workplace injuries are directly related to ancillary tort claims, the principles enunciated in *Elkins* apply broadly in the instant case. Furthermore, the egregious factual background of the case raises a triable issue of whether or not an adequate investigation of the Plaintiff's Workers' Compensation claims should have put the Defendants on notice of at least some of the Plaintiff's DFEH complaints, thereby equitably tolling the statute of limitations on those claims. See *McDonald v. Antelope Valley Community College Dist.*, 151 Cal. App. 4th 961 at 990 (modified on other grounds in *McDonald v. Antelope Valley Community College Dist.*, 2007 Cal. App. LEXIS 1039)[pursuit of administrative claims provided noice and tolled statute of limitations for purposes of the DFEH.]

**B. *Torrey Pines* Only Excludes Retaliation Claims Against Supervisors Based on Discrimination, not Harassment**

Although *Torrey Pines* does prohibit retaliation claims based on discrimination against supervisors, the California Supreme Court narrowly restricted the holding to the facts of the case, and specifically refused to rule on whether or not supervisors could be held individually liable for retaliation based on harassment claims, as opposed to discrimination claims. In so doing, the Court specifically addressed the differences between harassment and discrimination that have spawned diverging case law - most notably, the fact that harassment is considered to be inherently outside of a

3.

supervisor's job responsibilities, whereas discrimination is not. See *Jones v. The Lodge at Torrey Pines*, 42 Cal. 4th 1158, at 1164. However, the facts of the case did not raise the question of whether or not supervisors are individually liable for retaliation for harassment, and the Court specifically declined to address the question. Id., at fn 4. This glaring ommission was not been lost on the only Circuit Court to address the issue. See *Wilson-Combs v. California Department of Consumer Affairs*, 2008 U.S. Dist. LEXIS 20607 [refused to exclude retaliation claim against supervisor claim based on harassment based on explicit silence of California Supreme Court.] In light of the Court's intentional silence on this issue, it would be premature for the instant court to dismiss retaliation claims against individual supervisors based on the harassment claims of the TAC.

### C. *Janken* Only Concerns Discrimination and Is Inapplicable to Harassment Claims Under the Fourth Cause of Action

The Defendant claims that *Janken v. GM Hughes Electronics* and *Reno v. Baird* support its motion to dismiss the Fourth Cause of Action aiding and abetting claims, but the court in Janken makes it abundantly clear that Janken only applies to discrimination cases, not harassment cases, and have no bearing on the individual liability of supervisors in the context of harassment.

> Based upon the language used by the Legislature, we conclude in part III below that it was the intent of the Legislature to place individual supervisory employees at risk of personal liability for personal conduct constituting harassment, but that it was not the intent of the Legislature to place individual supervisory employees at risk of personal liability for personnel management decisions later considered to be discriminatory. We conclude that the Legislature's differential treatment of harassment and discrimination is based on the fundamental distinction between harassment as a type of conduct not necessary to a supervisor's job performance, and business or personnel management decisions--which might later be considered discriminatory--as inherently necessary to performance of a supervisor's job. As a foundational step in our analysis, therefore, we distinguish harassment from discrimination. See *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, at 62-63

As *Janken* makes clear, actions which may later be found discriminatory are intimately associated with basic supervisorial functions, whereas harassment activity falls outside the scope of job duties required of a supervisor. As such, the court in *Janken* restricted its holding to the facts of the case,

as the Supreme Court of California did subsequently in *Torrey Pines*, supra.

> We conclude, therefore, that the Legislature intended that commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment. These are actions of a type necessary to carry out the duties of business and personnel management. These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment. Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management. This significant distinction underlies the differential treatment of harassment and discrimination in the FEHA. *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55 at 64-65

Defendants cannot rely on case law to dismiss a claim when the cases cited to support their contention, *Reno* and *Janken*, clearly refer to a different set of factual circumstances than the instant case - circumstances that concern only the aiding and abetting of discrimination, not the aiding and abetting of harassment. *Reno* is no help, either. "[W]e conclude that individuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts." See *Reno v. Baird*, 18 Cal. 4th 640, at 663. Although an employee cannot conspire with an employer, employees can certainly conspire with each other. As such, the motion to dismiss the Fourth Cause of Action should be denied.

**D. Plaintiff Agrees to Dismiss Without Prejudice the Fifth and Seventh Causes of Action as Respect to Bowen as an Individual Defendant**

Plaintiff hereby dismisses without prejudice the Fifth and Seventh Causes of Action against Defendant Bowen as an individual.

**E. The Eleventh, Twelfth, and Twenty-Third Causes of Action Concerning Cal. Civ. Code sections 51.7, 52.1, and 52.4 Raise Triable Issues of Fact and Are Inappropriate for Resolution Under FRCP 12(b)(6)**

In light of the undisputed facts that Plaintiff has already suffered an initial physical injury due to the wanton and malicious misconduct of a fellow employee, and thereafter suffered further

5.

injury as a direct and proximate result of the Defendants' refusal to provide reasonable accommodation from the time Richard Brandenburg became head chef, it is hard to fathom how Defendants can claim that a subsequent threat, whether communicated via a third party or not, should be dismissed prior to the completion of discovery, and without any input from the trier of fact. The notion that the onus is on the disabled employee to refuse to work under threat of retaliation, rather than on the employer to provide reasonable accommodation at the very least, and not to disaccommodate at the very worst, is a perversion of California law and facially absurd, particularly in light of the fact that the Plaintiff had already been victimized in the past. See *Smith v. IBEW*, 109 Cal. App. 4th 1637 at 1656-1657 [onus is on employer to provide reasonable accommodation, and not to actively "disaccommodate"]. See also, *Bagatti v. Department of Rehabilitation* 97 Cal. App. 4th 344, at 350. [An employer's failure "to make reasonable accommodation for the known physical or mental disability of an ... employee" is an independently actionable unlawful business practice under FEHA]. These claims should be addressed by the trier of fact, and should not be dismissed under F.R.C.P. 12(b)(6).

Furthermore, as discussed in *Elkins*, *supra*, civil claims arising out of the same operative set of facts as potential Workers' Compensation claims are tolled during Workers' Compensation proceedings, which means that the statute of limitations on relevant claims should be tolled from the date of her first Workers' Compensation claim from 2004 when a co-worker intentionally rammed a cart into Plaintiff's back.

F. **Negligence Claims Arising Outside of the Workers' Compensation Bargain Are Not Preempted By Workers' Compensation Statute.**

As noted above, the case law cited by the Defendant only exempts supervisors for liability from discrimination claims, not harassment claims.

Furthermore, Plaintiff's claims of negligence regarding the management and supervision of

6.

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS                              CASE NO. C 07-05261 WHA

individual Defendants by Club, and of individual defendants over each other where appropriate, arise out of violations of clear public policy against workplace harassment, and a willful refusal to provide accommodation to the Plaintiff. In such situations, case law establishes that both intentional and negligent conduct are actionable outside of the Workers' Compensation bargain, and a motion to dismiss is inappropriate, and should be denied. "Where, as here, the plaintiff's emotional distress claims are based on his employer's violation of fundamental public policies of this state, such misconduct cannot be considered a normal part of the employment relationship and the plaintiff's remedy is not confined to workers' compensation." *Smith v. IBEW*, 109 Cal. App. 4th 1637 at 1658 [motion to dismiss negligent infliction of emotional distress based on Workers' Compensation preclusion denied on policy grounds]. See also, *Gantt v. Sentry Insurance* 1 Cal.4th 1083, 1100; *Cabesuela v. Browning-Ferris Industries of California, Inc.* 68 Cal. App. 4th 101, 112-113; *Bagatti v. Department of Rehabilitation* 97 Cal. App. 4th 344. [An employer's failure "to make reasonable accommodation for the known physical or mental disability of an ... employee" is an independently actionable unlawful business practice under FEHA].

Lastly, as discussed in *Elkins*, *supra*, civil claims arising out of the same operative set of facts as potential Workers' Compensation claims are tolled during Workers' Compensation proceedings, which means that the statute of limitations on relevant claims should be tolled from the date of her first Workers' Compensation claim from 2004 when a co-worker intentionally rammed a cart into Plaintiff's back.

**G. A Reasonable Investigation Into Plaintiff's 2004 Workers' Compensation Claim by Defendants Would Have Put Defendants on Notice of Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Invasion of Privacy Claims Arising Out of Workplace Harassment**

At the time of Plaintiff's 2004 back injury, Plaintiff had already suffered considerable

7.

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS                    CASE NO. C 07-05261 WHA

harassment at the hands of supervisory employees, and the intentional physical assault committed by a co-worker on Plaintiff should have reasonably put Defendant Bowen, as the Director of Human Resources, on notice of the ongoing harassment suffered by the Plaintiff. It goes without saying that his own egregious behavior, including many remarks of an obscene or highly offensive nature, makes the concept of notice almost superfluous in this context.

Regardless, the failure to investigate the claim adequately at the time by the Defendant Bowen does not relieve the defendant from the constructive notice provided by the intentional act of violence that led to the 2004 injury. See *Elkins v. Derby*, 12 Cal. 3d 410, at 418 [tolling of civil claims during Workers' Compensation claim process satisfies both public policy considerations of preserving claims and notice aims that underlie statute of limitations principles, but failure by defendant to investigate claim does not destroy constructive notice] Since Plaintiff's workplace injuries are part and parcel of a broader and persistent pattern of harassment, the even a minimal and impartial investigation by Defendant Bowen should have given him adequate notice of Plaintiff's related tort claims, such as the invasive comments and behavior of Defendants and Campbell's offensive remark concerning Plaintiff's ovaries after her ovarian surgery, and the ancillary emotional distress claims that flow logically and inherently from the various harassment claims.

## IV. Conclusion

All facts assumed to be true, and construed in the light most favorable to the Plaintiff as required under Rule 12(b)(6), it is clear that with the exception of two of causes of action against individual Defendants listed in subjection F, *supra*, the Plaintiff has more than met her burden to proceed on the other causes of action. The legal misstatements and conclusory factual allegations in the Defendants' Motion to Dismiss are wholly inadequate to support a motion to dismiss under rule 12(b)(6).

Dated: May 8, 2008

_____
BURKE J. HANSEN
THE LAW OFFICES OF BURKE HANSEN
Attorney for Plaintiff
TAMI GREENWALD

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 819 Eddy St., San Francisco, California, 94109. I served OPPOSITION TO MOTIONS TO DISMISS,

By personal and electronic service, __X__ on

John Fish
650 California St.
San Francisco, CA 94108

Robert Zaletel
221 Main St. 16th Floor
San Francisco, CA 94105

By facsimile transmission on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court 2003(3). The transmission was reported as complete and without error. The names and facsimile numbers of the person(s) served are as set forth below. _____

By placing a true copy of the document(s) listed above for collection and mailing following the office's ordinary business practice in a sealed envelope with postage fully paid thereon for deposit in the U.S. mail at San Francisco, California addressed as set forth below. _____

I am readily familiar with the office's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight

1

delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed: 5/8, 2008.

_____

Burke Hansen