1  BURKE HANSEN, Bar No. 236030
   THE LAW OFFICES OF BURKE HANSEN
2  819 Eddy Street
   San Francisco, CA  94109
3  Telephone:     415.771.6174
   Fax:           415.474.3748
4
   DAN BERKO
5  THE LAW OFFICES OF DANIEL BERKO
   819 Eddy St.
6  San Francisco, CA 94109
7  Attorneys for Plaintiff
   TAMI GREENWALD
8
9
10              UNITED STATES DISTRICT COURT
11              NORTHERN DISTRICT OF CALIFORNIA
12

13  TAMI GREENWALD,                    Case No. C 07-05261 WHA

            Plaintiff,               **PLAINTIFF TAMI GREENWALD'S**
14                                   **OPPOSITION TO DEFENDANTS**
                                     **BOHEMIAN CLUB, RICHARD**
15       v.                          **BRANDENBURG, AND DAN**
                                     **CAMPBELL'S TO MOTION TO DISMISS**
16  THE BOHEMIAN CLUB, INC., ALBERT  **PURSUANT TO RULE 12(B)(6)**
    BOWEN, RICHARD BRANDENBURG,
17  DAN CAMPBELL, and DOES 1          Date:     May 29, 2008
    THROUGH 99, inclusive,           Time:     8am
18                                   Judge:    The Honorable William A. Alsup
            Defendants.              Location: Courtroom 9
19
20
21
22
23
24
25
26
27
28

THE LAW OFFICES OF
BURKE HANSEN
819 EDDY ST.
SAN FRANCISCO, CA 94109
t.415.771.6174
f.415.474.3748

# TABLE OF CONTENTS

I.    INTRODUCTION................................................................................1

II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY ..............................1

III.  ARGUMENT...................................................................................2

      A.  Standard of Review....................................................................2
      B.  Equitable Tolling Under Elkins and McDonald........................................3
      C.  Plaintiff Timely Exhausted Administrative Remedies.................................3
          1.  Plaintiff timely Filed Administrative Charge with the DFEH and Received
              Immediate Right to Sue
              Notice............................................................................3
          2.  Defendants Misinterpret Wasti as Jurisdictional Bar to Plaintiff's Filings...5
      D.  Torrey Pines Only Excludes Retaliation Claims Against Supervisors Based on
          Discrimination, Not
          Harassment...........................................................................10
      E.  Defendants' Contention That Supervisors Cannot "Aid and Abet" Harassment
          Misstates the Court's Holding in Janken.............................................10
      F.  Plaintiff Does Not Oppose Dismissal of the Fifth Cause of Action With Respect Only
          to Individual Defendants, Not Bohemian Club, and the Dismissal of Defendant
          Brandenburg From the Plaintiff's Twenty-First Cause of Action......................11
      G.  Plaintiff's Eleventh, Twelfth and Twenty-Third Causes of Action Raise Triable Issues
          of Fact Inappropriate for Dismissal Under Rule 12(b)(6).............................12
      H.  Negligence Claims Arising Outside of the Workers' Compensation Bargain Are Not
          Preempted by Workers' Compensation
          Statute..............................................................................12
      I.  A Reasonable Investigation Into Plaintiff's 2004 Workers' Compensation Claim by
          Defendants Would Have Put Defendants on Notice of Invasion of Privacy Claims
          Arising Out of Workplace Harassment.................................................13

IV. Conclusion....................................................................................14

THE LAW OFFICES OF
ERIKA JABEN
809 EDDY ST
SAN FRANCISCO, CA 94109
T 415.771.6174
F 415.474.2748

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS                    CASE NO. C 07-05261 WHA

1
2
3

# TABLE OF AUTHORITIES

4

*Austin v. Massachussetts Bonding,*
  56 Cal. 2d 596......................................................................................4
5

*Bagatti v. Department of Rehabilitation,*
  97 Cal. App. 4th 344. ..........................................................................12
6

7

*Barrington v. A. H. Robins Co.,*
  39 Cal. 3d 146......................................................................................4
8

*Cabesuela v. Browning-Ferris Industries of California, Inc.,*
  68 Cal. App. 4th 101............................................................................12
9

10

*Elkins v. Derby,*
  12 Cal. 3d 410.................................................................................3, 13
11

*Gantt v. Sentry Insurance,*
  1 Cal. 4th 1083....................................................................................12
12

13

*Grant v. Comp USA, Inc.,*
  109 Cal. App. 4th 637...........................................................................7
14

*Janken v. GM Hughes Electronics,*
  46 Cal. App. 4th 55 ..............................................................................4
15

16

*Jones v. The Lodge at Torrey Pines,*
  42 Cal. 4th 1158..................................................................................10
17

*Martin v. Fisher,*
  11 Cal. App. 4th 118.............................................................................8
18

19

*McDonald v. Antelope Valley Community College Dist.,*
  151 Cal. App. 4th 961...........................................................................3
20

*McDonald v. Antelope Valley Community College Dist.,*
  2007 Cal. App. LEXIS 1039)..................................................................3
21

22

*Okoli v. Lockheed,*
  36 Cal. App. 4th 1607...........................................................................5
23

*Park v. Hyatt Corp.*
  436 F. Supp. 2d 60............................................................................2, 3
24

25

*Robinson v. Fair Employment & Hous. Com.,*
  2 Cal. 4th 226.......................................................................................8
26

*Rojo v. Kliger,*
  52 Cal. 3d 65.........................................................................................4
27

4

*Smith v. IBEW,*
28

THE LAW OFFICES OF
RUKIN HYLAND
DORIA DILLON
SAN FRANCISCO, CA 94105
T. 415.273.6724
F. 415.474.3248

1    109 Cal. App. 4th 1637...................................................................................12, 13

2

3
**TABLE OF AUTHORITIES**
(cont.)

4

5    *Wasti v. Superior Court,*
      140 Cal. App. 4th 667.........................................................................5, 6, 7

6    *Wilson-Combs v. California Department of Consumer Affairs,*
      2008 U.S. Dist. LEXIS 20607...............................................................10

7

8    STATUTES

9    Cal. Civ. Code section 51.7...................................................................12

10   Cal. Civ. Code section 52.1(a)...............................................................12

11   Cal. Civ. Code section 52.4(c)...............................................................12

12   Cal. Gov. Code section 12962(a).............................................................6

13   Cal. Gov. Code section 12962(b).............................................................5

14   Cal. Gov. Code section 12962(c).............................................................5

15   Cal. Gov. Code section 12965(b).............................................................9

16   Cal. Gov. Code section 12993(a).............................................................9

17   F.R.C.P. 12(b)(6)..............................................................................2, 14

18

19

20

21

22

23

24

25

26

27

28

THE LAW OFFICES OF
BERK DEREK
819 EDDY ST
SAN FRANCISCO, CA 941
1.415.771.6174
1.415.374.3748

OPPOSITION TO DEFENDANTS' MOTION TO DISMISS          CASE NO. C 07-05261 WHA

## OPPOSITION TO MOTION TO DISMISS

PLAINTIFF TAMI GREENWALD hereby opposes the Motion to Dismiss submitted by the Bohemian Club, Richard Brandenburg, and Dan Campbell. Said Opposition will be based on this Memorandum of Points and Authorities, facts of the case, and the papers already on file in the case.

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' BOHEMIAN CLUB, RICHARD BRANDENBURG, AND DAN CAMPBELL

### I. INTRODUCTION

Plaintiff Tami Greenwald worked at the Bohemian Club for a period of about two and one half years, during which time she was subjected to a hostile and oppressive work environment due to her sex and a workplace-related disability. She was also threatened and retaliated against for her sex and disability, and has suffered a permanent injury as a direct and proximate result thereby. The unlawful activities of the Defendants gave rise to a host of Department of Fair Employment and Housing (DFEH) claims, as well as several related common law and statutory claims, which together form the basis of this lawsuit.

### II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff Tami Greenwald worked as a cook for the defendant Bohemian Club (hereinafter "Club") from March 3, 2003 until September 27th, 2005, when she suffered a back injury at work as a direct result of Defendants' failure to provide reasonable accommodation for a previous workplace injury, for which she was at the time on modified duty. She has been out on Workers' Compensation ever since, and is permanently disabled as a direct result of the Defendants' intentional violations of numerous provisions of the Fair Employment and Housing Act (Cal. Gov. Code sections 12900 et seq.).

During her period of employment with the Club, Plaintiff was repeatedly subjected to the outrageous predatory sexual advances and obscene remarks of Defendant Albert Bowen (hereinafter

1.

Bowen), the Director of Human Resources for the Club, as well as ongoing hostility and harassment due to her disability by Chef Richard Brandenburg hereinafter Brandenburg), and offensive comments by Manager Dan Campbell (hereinafter Campbell) regarding her sex. The Plaintiff's direct supervisor, Defendant Brandenburg, repeatedly refused to provide accommodation to the Plaintiff for a back injury suffered when a co-worker at the Club intentionally rammed a cart into her back in the kitchen of the Club on July 15, 2004.

After the second injury occurred on September 27, 2005, Plaintiff complained to Bowen about the circumstances of her injury, and Bowen once again made a sexual advance on Plaintiff. When Plaintiff questioned Bowen a few weeks later about the possibility of returning to work, he informed her that she needed to be 100% healthy to return, and that Brandenburg had told him that she would "really" get hurt if she came back before she was completely healed.

Plaintiff filed a complaint with the Department of Fair Employment and Housing (DFEH) on August 6, 2006 regarding the harassing, discriminatory and retaliatory actions of the Defendants, and received an immediate Right to Sue Notice. She subsequently amended her Right to Sue Notice on September 27th, 2006 - for which the DFEH failed to issue a new Right to Sue Notice - and one last time on April 1, 2008 to reflect accurately the ongoing nature of the disability discrimination and the failure to provide reasonable accommodation. The Third Amended Administrative Complaint and the Third Amended Complaint were filed and served concurrently on all Defendants on April 8th, 2008.

## III. ARGUMENT

### A. Standard of Review

A motion under Rule 12(b)(6) assumes all facts to be true as alleged, and attacks only the prima facie statement of legally recognizable claims by the non-moving party. All facts are not only considered to be true, but are to be construed in the light most favorable to the non-moving party.

2.

See *Park v. Hyatt Corp.*, 436 F. Supp. 2d 60, at 64.

### B. Equitable Tolling Principles Under Elkins and McDonald

Although it is undisputed that Plaintiff timely filed her administrative complaint with the DFEH, the extent to which relevant statutes of limitations apply to ancillary causes of action remains at issue. Under *Elkins v. Derby* and its progeny, the Workers' Compensation process tolls the statute of limitations on claims that arise out of the same set of facts as the Workers' Compensation claims, since a reasonable investigation of the Workers' Compensation claims gives at least constructive notice of the related causes of action. *Elkins v. Derby*, 12 Cal. 3d 410, at 417 [tolling of civil claims during Workers' Compensation claim process satisfies both public policy considerations of preserving claims and notice aims that underlie statute of limitations principles.]

Since Plaintiff's workplace injuries are directly related to ancillary tort claims, the principles enunciated in Elkins apply broadly in the instant case. Furthermore, the egregious factual background of the case raises a triable issue of whether or not an adequate investigation of the Plaintiff's Workers' Compensation claims should have put the Defendants on notice of at least some of the Plaintiff's DFEH complaints, thereby equitably tolling the statute of limitations on those claims. See *McDonald v. Antelope Valley Community College Dist.*, 151 Cal. App. 4th 961 at 990 (modified on other grounds in *McDonald v. Antelope Valley Community College Dist.*, 2007 Cal. App. LEXIS 1039)[pursuit of administrative claims provided noice and tolled statute of limitations for purposes of the DFEH]

### C. Plaintiff Timely Exhausted Administrative Remedies for DFEH Claims

#### 1. Plaintiff Timely Filed Administrative Charge with the DFEH and Received Immediate Right to Sue Notice, and All Subsequent Amendments Relate Back to That Date

It is firmly established that amendments arising out of the same set of operative facts "relate back" to the date of initial filing. An amended complaint relates back to the original complaint, and

THE LAW OFFICES OF
FIRST LAST LLC
819 EDDY ST.
SAN FRANCISCO, CA 94109
T 415.771.6174
F 415.464.3748

thus avoids the statute of limitations as a bar against named parties substituted for fictitious

defendants, if it: (1) rests on the same general set of facts as the original complaint; and (2) refers to

the same accident and same injuries as the original complaint. See *Barrington v. A. H. Robins Co.,*

39 Cal. 3d 146, 150. See also *Austin v. Massachussetts Bonding* 56 Cal. 2d 596 at 600 ["The

modern rule with respect to actions involving parties designated by their true names in the original

complaint is that, where an amendment is sought after the statute of limitations has run, the amended

complaint will be deemed filed as of the date of the original complaint provided recovery is sought

in both pleadings on the same general set of facts."]

It is undisputed that Plaintiff timely filed an initial complaint with the DFEH detailing claims

of sex and disability harassment, retaliation, sexual assault, and denial of accommodation. The only

issue is whether or not a claim of discrimination sufficiently arises out of the same set of facts and

injuries alleged in the Plaintiff's initial complaint such that an amendment to include a discrimination

charge "relates back". The case law cited by defendant here is illustrative: according to *Rojo,*

"Although the FEHA cites harassment as an unlawful employment practice separate from

discrimination (§ 12940, subd. (h)), the regulations and Commission decisions recognize that sexual

harassment is a form of sex discrimination in employment." See *Rojo v. Kliger,* 52 Cal. 3d 65, fn 4

(internal citations omitted).

Notably, of the three cases cited by Defendants in support of dismissal of the discrimination

claim, only one, *Martin v. Lockheed Missiles & Space Co.,* has any relevance to an amended

complaint. *Martin* is, however, factually distinguishable: the plaintiff in *Martin* tried to amend her

initial complaint by mailing a letter to the EEOC, even though her case was being processed by the

DFEH. The court in Martin ruled that Martin's failure to follow proper procedure and alert the

appropriate agency rendered her attempted amendment void. No such issues arise in the instant

case, in which the Plaintiff amended her complaint appropriately with the correct administrative

4.

agency. *Rojo* and *Romano* do nothing but restate the statutory rule of 12962(d), which requires that an initial complaint be filed within one year of the filing of the initial DFEH complaint. Even if the amendment were not allowed to relate back, however, the claim could still be pleaded under current case law since it clearly would have been uncovered in any investigation of the Plaintiff's initial complaint. See *Okoli v. Lockheed 36 Cal. App. 4th 1607, at 1613-1614*. At the very least, the equitable tolling principles elucidated in Elkins v. Derby should apply, in light of the ongoing nature of the Plaintiff's Workers' Compensation claim. See *Elkins v. Derby*, 12 Cal. 3d 410, at 417 [tolling of civil claims during Workers' Compensation claim process satisfies both public policy considerations of preserving claims and notice aims that underly statute of limitations principles.]

Finally, the plain language of FEHA explicitly mandates liberal construction. California Government Code section 12993 states in pertinent part: "(a) The provisions of this part shall be construed liberally for the accomplishment of the purposes of this part."

## 2. Defendants Misinterpret *Wasti* as Jurisdictional Bar to Plaintiff's Filings

Only one published decision has confronted the question of what kind of jurisdictional value, if any, California Government Code section 12962(b) has over a plaintiff's timely filed DFEH complaint (unless otherwise noted, all subsequent statutory references will be to the California Government Code). In *Wasti v. Superior Court*, 140 Cal. App. 4th 667, the 4th Appellate District addressed a situation in which a plaintiff who initially filed in *propia persona* failed to comply with the requirements of section 12962(c), and then afterward hired an attorney, who, subsequently, also failed to comply with the plain language requirements of the aforementioned subsection. The language could not be more clear.

Exhaustion of administrative remedies is a precondition for a lawsuit for a statutory violation under the FEHA. Here, Employee pleaded that she timely filed an administrative complaint and immediately received a right-to-sue letter from the Department. She also complied with the one-

5.

year statute of limitations. Employer says that this is not enough. In addition, Employer states that Employee must plead and prove that she complied with section 12962 by serving the administrative complaint upon the employer within 60 days. No appellate court has imposed this requirement as a jurisdictional prerequisite. We decline to be the first to do so. *Wasti v. Superior Court,* 140 Cal. App. 4th 667, 671-672 (internal citations ommitted)

Defendants would have the court read *Wasti* such that the only rationale for not barring plaintiff's timely filed administrative complaint is that the plaintiff in *Wasti* was not represented by counsel at the time she initially filed her administrative complaint. However, the court in *Wasti* explicitly based its decision on the fact that the legislature included language in the 2003 amendments to subsection 12962(a) limiting its application to situations in which a complaint is filed with the DFEH for investigation, rather than requesting an immediate Right to Sue Notice. "We presume that the limiting phrase "for investigation" was added for a purpose and not from "mere caprice."" *Id.,* at 672. *Wasti,* in keeping with recent trends, adopts a liberal, rather than restrictive, interpretation of statutory requirements - prior to 2003, there was no question that the issuance of the Right to Sue Notice in and of itself constituted the exhaustion of administrative remedies.

In keeping with this tradition, and its reading of the inclusion of the "for investigation" language, the court, ultimately, ridicules the very notion that the Right to Sue Notice has any jurisdictional value whatsoever.

"The investigatory process will cease if the complainant requests a right-to-sue letter. Once the right-to-sue letter is requested, the governmental involvement in the case ceases, and the complainant must undertake private actions or litigation in order to obtain final resolution." (Cal. Civ. Prac. (2006) Employment Litigation, § 2:7.)  Construed in the context of the statute as a whole, the 2003 amendments were intended to eliminate the service requirement where an employee opts to seek a right-to-sue letter. Of what possible *jurisdictional* value would be service of a form document which, on its face, asks the agency not to act? We will not distort the ordinary, everyday meaning of the statute to create an absurdity. Wasti v. Superior Court, 140 Cal. App. 4th 667, 673

The court in *Wasti* explains that the 2003 amendments to 12962(b) put the plaintiff's attorney in the shoes of the department in situations comparable to those described in subsection (a) simply as

THE LAW OFFICES OF
MIKKE HABER
639 FELRY ST.
SAN FRANCISCO, CA 94109
T-315-774-0924
F-415-474-3048

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS                    CASE NO. C 07-05261 WHA

a way to reduce the administrative burden on the department itself. The court points out that no case has ever jurisdictionally barred a plaintiff's timely filed complaint based on the failure of the department to serve a copy of the administrative complaint or the Right to Sue Notice on defendants within the statutory period. "To our knowledge, no reported California court has caused an employee to forfeit his or her FEHA claim for the Department's purported failure to comply with its ministerial duties. (See, e.g., *Grant v. Comp USA, Inc., supra*, 109 Cal. App. 4th at p. 645 [employee may bring FEHA claim notwithstanding Department's failure to issue right-to-sue notice].)" *Id.*, at 675.

There are other reasons to treat the Defendants' reading of *Wasti* with considerable skepticism. The reading of *Wasti* advocated by the Defendants ignores the fact, acknowledged in passing by the court in its statement of the facts in *Wasti*, that the plaintiff's attorney failed to cure the supposed defect in service by complying with subsection 12962(c) and serving the administrative complaint on the defendants at first contact, when he (or she) served the complaint on the respective defendants. Under the severe and harsh misreading of subsection 12962 advocated by the Defendants, the claims in *Wasti* would have been jurisdictionally barred either way, and, plainly, they were not. Such a restrictive reading of *Wasti* sits uncomfortably with both California and Federal case law.

Indeed, section 12993(a) mandates that the FEHA be interpreted liberally. Section 12993(a) states in pertinent part: "The provisions of this part shall be construed liberally for the accomplishment of the purposes of this part." The trend in harassment and discrimination law has in fact been toward more flexibility and liberality in pleading and service, rather less. "The function of an administrative complaint is to provide the basis for an investigation into an employee's claim of discrimination against an employer, and not to limit access to the courts. A strict rule would harm victims of discrimination without providing legitimate protection to individuals who are made aware

7.

THE LAW OFFICES OF
BREE HARSH
415 FRONT ST
SAN FRANCISCO, CA 94111
T 415 777 0574
F 415 434 3948

of the charges through the administrative proceeding." See *Martin v. Fisher*, 11 Cal. App. 4th 118,

122. Plaintiffs may file administrative complaints over one year after filing the last incident covered

by FEHA, under equitable tolling principles. See *McDonald v. Antelope Valley Community College

Dist.*, 151 Cal. App. 4th 961 at 990 (modified on other grounds in *McDonald v. Antelope Valley

Community College Dist.*, 2007 Cal. App. LEXIS 1039) . Plaintiffs may proceed against defendants

not properly named as such in the administrative complaint. See *Martin*, supra, at 122; see also *Cole

v. Antelope Valley Union High School Dist.*,(1996) 47 Cal.App.4th 1505 at pages 1509-1511.

Plaintiffs may pursue claims not even mentioned in the administrative complaint, if reasonable

investigation would have brought such claims to light. See *Okoli v. Lockheed*, 36 Cal. App. 4th

1607, at 1613-1614. Plaintiffs need not verify their own administrative complaints. See *Blum v.

Superior Court*, 141 Cal. App. 4th 418, 428. What constitutes a regular employee for purposes of

the statute is to be construed liberally. See *Robinson v. Fair Employment & Hous. Com*, 2 Cal. 4th

226, at 242. The trend is manifest.

Plaintiffs proceeding in *propria persona* are generally afforded no more procedural grace

than those represented by counsel, but, regardless, the liberal interpretation of FEHA by the courts is

inherent to the law itself, and requires no such procedural or rhetorical gymnastics. As the Second

Appellate District noted in *Blum*, *supra*, denying that an administrative complaint need be verified

by the plaintiff, "[i]n California, liberal construction is not dependent on whether or not the

employee was represented. 'The FEHA itself requires that we interpret its terms liberally in order to

accomplish the stated legislative purpose. In order to carry out the purpose of the FEHA to

safeguard the employee's right to hold employment without experiencing discrimination, the

limitations period set out in the FEHA should be interpreted so as to promote the resolution of

potentially meritorious claims on the merits.' (*Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th

479, 493-494 [59 Cal. Rptr. 2d 20, 926 P.2d 1114].) We conclude the verification requirement

8.

should also be interpreted so as to promote the resolution of potentially meritorious claims on the

merits." See *Blum v. Superior Court*, 141 Cal. App. 4th 418, 424.

*Wasti* makes clear that those employees who request an immediate right to sue notice, rather

than an "investigation" as laid out in section 12962(a), have exhausted their administrative remedies

and satisfied the jurisdictional requirements of the statute.

> **Adding an additional jurisdictional service requirement of a defunct administrative complaint would impose a trap upon the unwary....Employee never filed an administrative complaint with the Department "for investigation." She used the Department's own form to express her intentions to proceed in court, knowing in return (as the form stated) that no investigation would be opened. Following the issuance of the right-to-sue letter, Employee's next step was to timely file and serve a civil complaint for damages. She did so in plenty of time and after having exhausted her administrative remedies. Wasti v. Superior Court, 140 Cal. App. 4th 667, 674**

The court notes that such an interpretation of the statute in effect would add a separate statute of

limitations on DFEH claims, in addition to, and more restrictive than, that laid out in section

12965(b). Although the court in *Wasti* explicitly offered the absence of counsel as a separate and

alternative reasoning for overturning the trial court in Part II of its decision, it based its holding

squarely on the language in subsection 12962(a) limiting its reach to requests for formal

investigations. Not surprisingly, decisions subsequent to the 2003 amendments continue to refer to

the timely filing of the administrative complaint and the issuance of the Right to Sue Notice as the

only jurisdictional prerequisites to filing a civil suit. See *Blum*, *supra*, at 422.

Furthermore, as noted in the Amended Administrative Complaint, and the Third Amended

Complaint, the Plaintiff continues to suffer ongoing discrimination and retaliation for her disability.

since the Defendants to this day have failed, and continue to fail, to provide any form of

accommodation whatsoever to the Plaintiff for her disability; assuming *arguendo* that *Wasti* means

what the Defendants would have the court believe it to mean, which we do not, the timely filing and

9.

service of the Third Amended Administrative Complaint (TAC) would cure whatever hypothetical jurisdictional defects are alleged to exist.

**D.  Torrey Pines Only Excludes Retaliation Claims Against Supervisors Based on Discrimination, not Harassment**

Although *Torrey Pines* does prohibit retaliation claims based on discrimination against supervisors, the California Supreme Court narrowly restricted the holding to the facts of the case, and specifically refused to rule on whether or not supervisors could be held individually liable for retaliation based on harassment claims, as opposed to discrimination claims.  In so doing, the Court specifically addressed the differences between harassment and discrimination that have spawned diverging case law - most notably, the fact that harassment is considered to be inherently outside of a supervisor's job responsibilities, whereas discrimination is not.  See *Jones v. The Lodge at Torrey Pines*, 42 Cal. 4th 1158, at 1164.  However, the facts of the case did not raise the question of whether or not supervisors are individually liable for retaliation for harassment, and the Court specifically declined to address the question.  Id., at fn 4.  This glaring ommission was not been lost on the only Circuit Court to address the issue.  See *Wilson-Combs v. California Department of Consumer Affairs*, 2008 U.S. Dist. LEXIS 20607 [refused to exclude retaliation claim against supervisor claim based on harassment based on explicit silence of California Supreme Court.]  In light of the Court's intentional silence on this issue, it would be premature for the instant court to dismiss retaliation claims against individual supervisors based on the harassment claims of the TAC.

**E.  Defendants' Contention That Supervisors Cannot "Aid and Abet" Harassment Misstates the Courts' Holding in *Janken***

Both cases cited by Defendants in support of its motion to dismiss the Fourth Cause of Action are discrimination cases, and have no bearing on the individual liability of supervisors in the context of harassment.

10.

1

2

3

4

5

6

7

> Based upon the language used by the Legislature, we conclude in part III below that it was the intent of the Legislature to place individual supervisory employees at risk of personal liability for personal conduct constituting harassment, but that it was not the intent of the Legislature to place individual supervisory employees at risk of personal liability for personnel management decisions later considered to be discriminatory. We conclude that the Legislature's differential treatment of   harassment and discrimination is based on the fundamental distinction between harassment as a type of conduct not necessary to a supervisor's job performance, and business or personnel management decisions--which might later be considered discriminatory--as inherently necessary to performance of a supervisor's job. As a foundational step in our analysis, therefore, we distinguish harassment from discrimination. See *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, at 62-63

8

As *Janken* makes clear, actions which may later be found discriminatory are intimately associated

9

with basic supervisorial functions, whereas harassment activity falls outside the scope of job duties

10

required of a supervisor.

11

12

13

14

15

16

17

> We conclude, therefore, that the Legislature intended that commonly necessary personnel management actions such as hiring and firing, job or   project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment. These are actions of a type necessary to carry out the duties of business and personnel management. These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment. Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management. This significant distinction underlies the differential treatment of harassment and discrimination in the FEHA. *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55 at 64-65

18

19

Defendants cannot rely on case law to dismiss a claim when the cases cited to support their

20

contention, *Reno* and *Janken*, clearly refer to a different set of factual circumstances than the instant

21

case - circumstances that concern only the aiding and abetting of discrimination, not the aiding and

22

abetting of harassment.

23

24

**F.  Plaintiff Does Not Oppose Dismissal of the Fifth Cause of Action With Respect Only to Individual Defendants, Not Bohemian Club, and the Dismissal of Defendant Brandenburg From the Plaintiff's Twenty-First Cause of Action**

25

26

Plaintiff hereby agrees to the dismissal of the Fifth Cause of Action with respect to the

27

individual defendants, and to the dismissal of Defendant Brandenburg under Cause of Action

28

1   Twenty-One.

2   **G. Plaintiff's Eleventh, Twelfth and Twenty-Third Causes of Action Under Cal. Civ. Code**
    **sections 51.7, 52.1, and 52.4, Raise Triable Issues of Fact Inappropriate for Dismissal Under**
3   **Rule 12b(6)**

4       In light of the undisputed facts that Plaintiff has already suffered an initial physical injury

5   due to the wanton and malicious misconduct of a fellow employee, and thereafter suffered further

6
    injury as a direct and proximate result of the Defendants' refusal to provide reasonable
7
    accommodation from the time Richard Brandenburg became head chef, it is hard to fathom how
8
9   Defendants can claim that a subsequent threat, whether communicated via a third party or not,

10  should be dismissed prior to the completion of discovery, and without any input from the trier of

11  fact. The notion that the onus is on the disabled employee to refuse to work under threat of

12  retaliation, rather than on the employer to provide reasonable accommodation at the very least, and

13
    not to disaccommodate at the very worst, is a perversion of California law and facially absurd,
14
    particularly in light of the fact that the Plaintiff had already been victimized in the past. See *Smith v.*
15
16  *IBEW*, 109 Cal. App. 4th 1637 at 1656-1657 [onus is on employer to provide reasonable

17  accommodation, and not to actively "disaccommodate]"]. See also, *Bagatti v. Department of*

18  *Rehabilitation* 97 Cal. App. 4th 344, at 350. [An employer's failure "to make reasonable

19  accommodation for the known physical or mental disability of an ... employee" is an independently

20  actionable unlawful business practice under FEHA].

21

22  **H. Negligence Claims Arising Outside of the Workers' Compensation Bargain Are Not**
    **Preempted By Workers' Compensation Statute**
23
        Plaintiff's claims of negligence regarding the management and supervision of individual
24
    Defendants by Club, and of individual defendants over each other where appropriate, arise out of
25
26  violations of clear public policy against workplace harassment, discrimination, and willful refusal to

27  provide accommodation to the Plaintiff. In such situations, case law establishes that both intentional

28  and negligent conduct are actionable outside of the Workers' Compensation bargain, and a motion to

PILLAR OF LOVE OF
BURKE FAMILY
859 EDDY ST.
SAN FRANCISCO, CA 94109
1-415-771-6774
1-415-474-3748

12.

dismiss is inappropriate, and should be denied. "Where, as here, the plaintiff's emotional distress claims are based on his employer's violation of fundamental public policies of this state, such misconduct cannot be considered a normal part of the employment relationship and the plaintiff's remedy is not confined to workers' compensation." *Smith v. IBEW*, 109 Cal. App. 4th 1637 at 1658 [motion to dismiss negligent infliction of emotional distress based on Workers' Compensation preclusion denied on policy grounds]. See also, *Gantt v. Sentry Insurance* 1 Cal.4th 1083, 1100; *Cabesuela v. Browning-Ferris Industries of California, Inc.* 68 Cal. App. 4th 101, 112-113; *Bagatti v. Department of Rehabilitation* 97 Cal. App. 4th 344. [An employer's failure "to make reasonable accommodation for the known physical or mental disability of an ... employee" is an independently actionable unlawful business practice under FEHA].

Furthermore, as discussed in *Elkins, supra*, civil claims arising out of the same operative set of facts as potential Workers' Compensation claims are tolled during Workers' Compensation proceedings, which means that the statute of limitations on relevant claims should be tolled from the date of her first Workers' Compensation claim from 2004 when a co-worker intentionally rammed a cart into Plaintiff's back.

**I.  A Reasonable Investigation Into Plaintiff's 2004 Workers' Compensation Claim by Defendants Would Have Put Defendants on Notice of Invasion of Privacy Claims Arising Out of Workplace Harassment**

At the time of Plaintiff's 2004 back injury, Plaintiff had already suffered considerable harassment at the hands of supervisory employees, and the intentional physical assault committed by a co-worker on Plaintiff should have reasonably put Defendants on notice of the ongoing harassment suffered by the Plaintiff. Failure to investigate the claim adequately at the time by the Defendants does not relieve Defendants from the constructive notice provided by the intentional act of violence that led to the 2004 injury. See *Elkins v. Derby*, 12 Cal. 3d 410, at 418 [tolling of civil claims during

13.

Workers' Compensation claim process satisfies both public policy considerations of preserving claims and notice aims that underlie statute of limitations principles, but failure by defendant to investigate claim does not destroy constructive notice] Since Plaintiff's workplace injuries are part and parcel of a broader and persistent pattern of harassment, the even a minimal and impartial investigation by the Defendants should have given them adequate notice of Plaintiff's related tort claims, such as the invasive comments and behavior of Defendants and Campbell's offensive remark concerning Plaintiff's ovaries after her ovarian surgery

### IV. Conclusion

All facts assumed to be true, and construed in the light most favorable to the Plaintiff as required under Rule 12(b)(6), it is clear that with the exception of two of causes of action against individual Defendants listed in subjection F, *supra*, the Plaintiff has more than met her burden to proceed on the other causes of action. The legal misstatements and conclusory factual allegations in the Defendants' Motion to Dismiss are wholly inadequate to support a motion to dismiss under rule 12(b)(6).

Dated: May 8, 2008

BURKE J. HANSEN
THE LAW OFFICES OF BURKE HANSEN
Attorney for Plaintiff
TAMI GREENWALD

THE LAW OFFICES OF
BURKE HANSEN
846 TROY LN.
SAN FRANCISCO, CA 94131
1 415 771 6724
1 415 474 3648

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**          **CASE NO. C 07-05261 WHA**

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 819 Eddy St., San Francisco, California, 94109. I served OPPOSITION TO MOTIONS TO DISMISS,

By personal and electronic service, ___✗___ on

John Fish
650 California St.
San Francisco, CA 94108

Robert Zaletel
221 Main St. 16th Floor
San Francisco, CA 94105

By facsimile transmission on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court 2003(3). The transmission was reported as complete and without error. The names and facsimile numbers of the person(s) served are as set forth below._____

By placing a true copy of the document(s) listed above for collection and mailing following the office's ordinary business practice in a sealed envelope with postage fully paid thereon for deposit in the U.S. mail at San Francisco, California addressed as set forth below. _____

I am readily familiar with the office's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight

1

1    delivery service pick-up box or office on the same day with
2    postage or fees thereon fully prepaid in the ordinary course of
3    business.
4         I declare under penalty of perjury under the laws of the
5    State of California that the above is true and correct.
6    Executed:  5/8      , 2008.
7
8         _____
9                    Burke Hansen
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28                              2