Robert L. Zaletel, Esq. (SB# 096262)
**McQUAID BEDFORD & VAN ZANDT LLP**
221 Main Street, 16th Floor
San Francisco, CA 94105
Telephone: 415/905-0200
Facsimile: 415/905-0202
Rzaletel@mbvz.com

Attorneys for Defendant
ALBERT BOWEN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMI GREENWALD,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>THE BOHEMIAN CLUB, INC., ALBERT BOWEN, RICHARD BRANDENBURG, DAN CAMPBELL, AND DOES 1 through 99, inclusive,<br><br>　　　Defendants. | Case No. C 07-05261 WHA<br><br>**DEFENDANT ALBERT BOWEN'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS [F.R.C.P. §12(b)(6)]**<br><br>**Date:**　May 29, 2008<br>**Time:**　8:00 a.m.<br>**Honorable William H. Alsup** |

1

## INTRODUCTION

Plaintiff concedes that the Fifth Cause of Action (failure to maintain an environment free from harassment), and Seventh Cause of Action (failure to provide reasonable accommodation) must be dismissed against Mr. Bowen. (Plaintiff's Opposition to Bowen's Motion to Dismiss, p. 5, lines 19-23, hereinafter "Plaintiff's Opp."). The Fifth and Seventh Causes of Action must be dismissed with prejudice.

Plaintiff's Opposition does not address, and therefore apparently concedes, many of the other arguments raised by Defendant in its motion to dismiss. The arguments Plaintiff does raise are unavailing. The Court must also dismiss with prejudice the Second, Fourth, Eleventh, Twelfth, Sixteenth, Seventeenth and Eighteenth, Twenty-First and Twenty-Third Causes of Action against Mr. Bowen.

### A. Plaintiff's Second Cause of Action for Retaliation Under Government Code Section 12940(h) Fails Since Individuals Cannot be Held Liable for Retaliation.

Plaintiff argues that the Supreme Court in *Jones v. Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, 2008 W.L. 553670 "specifically refused to rule on whether or not supervisors could be held individually liable for retaliation based on *harassment* claims as opposed to *discrimination* claims." Plaintiff's Opp., p. 3, lines 24-25. However, in the recent case of *Hammond v. County of Los Angeles*, 160 Cal.App.4th 1579, 73 Cal.Rptr.3d 690 (March 20, 2008), the Court rejected plaintiff's interpretation of *Jones,* and held that *Jones* barred all claims of retaliation against an individual manager, regardless of whether the plaintiff was complaining about *harassment or discrimination,* and regardless of whether the harassment was by the supervisor who was also accused of retaliation. In *Hammond, supra*, 160 Cal.App.4th at 1603, the Court stated (citations omitted):

> "Plaintiff contends that the holding in *Jones, supra*, 42 Cal.4th 1158, does not extend to claims alleging retaliation by a supervisor in response to an employee's report of *harassment* by that supervisor. According to plaintiff, *Jones* involved claims of retaliation by his supervisor in response to an employee's report of discrimination, not harassment. Relying on Justice Moreno's dissent, and a related footnote in the majority opinion in *Jones*, plaintiff concludes that a supervisor who is allegedly liable for harassment should also be liable for retaliation against an employee who opposes or reports that harassment.

2

In *Jones, supra*, the court did note Justice Moreno's argument 'that a supervisor who is liable for harassment should also be liable for retaliation against someone who opposes or reports that harassment,' but said that '[t]his case does not represent that situation.'(Id., at p. - - -, fn. 4, 72 Cal.Rptr. 3d at 731, fn. 4, 177 P.3d at 239, fn. 4.) In doing so, the court acknowledged that it was not addressing the argument raised here by plaintiff that distinguishes between reports of or opposition to discrimination and reports of or opposition to harassment. But the court in *Jones* did not state or imply that it agreed with that distinction or that the policy rationale underlying its holding was applicable only to reports of or opposition to discrimination.

In determining whether a supervisor may be personally liable for retaliation, there is no sound basis for a distinction between retaliation for a compliant about discrimination on the one hand and retaliation for a compliant about harassment on the other. The Supreme Court in *Jones, supra*, interpreted the FEHA as not imposing individual liability for retaliation. The court said, 'In this case, we must decide whether the FEHA makes individuals personally liable for retaliation. We conclude that the same rule applies to actions for retaliation that applies to actions for discrimination: The employer, but not non-employer individuals, may be held liable....' (*Id.* At p. - - -, 72 Cal.Rptr.3d at 625. . . )

The policy of protecting supervisors from 'the ever-present threat of a lawsuit each time they make a personnel decision' . . . would seem to apply generally to retaliation claims, regardless of whether the alleged retaliation was in response to an employee's report of discrimination or harassment. . . . Accordingly, we hold that [individual manager accused of harassment] cannot personally be liable for retaliation under the FEHA."

*Hammond* squarely rejects the argument that Plaintiff asserts here. Because of the danger of deterring supervisors from making personnel actions, they are protected from personal liability for retaliation, regardless of whether they are also accused of harassment. See also, *Deering v. Lassen Community College District*, 2008 W.L. 1805775 (E.D. Cal.) at page 3 (citing *Jones* and broadly stating that individuals cannot be held liable for retaliation).[1]

---

[1]   The Court need not decide whether Plaintiff's interpretation of *Jones* is correct since her allegations of alleged *retaliation* by Mr. Bowen do not relate to prior *harassment* by him. Plaintiff's retaliation claims are set forth in Paragraph 52 of the Third Amended Complaint ("TAC"). Plaintiff alleges that Defendants engaged in a course of retaliatory conduct, including the allegations set forth in Paragraphs 17, 34 through 37, 39 and 42. A careful examination of these paragraphs show that they do not accuse Mr. Bowen of harassment. Paragraph 17 alleges that on July 15, 2004, Plaintiff injured her back and that Defendant Brandenburg required her to lift more than her weight restrictions. Mr. Bowen is not mentioned. Paragraph 34 alleges that Mr. Brandenburg told the Plaintiff and others that she was a "waste of a paycheck". . . . She alleges that she complained to Mr. Bowen about this comment and that he retaliated against her by trying to switch Plaintiff to part-time duty (TAC ¶ 34, lines 18-22). This concerns alleged harassment by Mr. Brandenburg, not Mr. Bowen.

Paragraph 35 of the Complaint alleges that Mr. Brandenburg ordered Plaintiff to ice a
(continued...)

3

B.  **Plaintiff's Fourth Cause of Action for Aiding and Abetting Disability Harassment and Discrimination (California Govt. Code § 12940(i) Fails Because Managers Cannot Be Liable for Aiding and Abetting Other Managers.**

Plaintiff argues that *Jenken v. GM Hughes Electronics, Inc.* (1996) 46 Cal.App.4th 55, 78, applies only to managers accused of aiding and abetting their employer in discrimination under FEHA (not harassment). Plaintiff misses the point of *Jenken*. *Jenken* was based on the "intracorporate conspiracy" doctrine, which provides that corporate employees cannot conspire with their own employer or its other managers. *Jenken* is not limited to discrimination. The court in *Jenken, supra*, 46 Cal.App.4th 55, 78, stated:

> "The common basis for liability for both conspiracy and aiding and abetting, however, is concerned wrongful action. . . . A corporate employee cannot conspire with his or her corporate employer; that would be tantamount to a person conspiring with himself. Thus, when a corporate employee acts in his or her authorized capacity on behalf of his or her employer, there can be no claim of conspiracy between the corporate employer and the corporate employee. . . . In such a circumstance, the element of concert is missing."

The holding in *Jenken* was reaffirmed in *Jones v. The Lodge at Torrey Pines Partnership, supra*, 42 Cal.4th 1158, at p. 1163-64 (aiding and abetting cannot be used to impose personal liability on non-employers); *Fiol v. Dolstedt* (1966) 50 Cal. App.4th 1318, 1326 ("an employee cannot aid or abet his corporate employer"). See also, *Gibson-Jones v. Berkel & Contractors, Inc.*, 2008 W.L.782568 (N.D. Cal.) at page 6 (Employees of corporate employer cannot be liable for aiding and abetting sexual harassment, although an outside independent contractor might be.). [2]

---

[1] (...continued)
tray of fish weighing 50 lbs. (in excess of her weight restriction) and that she injured herself as a result.
  Paragraphs 36 and 37 allege that Defendant Brandenburg "wrote the Plaintiff up" for the incident and that Mr. Brandenburg and Mr. Bowen failed to provide reasonable accommodation. This is not retaliation for harassment by Mr. Bowen.
  Paragraph 39 and 42 deal with an alleged failure to accommodate Plaintiff's disability resulting in a constructive discharge. Mr. Bowen had no personal obligation to reasonably accommodate the Plaintiff.
  Thus, Plaintiff's theory is not supported by her allegations.

[2] In the analogous context of the federal Civil Rights statutes, the "intracorporate conspiracy doctrine" provides that individual managers cannot be liable for conspiring with their employer or its managers. *Travis v. Gary Community Mental Health Center, Inc.* 921 F.2d 108, 110 (7th Cir. 1999) cert. den. 502 U.S. 812, 112 S. Ct. 60, 116 L.Ed.2d 36 (1991) (" . . . [M]anagers of a corporation jointly pursuing its lawful business do
(continued...)

4

The Fourth Cause of Action for "aiding and abetting" under Govt. Code § 12940(i) must be dismissed against Mr. Bowen.[3]

### C. Plaintiff's Eleventh Cause of Action - Unlawful Threats by Intimidation, California Civil Code § 51.7(a) Fails to State a Claim.

Civil Code § 51.7(a) requires violence or intimidation by threat of violence committed against the plaintiff on account of protected characteristics [i.e., sex, disability, etc.]. *Egan v. Schmock* (N.D. Cal. 2000) 93 F.Supp.2d 1090, 1094. The conduct forming the basis for the Eleventh Cause of Action against Mr. Bowen is an alleged comment Richard Brandenburg made to Mr. Bowen that "he would really make sure that if and when she [Plaintiff] comes back, he'll really make sure that she gets hurt by overloading her schedule." (TAC ¶ 80, 36-38). This is not a "threat of violence or intimidation" by Mr. Bowen. He is merely alleged to have recounted a conversation he had with Mr. Brandenburg. When and if Plaintiff returns to work, she can simply refuse to perform work she believes Mr. Brandenburg is asking her to exceed her medical restrictions. The Eleventh Cause of Action fails to state a claim against Mr. Bowen.

### D. The Twelfth Cause of Action - Gender Violence - California Civil Code §52.4(c)(1) Fails to State a Claim for Relief, and is Time-Barred.

Civil Code § 52.4 provides a civil action for victims of "gender violence." "Gender violence" means a criminal act involving the use or attempted use of physical force based on gender, or a physical intrusion or invasion of a sexual nature under coercive conditions. Civil Code § 52.4(c)(1)(2). Plaintiff's Twelfth Cause of Action for gender violence is based on an alleged attempted battery by Mr. Bowen in June 23, 2003 (TAC ¶¶ 12, 17, 34, 37, 82). There is a three-year statute of limitations for violations of gender violence (Civil Code § 52.4(b)). The alleged battery by Mr. Bowen on June 23, 2003 is untimely as the Complaint was not filed until August 6, 2007

---

[2] (...continued) not become 'conspirators' [under 42 U.S.C. § 1985] when acts in the scope of their employment are said to be discriminatory or retaliatory'"; *Hartman v. Board of Trustees*, 4 F.3d 465, 469-470 (7th Cir. 1993); *Hoefer v. Fluor Daniel, Inc.*, 92 F.Supp.2d 1055, 1057 (C.D. Cal. 2000).

[3] Plaintiff concedes that "an employee cannot conspire with an employer" (Plaintiff's Opp. p. 5, lines 16-17). Since an employer can act only through its employees, the same rationale applies to allegations of conspiracy among the Club's employees.

(Request for Judicial Notice, Exhibit A).

*Elkins v. Derby* (1974) 12 Cal.3d 410 does not aid Plaintiff. *Elkins* held that the statute of limitations for a personal injury suit can be equitably tolled while the plaintiff pursues a worker's compensation claim out of the same injury. In *Elkins*, the court allowed the plaintiff to pursue a civil suit after it was determined in the worker's compensation proceedings that she was not an employee at the time of the injury (and thus not covered by the worker's compensation laws).

Plaintiff's worker's compensation claim was filed for her July 15, 2004 back injury (TAC ¶¶ 17, 35). There can be no equitable tolling of her battery claim, since the alleged battery arose out of a different incident occurring off work over a year before her back injury in July of 2004. There can be no equitable tolling due to a worker's compensation claim which concerns a different wrong. *Aerojet General Corp. v. Superior Court (Larsen)* (1986) 177 Cal.App.3d 950, 956 (Plaintiff cannot bring a civil lawsuit for aggravation of her condition based on fraudulent concealment by her employer of the cause of her injury, since the "fraud" was a different "wrong" than the underlying injury); *Mock v. Santa Monica Hosp.* (1960) 187 Cal.App.2d 57, 67. Plaintiff's Twelfth Cause of Action against Mr. Bowen fails.[4]

### E. Plaintiff Sixteenth Cause of Action for Negligent Supervision Fails to State a Claim Against Mr. Bowen.

Plaintiff's Sixteenth Cause of Action for negligent supervision alleges that the Defendants each had a duty to provide Plaintiff with a work environment free from harassment, discrimination and retaliation (TAC ¶ 91). As discussed in connection with the Fifth Cause of Action in Defendant's opening brief, any obligation to provide an environment free of harassment and discrimination lies with the employer only, not its individual managers. (Plaintiff concedes this, as she has agreed to dismiss the Fifth Cause of Action.) Since Mr. Bowen cannot be guilty of failing to accommodate disability, he cannot be liable for negligent or intentional infliction of emotional distress based on this conduct. *Smith v. IBEW* (2003) 109 Cal.App.4th 1637, 1658. Moreover,

---

[4] Plaintiff also relies for her gender violence claim (Twelfth Cause of Action) upon a September 28, 2005 comment by Mr. Bowen concerning a conversation he had with Mr. Brandenburg wherein Mr. Brandenburg allegedly stated he would overload the Plaintiff's schedule (TAC ¶¶ 34. 37, 82). This is not gender violence.

6

since Mr. Bowen is alleged to have discriminated against and harassed Plaintiff he is, in essence, alleged to have negligently supervised himself in the Sixteenth Cause of Action. This makes no sense.

E. **Plaintiff's Seventeenth Cause of Action for Infliction of Emotional Distress Fails to State a Claim for Relief.**

The infliction of emotional distress claims cannot be based on alleged discrimination, failure to accommodate, or constructive discharge by Mr. Bowen, since he cannot be held personally liable for any such claims for the reasons discussed above. See *Smith, supra*, (2003) 109 Cal.App.4th, 1637, 1658.

Infliction of emotional distress liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" but only to conduct "so extreme and outrageous as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Alcorn v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 499. Mr. Bowen's alleged crude sexual comments to Plaintiff do not support a claim for infliction of emotional distress.[5]

F. **Plaintiff's Eighteenth Cause of Action for Invasion of Privacy Fails to State a Claim and is Time-Barred.**

Plaintiff fails to point to any facts constituting an invasion of privacy by Mr. Bowen. She fails to allege (1) a legally protected privacy interest; (2) a reasonable expectation of privacy; (3) conduct by Mr. Bowen that constitutes a serious invasion of privacy. *Hill v. National Collegiate Athletic Association* (1994) 7 Cal.4th 1, 40.[6] Furthermore, invasion of privacy claims are governed

---

[5] Plaintiff's complaint can only reach conduct occurring within two years of the filing of her complaint on August 6, 2007 (i.e., from August 6, 2005 forward). CCP § 335.1. These allegations are found in Paragraphs 31-42 of the Complaint, and involve alleged crude sexual comments, as well as Mr. Brandenburg's alleged comment about "overloading her schedule" (TAC ¶ 38). This is not outrageous conduct.
*Elkins v. Derby, supra*, 12 Cal.3rd 410, does not aid Plaintiff. Plaintiff's worker's compensation claim filed as a result of her 2004 back injury does not relate at all to any of the allegations against Mr. Bowen. Mr. Bowen was not involved in her 2004 back injury. Plaintiff's worker's compensation claim does not provide the basis for tolling of any of the claims against Mr. Bowen.

[6] Plaintiff fails to show how a garden variety sexual harassment claim
(continued...)



7

by the two-year statute of limitations found in CCP §335.1 (*Cain v. State Farm Mut. Auto. Ins. Co.* (1976) 62 Cal.App.3d 310, 313). Plaintiff can therefore only reach conduct occurring within two years of the filing of the complaint on August 6, 2007, i.e., the allegations of Paragraphs 31 through 42. None of the Defendant's alleged comments constitute an "invasion of privacy" (see discussion on pages 8-9 of Defendant's Opening Memoranda). Plaintiff's Eighteenth Cause of Action fails.

**G    The Twenty-First Cause of Action - Breach of Contract Not to Discipline Without Good Cause Must be Dismissed, Since Mr. Bowen is Not a Proper Party.**

Plaintiff fails to oppose, and thus apparently concedes, that Mr. Bowen should be dismissed with prejudice from the Twenty-First Cause of Action for breach of contract not to discipline without good cause. Mr. Bowen is not a party to the collective bargaining agreement - only Plaintiff's employer is. *Williams v. Pacific Maritime Association* (9th Cir. 1970) 421 F.2d 1287, 1289.

**H.    The Twenty-Third Cause of Action - California Civil Rights Violation, Civil Code § 52.1 Fails to State a Claim for Relief.**

Plaintiff's Twenty-Third Cause of Action alleges that Mr. Bowen "interfered or attempted to interfere by threats, intimidation, or coercion with the exercise or enjoyment by Plaintiff of rights secured by the Constitution and laws of the State of California, by implying to Plaintiff that she would be physically injured were she to return with lawful accommodation." TAC ¶ 122. Plaintiff's Twenty-Third Cause of Action is based solely on the alleged comment made by Mr. Bowen to the Plaintiff, that Rich Brandenburg (another manager) had told Mr. Bowen that "he would really make sure that if and when she [Plaintiff] comes back, he [Brandenburg] would really make sure that she gets hurt by overloading her schedule" (TAC ¶ 122, 38). By no stretch of the imagination do the allegations state a claim against Mr. Bowen for threats, intimidation or coercion.

Furthermore, Plaintiff ignores completely the provisions of Civil Code § 52.1(j) which provides that "speech alone is not sufficient to support an action [under Section 52.1] except upon a

---

<sup>6/</sup>    (...continued)
constitutes an invasion of her privacy.



8

DEF. BOWEN'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEF.'S MOTION TO DISMISS                                                        Case No. C 07-05261 WHA

showing that the speech itself threatens violence against the specific person . . . and the person . . . against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them . . . and the person threatening violence has the apparent ability to carry out the threat." Mr. Bowen is alleged to have recounted a comment by Mr. Brandenburg about his future work assignments to the Plaintiff (TAC ¶ 122). Mr. Bowen is not alleged to have threatened violence against the Plaintiff. Civil Code § 52.1(j) bars her claim against Mr. Bowen, assuming arguendo that the allegations even state a claim under Section 52.1.

## CONCLUSION

The Second, Fourth, Fifth, Seventh, Eleventh, Twelfth, Sixteenth, Seventeenth, Eighteenth, Twenty-First and Twenty-Third Causes of Action against Mr. Bowen must be dismissed with prejudice.

Dated: May 14, 2008                    Respectfully submitted,

McQUAID BEDFORD & VAN ZANDT LLP


By:      /s/ Robert L. Zaletel
         Robert L. Zaletel
         Attorneys for Defendant Albert Bowen

00067314.WPD