1   WILLIAM F. TERHEYDEN, Bar No. 43940
    JOHN C. FISH, Jr., Bar No. 160620
2   JOSHUA J. CLIFFE, Bar No. 215390
    LITTLER MENDELSON
3   A Professional Corporation
    650 California Street, 20th Floor
4   San Francisco, CA  94108.2693
    Telephone:    415.433.1940
5   Fax No.:      415.399.8490

6   Attorneys for Defendants
    THE BOHEMIAN CLUB, RICHARD
7   BRANDENBURG AND DAN CAMPBELL

8
                    UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11  TAMI GREENWALD,                        Case No.  C 07-05261 WHA

12            Plaintiff,                    **DEFENDANTS THE BOHEMIAN CLUB,
                                            RICHARD BRANDENBURG AND DAN
13       v.                                 CAMPBELL'S REPLY MEMORANDUM
                                            OF POINTS AND AUTHORITIES IN
14  THE BOHEMIAN CLUB, INC., ALBERT         SUPPORT OF MOTION TO DISMISS AND
    BOWEN, RICHARD BRANDENBURG,             STRIKE PORTIONS OF PLAINTIFF'S
15  DAN CAMPBELL, and DOES 1                THIRD AMENDED COMPLAINT**
    THROUGH 99, inclusive,
16                                          **[F.R.C.P §§ 12(b)(6), 12(f)]**
              Defendants.
17                                          Date:       May 29, 2008
                                            Time:       8:00 a.m.
18                                          Judge:      Hon. William H. Alsup
                                            Location:   Courtroom 9
19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

1

**TABLE OF CONTENTS**

2
**PAGE(S)**

3    I.    INTRODUCTION .................................................................................................... 1

4    II.    ARGUMENT .......................................................................................................... 1

5        A.    Plaintiffs' First Through Eighth Causes Of Action, Which Assert FEHA
            Claims, Must Be Dismissed Because Plaintiff Did Not Exhaust Her
6            Administrative Remedies Before Filing Suit ................................................. 1

7            1.    Plaintiff's First Cause of Action Alleging Sex and Disability
                Discrimination Fails Because Plaintiff Did Not Exhaust Her
8                Administrative Remedies Before Filing Suit ................................... 1

9            2.    Plaintiff's Undisputed Failure to Serve Her DFEH Complaints On
                Defendants Within 60 Days Means This Court Does Not Have
10                Jurisdiction Over Those Claims. ....................................................... 5

11        B.    Plaintiff's Second Cause of Action Should Be Dismissed As to Individual
            Defendant Brandenburg As Individuals Cannot be Individually Liable for
12            Retaliation ...................................................................................................... 8

13        C.    Plaintiff's Fourth Cause of Action Should Be Dismissed As To Individual
            Defendants Campbell and Brandenburg Because Supervisors Cannot Be
14            Individually Liable For Aiding and Abetting Harassment. ......................... 10

15        D.    Plaintiff's Eleventh, Twelfth and Twenty-Third Causes of Action Alleging
            Unlawful Threats and Gender Violence Fail to State A Claim for Which
16            Relief May Be Granted ................................................................................. 11

17        E.    Plaintiff's Sixteenth Cause of Action for Negligent Supervision Against All
            Defendants Is Preempted by the California Workers' Compensation Statute ........... 12

18        F.    Plaintiff's Invasion of Privacy Claim Fails Against All Defendants as
            Plaintiff Has Not Alleged Specific Facts to Support the Claim and It is Time
19            Barred. .......................................................................................................... 13

20    III.    CONCLUSION .................................................................................................... 14

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

i.

# TABLE OF AUTHORITIES

**PAGES**

## CASES

*Arendell v. Auto Parts Club, Inc.,*
    29 Cal. App. 4th 1261 (1994)........................................................................12

*Austin v. Massachusetts Bonding,*
    56 Cal. 2d 596 (1961)..................................................................................3

*Barrington v. A.H. Robins Co.,*
    39 Cal. 3d 146 (1985)..................................................................................3

*Cain v. State Farm,*
    62 Cal. 3d 310 (1976)................................................................................13

*Coit Drapery Cleaners, Inc. v. Sequoia Insurance Co.,*
    14 Cal. App. 4th 1595 (1993)..............................................................12, 13

*Collier v. City of Pasadena,*
    142 Cal. App. 3d 917 (1983).............................................................2, 3, 13

*Downs v. Department of Water & Power,*
    58 Cal. App. 4th 1093 (1997)........................................................................2

*Elkins v. Derby,*
    12 Cal. 3d 410 (1974)...........................................................................2, 13

*Fermino v. Fedco, Inc.,*
    7 Cal. 4th 701 (1994)................................................................................12

*Hammond v. County of Los Angeles,*
    160 Cal. App. 4th 1579 (2008)...........................................................8, 9, 10

*Hill v. National Collegiate Athletic Ass'n,*
    7 Cal. 4th 1 (1994)....................................................................................13

*Janken v. Hughes,*
    46 Cal. App. 4th 55 (1996)......................................................................4, 11

*Jones v. The Lodge at Torrey Pines Partnership,*
    42 Cal. 4th 1158 (2008)......................................................................passim

*Livitsanos v. Superior Court,*
    2 Cal. 4th 744 (1992)................................................................................12

*Martin v. Lockheed Missiles & Space Co.,*
    29 Cal. App. 4th 1718, 1724 (1994)........................................................4, 5, 8

*McDonald v. Antelope Valley Community College,*
    151 Cal. App. 4th 961 (2007)
    *modified at McDonald v. Antelope Valley Community College,*
    2007 Cal. App. LEXIS 1039 ........................................................................2

*Meritor Sav. Bank, FSB v. Vinson,*
    477 US 57 (1986).........................................................................................7

*Okoli v. Lockheed Technical Operations Co.,*
    36 Cal. App. 4th 1607 (1995)........................................................................4

*Reno v. Baird,*
    18 Cal. 4th 640 (1998)...................................................................4, 9, 10, 11

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANTS' REPLY iso MOTION TO DISMISS/STRIKE      CASE NO. C 07-05261 WHA

*Robomatic, Inc. v. Vetco Offshore*,
   225 Cal. App. 3d 270 (1990) ...............................................................................12

*Rojo v. Kliger*,
   52 Cal. 3d 65 (1990) ........................................................................................5, 8

*Romano v. Rockwell Int'l, Inc.*,
   14 Cal. 4th 479 (1996) .....................................................................................5, 8

*Smith v. IBT, Local Union 11*,
   109 Cal. App. 4th 1637 (2003) ...........................................................................12

*Valdez v. City of Los Angeles*,
   231 Cal. App. 3d 1043 (1991) ...............................................................................5

*Wasti v. Superior Court*,
   140 Cal. App. 4th 667 (2006) ............................................................................6, 7

*Williams v. Schwartz*,
   61 Cal. App. 3d 628 (1976) .................................................................................12

*Wilson-Combs v. Cal. Dept of Consumer Affairs*,
   2008 U.S. Dist. LEXIS 20607 ...........................................................................9, 10

## STATUTES

Cal. Civ. Code § 51.7 .................................................................................................11

Cal. Civ. Code § 52.1 .................................................................................................11

Cal. Civ. Code § 52.4(c) .............................................................................................11

Cal. Code Civ. Proc. § 335.1 ......................................................................................13

Cal. Gov't Code § 12940(i) ...................................................................................10, 11

Cal. Gov't Code § 12960 ......................................................................................1, 5, 8

Cal. Gov't Code § 12962 ...................................................................................5, 6, 7, 8

Cal. Gov't Code § 12962(a) ................................................................................5, 6, 7

Cal. Gov't Code § 12962(b) .............................................................................5, 6, 7, 8

Cal. Gov't Code § 12962(c) .................................................................................5, 7, 8

Cal. Gov't Code §12940(j) ............................................................................................7

Cal. Lab. Code § 3600 .................................................................................................12

F.R.C.P. 12(b)(6) ..........................................................................................................1

F.R.C.P. 12(f) ................................................................................................................1

## OTHER AUTHORITIES

California Workers' Compensation Act ........................................................................12

Fair Employment and Housing Act ......................................................................passim

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

iii.

I.    **INTRODUCTION**

The Bohemian Club, Richard Brandenburg and Dan Campbell hereby submit this Reply in support of their motion to dismiss certain Causes of Action and striking allegations asserted in Plaintiff's Third Amended Complaint. F.R.C.P. 12(b)(6),12(f).

II.    **ARGUMENT**

A.    **Plaintiffs' First Through Eighth Causes Of Action, Which Assert FEHA Claims, Must Be Dismissed Because Plaintiff Did Not Exhaust Her Administrative Remedies Before Filing Suit.**

1.    **Plaintiff's First Cause of Action Alleging Sex and Disability Discrimination Fails Because Plaintiff Did Not Exhaust Her Administrative Remedies Before Filing Suit.**

Plaintiff's First Cause of Action alleging FEHA discrimination must be dismissed because she did not file a DFEH Complaint alleging discrimination within one year of the alleged discriminatory conduct as required by the FEHA.[1] Cal. Gov. Code § 12960.  In her Opposition, Plaintiff does not deny that she failed to assert a timely discrimination claim, but argues that her failure to exhaust should be excused because 1) "the Workers' Compensation process tolls the statute of limitations on claims that arise out of the same set of facts as the Workers' Compensation claims;" and 2) her untimely Amended DFEH Complaint "relates back" to her earlier-filed DFEH Complaint.  Both of those arguments fail for the reasons discussed below.

a.    **Plaintiff's workers' compensation claim does not toll the statute of limitations because the facts of the two claims are not identical.**

Plaintiff argues that because she has a pending workers' compensation case against The Bohemian Club the statute of limitations is equitably tolled and she was excused from filing a DFEH Complaint alleging discrimination.  Plaintiff's reliance on the equitable tolling doctrine is

---

[1] On August 30, 2006, Plaintiff filed Complaints with the DFEH against The Bohemian Club, Albert Bowen, Dan Campbell for alleged sex harassment and against Richard Brandenburg for alleged disability harassment and requested an immediate right to sue notice. (Exhibit A).  On September 27, 2006, Plaintiff filed Amended DFEH Complaints against Defendants alleging sex and disability harassment, sexual assault, retaliation and denial of accommodation. (Exhibit E.)  Plaintiff did not allege that she was subjected to discrimination, termination, demotion, or was forced to quit in any of her Amended DFEH Complaints. (*Id.*)  Plaintiff did not obtain a right to sue notice for these new allegations.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

1.

1    misplaced for a simple reason: Her workers' compensation claim and discrimination claim are not

2    "identical," and not even close for that matter.

3            Three factors determine whether the statute of limitations is equitably tolled in a

4    particular case: (1) timely notice to defendants in filing the first claim; (2) lack of prejudice to

5    defendants in gathering evidence to defend against the second claim; and (3) good faith and

6    reasonable conduct by plaintiffs in filing the second claim. *Downs v. Department of Water &*

7    *Power*, 58 Cal. App. 4th 1093 (1997). The Court of Appeal further explained these requirements as

8    follows:

> [T]he filing of the first claim must alert the defendant in the second
> claim of the need to begin investigating the facts which form the basis
> for the second claim. Generally this means that the defendant in the
> first claim is the same one being sued in the second. The second
> prerequisite essentially translates to a requirement that the facts of the
> two claims be identical or at least so similar that the defendant's
> investigation of the first claim will put him in a position to fairly
> defend the second.

14   *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924-925 (1983) . In other words, the first and

15   second claims must be the same for the equitable tolling exception to apply. For example, in *Elkins*

16   *v. Derby*, 12 Cal. 3d 410 (1974), the California Supreme Court held that the statute of limitations

17   governing actions for personal injuries was tolled during the pendency of workers' compensation

18   proceedings relating to the *same accident* because insistence on duplicative parallel filing in these

19   circumstances would impose unnecessary burdens on the parties and the courts without furthering

20   the fundamental policy underlying limitations statutes. Similarly, in another case cited by Plaintiff,

21   *McDonald v. Antelope Valley Community College*, 151 Cal. App. 4th 961 (2007), the statute of

22   limitations was equitably tolled while the plaintiff pursued her internal community college system

23   remedies on the *same claims* that she sought to litigate in a civil lawsuit. *Id.* at 972, 984-985;

24   *modified at McDonald v. Antelope Valley Community College,* 2007 Cal. App. LEXIS 1039.

25           Here, the facts of Plaintiff's workers' compensation claim and her discrimination

26   claim are entirely unrelated. Plaintiff's workers' compensation claim stems from an alleged back

27   injury she suffered at work. (Opp., p. 1.) Quite differently, Plaintiff alleges that she was subjected

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

2.

DEFENDANTS' REPLY iso MOTION TO DISMISS/STRIKE                    CASE NO. C 07-05261 WHA

1   to discrimination based on her sex and alleged disability.   Specifically, she alleges constructive

2   discharge as follows:

> Furthermore, the repeated predatory sexual advances by Bowen toward the plaintiff have directly and proximately created a hostile work environment wherein any reasonable woman would fear for her physical safety. This ongoing and continual failure by Bowen and the Bohemian Club to provide a workplace free of the threat of sexual assault by senior management such as Bowen, the director of human resources, has directly and proximately created a hostile and oppressive work environment completely unacceptable to any reasonable woman, to which no reasonable woman could be expected to return, such that plaintiff has been, and continues to be, constructively terminated from her position, and unable to pursue her career as chef. (TAC ¶ 41.)

Clearly, these wholly distinct legal theories are not "identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second." *Collier v. City of Pasadena*, 142 Cal. App. 3d at 924-925.  Plaintiff's filing of a workers' compensation claim due to a back injury could not possibly of put The Bohemian Club on notice of alleged discrimination that made it impossible for her to return to work.[2]   Indeed, Plaintiff admittedly failed to complain of Defendants' alleged unlawful conduct, so for her now to argue that her unrelated workers' compensation put the Club on notice is entirely disingenuous.  Equitable tolling is not applicable here. *Id.*

### b.   The relation back doctrine does not apply to administrative complaints.

Next, Plaintiff argues that her untimely Amended DFEH Complaint "relates back" to her earlier-filed DFEH Complaint.  Plaintiff cites to two cases, *Barrington v. A.H. Robins Co.*, 39 Cal. 3d 146, 150 (1985) and *Austin v. Massachusetts Bonding*, 56 Cal. 2d 596, 600 (1961), for the unremarkable proposition that amendments to a Complaint in a civil lawsuit based on the same set of operative facts "relate back" to the date of the initial filing of the civil Complaint.  Defendants do not dispute that is the rule with respect to civil Complaints.  Here, however, the issue is whether

---

[2] In addition, the individual defendants could not possibly have been put on notice of Plaintiff's discrimination allegations by the filing of her workers' compensation claim as they are not a party to the workers' compensation case.

3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**DEFENDANTS' REPLY iso MOTION TO DISMISS/STRIKE**      **CASE NO. C 07-05261 WHA**

1   Plaintiff has exhausted her administrative remedies as required by the DFEH. The relation back

2   doctrine has never been applied to this jurisdictional requirement. Plaintiff does not cite any

3   authority to support her position that this Court should change California law and apply the relation

4   back doctrine to the jurisdictional requirement that a plaintiff exhaust his or her administrative

5   remedies before filing a lawsuit.

6          Plaintiff further argues that "[t]he only issue is whether or not a claim of

7   discrimination sufficiently arises out of the same set of facts and injuries alleged in Plaintiff's initial

8   complaint such that the an amendment to include a discrimination charge 'relates back.'" (Opp., p.

9   4.) Plaintiff comes to the startling conclusion that a claim alleging unlawful sexual harassment is the

10  same as a claim for FEHA discrimination. The California Supreme Court resolutely rejected that

11  view in the seminal case of *Reno v. Baird,* 18 Cal. 4th 640, in which it adopted the Court of Appeal's

12  reasoning in *Janken v. Hughes*, 46 Cal. App. 4th 55, 78 (1996) that there is a fundamental difference

13  between discrimination and harassment under the FEHA. *Reno*, 18 Cal. 4th at 645-646. Plaintiff

14  herself comes to this same conclusion later in her Opposition, noting that the California Supreme

15  Court in the *Jones v. The Lodge at Torrey Pines* case "specifically addressed the differences between

16  harassment and discrimination." (Opp., p. 10.)

17         Moreover, Plaintiff fails to address the authority cited by Defendants that holds that a

18  plaintiff does not exhaust all FEHA claims by merely asserting another unrelated FEHA claim. *See*

19  *Okoli* v. *Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1609-1610, 1617 (1995)

20  (plaintiff who filed a DFEH complaint only alleging race discrimination did not exhaust

21  administrative remedies with respect to the claim of retaliation in his lawsuit); *Martin v. Lockheed*

22  *Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1724 (1994) ("To exhaust his or her administrative

23  remedies as to a particular act made unlawful by the Fair Employment and Housing Act, the

24  claimant must specify that act in the administrative complaint, even if the complaint does specify

25  other cognizable wrongful acts.")

26         Because the equitable tolling and relation back doctrines do not apply here, it remains

27  that Plaintiff failed to exhaust her administrative remedies with respect to her discrimination claim

28  and her First Cause of Action must be dismissed without leave to amend as to all Defendants. Cal.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco CA 94108 2693
415 433 1940

4.

1  Gov. Code § 12960 (a plaintiff is required to file an administrative charge with the DFEH within one

2  year of the alleged discriminatory conduct); *Rojo v. Kliger*, 52 Cal. 3d 65, 83 (1990) (exhaustion of

3  administrative remedies with the DFEH is a statutory prerequisite to filing a civil for discrimination

4  under the FEHA); *Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479, 492 (1996) (same); *Martin*, 29

5  Cal. App. 4th at 1718, 1729 (where a plaintiff does not properly exhaust her administrative remedies,

6  the court lacks jurisdiction over a corresponding civil claim for violation of FEHA); *Valdez v. City of*

7  *Los Angeles*, 231 Cal. App. 3d 1043, 1052 (1991) ("Discrimination complaints not timely filed with

8  the department cannot be the basis for a civil action against the employer.")

9         **2.    Plaintiff's Undisputed Failure to Serve Her DFEH Complaints On**
10              **Defendants Within 60 Days Means This Court Does Not Have Jurisdiction Over Those Claims.**

11      Plaintiff does not deny that she failed to serve her DFEH Complaint and Right to Sue

12  Notice on Defendants within 60 days as required by California Government Code section 12962.

13  Instead, she argues that the statute is essentially meaningless in that she, or any other plaintiff, can

14  simply ignore its requirements.

15      Plaintiff begins by quoting the holding of the *Wasti* case, which found that a *pro se*

16  plaintiff's failure to serve the required documents was not a jurisdictional prerequisite because she

17  was *not* represented by a lawyer at the time and had not filed a charge "for investigation" with the

18  DFEH. Defendants submit that such a holding was correct under the plain meaning of California

19  Government Code section 12962(a), which provides:

20       (a) The department shall cause any verified complaint filed for
21       investigation under the provisions of this part to be served, either personally or by certified mail with return receipt requested, upon the person, employer, labor organization, or employment agency alleged
22       to have committed the unlawful practice complained of.

23      Unlike the plaintiff in *Wasti*, however, Ms. Greenwald *was* represented by an attorney

24  when she filed her DFEH Complaints and she requested an immediate right to sue letter in lieu of the

25  DFEH investigating. This is an undisputed and crucial difference which mandates the application of

26  two entirely separate subsections of Government Code section 12962. The statute states that when

27  the claimant is represented by counsel "for purposes of representation of the claim," then subsections

28  (b) and (c) apply, not (a):

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

5.

DEFENDANTS' REPLY iso MOTION TO DISMISS/STRIKE         CASE NO. C 07-05261 WHA

1

2

3

4

5

6

7

(b) Notwithstanding subdivision (a), where a person claiming to be aggrieved by an alleged unlawful practice hires or retains private counsel for purposes of representation of the claim, the private counsel, and not the department, shall cause the verified complaint filed under the provisions of this part to be served, either personally or by certified mail with return receipt requested, upon the person, employer, labor organization, or employment agency alleged to have committed the unlawful practice.

(c) Service shall be made at the time of initial contact with the person, employer, labor organization, or employment agency or the agents thereof, or within 60 days, whichever first occurs.... *Id.*

8   As Plaintiff points out, the *Wasti* court relied on the fact that the phrase "for

9   investigation" appeared in subsection (a) of section 12962, but that phrase does *not* appear in

10   subsection (b) of the section.   Cal. Gov. Code § 12962(a), (b).   Rather, subsection (b) provides that

11   when a complainant "retains private counsel for purposes of representation of the claim, the private

12   counsel, not the department, shall cause the verified complaint...to be served...."   This is a direct

13   acknowledgment of the distinction between a claimant who submits her claims to the DFEH "for

14   investigation," versus a claimant who retains a lawyer and asks for an immediate right to sue notice

15   in lieu of the DFEH's investigation.   The "for investigation" language was not included as part of (b)

16   because (b) covers those situations where, as here, the claimant has a lawyer who is going to handle

17   the claim rather than the DFEH.   The different subsections of the statute are clear as to when they

18   apply and their plain meaning must be followed.   *Wasti v. Superior Court*, 140 Cal. App. 4th 667

19   (2006) (when analyzing section 12962, a court should give the "words of the statute their ordinary

20   and usual meaning.")

21   Plaintiff dismisses the different requirements of section 12962 as "procedural and

22   rhetorical gymnastics." (Opp., p. 8.) And Plaintiff would like this Court to believe that whether the

23   DFEH complaint is served within 60 days or, in this case, over a year later, makes no difference.

24   But it does.   Indeed, if Plaintiff's approach was the law, then any complainant represented by

25   counsel could simply ignore the requirements of section 12962 and not serve the DFEH Complaint,

26   thereby effectively concealing the administrative complaint until a civil lawsuit is filed.   As a

27   practical matter, the negative implications of Plaintiff's argument cannot be underestimated.   By

28   allowing a complainant to hide his or her administrative complaint, a charged entity or person will

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

1    be stripped of its ability to investigate charges of unlawful discrimination and harassment and

2    remedy such conduct if need be. The implications for sexual harassment cases is especially

3    disturbing. If there is no requirement that a DFEH Complaint be served, a charged employer has no

4    way of knowing of the harassment allegations such that it can conduct an investigation and take

5    remedial action if appropriate. *See e.g.* Cal. Gov. Code §12940(j) (it is an unlawful practice for an

6    employer to fail to take all reasonable steps necessary to prevent harassment from occurring); *see*

7    *also Meritor Sav. Bank, FSB v. Vinson,* 477 US 57, 72 (1986) (employer owes a duty to investigate

8    whenever it becomes aware of harassment.) It is vital that such a result should be avoided. Indeed,

9    the relatively short 60 day service requirement is consistent with public policy—the sooner notice is

10   provided the sooner any unlawful conduct can be investigated, stopped, and remedied.

11           Plaintiff also argues that regardless of what subsections (a), (b) and (c) say, she

12   should be treated the same as the unrepresented plaintiff in *Wasti* because "Plaintiffs proceeding in

13   *propria persona* are generally afforded no more procedural grace than those represented by

14   counsel." (Opp., p. 8.) Ironically, what Plaintiff appears to be arguing is that she should be given

15   some "procedural grace" not because she is *pro per*, but because she is represented by counsel and

16   her counsel failed to comply with the statute. The statute, however, does not provide the Court with

17   such discretion. Moreover, there has been no assertion of attorney mistake or inadvertence, nor can

18   there be. It certainly is not as if counsel did not know about the requirements. Plaintiff and her

19   lawyer completed and filed a Right-To-Sue Complaint Information Sheet, which asked:

20               DO YOU HAVE AN ATTORNEY WHO HAS AGREED TO
                 REPRESENT    YOU    ON    YOUR    EMPLOYMENT
21               DISCRIMINATION CLAIMS IN COURT? IF YOU CHECK "YES",
                 YOU WILL BE RESPONSIBLE FOR HAVING YOUR ATTORNEY
22               SERVE THIS DFEH COMPLAINT. (Exhibit B [All capital letters in
                 the original])
23

24   Plaintiff checked "Yes" and listed her attorney's name, Burke Hansen, along with his address and

25   phone number. The DFEH then sent four separate Notices of Case Closure to Plaintiff's attorney

26   which instructed:

27               Please note that under Government Code section 12962, you are
                 responsible for **service of the complaint** on respondent(s). You should

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA. 94108 2693
415.433.1940

7.

also enclose a copy of the Notice of Case Closure along with the complaint, These documents must be served within **60 days** of the filing date of the complaint. Government Code section 12962(b) further provides that complaints must be served either personally or by certified mail with return receipt requested. (Exhibit D) [emphasis in original][3]

Plaintiff also argues that she "cured" her failure to exhaust with her most recent DFEH filing, but Plaintiff's untimely new charges are nothing more than an attempt at an end run around the 60 day service requirement in section 12962. Indeed, Plaintiff's Amended DFEH Complaints filed on April 1, 2008 were filed more than one year after the last instance of alleged wrongful conduct. (TAC ¶ 13.) As such, they are clearly untimely and cannot "cure" Plaintiff's earlier failure to exhaust her administrative remedies. Cal. Gov. Code § 12960; *Rojo*, 52 Cal. 3d at 83; *Romano*, 14 Cal. 4th at 492; *Martin*, 29 Cal. App. 4th at 1728.

Because Plaintiff failed to serve the required documents on a timely basis as required by the plain meaning of the statute, the Court does not have jurisdiction to hear Plaintiff's FEHA claims and they should be dismissed without leave to amend. Cal. Gov. Code § 12962(b), (c).

**B.    Plaintiff's Second Cause of Action Should Be Dismissed As to Individual Defendant Brandenburg As Individuals Cannot be Individually Liable for Retaliation.**

Plaintiff argues that the California Supreme Court's recent ruling in *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158 (2008), does not apply in this case because there is an open question as to whether supervisors can be individually liable for retaliating against an employee who complains of harassment. (Opp., p. 10.) Plaintiff bases her argument on a footnote in the *Jones* decision in which the Supreme Court stated that it was not deciding whether retaliation for complaints of harassment could lead to individual liability. *Jones*, 42 Cal. 4th at 1164 fn. 4. Plaintiff is wrong that it is an open issue. The Court of Appeal recently issued its decision in *Hammond v. County of Los Angeles*, 160 Cal. App. 4th 1579 (2008), holding that there is no individual liability for retaliation, whether it is based on a complaint of harassment or discrimination. Indeed, the Court of Appeal rejected the exact same argument espoused by Plaintiff in this case:

---

[3] Notably, the DFEH instructs that the DFEH Complaint "must" be served, not "may" be served as Plaintiff argues the rule should be.

8.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

DEFENDANTS' REPLY iso MOTION TO DISMISS/STRIKE          CASE NO. C 07-05261 WHA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff contends that the holding in *Jones, supra*, 42 Cal. 4th 1158 does not extend to claims alleging retaliation by a supervisor in response to an employee's report of harassment by that supervisor. According to plaintiff, *Jones* involved claims of retaliation by a supervisor in response to an employee's report of discrimination, not harassment. Relying on Justice Moreno's dissent and a related footnote in the majority opinion in *Jones*, plaintiff concludes that a supervisor who is allegedly liable for harassment should also be liable for retaliation against an employee who opposes or reports that harassment.

...

In determining whether a supervisor may be personally liable for retaliation, there is no sound basis for a distinction between retaliation for a complaint about discrimination on the one hand and retaliation for a complaint about harassment on the other. The Supreme Court in *Jones, supra*, 42 Cal. 4th 1158 interpreted the FEHA as not imposing individual liability for retaliation. The court said, "In this case, we must decide whether the FEHA makes individuals personally liable for retaliation. We conclude that the same rule applies to actions for retaliation that applies to actions for discrimination: The employer, but not nonemployer individuals, may be held liable." (*Id.* at p. 1160, italics omitted.) The court's reliance on the discussion in *Reno v. Baird* (1998) 18 Cal. 4th 640, 643, pointing to the adverse consequences of subjecting supervisors to personal liability for personnel decisions, seems equally applicable to claims of retaliation based on reports of harassment.

*Hammond*, 160 Cal. App. 4th at 1603.[4]  The Court of Appeal's reasoning is sound and makes perfect

sense in light of the holdings in *Reno v. Baird* and *Jones*, as well as in the context of this case.

Indeed, all of Plaintiff's retaliation allegations in this case involve personnel decisions for which an

individual cannot be held liable.  (TAC ¶¶ 17, 23, 29, 30, 34, 35, 37, 40, 42).  In *Reno v. Baird*, the

California Supreme Court held that individual supervisors could not be liable for discrimination

under the FEHA because discrimination claims arise out of "the performance of necessary personnel

management duties."  *Reno*, 18 Cal. 4th at 646.  The Supreme Court explained:

[T]he legislature intended that commonly necessary personnel management actions such as hiring and firing, job or project assignments, office work or stations assignments, promotion, or demotion, performance evaluations, the provision of support, the

---

[4] Plaintiff should be admonished for failing to cite this case in her Opposition.  Plaintiff clearly shepardized the *Jones* case as she cites another recent federal District Court case, *Wilson-Combs v. Cal. Dept of Consumer Affairs*, 2008 U.S. Dist. LEXIS 20607.  Indeed, Plaintiff goes so far as to say that the *Wilson-Combs* case is the only "Circuit Court" to address the issue.  (Opp., p. 10.)  That is misleading at best, and a blatant misrepresentation at worst.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

9.

1
2
3

assignment or nonassignment of supervisory functions, deciding who will and will not attend meetings, deciding who will be laid off, and the like…are the actions of a type necessary to carry out the duties of business and personnel management.

4    *Id.*

5    In deciding whether there can be individual liability for FEHA retaliations claims

6    based on reports of discrimination, the California Supreme Court in *Jones* applied the same

7    reasoning as in *Reno* to find that an "employer, but not nonemployer individuals, may be held

8    liable." *Jones*, 42 Cal. 4th at 1160.  The Court of Appeal in *Hammond* then took the next logical

9    step and applied this reasoning to all types of retaliation claims.[5]  *Hammond*, 160 Cal. App. 4th at

10   1603.

11   Here, all of the acts identified by Plaintiff in her Third Amended Complaint, even if

12   true, constitute personnel management acts for which supervisory employees cannot be held

13   personally liable as a matter of law.  Plaintiff expressly alleges that Brandenburg was a supervisory

14   employee.  (TAC ¶ 4).  Plaintiff asserts that Brandenburg retaliated against her by:  1) criticizing her

15   work performance; 2) denying her a reasonable accommodation; and 3) counseling her regarding her

16   work performance.  All of these alleged acts fall squarely within the scope of employment.

17   Because each of Plaintiff's allegations relies on managerial acts for which

18   Brandenburg, as a matter of law, cannot be held personally liable, Plaintiff's Third Cause of Action

19   alleging FEHA retaliation should be dismissed as to him without leave to amend.

20   **C.    Plaintiff's Fourth Cause of Action Should Be Dismissed As To Individual
             Defendants Campbell and Brandenburg Because Supervisors Cannot Be
21           Individually Liable For Aiding and Abetting Harassment.**

22   Plaintiff's Fourth Cause of Action alleges that all defendants aided and abetted sexual

23   or disability harassment as proscribed by FEHA section 12940(i).  This claim cannot be asserted

24

25   [5] Plaintiff relies the *Wilson-Combs* case in her Opposition, but it does not support her argument in
     light of the *Hammond* case, which was decided two weeks later on March 31, 2008.  *Wilson-Combs*
26   *v. Cal. Dept of Consumer Affairs*, 2008 U.S. Dist. LEXIS 20607.  The *Wilson-Combs* court held that
     because the *Jones* case was silent as to individual liability for retaliation based on reports of
27   harassment, it looked to the Court of Appeal cases decided prior to *Jones*.  Presumably, the court
     would have come to a different conclusion if the case was decided after *Hammond* because the Court
28   of Appeal explicitly decided the issue in that case based on the reasoning in *Jones*.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

10.

DEFENDANTS' REPLY iso MOTION TO DISMISS/STRIKE                    CASE NO. C 07-05261 WHA

1    against the individual defendants. *Janken v. Hughes*, 46 Cal. App. 4th 55, 78 (1996) ("we conclude

2    that the Legislature did not intend to impose personal liability upon individual supervisory

3    employees by the roundabout method of 'aiding and abetting' language."); *see also Reno v. Baird*,

4    18 Cal. 4th 640, 655-656 (1998).

5         Plaintiff responds by arguing that *Reno* and *Janken* do not apply because they involve

6    aiding and abetting of discrimination, not aiding and abetting of harassment.   (Opp., p. 11.)

7    However, in *Jones*, the California Supreme Court reiterated its earlier ruling in *Reno*, holding:   "We

8    also concluded that the aiding and abetting language of former subdivision (g) (now subd. (i)) of

9    section 12940 did not impose personal liability on nonemployers." *Jones,* 42 Cal. 4th at 1163, *citing*

10   *Reno*, 18 Cal. 4th at 655-656.   Notably, the Court did not limit its holding only to claims for aiding

11   and abetting discrimination as Plaintiff argues the rule should be. *Jones* definitively states that there

12   can be no individual liability for aiding and abetting under section 12940(i).   *Id*.   Accordingly,

13   Plaintiff's Fourth Cause of Action should be dismissed as to individual defendants Campbell and

14   Brandenburg.

15        **D.      Plaintiff's Eleventh, Twelfth and Twenty-Third Causes of Action Alleging**
          **Unlawful Threats and Gender Violence Fail to State A Claim for Which Relief**
16        **May Be Granted.**

17        Plaintiff's Eleventh, Twelfth, and Twenty-Third Causes of Action allege that

18   Defendants engaged in unlawful threats of violence against her in violation of California Civil Code

19   sections 51.7 and 52.1 and gender violence in violation of California Code section 52.4(c).   In her

20   Opposition, fails to explain how an alleged statement by Brandenburg -- that <u>Plaintiff</u> <u>heard</u> <u>second</u>

21   <u>hand</u> -- in which Brandenburg allegedly said that he was going to overload Plaintiff's schedule is a

22   "threat of violence" or "actual violence" based on Plaintiff's gender.   Indeed, Plaintiff does not even

23   allege that Brandenburg harbored discriminatory intent toward her based on her gender.   She claims

24   he treated her unfavorably due to her alleged disability.   Moreover, Plaintiff has failed to cite any

25   authority to support her position.   Nevertheless, common sense dictates that Plaintiff cannot

26   repackage her harassment and failure to accommodate theories as threats of violence or gender

27   violence.   Plaintiff's Eleventh, Twelfth  and Twenty-Third Cause of Action should be dismissed as

28   to all Defendants.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

DEFENDANTS' REPLY iso MOTION TO DISMISS/STRIKE                    CASE NO. C 07-05261 WHA

1

**E.     Plaintiff's Sixteenth Cause of Action for Negligent Supervision Against All Defendants Is Preempted by the California Workers' Compensation Statute.**

2

3      In response to Defendants' argument that Plaintiff's Sixteenth Cause of Action

4  alleging negligent supervision should be dismissed because it is preempted by the California Workers'

5  Compensation Act, Plaintiff argues that it should not be dismissed because it arises out of her claims for

6  "workplace harassment, discrimination and willful refusal to provide accommodation." Plaintiff cannot have

7  it both ways. She already has asserted those claims in other causes of action. However, with her Sixteenth

8  Cause of Action, she seeks to characterize those allegations which involve intentional conduct, as a

9  negligence claim. Styled as a negligence claim, it is clear that workers' compensation preemption applies.

10  *See* Labor Code section 3600 *et seq.*; *Coit Drapery Cleaners, Inc. v. Sequoia Insurance Co.*, 14 Cal. App. 4th

11  1595 ("any claim for mere negligence by [the employer] would be barred here by the workers' compensation

12  laws, since [the employee] was the employee of [the employer] and may not sue for its allegedly negligent or

13  improper supervision."); *see also Livitsanos v. Superior Court*, 2 Cal. 4th 744, 747 (1992); *Robomatic,*

14  *Inc. v. Vetco Offshore*, 225 Cal. App. 3d 270, 274-75 (1990); *Williams v. Schwartz*, 61 Cal. App. 3d

15  628 (1976). The California Workers' Compensation Act provides the exclusive remedy for an

16  employee who claims to have suffered an injury as a result of the negligent conduct of his or her

17  employer. *Fermino v. Fedco, Inc.*, 7 Cal. 4th 701, 713-14 (1994); *see also Arendell v. Auto Parts*

18  *Club, Inc.*, 29 Cal. App. 4th 1261, 1265 (1994).

19      Defendants acknowledge that the Court of Appeal in *Smith v. IBT, Local Union 11*,

20  109 Cal. App. 4th 1637, 1658 (2003) analyzed the plaintiff's intentional and negligent infliction of

21  emotional distress claims together as "emotional distress claims" and found that workers'

22  compensation preemption did not apply. By incorrectly analyzing the claims together and not

23  making a distinction between intentional and negligent conduct, the court was ultimately half right.

24  It is well-settled that causes of action involving intentional conduct are beyond the employment

25  bargain and not preempted, however the great weight of authority states that negligence claims are

26  preempted. *See Coit Drapery Cleaners*, 14 Cal. App. 4th at 1605-1606; *Livitsanos*, 2 Cal. 4th at 747;

27  *Robomatic*, 225 Cal. App. 3d at 274-75; *Williams*, 61 Cal. App. 3d 628; *Fermino*, 7 Cal. 4th at 713-

28  14; *Arendell*, 29 Cal. App. 4th at 1265. In fact, the Court of Appeal in *Coit Drapery Cleaners*

12.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANTS' REPLY iso MOTION TO DISMISS/STRIKE                    CASE NO. C 07-05261 WHA

1    analyzed a negligent supervision claim similar to the one at issue here and found that it was

2    preempted. *Coit Drapery Cleaners*, 14 Cal. App. 4th at 1605-1606. The same result is justified here and

3    Plaintiff's Sixteenth Cause of Action should be dismissed.

4    **F.    Plaintiff's Invasion of Privacy Claim Fails Against All Defendants as Plaintiff Has Not Alleged Specific Facts to Support the Claim and It is Time Barred.**

5

6    In her Opposition, Plaintiff fails to point to any facts that support a cause of action for

7    invasion of privacy. *See Hill v. National Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 40 (1994). To

8    support a viable claim for invasion of privacy, Plaintiff must allege facts to show that Defendants

9    invaded a "legally protected privacy interest" of Plaintiff. *Id.* Plaintiff cites her harassment

10   allegations but none of those claims implicate privacy issues.

11   Plaintiff's Eighteenth Cause of Action is also time-barred as there is no alleged

12   invasive conduct within the two year statute of limitations period. Code Civ. Pro. § 335.1; *Cain v.*

13   *State Farm*, 62 Cal. 3d 310, 313 (1976). Plaintiff again seeks to rely on the equitable tolling doctrine

14   enunciated in *Elkins v. Derby* to save her stale claim, but, like her discrimination, equitable tolling

15   does not apply here because her workers' compensation claim relating to her back injury is not

16   "identical" to her invasion of privacy claim. *Collier*, 142 Cal. App. 3d at 924-925 (the equitable

17   tolling doctrine requires that "the facts of the two claims be identical or at least so similar that the

18   defendant's investigation of the first claim will put him in a position to fairly defend the second.")

19   Plaintiff fails to explain how filing a workers' compensation claim for a back injury would have

20   revealed that Plaintiff believes that some still unidentified "legally protected privacy interest" was

21   invaded. Because Plaintiff has not alleged sufficient facts to support her Eighteenth Cause of Action

22   and it is time barred it should be dismissed.

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco CA 94108 2693
415 433 1940

13.

1    III.    **CONCLUSION**

2              Based on the foregoing, Defendants request that the Causes of Action discussed in

3    their Motion to Dismiss and Strike be dismissed as requested in Defendants' Motion.

4    Dated: May 15, 2008

5

6                                              _____
                                               JOSHUA J. CLIFFE
7                                              LITTLER MENDELSON
                                               A Professional Corporation
8                                              Attorneys for Defendants
                                               THE BOHEMIAN CLUB, RICHARD
9                                              BRANDENBURG AND DAN CAMPBELL

10   Firmwide:85178298.1 011124.1042

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
Professional Corporation
650 California Street
20th Floor
n Francisco, CA 94108 2693
415 433 1940

**DEFENDANTS' REPLY iso MOTION TO DISMISS/STRIKE**          **CASE NO. C 07-05261 WHA**