United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMI GREENWALD,<br><br>    Plaintiff,<br><br>  v.<br><br>THE BOHEMIAN CLUB, INC.,<br>ALBERT BOWEN, RICHARD<br>BRANDENBURG, DAN CAMPBELL,<br>and DOES 1 through 99, inclusive,<br><br>    Defendants.<br>                              / | No. C 07-05261 WHA<br><br>**ORDER GRANTING IN PART<br>AND DENYING IN PART<br>DEFENDANTS' MOTIONS<br>TO DISMISS** |

## INTRODUCTION

In this sexual harassment and employment discrimination action, defendants The Bohemian Club, Richard Brandenburg, and Dan Campbell and defendant Albert Bowen separately move to dismiss various claims in plaintiff's complaint pursuant to FRCP 12(b)(6). For the reasons below, the motions are **GRANTED IN PART** and **DENIED IN PART**.

## STATEMENT

All well-pled allegations in the complaint are accepted as true. In March 2003, plaintiff Tami Greenwald began full-time employment as a line cook at the Bohemian Club, a prominent private club in San Francisco. Because of the club's failure to compensate Greenwald for relocation expenses, she agreed to stay with defendant Albert Bowen, the club's director of human resources, during the first few months of her employment.

During this time, Bowen frequently made comments to Greenwald about his sexual conduct and made inquiries about her sex life. He also made sexual advances toward her, which she rebuffed. In June 2003, Bowen came home intoxicated and approached the couch where Greenwald was sleeping. He tried to touch her and asked her to touch his genitals, to which she replied, "[N]o leave me alone" (Third Amd. Compl. ¶ 12). In August 2003, Bowen walked into the bathroom while Greenwald was showering and afterward made several lewd comments to her related to the incident.

In July 2004, Greenwald suffered a back injury when another club employee intentionally rammed a serving cart into her back. She complained of this incident to management, but no disciplinary measures were taken against the responsible employee. Greenwald was placed on modified work duty, which limited the amount of weight she was required to lift. Defendant Richard Brandenburg, Greenwald's supervisor, failed to accommodate her lifting restriction.

Defendants and other employees continued to make indecent remarks to Greenwald throughout the course of her employment. Bowen persisted in his sexual advances. Greenwald complained to various managers, including Bowen and defendant Dan Campbell, who failed to offer or provide any remedies.

On September 27, 2005, Brandenburg ordered Greenwald and a co-worker to ice a tray of fish that weighed approximately fifty pounds. Greenwald suffered a subsequent back injury after lifting the tray. She left work to receive treatment for her injury. When Greenwald attempted to return from treatment and requested accommodation, Bowen recounted a conversation in which Brandenburg stated that "he [Brandenburg] would really make sure that if and when she [Greenwald] comes back he will really make sure that she gets hurt by overloading her schedule" (*id.* at ¶ 38). Brandenburg and Bowen later informed Greenwald that no accommodation could be made for her in her previous position, or in a comparable position. She has not worked for the Bohemian Club since that time.

Greenwald filed administrative complaints with the Department of Fair Employment and Housing on August 30, 2006, alleging sexual harassment by Bowen and Campbell and

2

harassment on the basis of disability by Brandenburg in violation of the California Fair Employment and Housing Act. She filed amendments on September 27, 2006, which alleged denial of accommodation, sexual assault, and retaliation. Greenwald was represented by private counsel when these complaints were filed. Greenwald's attorney did not timely serve the defendants with notice of either the original administrative complaints or the amendments. On August 6, 2007, Greenwald filed her civil complaint. She filed additional amendments to the administrative complaints on April 1, 2008, which, like the civil complaint, alleged discrimination. Defendants were timely served with these amendments.

**ANALYSIS**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). All material allegations of the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007).[1]

**1.     FIRST CLAIM AS TO ALL DEFENDANTS.**

Defendants move to dismiss plaintiff's first claim as to all defendants. For the following reasons, defendants' motion to dismiss the first claim is denied.

**A.     Exhaustion of Administrative Remedies.**

Defendant The Bohemian Club argues that plaintiff's claim alleging violation of California Government Code Section 12940(a) should be dismissed because plaintiff failed to exhaust administrative remedies. Exhaustion of administrative remedies is a precondition for a

---

[1] Internal citations are omitted from all quotations unless indicated otherwise.

3

FEHA lawsuit. No complaint may be filed more than one year after the date that the alleged unlawful practice took place. Cal. Gov. Code 12960.

Plaintiff's August 2006 administrative complaints and September 2006 amendments alleged sex and disability harassment, sexual assault, retaliation, and denial of accommodation. They did not allege discrimination (Def. Exhs. A, E). Plaintiff did not allege discrimination until she filed additional amendments on April 1, 2008 (TAC Attach. 1). These amendments, however, were filed more than one year following the last related incident alleged by plaintiff. Plaintiff argues that these amendments are not time-barred because the statute of limitations has been equitably tolled and because the amendments (untimely filed) related back to the complaints and amendments (timely filed). For the following reasons, this order holds that the statute of limitations has not been equitably tolled, but that the relation-back doctrine does apply. Thus, the August 2008 amendments are not time-barred.[2]

### *(1)   Equitable Tolling.*

Plaintiff first argues that because she has a pending workers' compensation claim against The Bohemian Club, the statute of limitations has been equitably tolled. Under California law, application of the equitable-tolling doctrine involves an inquiry into "three-core elements": (i) timely notice to the defendant of the first claim; (ii) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (iii) good faith and reasonable conduct by the plaintiff in filing the second claim. *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983).

*Elkins v. Derby* 12 Cal. 3d 410, 413 (1974), cited by plaintiff, tolled the statute of limitations where the plaintiff filed a personal injury suit outside the limitation period "seeking recovery for the *same injury* which served as the basis for his workmen's compensation claim" (emphasis added). Because the same injury gave rise to both claims, the defendant's interest in receiving timely notice was satisfied and the risk that the defendants would suffer prejudice was minimized. *Id.* at 417–18.

---

[2] Defendants have requested judicial notice of plaintiff's August 2006 administrative complaints and September 2006 amendments. Plaintiff does not contest defendants' request. Judicial notice is granted.

4

1    Here, plaintiff's workers' compensation claim arises from a back injury she suffered at
2 work. This injury is substantially different from the discrimination alleged in the April 2008
3 amendments to plaintiff's administrative complaints. Although the discrimination alleged by
4 plaintiff is related to her disability, the workers' compensation claim which addressed the injury
5 itself did not give defendants constructive notice of a potential discrimination claim nor did it
6 minimize their risk of prejudice. Thus, plaintiff's workers' compensation claim fails to satisfy
7 the first two elements required for equitable tolling.

### (2)    *Relation Back*.

Plaintiff next argues that the April 2008 amendments are not time-barred because they related back to the timely-filed August 2006 administrative complaints and September 2006 amendments. Addressing a question unanswered by state courts, the Ninth Circuit held that "the relation-back doctrine is available in appropriate circumstances to render timely an otherwise untimely amendment under FEHA." *Rodriguez v. Airborne Express*, 265 F.3d 890, 898 (9th Cir. 2001). *Rodriguez* held that relation back in an administrative context requires that the original complaint contain facts that would support the untimely-filed charge "absent its direct allegation." *Id.* at 898–99.

Plaintiff argues that the discrimination alleged in the April 2008 amendments arises out of the same general facts as the injuries alleged in the timely-filed administrative complaints and amendments. While the decisions cited by defendants distinguish harassment from discrimination, they fail to do so in the context of the relation-back doctrine. *Reno v. Baird*, 18 Cal. 4th 640, 644–45 (1998), and *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 62–63 (1996), address the distinctions between harassment and discrimination in determining whether nonemployer individuals should be liable under certain FEHA claims. Neither holds that harassment and discrimination cannot arise out of the same general facts.

The precise legal issue here — whether an untimely-filed sex and disability *discrimination* administrative claim may relate back to a timely-filed sex and disability *harassment* administrative claim — has not been decided by California courts or the Ninth Circuit. *Rodriguez* concluded that the plaintiff's timely administrative complaint

5

alleging *race* discrimination "fail[ed] to offer an adequate factual basis to support a charge of *disability* discrimination, and thus fail[ed] to warrant relation back of the untimely amended charge." *Rodriguez*, 265 F.3d at 899 (emphasis added).

Unlike the plaintiff in *Rodriguez*, here plaintiff's harassment claims (timely filed) and discrimination claims (untimely filed) both centered around plaintiff's *sex* and *disability*. *Janken* held that "[c]ase law has generally found little reason to distinguish clearly between the type of allegations that support a claim of harassment versus the type of allegations that support a claim of discrimination." *Janken*, 46 Cal. App. 4th at 62. Because both sets of claims here involved plaintiff's sex and disability, plaintiff's harassment claims placed defendants on constructive notice of the subsequent discrimination claims. Thus, the discrimination claims related back to the harassment claims and are not time-barred.

Although the statute of limitations is not equitably tolled by plaintiff's pending workers' compensation claim, plaintiff's untimely-filed amendments related back to her timely-filed administrative complaints and amendments.

### 2. FIRST THROUGH EIGHTH CLAIMS AS TO ALL DEFENDANTS.

Defendants move to dismiss plaintiff's first through eighth claims as to all defendants. For the following reasons, defendants' motion is denied.[3]

FEHA requires that a complaint filed for investigation be served upon the alleged violator within sixty days. Cal. Gov. Code 12962. Defendants argue that because they did not receive timely notice of the August 2006 administrative complaints or the September 2006 amendments, plaintiff failed to exhaust her administrative remedies and, consequently, all claims alleging FEHA violations must be dismissed. *Wasti v. Superior Court*, 44 Cal. Rptr. 3d 625, 625 (2006), held that the notice requirement of Section 12962 could not serve as a jurisdictional bar to a plaintiff's civil complaint. Although here plaintiff was represented when she pursued administrative remedies (unlike the plaintiff in *Wasti*), this order holds that the reasoning of *Wasti* still applies and rejects defendants' argument.

---

[3] The complaint does not include a "third" claim. Thus there are only seven claims alleging FEHA violations. Similarly, the complaint does not provide a "thirteenth," "fourteenth," or "fifteenth" claim. Although the complaint enumerates twenty-three claims, there are in fact only nineteen.

6

Defendants argue that Section 12962 always requires the private counsel of a represented plaintiff to serve notice whereas notice need not be served if the plaintiff is *pro se*. *Wasti*, however, relied on a statutory construction independent of plaintiff's representation: "Government code section 12962 only imposes a service requirement upon FEHA claims that are submitted to the department for 'investigation' . . . . Of what possible *jurisdictional* value would be service of a form document which, on its face, asks the agency not to act?" *Id.* at 626, 629 (emphasis in original). Because plaintiff did not submit her claim for investigation and immediately sought a right-to-sue letter, her failure to timely serve defendants notice did not operate as a jurisdictional bar.

Defendants argue that this reading of the statute renders it meaningless. This is not so. The notice requirement remains in effect for all claims submitted to the department for investigation. Moreover, this reading is consistent with the legislative history of the 2003 amendments to Section 12962, which were drafted to ease the administrative burdens of the DFEH. *Id.* at 628 (citing Stats. 2003, ch. 447, § 1).

Defendants also argue that this reading of the statute will allow plaintiffs to conceal the administrative complaint until a civil complaint is filed, thereby depriving the defendant of the opportunity to investigate the charges and remedy any unlawful conduct. Defendants' proposed reading of the statute, however, remains unsupported by *Wasti*. When a plaintiff files an administrative complaint for investigation, then Section 12962 will apply and afford the defendant notice. A plaintiff who chooses to litigate in court must timely file the civil complaint and abide by the applicable notice requirements for civil filings.

### 3. SECOND, FOURTH, FIFTH, AND SEVENTH CLAIMS AS TO INDIVIDUAL DEFENDANTS.

Defendants argue that plaintiff's second, fourth, fifth, and seventh claims should be dismissed with respect to the individual defendants because nonemployer individuals are not liable for certain FEHA claims. For the following reasons, this order agrees with defendants.

7

### A.  Second Claim for Retaliation in Violation of Section 12940(h).

The California Supreme Court recently held that nonemployer individuals cannot be held liable for retaliation under FEHA. *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1160 (2008). *Jones* did not, however, reach the question of whether a supervisor is personally liable for retaliation claims based on harassment as opposed to those based on discrimination. *Id.* at 1168 n.4. *Hammond v. County of Los Angeles*, 160 Cal. App. 4th 1579, 1604 (2008), however, extended *Jones* to retaliation claims based on harassment, finding that "there is no sound basis for a distinction between retaliation for a complaint about discrimination on the one hand and retaliation for a complaint about harassment on the other." *Id.* at 1603. *Hammond* further explained: "The policy of protecting supervisors from 'the ever-present threat of a lawsuit each time they make a personnel decision' would seem to apply generally to retaliation claims, regardless of whether the alleged retaliation was in response to an employee's report of discrimination or harassment." *Id.* at 1604 (citing *Jones*, 18 Cal. 4th at 1167). This order thus holds that the individual defendants cannot be held personally liable for retaliation under FEHA.

### B.  Fourth Claim for Aiding and Abetting In Violation of Section 12940(i).

Defendants argue that plaintiff's claim for aiding and abetting sexual or disability harassment in violation of Section 12940(i) should be dismissed as to defendants Bowen, Brandenburg, and Campbell because they cannot be held liable as nonemployer individuals. Defendants are correct. The California Supreme Court clearly held that individual nonemployers are not liable for claims under Section 12940(i). *Janken*, 46 Cal. App. 4th at 78. This order holds that defendants Bowen, Brandenburg, and Campbell cannot be personally liable for aiding and abetting under FEHA.

### C.  Fifth Claim for Failure to Maintain an Environment Free From Harassment in Violation of Section 12940(j).

Defendants argue that plaintiff's claim for failure to maintain an environment free from harassment and hostility in violation of Section 12940(j) should be dismissed as to the individual defendants. Plaintiff concedes this point.

8

### D. Seventh Claim for Disability Harassment In Violation of Section 12940(m).

Defendant Bowen argues that plaintiff's claim for failure to provide reasonable accommodation for known physical or mental disability should be dismissed as to himself as an individual. Plaintiff does not argue otherwise. Although defendants Brandenburg and Campbell did not make this argument, there is no apparent reason to allow plaintiff to proceed with this claim as to the other individual defendants.

### 4. ELEVENTH CLAIM AS TO ALL DEFENDANTS.

Defendants argue that plaintiff's claim of unlawful threats and intimidation under California Civil Code Section 51.7(a) should be dismissed with respect to all defendants for failure to state a claim upon which relief can be granted. For the reasons below, this order agrees with defendants.

Section 51.7(a) provides that all persons "have the right to be free from violence, or intimidation by threat of violence committed against their persons . . . on account of any characteristic defined in subdivisions (b) or (e)." The characteristics listed in these subdivisions include sex and disability. Cal. Civ. Code 51.7(a), (b), (e).

Plaintiff bases this claim on: (i) a conversation with defendant Bowen in which Bowen recounted a statement made by defendant Brandenburg that "he [Brandenburg] would really make sure that if and when she [plaintiff] comes back, he will really make sure that she gets hurt by overloading her schedule"; (ii) an incident in which a coworker rammed a serving cart into plaintiff's back; and (iii) defendant Brandenburg's demands that plaintiff lift heavy trays beyond the reasonable accommodations previously established by the club following plaintiff's first back injury (TAC ¶ 80).

Because an employer can be liable for the acts of its agent under Section 51.7(a), defendant The Bohemian Club could potentially be liable for the alleged battery committed by a club employee. *Winarto v. Toshiba America Elec. Components, Inc.*, 274 F.3d 1276, 1290 n.16 (9th Cir. 2001). Courts have not uniformly applied the statute of limitations to components of Section 51 — some have applied a three-year limitation period while others have applied a one-year period. *See Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 754–55 (2002).

9

1  Regardless of the applicable statute of limitations, the alleged battery occurred more than three
2  years prior to the filing of plaintiff's civil complaint and is therefore time-barred.

3  Under Section 51.7(a), the test for determining whether there has been a threat of
4  violence that is intimidating is whether a reasonable person would have been intimidated and
5  perceived a threat of violence. *Winarto*, 274 F.3d at 1290. Applying this standard, Bowen's
6  recounting of the conversation he had with Brandenburg was not a threat of violence.
7  Brandenburg's alleged failure to accommodate plaintiff's disability also did not constitute a
8  threat of violence. Decisions finding liability under Section 51.7(a) have involved threatened
9  use of physical force, which plaintiff's factual allegations fail to depict. *See id.* at 1280
10 (holding defendant liable where he threatened to hurt the plaintiff and had kicked her in the
11 past). None of plaintiff's factual allegations indicate any violence or intimidation by threat of
12 violence on the part of defendant Campbell.

13            **5.     TWELFTH CLAIM AS TO ALL DEFENDANTS.**

14 Defendants move to dismiss plaintiff's twelfth claim alleging gender violence under
15 California Civil Code Section 52.4 as to all defendants. Defendants argue that this claim should
16 be dismissed because it is unsupported by plaintiff's factual allegations. Alternatively,
17 defendant Bowen argues that the claim is time-barred. This order agrees with defendants.

18 Section 52.4 provides that "any person who has been subjected to gender violence may
19 bring a civil action for damages against any responsible party." Gender violence is defined as
20 "the use, attempted use, or threatened use of physical force against the person or property of
21 another, committed at least in part based on the gender of the victim" or "a physical intrusion or
22 physical invasion of a sexual nature under coercive conditions." Cal. Civ. Code 52.4.

23 Plaintiff's claim with respect to defendant Bowen stems, in part, from an alleged
24 attempted sexual assault committed on June 23, 2003. This allegation falls outside the
25 three-year limitation period of Section 52.4(b) and may not provide the basis for plaintiff's
26 claim. Plaintiff also alleges that she suffered an implied threat of violence when Bowen
27 recounted the conversation he had with defendant Brandenburg in which Brandenburg
28 threatened to overload plaintiff's schedule (TAC ¶¶ 36–38, 80). This statement does not

amount to a "threatened use of physical force" against plaintiff by *Bowen* and, thus, does not provide a basis for which plaintiff may obtain relief.

Plaintiff also cites the alleged battery that a club employee committed upon her with a serving cart to support her claim (TAC ¶¶ 17, 82). This alleged battery falls outside the three-year limitation period of Section 52.4(b). Moreover, Section 52.4 "does not establish any civil liability of a person because of his or her status as an employer, unless the employer personally committed an act of gender violence." Cal. Civ. Code 52.4(d). Accordingly, plaintiff fails to state a claim against defendant The Bohemian Club.

### 6. SIXTEENTH CLAIM AS TO ALL DEFENDANTS.

Defendants argue that plaintiff's sixteenth claim alleging negligent supervision should be dismissed because negligence claims are preempted by the exclusive remedy provisions of the California Workers' Compensation Act, Labor Code Section 3600, *et seq*. *Coit Drapery Cleaners, Inc. v. Sequoia Insurance Co.*, 14 Cal. App. 4th 1595, 1606 (1993), held that "any claim for mere negligence by [employee] would be barred . . . by the workers' compensation laws since [employee] was the employee of [employer] and may not sue for its allegedly negligent or improper supervision." Plaintiff cites *Smith v. International Brotherhood of Electrical Workers*, 109 Cal. App. 4th 1637, 1658 (2003), which involved negligent and intentional infliction of emotional distress claims and held that "[w]here . . . the plaintiff's emotional distress claims are based on his employer's violation of fundamental public policies of this state, such misconduct cannot be considered a normal part of the employment relationship and the plaintiff's remedy is not confined to workers' compensation."

The clear majority of decisions have held that employee claims alleging negligent conduct of the employer are preempted by workers' compensation. *See, e.g.*, *Gantt v. Sentry Ins.*, 1 Cal. 4th 1083, 1086 (1992). Moreover, *Smith* was based on the determination that the infliction of emotional distress alleged by the plaintiff could not be considered part of the normal employment relationship. Here, plaintiff asserts a negligent-supervision claim alleging that defendants failed to provide a professional work environment and supervise employees in a reasonable manner (TAC ¶ 91). Unlike the claim in *Smith*, plaintiff's negligent-supervision

11

claim and corresponding allegations are necessarily bound up in the employment relationship. This order therefore rejects plaintiff's argument.

### 7. SEVENTEENTH CLAIM AS TO INDIVIDUAL DEFENDANTS.

Defendant Bowen moves to dismiss plaintiff's seventeenth claim alleging intentional infliction of emotional-distress. He argues that plaintiff's seventeenth claim should be dismissed because it is time-barred. The applicable statute of limitations for intentional infliction of emotional-distress claims is one year, as prescribed by California Code of Civil Procedure Section 340(3). Plaintiff's factual allegations do not describe any conduct by defendant Bowen within the one-year limitation period that supports this claim.[4]

Plaintiff argues that the statute of limitations has been equitably tolled by the workers' compensation claim plaintiff filed in July 2004, following a back injury at work. This order has already held otherwise.

### 8. EIGHTEENTH CLAIM AS TO ALL DEFENDANTS.

Defendants argue that plaintiff's eighteenth claim alleging invasion of privacy should be dismissed because it is time-barred. The applicable statute of limitations for invasion of privacy claims is one year, as prescribed by California Code of Civil Procedure Section 340(3). *Cain v. State Farm Mut. Auto. Ins. Co.*, 62 Cal. App. 3d 310, 313 (1976). None of plaintiff's factual allegations indicate that any defendant invaded a "legally protected privacy interest" of plaintiff within one year of the filing of her civil complaint. *Hill v. National Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 40 (1994).[5]

Indeed, plaintiff does not contend that her invasion of privacy claim is timely. Rather, plaintiff argues that her pending workers' compensation claim has equitably tolled the statute of limitations. This order has already held otherwise.

---

[4] Defendants assume that the statute of limitations for an intentional infliction of emotional distress claim is the two-year period prescribed by California Code of Civil Procedure Section 335(1). The statute of limitations for an intentional infliction of emotional-distress claim is actually the one-year period prescribed by Section 340(3).

[5] Defendants assume that the statute of limitations for an invasion of privacy claim is the two-year period prescribed by California Code of Civil Procedure Section 335(1). The statute of limitations for an invasion of privacy claim is actually the one-year period prescribed by Section 340(3).

12

### 9. NINETEENTH, TWENTIETH, TWENTY-FIRST, AND TWENTY-SECOND CLAIMS AS TO ALL DEFENDANTS.

Plaintiff has moved to voluntarily dismiss her nineteenth, twentieth, twenty-first, and twenty-second claims. This order grants plaintiff's motion.

### 10. TWENTY-THIRD CLAIM AS TO ALL DEFENDANTS.

Defendants move to dismiss plaintiff's twenty-third claim as to all defendants. In this claim, plaintiff alleges that defendants The Bohemian Club, Brandenburg, and Bowen violated California Civil Code Section 52.1. This Section proscribes "threats, intimidation, or coercion, or attempts to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civ. Code 52.1(a).

In support of her claim against defendants Bowen and Brandenburg, plaintiff again points to Bowen's recounting of a conversation he had with Brandenburg, in which Brandenburg said he would overload plaintiff's schedule when she returned to work from her injury.

Section 52.1 does not require the actual use of violence — an implicit threat of physical force is sufficient. *Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dept.*, 387 F. Supp. 2d 1084, 1103 (N.D. Cal 2005). Section 52.1 does, however, require "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 338 (1998). The essence of a claim is that the defendant, by the specified improper means (*i.e.*, "threats, intimidation, or coercion") tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law. *Id.* at 334.

Here, plaintiff's factual allegations do not indicate any implicit threats of physical force by defendants. The conversation Bowen recounted to plaintiff was not an attempt to interfere with plaintiff's legal rights nor was it accompanied by a form of coercion. Plaintiff does not make any other allegations that would support a claim under Section 52.1. Moreover, the factual allegations that plaintiff uses to support this claim fall outside the

13

one-year statute of limitations for claims arising under Section 52.1. *See Gatto*, 98 Cal. App. 4th at 756–59.

**CONCLUSION**

For the above-stated reasons, defendants' motions to dismiss are hereby **GRANTED IN PART** and **DENIED IN PART**. Defendants' motions to dismiss plaintiff's first through eighth claims as to all defendants are **DENIED**. Defendants' motions to dismiss plaintiff's second, fourth, fifth, and seventh claims as to the individual defendants are **GRANTED**. Defendants' motions to dismiss plaintiff's eleventh, twelfth, sixteenth, eighteenth, and twenty-third claims as to all defendants are **GRANTED**. Defendant Bowen's motion to dismiss plaintiff's seventeenth claim as to himself as an individual is **GRANTED**. Plaintiff's motion to voluntarily dismiss the nineteenth, twentieth, twenty-first, and twenty-second claims is **GRANTED**.

Those claims, dismissed because they were improperly pled against individual defendants, or barred by the statute of limitations cannot be properly pled through amendment. Those claims unsupported by plaintiff's factual allegations shall also be dismissed with prejudice, as plaintiff has already twice amended her complaint. Accordingly, leave to amend is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 4, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE