BURKE HANSEN, Bar No. 236030
THE LAW OFFICES OF BURKE HANSEN
819 Eddy Street
San Francisco, CA 94109
Telephone: 415.771.6174
Fax: 415.474.3748

DAN BERKO
THE LAW OFFICES OF DANIEL BERKO
819 Eddy St.
San Francisco, CA 94109

Attorneys for Plaintiff
TAMI GREENWALD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMI GREENWALD,<br><br>            Plaintiff,<br><br>    v.<br><br>THE BOHEMIAN CLUB, INC., ALBERT BOWEN, RICHARD BRANDENBURG, DAN CAMPBELL, and DOES 1 THROUGH 99, inclusive,<br><br>            Defendants. | Case No. C 07-05261 WHA<br><br>**PLAINTIFF TAMI GREENWALD'S NOTICE OF AND MOTION FOR NEW TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     August 7, 2008<br>Time:    8:30<br>Judge:   The Honorable William A. Alsup<br>Location: Courtroom 19 |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

Plaintiff TAMI GREENWALD by and through her attorneys of record hereby notices all Defendants and moves pursuant to Federal Rule of Civil Procedure 59 for a new trial for individual defendants ALBERT BOWEN, RICHARD BRANDENBURG, and DAN CAMPBELL, based on the court's improper dismissal of individual defendants its order dated June 5th, 2008 granting in part and denying in part the Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure

MOTION FOR NEW TRIAL                                                                CASE NO. C 07-05261 WHA

1  12(b)(6). This motion is based on that order, the supporting Memorandum of Points and Authorities
2  and the papers on file in the present case.

3  Dated: June 19, 2008

   _____
4
   Burke Hansen
5  Attorney for Plaintiff
   TAMI GREENWALD

THE LAW OFFICES OF
BURKE HANSEN
819 EDDY ST.
SAN FRANCISCO, CA 94109
T:415.771.6174
F:415.474.3748

ii

MOTION FOR NEW TRIAL                                          CASE NO. C 07-05261 WHA

# MEMORANDUM OF POINTS AND AUTHORITIES
# TABLE OF CONTENTS

I.   INTRODUCTION..................................................................................1

II.   THE COURT HAS MISINTERPRETED THE HOLDINGS OF JANKEN AND ITS PROGENY ..................................................................................1

III.   THE COURT IMPROPERLY DISMISSED DISABILITY HARASSMENT CLAIM AGAINST DEFENDANT BRANDENBURG ..................................................................................4

IV.   THE COURT IMPROPERLY DISMISSED ELEVENTH CAUSE OF ACTION......... 5

V.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND INVASION OF PRIVACY SUBJECT TO TWO YEAR STATUTE OF LIMITATION................... 5

VI.   COUNSEL ERRED IN FAILING TO DISPUTE INDIVIDUAL LIABILITY UNDER FIFTH CAUSE OF ACTION..................................................................5

VII.   CONCLUSION..................................................................5

iii

THE LAW OFFICES OF
BURKE HANSEN
819 EDDY ST.
SAN FRANCISCO, CA 94109
T:415.771.0174
F:415.474.3748

MOTION FOR NEW TRIAL    CASE NO. C 07-05261 WHA

# TABLE OF AUTHORITIES

## CASES

*Bagatti v. Department of Rehabilitation*,
  97 Cal. App. 4th 344. ..................................................................................5

*Elkins v. Derby*,
  12 Cal. 3d 410..............................................................................................5

*Janken v. GM Hughes Electronics*,
  46 Cal. App. 4th 55 ...................................................................................2, 3

*Jones v. The Lodge at Torrey Pines*,
  42 Cal. 4th 1158...........................................................................................2, 3

*Hammond v. County of Los Angeles*,
  160 Cal. App. 4th 1579................................................................................4

*Matthews v. Superior Court*,
  34 Cal.App.4th 598......................................................................................2

*Reno v. Baird*,
  18 Cal.4th 640..............................................................................................3

*Vernon v. State of California*,
  116 Cal. App. 4th 114 .................................................................................2

*Winarto v. Toshiba America Elec. Components, Inc.*,
  274 F.3d 1276...............................................................................................5

## STATUTES

Cal. Civ. Code section 51.7................................................................................5

Cal. Gov. Code section 12925(d).......................................................................5

Cal. Gov. Code section 12940(h).......................................................................5

Cal. Gov. Code section 12940(i)........................................................................1

Cal. Gov. Code section 12993(a).......................................................................5

F.R.C.P. 12(b)(6)................................................................................................5

.iv

MOTION FOR NEW TRIAL                              CASE NO. C 07-05261 WHA

THE LAW OFFICES OF
BURKE HANSEN
819 EDDY ST
SAN FRANCISCO, CA 94109
T:415.771.6174
F:415.474.3748

## I. INTRODUCTION

The instant case presents a factual history of sexual and disability harassment, discrimination, and retaliation committed by individual defendants in the employ of the defendant Bohemian Club (hereafter "The Club") and by The Club itself via its supervisors and managing agents. As the factual history was recounted in some detail in the order issued June 5th, 2008, the Plaintiff will restrict this request to what she believes to be legal error on the part of the court that has allowed the individual Defendants to escape personal liability for their actions, and has had the perverse effect of forcing the victim to pay the costs of her harassers. Such an outcome is manifestly unjust, legally unsupportable, and violates the public policy interests that underlie the Fair Employment and Housing Act (FEHA), which provides the basis of most, though not all, of the Plaintiff's allegations.

Plaintiff respectfully requests that the court reconsider its order dated June 5th, 2008.

## II. THE COURT HAS MISINTERPRETED JANKEN AND ITS PROGENY TO EXCLUDE PERSONAL LIABILITY FOR AIDING AND ABETTING HARASSMENT

As always, we begin with the plain language of the statute, which could not be more clear. The subsection of FEHA that covers the aiding and abetting of harassment is California Government Code § 12940(i), which states in its entirety, "It shall be unlawful… (i) (f)or any *person* to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this part, or to attempt to do so." (italics added). No reference is made to an employer, and to conclude that in individual cannot *per se* be held liable for aiding and abetting would eviscerate the plain language of the statute. Statutory construction requires that words are to be taken at their ordinary, common sense meaning, which, by common definition includes, under the rubric of subsection (i), individual persons;

. 1

MEMORANDUM IN SUPPORT OF NEW TRIAL   CASE NO. C 07-05261 WHA

THE LAW OFFICES OF
BURKE HANSEN
819 EDDY ST.
SAN FRANCISCO, CA 94109
T:415.771.6174
F:415.474.3748

however, the legal definition supplied by Cal. Gov. Code 12925(d) specifically includes individual persons: ""Person" includes one or more individuals, partnerships, associations, corporations, limited liability companies, legal representatives, trustees, trustees in bankruptcy, and receivers or other fiduciaries." The statutory language could not be more clear on the issue of whether individual defendants may be liable for aiding and abetting harassment – *only* "persons" may be liable for aiding and abetting under FEHA.

The language and reasoning of the cases that have considered the aiding and abetting issue, from *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55 (1996), through the most recent, *Vernon v. State of California*, 116 Cal. App. 4th 114 (2004), require no subversion of clear legislative intent; those cases have addressed entirely different issues. The court in the instant case excused the individual defendants from personal liability based on *Janken, supra*. However, *Janken* addressed the issue of whether an individual supervisor could be individually liable for discrimination, not whether or not individual defendants may be individually liable for harassment claims. *Janken* did not even address aiding and abetting. *Vernon, supra*, addressed the issue of whether state imposed regulation could support an aiding and abetting charge; nonetheless, the court in Vernon stated quite plainly that individual defendants are among the only defendants even covered by § 12940(i): "Liability for aiding and abetting a discriminatory employment practice under the FEHA is also imposed by section 12940, subdivision (i) only upon a "person."" See *Vernon, supra*, at 131-132, quoting *Matthews v. Superior Court*, 34 Cal.App.4th 598, at 603-604.

Of course, one need not stray far from *Janken*, the case used by the court to justify dismissing the individual defendants from the "aiding and abetting" allegation, to understand that the individual defendants in the instant case are indeed personally liable for the harassment suffered by the Plaintiff, though not the discrimination.

> Based upon the language used by the Legislature, we conclude in part III below that it was the intent of the Legislature to place individual supervisory employees at risk

. 2

THE LAW OFFICES OF
BURKE HANSEN
819 EDDY ST.
SAN FRANCISCO, CA 94109
T: 415.771.6174
F: 415.474.3748

> of personal liability for personal conduct constituting harassment, but that it was not the intent of the Legislature to place individual supervisory employees at risk of personal liability for personnel management decisions later considered to be discriminatory. We conclude that the Legislature's differential treatment of harassment and discrimination is based on the fundamental distinction between harassment as a type of conduct not necessary to a supervisor's job performance, and business or personnel management decisions--which might later be considered discriminatory--as inherently necessary to performance of a supervisor's job.

See *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55 (1996), 62-63. In fact, the court in *Janken* considered the distinction so important, it devoted nearly one third of the decision to explaining the distinction, and concluded that section of the opinion with a succinct explanation of that distinction that has become the foundation of subsequent decisions, including *Torrey Pines*.

> We conclude, therefore, that the Legislature intended that commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment. These are actions of a type necessary to carry out the duties of business and personnel management. These actions may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment. Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management. This significant distinction underlies the differential treatment of harassment and discrimination in the FEHA.

*Id.*, at 64-65. However, the instant case is at least as much about harassment as discrimination, and the court in *Janken* explicitly restricted its holding to discrimination claims, as the California Supreme Court would in *Torrey Pines* over twenty years later. Neither the fact that an individual may not conspire with his or her employer under *Reno v. Baird*, 18 Cal.4th 640, or the fact that individual defendants may not be held liable individually for discrimination claims, are relevant to the issue of personal liability for harassment claims, or the ability of individual defendants to conspire with each other – particularly in light of the clear and plain language of the statute. As *Janken* noted, "It appears from this language that liability for harassment, which extends to "any person" and hence extends to "individuals," encompasses individual supervisory employees.

. 3

THE LAW OFFICES OF
BURKE HANSEN
819 EDDY ST.
SAN FRANCISCO, CA 94109
T:415.771.6174
F:415.474.3748

MEMORANDUM IN SUPPORT OF NEW TRIAL                    CASE NO. C 07-05261 WHA

Liability for discrimination, by contrast, is limited to the "employer" only." See *Janken, supra,* at 65. *Janken* ultimately concluded, "(i)n California, section 12940, subdivision (h)(1) makes not only an "employer," but also "any other person" liable for harassment. Hence the question of individual liability for harassment seems clearly answered in California." *Id.,* at 68.

Although the California Supreme Court ruled in *Jones v. The Lodge at Torrey Pines,* 42 Cal. 4th 1158, that individual defendants may not be liable for retaliation against an individual who complains about discriminatory practices, that ruling concerned only § 12940(h), which addresses retaliation in the context of discrimination claims. The decision has nothing to do with aiding and abetting, and follows the clear distinction between harassment and discrimination laid out in *Janken, supra.* Indeed, nothing in *Torrey Pines* evidences an intent to overturn this well-established distinction, and the Court pointedly chose not to extend individual immunity to those accused of retaliation in the context of harassment. Although the Second Appellate District in *Hammond v. County of Los Angeles,* 160 Cal. App. 4th 1579, chose to extend individual immunity for retaliation in the harassment context, *Hammond* ignores the long-held distinction between harassment and discrimination claims, and radically departs from over twenty years of precedent. Regardless, *Hammond* does not address the aiding and abetting issue. There appears to be no case law at all that immunizes individuals from aiding and abetting each other in harassment.

Thus, the Plaintiff's Fourth Claim for aiding and abetting harassment should be reinstated against the individual defendants.

### III.   THE COURT IMPROPERLY DISMISSED DISABILITY HARASSMENT CLAIM AGAINST DEFENDANT BRANDENBURG

Plaintiff did not oppose the dismissal of Defendant Bowen from the Seventh Cause of Action because Bowen committed sexual harassment against the Plaintiff, not disability harassment. As the

. 4

facts indicate, Defendant Brandenburg committed disability harassment, not sexual harassment; the court indiscriminately lumped both defendants together and dismissed both defendants, although Brandenburg did not even request to be dismissed from this claim - as the court's own order acknowledges. Thus, this claim should be reinstated against Defendant Brandenburg.

### IV. THE COURT IMPROPERLY DISMISSED ELEVENTH CAUSE OF ACTION AGAINST DEFENDANTS

As the court noted in its June 5th order, under California Civil Code § 51.7(a) and *Winarto v. Toshiba America Elec. Components, Inc.*, 274 F.3d 1276, employers may be liable for the torts of its employees. The court dismissed this claim as time-barred; however, the court acknowledged elsewhere in the order that the statute of limitations may be tolled under *Elkins v. Derby*, 12 Cal. 3d 410, and its progeny, if the workplace injury that is subject to a workers' compensation claim is later the subject of a civil action. Although the Plaintiff believes the court adopted an overly restrictive view of the line of cases from *Elkins* to *Bagatti v. Department of Rehabilitation*, 97 Cal. App. 4th 344, be requiring the injury to be identical in both cases, rather than merely factually related, even under the narrow construction adopted by the court in its June 5th order, the statute of limitations should clearly be tolled. The injury suffered in June of 2004 has been the subject of an ongoing workers' compensation claim during this litigation, and is the *identical* injury addressed by the eleventh cause of action. Under the court's own reasoning, this claim should not be considered time-barred, and should be reinstated against the defendants.

### V. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND INVASION OF PRIVACY CLAIMS ARE SUBJECT TO TWO YEAR STATUTES OF LIMITATIONS

Plaintiff sincerely appreciates that the court has done its own independent research and analysis of the legal issue sin the case and the statute of limitations in particular. However, because the court has reached a conclusion on the statute of limitations that makes the court "more Catholic

. 5

MEMORANDUM IN SUPPORT OF NEW TRIAL                                          CASE NO. C 07-05261 WHA

than the Pope," i.e. more defense oriented than even defendants, Plaintiff immediately questioned whether defendants would fail to make the argument the court makes for them if it was a valid argument.

In fact, the court's error is shown by this discussion from Witkin.

> **2A. [§ 545A] (New) Revised Personal Injury and Wrongful Death Statute: Two Years.**
>
> (a) *Enactment and Legislative Intent.* The 2002 Legislature amended C.C.P. 340(3) the 1-year statute of limitations applicable to most personal injury and wrongful death actions (see text, §§510 et seq., 517 et seq.), and redesignated it as C.C.P. 340(c). As amended, C.C.P. 340(c) no longer applies to those actions. (On scope of former provision, see text, §§510, 517.) A new statute with a 2-year limitations period now governs those actions. (C.C.P. 335.1.) Containing language nearly identical to the former provision, C.C.P. 335.1 applies to actions for "assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another." (See *Benun v. Superior Court* (2004) 123 C.A.4th 113, 125, 20 C.R.3d 26 [C.C.P. 335.1 applied to custodial elder abuse action by patient's family against health care providers, rather than C.C.P. 340.5 (medical malpractice statute of limitations; see text, §533)].)

The court cites CCP 340(3) in support of its conclusion. But California has no section 340(3). CCP 340 now has four subsections (a)-(d).

In accord with Witkin are 3 different Rutter Group Guides, *California Civil Procedure Before Trial, Statutes of Limitation* (The Rutter Group) (Rylaarsdam, et al.,) (2008). California Employment Guide, (The Rutter Group) (Chin et al.,) (2007) California Practice Guide, Personal Injury, (The Rutter Group) (Hanning et al.,) (2007) sec 5:105. However, the authors of California Jurisprudence make the same mistake as the court: "The one–year statute of limitations governs the cause of action for intentional infliction of emotional distress. " Please note, however, that they too cite a statute that has not been in existence since December 31, 2002. Footnote one cites Code Civ. Proc., § 340(c). Thus, notwithstanding the confusion that might be caused because Cal.Jur has it wrong, and cites a code section that has not existed for over 4 years, Witkin and the Rutter Group have it right. Both the cause of action for IEED and for Invasion of the Right to Privacy (cause of action) are subject to a two year statute of limitations.

. 6

Respectfully, the court erred in finding those two causes of action subject to a one year statute of limitations and should reverse itself on that point.

## VI. COUNSEL ERRED IN DISMISSING CAUSES OF ACTION AGAINST INDIVIDUAL DEFENDANTS FOR FIFTH CAUSE OF ACTION

California Government Code § 12940(j) specifically imposes liability on individual harassers, and counsel for Plaintiff erred in failing to dispute individual liability under this subsection. Counsel respectfully requests that individual defendants be reinstated under this subsection.

## VII. CONCLUSION

This Request for Reconsideration is based on both the plain language of FEHA and well-established case law. However, the public policy considerations behind FEHA should not be ignored; Cal. Gov. Code § 12993 states in pertinent part "The provisions of this part shall be construed liberally for the accomplishment of the purposes thereof." It would unjust and contrary to public policy to dismiss from all personal liability those whose behavior the FEHA statute prohibits, thereby forcing the victim to bear the legal costs of her harassers. Plaintiff therefore respectfully requests that the court reconsider its June 5th order granting in part and denying in part the Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: June 19, 2008

BURKE J. HANSEN
THE LAW OFFICES OF BURKE HANSEN
Attorney for Plaintiff
TAMI GREENWALD

.7

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 819 Eddy St., San Francisco, California, 94109. I served MOTION FOR NEW TRIAL,

By personal and electronic service, _____ on

> John Fish
> 650 California St.
> San Francisco, CA 94108
>
> Robert Zaletel
> 221 Main St. 16th Floor
> San Francisco, CA 94105

By facsimile transmission on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court 2003(3). The transmission was reported as complete and without error. The names and facsimile numbers of the person(s) served are as set forth below._____

By placing a true copy of the document(s) listed above for collection and mailing following the office's ordinary business practice in a sealed envelope with postage fully paid thereon for deposit in the U.S. mail at San Francisco, California addressed as set forth below._____

I am readily familiar with the office's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight

1

delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed: _June 19_, 2008.

_____
Burke Hansen

2