1    WILLIAM F. TERHEYDEN, Bar No. 43940
     JOHN C. FISH, Jr., Bar No. 160620
2    JOSHUA J. CLIFFE, Bar No. 215390
     LITTLER MENDELSON
3    A Professional Corporation
     650 California Street, 20th Floor
4    San Francisco, CA  94108.2693
     Telephone:   415.433.1940
5    Fax No.:   415.399.8490

6    Attorneys for Defendants
     THE BOHEMIAN CLUB, RICHARD
7    BRANDENBURG AND DAN CAMPBELL

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11    TAMI GREENWALD,           Case No. C 07-05261 WHA

12          Plaintiff,         **DEFENDANTS' OPPOSITION TO**
                               **PLAINTIFF'S MOTION FOR A NEW**
13      v.                   **TRIAL**

14    THE BOHEMIAN CLUB, INC., ALBERT    Date:         August 7, 2008
     BOWEN, RICHARD BRANDENBURG,      Time:         8:00 a.m.
15    DAN CAMPBELL, and DOES 1            Judge:       Hon. William H. Alsup
     THROUGH 99, inclusive,           Location:    Courtroom 9
16

17          Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

## I.    INTRODUCTION

Defendant The Bohemian Club and dismissed individual defendants Richard Brandenburg and Dan Campbell hereby submit this Opposition to Plaintiff Tami Greenwald's Motion for a New Trial.    Plaintiff's motion should be denied because it is procedurally defective under well-established case law, the Federal Rules of Civil Procedure and the Local Rules of this Court, and substantively flawed as to the recycled arguments asserted by Plaintiff therein.

In a desperate attempt to resuscitate her meritless claims against the individual defendants, Plaintiff brought this motion to challenge the Court's Order Granting in Part and Denying in Part Defendants' Motions to Dismiss and its subsequent entry of judgment in favor of the individual defendants.  Although her motion purportedly seeks a "new trial" under Federal Rule of Civil Procedure 59, it is essentially a thinly-veiled attempt to have the Court reconsider its Order. As such, it is clearly improper under Northern District Civil Local Rule 7-9 because Plaintiff never received leave from the Court to file a motion for reconsideration.  In addition to essentially asking the Court to reconsider its decision, Plaintiff fails to assert a legitimate basis for disturbing the Court's well-reasoned Order and subsequent Judgments in favor of the individual defendants. Indeed, at no point in Plaintiff's motion does she even attempt to address the legal standards necessary to prevail on her motion.  Therefore, Plaintiff has failed to establish sufficient grounds to justify relief from the Court's judgment and her motion must be denied in its entirety.

Moreover, even if the motion had been properly brought, the points for which Plaintiff seeks reconsideration were correctly decided by the Court in its Order.  Plaintiff has no legitimate basis for forcing the Court and Defendants to expend additional time and resources reviewing and addressing the very same arguments that Plaintiff already made or could have made as part of the original briefing and oral argument.  Accordingly, Defendants intend to file a Rule 11 motion which requests that Plaintiff reimburse Defendants for their costs and attorneys' fees and sanctions Plaintiff for needlessly wasting the Court's valuable time and resources.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415 433 1940

1.

DEFENDANTS' OPPOSITION TO MOTION FOR A NEW TRIAL          CASE NO. C 07-05261 WHA

## II.     ARGUMENT

### A.     Plaintiff's Motion Should Be Denied For Any Of Several Fatal Procedural Defects.

#### 1.     Plaintiff's Motion Is Based On The Wrong Rule.

Plaintiff's "Motion for a New Trial" is based on Federal Rule of Civil Procedure 59. Rule 59(a) allows for a motion for a new trial after a jury trial or a non-jury trial.  FRCP 59(a). Here, of course, there has been no trial.  To be brought correctly, Plaintiff should have based her motion on Rule 59(e), which allows for a motion to alter or amend judgment, or, more appropriately, on Rule 60, which allows for a motion for relief from judgment.  FRCP 59(e), 60(b).

#### 2.     Even If Plaintiff Had Filed Under The Correct Rule, The Motion Is Still Procedurally Defective And Should Be Denied Because It Fails To Mention, Must Less Satisfy, The Applicable Procedural Prerequisites.

Relief under Federal Rule of Civil Procedure 60(b) rests in the trial court's sound discretion.  *Carter v. United States*, 973 F.2d 1479 (9th Cir. 1992).  Such relief, however, is an extraordinary remedy and should be granted only in *exceptional circumstances*.  *See Schwieger v. Farm Bureau Ins. Co. Of Neb.*, 207 F.3d 480, 487 (8th Cir. 2000);  *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (7th Cir. 1999).[1]

Federal Rule of Civil Procedure 60(b)(1) allows a losing party to move for relief from a final judgment on the basis of "mistake, inadvertence, surprise, or excusable neglect."  However, nowhere within Plaintiff's brief does she specifically address what "mistake, inadvertence, surprise, or excusable neglect" exists that would support granting her the requested extraordinary relief. Moreover, Plaintiff cites no exceptional circumstances, newly discovered evidence, clear error – or any error for that matter -- by the Court, and no new controlling law.  Instead, Plaintiff merely restates the arguments which were already fully briefed and argued as part of Defendants' Motions

---

[1]  *See also Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (a Rule 59(e) motion may not be used to present for the first time arguments or evidence that could reasonably have been presented earlier in the litigation.); *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (Absent highly unusual circumstances, a motion for reconsideration will not be granted "unless the District Court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.")

2.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

DEFENDANTS' OPPOSITION TO MOTION FOR A NEW TRIAL          CASE NO. C 07-05261 WHA

to Dismiss.[2]  As such, the Court should exercise its discretion to deny Plaintiff's motion.  FRCP §§ 59(e), 60(b); *Schwieger*, 207 F.3d at 487; *Bell*, 214 F.3d at 801.

### 3.    Plaintiff Failed To Obtain Leave Of Court To File The Motion Per Local Rule 7-9.

Plaintiff's motion appears to be based upon her disappointment with the Court's ruling, not on any new fact or new law.  Relief under Rule 60(b)(1), however, is not available "merely because a party is unhappy with the judgment."  11 Wright & Miller, Federal Practice and Procedure: Civil 2d, §2858, p. 276 (1995).  Indeed, Plaintiff's motion is nothing more than a request for reconsideration of the Court's June 5 Order.  As such, it also fails to comply with Local Rule 7-9, which requires that a party seeking reconsideration must do so before judgment is entered – which Plaintiff did not do – and must first obtain leave of Court before filing the motion, which, again, Plaintiff did not do.    Local Rule 7-9 also requires that a party seeking reconsideration point to the emergence of new material facts or a change of law occurring after the time of the Court's Order.  *Id.*  Here, nothing has changed.  Rather, Plaintiff is simply seeking to relitigate issues that have already been fully briefed, argued, reviewed and adjudicated (correctly) by this Court.  That is explicitly prohibited by Local Rule 7-9(c), which states:

> Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. <u>Any party who violates this restriction shall be subject to appropriate sanctions.</u> [emphasis added.]

Defendants submit that Plaintiff and/or her counsel should be sanctioned for their violation of Local Rule 7-9.

---

[2]  Incredibly, despite having expressly conceded in her original Opposition that the individual defendants should be dismissed from Plaintiff's Fifth Cause of Action, Plaintiff even goes so far as to ask that the Court set aside that concession, consider an entirely new argument (which is not based on any new law or evidence since her concession), and reinstate the individual defendants.  Surely, this kind of a whimsical reversal is not allowed, less our courts be overrun with *ad hoc* reconsideration motions from disgruntled litigants.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

3.

DEFENDANTS' OPPOSITION TO MOTION FOR A NEW TRIAL          CASE NO. C 07-05261 WHA

B.     **Plaintiff's Substantive Arguments Fail For The Same Reasons That They Were Rejected The First Time.**

1.     **The Fourth Cause of Action Was Correctly Dismissed As To The Individual Defendants Because Supervisors Cannot Be Individually Liable For Aiding and Abetting Harassment.**

Plaintiff begins her brief by questioning the Court's ruling dismissing her Fourth Cause of Action, which alleges that defendants aided and abetted harassment as proscribed by FEHA section 12940(i).    Rather than present new facts or case law as required for a motion for reconsideration, Plaintiff simply restates her arguments from her Opposition brief.  *See Maraziti v. Thorpe*, 52 F.3d 252, 253 (9th Cir. 1995) (affirming denial of a Rule 60 motion that merely reiterated arguments that the moving party had already presented to the trial court).   Just as in her earlier brief, Plaintiff argues that *Janken v. Hughes*, 46 Cal. App. 4th 55 (1996) makes a distinction between harassment and discrimination claims.  (Pl.'s Opening Brief, p. 2; *compare* Opp., pp 10-11.) On that irrelevant point, Defendants do not disagree.  With her Fourth Cause of Action, Plaintiff asserts neither a discrimination nor a harassment claim; it is a claim based on FEHA section 12940(i), which forbids the *aiding and abetting* of a discriminatory act.   California courts -- including most recently, the California Supreme Court – have consistently held that there can be no individual liability for aiding and abetting under the FEHA.  Plaintiff goes so far as to argue that "*Janken* did not even address aiding and abetting."  (Pl.'s Opening Brief, p. 2.)  That is a blatant falsehood.  *Janken* did address and aiding and abetting and explicitly so:

> We conclude that the Legislature did not intend to impose personal liability upon individual supervisory employees by the roundabout method of 'aiding and abetting' language.

*Janken*, 46 Cal. App. 4th at 78; *see also Reno v. Baird*, 18 Cal. 4th 640, 655-656 (1998).

Plaintiff's Motion for a New Trial then proceeds to restate the argument from her earlier brief that *Janken* and *Reno* do not apply because they involve aiding and abetting of discrimination, not aiding and abetting of harassment.  (Pl.'s Opening Brief, pp. 3-4; *compare* Pl.'s Opp., p. 11.)  However, as the Court correctly noted in its Order, "the California Supreme Court clearly held that individual nonemployers are not liable for claims under Section 12940(i)."

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

4.

DEFENDANTS' OPPOSITION TO MOTION FOR A NEW TRIAL          CASE NO. C 07-05261 WHA

1    (Order, p. 8.)  Indeed, in the recent case of *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal.

2    4th 1158 (2008), the California Supreme Court held:

3            "We also concluded that the aiding and abetting language of former
            subdivision (g) (now subd. (i)) of section 12940 did not impose
4            personal liability on nonemployers."

5    *Jones,* 42 Cal. 4th at 1163, *citing Reno*, 18 Cal. 4th at 655-656.

6            The Supreme Court could not have been more clear.[3]  Notably, the Court did not limit

7    its holding only to claims for aiding and abetting discrimination as Plaintiff argues the rule should

8    be.[4]  *Jones* definitively states that there can be no individual liability for aiding and abetting under

9    section 12940(i).  *Id.*  Accordingly, Plaintiff's Fourth Cause of Action was properly dismissed as to

10    individual defendants Campbell and Brandenburg.

11            **2.    Plaintiff's Fifth Cause of Action Was Properly Dismissed As to the
                Individual Defendants After Plaintiff Correctly Conceded That There
12                Can Be No Individual Liability for Failure to Prevent Harassment.**

13            As noted above, Plaintiff's request for reconsideration of the dismissal of her Fifth

14    Cause of Action as to the individual defendants is her most blatantly frivolous argument in a brief

15    filled with folly.  In their moving papers in support of their Motion to Dismiss, individual defendants

16    Brandenburg and Campbell sought dismissal of Plaintiff's Fifth Causes of Action because

17    individuals cannot be held liable for failing to maintain an environment free of harassment.

18    Defendants quoted the language of FEHA section 12040(j), which applies to "entities" and not

19    "persons," and cited cases consistently holding that individual liability cannot attach with respect to

20    this section of the statute.  *See Fiol v. Doellstedt,* 50 Cal. 4th 1318, 1327, 1331 (a supervisor cannot

21    be personally liable for failing to act to prevent harassment.)

22    _____

23    [3] This clear language did not stop Plaintiff from arguing that *Jones* "has nothing to do with aiding
    and abetting." (Pl.'s Opening Brief, p. 4.)  Plaintiff's counsel has a duty to be candid with the Court.
24    For them to blatantly misrepresent decisions that the Court has read and considered is as galling as it
    is inappropriate.  And to make matters worse, Plaintiff's counsel noticed the motion for a time that is
25    later than the Court hears law and motion matters and also noticed the motion for the wrong
    courtroom.

26    [4] Plaintiff also cites *Vernon v. State of California*, 116 Cal. App. 4th 114 (2004), but that case does
    not contradict *Janken, Reno* or *Jones*.  *Vernon* is not even on point.  It dealt with the question of
27    whether the State of California can be liable as an aider and abettor under the FEHA.  *Vernon*, 116
    Cal. App. 4th at 135.  Nowhere does its support Plaintiff's flawed theory that individuals can be held
28    liable for aiding and abetting harassment.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

5.

DEFENDANTS' OPPOSITION TO MOTION FOR A NEW TRIAL          CASE NO. C 07-05261 WHA

1    In her Opposition, Plaintiff conceded this point: "Plaintiff hereby agrees to the

2  dismissal of the Fifth Cause of Action as to the individual defendants...." (Opp., p. 11.) Based on

3  Plaintiff's concession and the authority cited above, the Court dismissed Plaintiff's Fifth Cause of

4  Action as to the individual defendants. (Order, p. 8.)

5    Now, with her Motion for a New Trial, Plaintiff inexplicably asserts that she "erred in

6  failing to dispute individual liability under this section" and requests that the individual defendants

7  be reinstated. (Pl.'s Opening Brief, p. 7.) Obviously, Plaintiff cannot simply retract her concession

8  after judgment has been entered against her on this point. *See In re Pacific Far East Lines, Inc.*, 889

9  F.2d 242, 250 (9th Cir. 1989) ("Where parties have made deliberate litigation choices, Rule 60(b)(6)

10  should not provide a second chance.")[5]

11    As the Court observed at the hearing on Defendants' Motions to Dismiss when

12  Plaintiff's counsel sought to dismiss her contract claims at the last minute and seek remand to state

13  court, Plaintiff is playing games with the Court and the other parties' time and resources.[6] Equally

14  egregious, Plaintiff resorts to her third major misrepresentation in discussing this section.

15  Specifically, she argues that "California Government Code § 12940(j) specifically imposes liability

16  on individual harassers." (Pl.'s Opening Brief, p. 7.) That is manifestly untrue. Section 12040(j)

17  states that "an *entity* shall take all reasonable steps to prevent harassment from occurring." [emphasis

---

[5] Here it must be emphasized that Plaintiff's concession on this point was not a mistake. It was in line with applicable law. Regardless, even if it was a mistake, the cases are clear that it would not matter. *See Allmerica Fin. Life Ins. and Annuity Co. v. Llewellyn*, 139 F.3d 664, 665-666 (9th Cir. 1997) ("neither *ignorance nor carelessness* on the part of the litigant *or his attorney* provide grounds for relief under Rule 60(b)(1)" [emphasis added].); *see also* 11 Wright & Miller, §2858, p. 276; *Nemaizer v. Baker*, 793 F.2d 58, 62 (2nd Cir. 1986) ("mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief"); *Blinder, Robinson & Co. v. SEC*, 748 F.2d 1415 (10th Cir. 1985), *cert. denied*, 105 S.Ct. 2655 (holding that plaintiff's attorney's negligence in failing to object to allegedly proper evidence does not constitute sufficient grounds for relief from judgment); *see also United States v. O'Neil*, 709 F.2d 361, 373 (5th Cir. 1983); *Link v. Wabash R. Co.*, 370 U.S. 626 (1962) (finding no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client); *accord Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 113 S.Ct. 1489, 1499 (1993) (affirming the general proposition that an attorney's culpable conduct is imputed to the client).

[6] The transcript from the hearing on Defendants' Motions to Dismiss is attached herewith. As the Court will recall, it admonished Plaintiff's litigation tactics and warned of further inappropriate conduct. Unfortunately, that did not give Plaintiff pause in filing this wholly frivolous Motion for a New Trial.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

**DEFENDANTS' OPPOSITION TO MOTION FOR A NEW TRIAL**          **CASE NO. C 07-05261 WHA**

1  added.] There is nothing in this section of the statute that applies to "persons." *Id.* This is yet

2  another reason why Defendants believe that sanctions are appropriate.

3        **3.    Plaintiff's Eleventh Cause of Action Was Properly Dismissed.**

4        Plaintiff's request that the Court reconsider its dismissal of her Eleventh Cause of

5  Action should also be denied. Again, Plaintiff cites no new facts or a change in the law to support

6  her motion. *See* FRCP 59; Local Rule 7-9; *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877,

7  890 (9th Cir. 2000). Instead, she simply reasserts her equitable tolling theory that was already

8  considered and rejected by the Court. *See Maraziti v. Thorpe*, 52 F.3d 252, 253 (9th Cir. 1995)

9  (affirming denial of a Rule 60 motion that merely reiterated arguments that the moving party had

10  already presented to the trial court). Thus, Plaintiff's insistence that the Court rule on this point

11  again is improper.

12        Regardless, even if equitable tolling were applicable, it could not possibly apply to

13  the individual defendants as they were not privy to the workers' compensation claim filed by

14  Plaintiff. The Court's ruling was exactly right on this point.

15        Moreover, the Court also found that Plaintiff did not allege sufficient facts to show

16  that Brandenburg or Campbell engaged in unlawful threats of violence against Plaintiff in violation

17  of California Civil Code section 51.7. (Order, p. 10.) That is an independent basis for the dismissal

18  of Plaintiff's Eleventh Cause of Action, which Plaintiff does not even address in her Motion for a

19  New Trial. Accordingly, Plaintiff's request for reconsideration on this claim should be denied.

20        **4.    Plaintiff's Invasion of Privacy Claim Was Properly Dismissed as Plaintiff**
   **Has Not Alleged Specific Facts to Support the Claim and It is Time**
21             **Barred Regardless of Whether the Statute of Limitations is One or Two**
   **Years.**
22

23        With her Motion for a New Trial, Plaintiff argues that a two year statute of limitations

24  applies to her cause of action alleging invasion of privacy, but that argument does not save her

25  claim. Regardless of whether the statute of limitations is one or two years, Plaintiff fails to point to

26  any facts that support a cause of action for invasion of privacy within two years of filing her lawsuit.

27  *See Hill v. National Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 40 (1994). To support a viable claim for

28  invasion of privacy, Plaintiff must allege facts to show that Defendants invaded a "legally protected

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

7.

1  privacy interest" of Plaintiff. *Id.* Plaintiff cites her harassment allegations but none of those claims

2  implicate privacy issues. Thus, the Court's ruling on Plaintiff's invasion of privacy claim was

3  correct and should not be disturbed.

4        **C.**    **Plaintiff and/or Her Counsel Should be Sanctioned.**

5            Plaintiff's Motion for a New Trial never should have been brought. It is procedurally

6  defective and improperly reargues the very same points and law that the Court has already devoted

7  substantial time and resources. There is a time and a place for diligent advocacy, but there is also an

8  obligation to respect and abide by the Court's rulings, the Federal Rules, the case law, and Local

9  Rule 7-9. Neither the Court nor the parties should have been forced to once again expend their

10  valuable time and resources responding to the very same issues just because Plaintiff disagreed with

11  the Court's Order. The rules, and the consequences of disobeying the rules, are clear and the Court

12  has already warned Plaintiff not to waste the Court's time. This motion is a waste of time and

13  resources and Plaintiff should be held accountable.[7] Accordingly, Defendants will serve a Rule 11

14  Motion on Plaintiff's counsel. If Plaintiff does not cure by withdrawing her frivolous motion before

15  the Court rules on it, and if the Court does not *sua sponte* sanction Plaintiff, Defendants will file

16  their motion with the Court seeking reimbursement of their costs and fees associated with Plaintiff's

17  motion.

18  **I.**    **CONCLUSION**

19            Based on the foregoing, Defendants request that the Court deny Plaintiff's Motion for

20  New Trial and enter an Order sanctioning Plaintiff and/or her counsel.

21  Dated: June 24, 2008

22

23                             JOSHUA J. CLIFFE

24                             LITTLER MENDELSON
                           A Professional Corporation
                           Attorneys for Defendants
                           THE BOHEMIAN CLUB, RICHARD

25  Firmwide:85634369.1 011124.1042           BRANDENBURG and DAN CAMPBELL

---

[7] Not only has Plaintiff brought an entirely frivolous and procedurally defective motion, she also accuses the Court of being "'more Catholic than the Pope' i.e more defense oriented than even defendants." (Pl.'s Opening Brief, pp. 5-6.) There is simply no place for such disrespectful conduct in a federal district court of the United States.

8.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

**DEFENDANTS' OPPOSITION TO MOTION FOR A NEW TRIAL**    **CASE NO. C 07-05261 WHA**

# ATTACHMENT
# (from Footnote 6)

Pages 1 - 12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE WILLIAM H. ALSUP

| | |
|---|---|
| TAMI GREENWALD,                    ) | |
|                                    ) | |
|          Plaintiff,                ) | |
|                                    ) | |
|    VS.                             ) | No. C 07-5261 WHA |
|                                    ) | |
| THE BOHEMIAN CLUB, INC., ALBERT    ) | |
| BOWEN, RICHARD BRANDENBURG, DAN    ) | |
| CAMPBELL, and DOES 1 through 99,   ) | |
| inclusive,                         ) | |
|                                    ) | San Francisco, California |
|          Defendants.               ) | Thursday |
|                                    ) | May 29, 2008 |
| _____) | |

### TRANSCRIPT OF PROCEEDINGS

**APPEARANCES:**

| | |
|---|---|
| **For Plaintiff:** | **BURKE HANSEN, ESQUIRE** |
| | 819 Eddy Street |
| | San Francisco, California  94109 |
| | |
| **For Defendants:** | Littler Mendelson, PC |
| | 650 California Street, 20th Floor |
| | San Francisco, CA 94108.2693 |
| | BY:  **JOHN C. FISH, JR., ESQUIRE** |
| | |
| **For Defendant** | McQuaid Metzler Bedford & Van Zandt |
| **Albert Bowen:** | 221 Main Street, 16th Floor |
| | San Francisco, CA 94105 |
| | BY:  **ROBERT LOUIS ZALETEL, ESQUIRE** |
| | |
| | |
| **Reported By:** | *Katherine A. Powell, CSR # 5812, RPR, CRR* |
| | *Official Reporter - U.S. District Court* |

**P R O C E E D I N G S**

**MAY 29, 2008**                                    **2:08 P.M.**

**THE CLERK:**  Case number is 07-5261, Greenwald versus Bohemian Club.

**MR. FISH:**  Good afternoon, Your Honor.

John Fish on behalf of the Bohemian Club and individual defendants Richard Brandenburg and Dan Campbell.

**MR. HANSEN:**  Good afternoon, Your Honor.

Burke Hansen appearing on behalf of the plaintiff.

**MR. ZALETEL:**  Good afternoon, Your Honor.

Robert Zaletel appearing on behalf of individual defendant Albert Bowen.

**THE COURT:**  After quite a lot of work on this very long motion, and including having a draft order ready to go, I received an ex parte -- today, only moments ago, an ex parte application for dismissal of causes of action pursuant to federal rule such and such.

What's going on here?

**MR. HANSEN:**  I apologize, Your Honor.  We had talked about this with our client for at least six weeks, and finally last night we got a call from her.  And she decided that she had wanted to dismiss the contract causes of action because they really didn't add much to her case.

Now, they were the only reason that this case was

1  brought into federal court in the first place.  She was part of

2  a collective bargaining agreement.  We apologize for the

3  suddenness of it.

4          Now, it is also our opinion that they would have made

5  this motion to dismiss in state court, as well.  So whatever

6  work has been done in that direction will certainly be --

7          THE COURT:  It certainly wouldn't have been done by

8  me.

9          MR. HANSEN:  Well, I apologize, Your Honor.

10          THE COURT:  You tell me, you apparently want to

11  remand to state court?

12          MR. HANSEN:  That's correct.

13          THE COURT:  And what is your position?

14          MR. ZALETEL:  Well, Your Honor, we don't believe it's

15  appropriate for you to just dismiss it without ruling on the

16  motion.  Dismissal under Rule 41(a)(2), I think, should be done

17  by notice motion.  I believe that's the appropriate way to go.

18          THE COURT:  Why do you say that?

19          MR. ZALETEL:  Well --

20          THE COURT:  In the 40(a)(2) can he dismiss them

21  anyway?

22          MR. HANSEN:  I believe I can, Your Honor.

23          MR. ZALETEL:  Well, it's got to be by order of the

24  court.  And we believe, at this point, we would be prejudiced

25  because we spent all this work on the motion to dismiss.  And

```
 1   we believe we're entitled to a ruling on the motion.  And then
 2   let him -- let him file a motion, and we can --
 3            THE COURT:  There is no motion to remand.  Not yet.
 4   So all I have here is an ex parte application for dismissal.
 5   41(a) --
 6            MR. HANSEN:  (2), I believe.
 7            THE COURT:  -- (2), says, "Except as provided in
 8   paragraph (1) ... an action shall not be dismissed at the
 9   plaintiff's instance save upon order of the Court and upon such
10   terms as the conditions" blah, blah, blah.
11            Now, under (1) --
12            MR. ZALETEL:  I think (1) deals with if he's
13   previously dismissed an action, then it's with prejudice.
14   Otherwise, it's without.  I think that's what the reference to
15   (a)(1) is.
16            THE COURT:  Well, what's the -- what is it in (a)(2)
17   that gives you the right to do this at this stage?
18            MR. ZALETEL:  You're directing that to the plaintiff?
19            THE COURT:  Yes, Mr. --
20            MR. HANSEN:  Your Honor, I didn't see anything that
21   it required notice.  And we do feel it's our right as plaintiff
22   to dismiss causes of action.  It's our choice to pursue certain
23   causes and not pursue other causes.
24            Now, as far as the prejudice goes, in as much as --
25   you know, and we understand it was more work for you, but in as
```

5

1 much as the plaintiffs would have -- the defendants would have

2 filed these motions in state court anyway, on exactly the same

3 ground, with exactly the same research behind it, because they

4 are state law statutory claims, we don't feel there's any

5 prejudice to them in dismissing the -- you know, sort of

6 tenuous contract claims that brought us into federal court in

7 the first place.

8          **MR. FISH:**  Your Honor, if I may.

9          **THE COURT:**  Yes, go ahead.

10          **MR. FISH:**  We just got this less than two hours ago.

11 I think it's clear that you still have jurisdiction even if the

12 plaintiff dismisses these claims.

13          What we would propose is that you proceed with

14 hearing and ruling on the pending motion, and that we have a

15 noticed motion where the parties are allowed to evaluate and

16 brief the issues as far as whether you have or should remand

17 this case.

18          I know there's case law that says that at this stage

19 of a case one of the factors should be that it's too late for

20 the plaintiff to make this kind of a move to remand the case to

21 state court.

22          **THE COURT:**  Well, there is no motion to remand yet.

23 All there is is an ex parte application to dismiss certain

24 claims, which would be 19, 20, 21, and 22.  And then there's a

25 request here that the case be remanded to state court ex parte.

```
 1              This is easy.  I'm just going to tell you how it is.

 2    I don't care if the plaintiff took six weeks to -- how much

 3    work we've put into this is too much.  I'm going to go ahead

 4    and rule on this motion.  I'm going to retain this case unless

 5    the law requires me to remand it.

 6              If you had wanted to go back to state court --

 7         MR. HANSEN:  Fine.

 8         THE COURT:  -- I would have been happy to send you

 9    there about two weeks ago.

10         MR. HANSEN:  Right.

11         THE COURT:  Before I started working on this.

12         MR. HANSEN:  I appreciate it.

13         THE COURT:  But it's too late now.  And it is a waste

14    of time for judge A to come up to speed, then say, Ah, we're

15    just kidding, judge; we're just kidding; we want to go to state

16    court now.

17              I'm sorry, it doesn't work that way.  This is not a

18    game.  This is real life.

19              So if you want to argue this motion, go right ahead.

20    I don't need argument, but I'm happy to have anybody argue.

21    Some of these you're going to win, and some of these you're

22    going to win.  And we're going to go huffily buck thereafter,

23    and we've got a trial scheduled -- when is our trial date?

24         MR. HANSEN:  December 1st.

25         THE COURT:  Well, December 1 we're going to be
```

1  finding about -- unless you win this on summary judgment

2  somehow, you're going to be finding out about it.  The jury

3  will be over there finding out all about the Bohemian Club.

4           But it is wrong to yank the court around in the way

5  that you have tried to do.  I don't blame you.  I blame your

6  client.  For six weeks -- she should have made up her mind a

7  lot sooner than that.  You tell her that the judge invested a

8  lot of time, many, many, many hours.  I'm ready to get out a

9  ruling.

10           If somebody wants to argue this, fine.  If you want

11  to bring a formal motion to remand, I'm happy to entertain it.

12  And if the law requires me to remand it -- I don't think it

13  does.  I think once the case is here properly on -- see, this

14  happens all the time.  A case gets here because they assert

15  Title VII.  Title VII gets knocked out of the case on summary

16  judgment.  All that's left is state.  I have discretion to keep

17  the case.  This is exactly the same.

18           So the case was here in the first instance properly

19  on federal jurisdiction, and I guess no one ever made a motion

20  to remand.  And then now knocking out claims does not mean that

21  I don't have jurisdiction.

22           So does anyone want to argue this?

23           **MR. FISH:**  Your Honor, I'm not going to add anything

24  further.  But I would like, if necessary, to respond to

25  anything that --

1      **THE COURT:**  Fine.  Mr. Burke Hansen, do you want to

2  say anything?

3      **MR. HANSEN:**  Your Honor, I apologize that you spent

4  so much time on this.

5      **THE COURT:**  I don't blame you.

6      **MR. HANSEN:**  At this point, you seem to have made up

7  your mind we'll hear the motion -- I mean the motion to

8  dismiss, I would assume.  At this point, I don't --

9      **THE COURT:**  Do you want to argue any of it, though?

10     **MR. HANSEN:**  Well, Your Honor, we do feel like that

11  the plaintiff has the right to dismiss charges.  And once those

12  charges are gone, the federal court no longer has jurisdiction

13  over the case.  I mean, it's an inherent question whether the

14  federal court has subject matter jurisdiction.

15     **THE COURT:**  I'm inviting you to bring a motion to

16  remand.  It's formal.  And you brief that point.

17     **MR. HANSEN:**  We will do that, Your Honor.

18     **THE COURT:**  And I could be wrong, but I believe the

19  law is that if at the instant the court received this case it

20  properly had jurisdiction, it is irrelevant for jurisdictional

21  purposes that later on those claims got dismissed.

22     If, on the other hand, at the instant it hit -- see,

23  sometimes they try to cure, like they say $50,000 of a

24  diversity case, and that was wrong, and they raise it here.

25     **MR. HANSEN:**  Right.

1    **THE COURT:** It's got to be right at the instant that
2    the court acquires the case. So that, I believe, is the law.
3    **MR. HANSEN:** I would be happy to brief it.
4    **THE COURT:** I haven't looked at this in a while. You
5    can bring a formal motion. In the meantime, we're going to go
6    huffily buck right ahead. And December 1 we will be having a
7    trial. And then probably come around September 30, your
8    discovery period runs out.
9    I even ruled on -- didn't I rule in your favor on
10   some motions? Didn't we have -- I gave you a little extra
11   time, and then you wanted more time. And I said, no, you had
12   had enough.
13   **MR. HANSEN:** Right.
14   **THE COURT:** Quoting Justice Holmes, As a concession
15   to the shortness of life all good things have got to come to an
16   end.
17   **MR. FISH:** That's right.
18   **THE COURT:** And no more depositions. I've invested a
19   lot of time in this. It's not right to yank me around, to say,
20   oh, we decided we want a state court judge.
21   **MR. HANSEN:** Right.
22   **THE COURT:** All right. Does anyone want to argue the
23   merits of the motion to dismiss?
24   **MR. ZALETEL:** The only thing -- I represent Albert
25   Bowen, the HR manager. The only thing I would remind the

1  Court, in case you may have missed it, is that plaintiff

2  concedes that the fifth and seventh causes of action should be

3  dismissed.  That's failure to maintain an environment free of

4  harassment and failure to accommodate a disability.

5          So those certainly should be knocked out.  And I

6  would throw into that the 21st cause of action for breach of

7  contract since, obviously --

8          **THE COURT:**  All of these are in this ex parte

9  application.  We are going to dismiss them regardless of how

10  it's going to come out.  Because 19, 20, 21, and 22, Tami

11  Greenwald wants those dismissed.

12          **MR. ZALETEL:**  Okay.

13          **THE COURT:**  All right.

14          **MR. ZALETEL:**  Your Honor, on the retaliation issue,

15  whether the second cause of action for retaliation is valid

16  against Mr. Bowen, the Hammond court very recently came out and

17  said that retaliation is retaliation.  It doesn't matter if

18  it's retaliation by the same person that's alleged to have

19  harassed the plaintiff or not; that it cannot be brought under

20  California law.  And the Jeffrey Jones case so holds.

21          So that's a very recent case.  And it's directly

22  contrary to the plaintiff's argument which he's made.

23          **THE COURT:**  All right.

24          **MR. ZALETEL:**  If you have any questions, I would be

25  happy to respond.

1      **THE COURT:**  Anything that you would like to say in

2   response?

3      **MR. HANSEN:**  Yes, Your Honor.  The California Supreme

4   Court in Torrey Pines had the opportunity to address this issue

5   and specifically declined to do so.

6      Now, we do feel like this is something of an

7   unsettled area of law, as far as the recent case law goes.  I

8   haven't had a chance to look at the Hammond case.  That did

9   come out extremely recently, although there was a Supreme Court

10  case, a United States Supreme Court case covering retaliation.

11  And, typically, the DFEH tends to hue towards the federal case

12  law in this issue, that does seem to say, you know, retaliation

13  can be a claim.

14     **THE COURT:**  The Hammond case came out -- it's a Court

15  of Appeal, state Court of Appeal decision.

16     **MR. ZALETEL:**  Yeah.  Still the highest authority on

17  the state law issue.  You're governed, of course, by state law.

18     **THE COURT:**  That claim is state law, yes.

19     **MR. ZALETEL:**  Yes.  And Hammond clearly says that

20  Mr. Burke's [sic] argument is wrong; that the Jones case did

21  not specifically address the situation of what happens if the

22  retaliation is by the same person that did the harassment.  And

23  Hammond squarely says that that doesn't matter, that

24  retaliation is retaliation, and that managers have to be free

25  from threat of lawsuits for making personnel decisions which

```
 1  could lead to liability.
 2          And that's -- Hammond basically is the controlling
 3  law at this point, and it says that plaintiff can't bring such
 4  claims.
 5          THE COURT:  All right.  Thank you.
 6          MR. ZALETEL:  Thank you.
 7          THE COURT:  We're done, aren't we?
 8          MR. ZALETEL:  I believe so, Your Honor.
 9          THE COURT:  I think we're done.  It's under
10  submission.
11          MR. FISH:  Thank you, Your Honor.
12          MR. ZALETEL:  Thank you, Your Honor.
13          (At 2:21 p.m. the proceedings were adjourned.)
14                          -  -  -  -
15
16
17
18
19
20
21
22
23
24
25
```

Katherine A. Powell, CSR, RPR, CRR
Official Reporter - U.S. District Court
(415) 794-6659

1

2 **CERTIFICATE OF REPORTER**

3        I, KATHERINE A. POWELL, Official Reporter for the

4 United States Court, Northern District of California, hereby

5 certify that the foregoing proceedings in C 07-5261 WHA, Tami

6 Greenwald vs. Bohemian Club were reported by me, a certified

7 shorthand reporter, and were thereafter transcribed under my

8 direction into typewriting; that the foregoing is a full,

9 complete and true record of said proceedings as bound by me at

10 the time of filing.

11        The validity of the reporter's certification of said

12 transcript may be void upon disassembly and/or removal

13 from the court file.

14

15                   s/b Katherine A. Powell

16        _____

17          Katherine A. Powell, CSR 5812, RPR, CRR

18                  Friday, May 30, 2008

19

20

21

22

23

24

25