COOK | ROOS | WILBUR | THOMPSON LLP
ROBERT L. ZALETEL, CBN 96262
221 Main Street, Suite 1600
San Francisco, California 94105
Telephone:   415-362-7071
Facsimile:    415-362-7073
Email:         rzaletel@cookroos.com

Attorneys for Defendant
ALBERT BOWEN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMI GREENWALD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE BOHEMIAN CLUB, INC., ALBERT BOWEN, RICHARD BRANDENBURG, DAN CAMPBELL, AND DOES 1 through 99, inclusive.<br><br>　　　　　Defendants. | Case No.: C07-05261 WHA<br><br>**DEFENDANT ALBERT BOWEN'S OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL**<br><br>**DATE: AUGUST 7, 2008**<br>**TIME: 8:30 AM**<br>**PLACE: THE HON. WILLIAM H. ALSUP**<br>**DEPT:   19**<br><br>**TRIAL DATE: 12/1/08** |

///
///
///
///
///

---

DEFENDANT ALBERT BOWEN'S OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL

# I
# INTRODUCTION

Plaintiff's motion for a new trial under F.R.C.P. Rule 59 with respect to this Court's June 4, 2008 Order Granting In Part and Denying In Part Defendant's Motion to Dismiss (Docket No. 56) lacks merit. Applying a two year statute of limitations (C.C.P. § 335.1) does not alter the result here. The motion must be denied.[1]

# II.
# ARGUMENT

### A. Plaintiff's Fourth Cause of Action for Aiding and Abetting under California Government Code Section 12940(i) Fails to State a Claim Against Mr. Bowen

This Court properly dismissed Plaintiff's fourth cause of action for aiding and abetting harassment under California Government Code Section 12940(i). *Janken v. G. M. Hughes Electronics, Inc.* (1996) 46 Cal.App.4th 55, 78 does not distinguish between aiding and abetting discrimination, and aiding and abetting harassment. *Janken* was based on the "intra corporate conspiracy" doctrine, which holds that corporate employees cannot conspire with their own employer or its other managers. *Janken*, supra at 78 ("A corporate employee cannot conspire with his or her corporate employer; that would be tantamount to a person conspiring with himself.") *Janken* was reaffirmed in *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158, 1163 (2008) ("We also concluded that the aiding and abetting language of former subdivision (g) (now subd. (i)) of Section 12940 did not impose personal liability on non employers.") (quoting from *Reno v. Baird* (1998) 18 Cal.4th 640, 655-656); *Gibson-Jones v. Berkel & Contractors, Inc.*, 2008 W. L. 782568 (N.D. Cal.) at p. 6 (employees of a corporate employer cannot be liable for aiding and abetting sexual harassment). This Court correctly dismissed the fourth of cause of action for aiding and abetting against Mr. Bowen.

---

[1] While Plaintiff asks the Court to reconsider its June 4, 2008 Order, Plaintiff failed to seek leave to file a motion for reconsideration as required by Local Rule 7-9. The Court can deny the motion outright for this reason.

**B.    Plaintiff's Fifth Cause of Action for Failure to Maintain Environment Free from Harassment/Hostile Work Environment (California Government Code Section 12940(j)(1)) Was Property Dismissed Against Mr. Bowen at Plaintiff's Request**

Plaintiff's Opposition to Defendant's Motion to Dismiss conceded that the fifth cause of action for failure to maintain an environment free of harassment (California Government Code Section 12940(j)(1)) should be dismissed against Mr. Bowen since only employers can be potentially liable. (Plaintiff's Opposition to Defendant's Motion to Dismiss filed May 8, 2008, Docket No. 48, page 11). Plaintiff offers no explanation for suddenly requesting that the Court not dismiss the fifth cause of action. Nor does he cite any authority showing that the fifth cause of action states a claim against Mr. Bowen. Government Code Section 12940(j)(1) provides that "an entity shall take all reasonable steps to prevent harassment from occurring." For the reasons set forth in Defendant's Motion to Dismiss, only employers can be potentially liable under Government Code Section 12940(j)(1) (see Defendant's Notice of Motion and Motion to Dismiss and Memorandum of Points and Authorities, page 4, Docket No. 37). Supervisors may not be held personally liable for failing to prevent sexual harassment by others. *Peterson v. State of Cal. Dept. of Corrs. and Reh.* (E.D. Cal. 2006) 451 F.Supp. 2nd 1092, 1113; *Smith v. IBEW* (2003) 109 Cal.App.4th 1637, 1645, rehearing denied, review denied (Cal. Sup. Ct. September 24, 2003) (no individual liability for failure to accommodate disability or wrongful termination).

The dismissal of the fifth cause of action at Plaintiff's request must stand.

**C.    Plaintiff's Eleventh Cause of Action for Unlawful Threats by Intimidation, California Civil Code Section 51.7(a), Was Properly Dismissed Against Mr. Bowen**

The statute of limitations was not an issue in the dismissal of the eleventh cause of action for unlawful threats by intimidation against Mr. Bowen (California Civil Code Section 51.7(a)). The conduct forming the basis for the eleventh cause of action against Mr. Bowen is an alleged comment on September 28, 2005 by Mr. Bowen to the Plaintiff. Mr. Bowen allegedly told the Plaintiff that another supervisor, Richard Brandenburg, told Mr. Bowen that "he would really make sure that if and when she [Plaintiff] comes back, he will really make sure that she gets hurt by overloading her schedule" (Third Amended Complaint ("TAC") ¶¶ 80, 36-38). The Court properly found that this was not a threat of violence by Mr. Bowen. (Court's Order Granting in Part and Denying in Part

2

DEFENDANT ALBERT BOWEN'S OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL

Defendant's Motion to Dismiss, p. 10, lines 5-8 (Docket No. 56)). A violation of Section 51.7(a) requires violence or intimidation by threat of violence. *Egan v. Schmock* (N.D. Cal. 2000) 93 F.Supp. 2d 1090, 1094. The eleventh cause of action was properly dismissed against Mr. Bowen.

**D.  The Seventeenth Cause of Action for Intentional Infliction of Emotional Distress was Property Dismissed Against Mr. Bowen**

The seventeenth cause of action for intentional infliction of emotional distress is governed by the two year statute of limitations found in CCP Section 335.1. Mr. Bowen's Motion to Dismiss demonstrated that the seventeenth cause of action was time barred under a two year statute of limitations (Defendant's Notice of Motion and Motion to Dismiss, p. 8-9, Docket No. 37). The Complaint filed in State Court on August 6, 2007 can only reach conduct occurring within two-years prior to that date (i.e., from August 6, 2005 forward). The allegations against Mr. Bowen occurring after August 6, 2005 are found in paragraphs 31-42 of the TAC. These allegations fail to allege extreme and outrageous conduct sufficient to state a claim for infliction of emotional distress.[2]

**E.  The Eighteenth Cause of Action for Invasion of Privacy was Properly Dismissed Against Mr. Bowen**

Plaintiff's eighteenth cause of action for invasion of privacy was properly dismissed. Defendant demonstrated in its Motion to Dismiss pages 9-10 (Docket No. 37) that Plaintiff's invasion of privacy claim lacked merit based upon a two year statute of limitations. The allegations within two years of the filing of the Complaint on August 6, 2007 are those found in paragraphs 31-42 of the TAC. (TAC ¶ 100, ¶¶ 31-42) None of Mr. Bowen's alleged conduct constitutes an "invasion of privacy" *Hill v. National Collegiate Athletic Association* (1994) 7 Cal.4th 1, 40. Plaintiff fails to show how a garden variety sexual harassment claim constitutes an invasion of her right of privacy. The eighteenth cause of action for invasion of privacy was properly dismissed.

///

///

---

[2] Plaintiff's workers compensation claim filed as a result of her 2004 back injury does not relate at all to any of the allegations against Mr. Bowen. Her workers compensation claim does not provide the basis for tolling any of the claims against him.

# III.

# CONCLUSION

Applying a two year statute of limitations for personal injuries (CCP § 335.1) does not alter the result here. Plaintiff fails to produce any justification for the Court to reverse its rulings on any of the causes of action. Plaintiff has ample grounds for relief against the Club and there is no reason for the Court to reverse its ruling in favor of defendant Bowen.

Dated: June 24, 2008

Respectfully submitted

COOK | ROOS | WILBUR | THOMPSON LLP

By _____/s/_____
ROBERT L. ZALETEL
Attorneys for Defendant

P062308dmtDefendant'sOpposition.doc

DEFENDANT ALBERT BOWEN'S OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL